UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>　　　　　Defendant. | Case No. 14-cr-00175-TEH-1<br><br>**ORDER RE: HEARING ON DEFENDANT'S MOTION TO STRIKE INAPPROPRIATE ALLEGATIONS** |

The parties shall come prepared to address the following at the September 22, 2014 hearing on Defendant Pacific Gas and Electric Company's motion to strike inappropriate allegations:

**QUESTIONS FOR BOTH PARTIES**

1. Is the standard of relevance used to define surplusage in the Ninth Circuit the same as the standard under Fed. R. Evid. 401?

2. How should the Court decide a motion to strike surplusage if prejudicial allegations are relevant to some of the charges in an indictment, but not others?

3. Why does/doesn't the fact that an explosion occurred make it more likely that the Pipeline Safety Act was violated?

**QUESTIONS FOR PROSECUTION**

1. Is it the Government's intention to prove at trial that the Pipeline Safety Act violations caused the San Bruno explosion?

**QUESTIONS FOR DEFENDANT**

1. If the Court withheld the Indictment from the jury and issued appropriate limiting instructions, what prejudice remains?

2. Given the other steps the Court can take to ensure a fair trial, is there any case law that supports the notion that the Court must strike language in an indictment that it finds to be surplusage?

3. Your Motion simultaneously faults the Indictment for not providing enough facts underlying the request for an Alternative Fine **and** asks the Court to strike the Indictment's references to the San Bruno explosion, which appear to be the basis for the Alternative Fine calculation. How do you propose the Court address this seemingly mutually exclusive proposal?

**IT IS SO ORDERED.**

Dated:   09/18/24                         _____
                                          THELTON E. HENDERSON
                                          United States District Judge