1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  KIM A. BERGER (NYBN 2481679)
   HALLIE M. HOFFMAN (CABN 2100020)
5  OWEN MARTIKAN (CABN 177104)
   Assistant United States Attorneys
6
   MARK ROMLEY (CABN 240655)
7  Trial Attorney

8        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
9        Telephone: (415) 436-7232
         FAX: (415) 436-7234
10       Kim.berger@usdoj.gov
         Hallie.hoffman@usdoj.gov
11       Mark.romley@usdoj.gov

12 Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CR No. 14-00175 TEH |
|---|---|---|
| Plaintiff, | ) | UNITED STATES' SUPPLEMENTAL |
| v. | ) | OPPOSITION TO DEFENDANT'S MOTION TO COMPEL RULE 16 AND *BRADY* MATERIAL |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) | Court:       Hon. Thelton Henderson |
| Defendant. | ) | |

## I. INTRODUCTION

Per the Court's order, this brief addresses PG&E's reliance on the Supreme Court's decision in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), in a recent discovery motion. Although PG&E argued there that *Safeco* supported a "reasonableness" defense to criminal willfulness, *Safeco* proves the opposite point: that objective reasonableness in the civil context plays no part in proving or disproving criminal intent. The Supreme Court confirmed this distinction just last week in *Elonis v. United States*, No. 13-983, slip op. at 13 (Jun. 1, 2015), where it rejected application of a "reasonable person" standard to criminal conduct. A defendant whose conduct is willful acts with knowledge of its unlawfulness, and cannot defend that conduct by claiming — as PG&E does here — that others may have been doing the same thing.

## II. DISCUSSION

### A. The Supreme Court's Decision In *Safeco*

The Supreme Court, in *Safeco*, resolved a split among the circuit courts over whether civil liability under the Fair Credit Reporting Act ("FCRA") could attach to a defendant who was in reckless disregard of its FCRA obligations. 551 U.S. at 56.[1] The FCRA requires any person who takes adverse action against a customer based on information contained in a credit report to notify the customer, and a willful failure to provide that notice could serve as the basis for civil liability. *Id*. at 52-53. The issue before the Court was the relationship between willfulness and recklessness in this civil context.

Noting that "willfully is a word of many meanings whose construction is often dependent on the context in which it appears," the Supreme Court held that in the particular context of a civil lawsuit under the FCRA, willfulness means no more than a reckless disregard of the law. *Id*. at 59. Reckless conduct, in turn, means conduct entailing "an unjustifiably high risk of harm that is either known or so obvious that is should be known." *Id*. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Given this objective standard, the Supreme Court recognized that an objectively reasonable interpretation of the FCRA's terms could not be reckless, and thus could not be willful, for purposes of civil liability under the FCRA. *Id*. at 69 ("Thus, a company subject to FCRA does not act in reckless

---

[1] The Supreme Court also clarified an FCRA notice requirement that is not relevant here. *Id*.

disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.").

The portion of the *Safeco* decision that is most pertinent to this case is its recognition that the definition of "willfully" for purposes of criminal liability is "beside the point in construing the civil side." *Id*. at 60. Because a criminally willful violation of the FCRA, or any other statute, involves a subjective criminal intent, what others may accept as reasonable cannot exonerate a defendant with a culpable state of mind.

### B. *Safeco* Does Not Offer PG&E A "Reasonableness" Defense

In its reply brief, PG&E cited *Safeco* as authority for its position "that evidence showing the defendant's interpretations of the regulations are objectively reasonable disproves willfulness." PG&E's Reply Brief at 4. In the civil context, perhaps; but not here. Under *Safeco* and other relevant Supreme Court authority, PG&E's liability does not depend on the reasonableness of its conduct, but on whether it acted with knowledge that its conduct violated legally imposed duties. *See Cheek v. United States*, 498 U.S. 192, 201 (1991) (defining willfulness in the criminal tax context). Thus, PG&E's claim that it can show its innocence by pointing to other pipeline operators' "similar interpretations or . . . similar compliance activities" misapplies *Safeco* in the criminal context. Other operators' interpretations of pipeline safety regulations say nothing about PG&E's own state of mind, particularly since PG&E was unaware of those interpretations.[2]

Last week's Supreme Court decision in *Elonis v. United States*, No. 13-983, slip op. at 13 (Jun. 1, 2015), confirms the reasonable-person standard's inapplicability to criminal intent. There, the Supreme Court held that a defendant could not be found guilty of transmitting a threat in interstate commerce under 18 U.S.C. § 875(c) based on whether a reasonable person would foresee that the defendant's statements would be interpreted as a threat. The Court found that the "reasonable person

---

[2] Conversely, if other pipeline operators had warned PG&E that its interpretations of safety regulations were incorrect and PG&E persisted in those interpretations, then PG&E's actions following the warning would be evidence of an inculpatory state of mind. But PG&E claims that it can show its innocence by comparing its actions to those of other pipeline operators, a position no different from a student caught cheating on a test who complains that all the other students were doing it, too.

U.S. SUPP. OPP. TO MOT. TO COMPEL RULE 16 AND *BRADY*
CR No. 14-00175 TEH                           2

1   standard was a familiar feature in civil tort liability, but was "inconsistent with 'the conventional

2   requirement for criminal conduct – awareness of some wrongdoing.'" *Id.* (quoting *United States v.*

3   *Dotterweich*, 320 U.S. 277, 281 (1943)). To have criminal liability turn on whether a reasonable person

4   would take a communication as a threat, rather than on the defendant's own mental state, the Court

5   decided, would "reduce[ ] culpability on the all-important element of the crime to negligence." *Id*.

6        Here, criminal violations of the Pipeline Safety Act depend on PG&E's own mental state, not on

7   a reasonable pipeline operator standard. The government anticipates that PG&E will claim that the

8   reasonableness standard could work to its benefit, but not to its detriment. In other words, PG&E might

9   claim that the government may not use objective standards to convict it, but that it can show a blameless

10  state of mind by comparing its behavior to other actors. This is neither a reasonable interpretation of

11  *Safeco,* which never addressed this issue, nor an accurate description of a potential defense. If PG&E

12  had a culpable state of mind, then it cannot hide behind the apparent innocence of other pipeline

13  operators, or more to the point, force the government to canvass other pipeline operators for their

14  interpretations of the relevant regulations. PG&E does not claim, in its discovery motion, that other

15  operators or government agencies ratified its interpretations of pipeline safety regulations. Rather,

16  PG&E claims that if some significant number of pipeline operators happened to share its views, then

17  PG&E could not have been culpable even if it were unaware of those views. See PG&E's Reply Brief at

18  4. This is not a defense, not a holding in *Safeco*, and not a basis for further discovery.

### III.  CONCLUSION

20       The Court should find that the Supreme Court's decision in *Safeco* does not afford PG&E a

21  defense to willfulness based on other pipeline operators' interpretations of the Pipeline Safety Act,

22  //
23  //
24  //
25  //
26  //
27  //
28

whether reasonable or not, particularly where PG&E does not claim that it was informed of those interpretations and acted on them.

DATED: June 8, 2015

Respectfully Submitted:

MELINDA HAAG
United States Attorney

/s
_____
KIM. A. BERGER
HALLIE M. HOFFMAN
OWEN MARTIKAN
Assistant United States Attorneys

MARK ROMLEY
Trial Attorney