LATHAM & WATKINS LLP
    Steven M. Bauer (Bar No. 135067)
        steven.bauer@lw.com
    Margaret A. Tough (Bar No. 218056)
        margaret.tough@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

LATHAM & WATKINS LLP
    Melissa Arbus Sherry (*pro hac vice*)
        melissa.sherry@lw.com
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

CLARENCE, DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
        kdyer@clarencedyer.com
899 Ellis Street
San Francisco, California  94109-7807
Telephone: +1.415.749.1800
Facsimile: +1.415.749.1694

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. CR-14-00175-TEH<br><br>**DEFENDANT'S MOTION TO ENFORCE THE COURT'S JUNE 29, 2015 DISCOVERY ORDER**<br><br>Judge:   Hon. Thelton Henderson<br>Date:    October 19, 2015<br>Time:    10:00 A.M.<br>Place:   Courtroom 2, 17th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 19, 2015, at 10:00 a.m., Defendant Pacific Gas and Electric Company ("PG&E") will and hereby does move this Court for an order to enforce the Court's June 29, 2015 Discovery Order. The Motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Nicholas Y. Lin ("Lin Decl."), the files and records of this case, and such other argument and evidence as the Court may consider.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. THE COURT'S JUNE 29, 2015 DISCOVERY ORDER ............................................. 1

III. DISCUSSION ................................................................................................................... 1

    A. **PHMSA Materials: The Government Has Not Fully Complied With the Court's Order** ............................................................................... 1

        1. The Government Has Apparently Limited PHMSA's Internal Communications About the Regulations to Those Relating Just to PG&E ............................................................................ 2

        2. Rule 16 Evidence Concerning Other Operators ......................................... 4

        3. *Brady* Evidence ........................................................................................ 5

    B. **NTSB Materials: The Government Has Not Fully Complied With the Court's Order** ................................................................................. 5

IV. CONCLUSION ................................................................................................................ 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Five months ago, the defense moved for Rule 16 and *Brady* evidence.  Dkt. 68.  On June 29, the Court ordered the government to produce several categories of discovery to the defendant "as soon as practicable."  Dkt. 103 at 27-30 (the "Order").  Now, nearly three months later (and after the pre-trial motions deadline has passed), the government still has not fully complied with the Order.  In some cases, the government appears to be refusing to comply.  In other cases, it is unclear whether the prosecution is satisfying its disclosure obligations, since it appears to have left the collection and review of Court-ordered materials to PHMSA and the NTSB.  The defendant respectfully requests an order compelling near-immediate compliance with the Order.

## II.  THE COURT'S JUNE 29, 2015 DISCOVERY ORDER

Relevant to this motion, the Court's Order required the government to produce:

A.  <u>Materials from PHMSA</u>, including: (1) "all evidence that contains" interpretations of the relevant regulations, (2) *Brady* evidence concerning "statements regarding the[] regulations to other pipeline operators, and evidence of other operators' interpretations of these regulations," (3) phased discovery under Rule 16 regarding PHMSA's dealings with other operators, and (4) a privilege log, Dkt. 103 at 8, 10-12, 27-29; and

B.  <u>Materials from the NTSB</u>, including: (1) "all NTSB evidence containing interpretations of the regulations at issue, as well as [(2)] a privilege log from NTSB as soon as it is completed," and (3) *Brady* evidence, *id.* at 12, 29.

## III.  DISCUSSION

### A.  PHMSA Materials: The Government Has Not Fully Complied With the Court's Order

The government did not produce any additional PHMSA materials until August 21, almost two months after the Order.  Since then, the government has produced the following:  On August 21 and 25, it produced Post-Inspection Memoranda ("PIMs") from 18 other pipeline operators.  Lin Decl., ¶ 5.  On August 24 and 31, the government produced certain internal files

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

in "native" form, which the government has said concern PG&E and the San Bruno rupture. Lin Decl., Ex. 4; Ex. 5 at 3; Ex. 7.[1] On September 21, the government reproduced some of these same materials, as well as more "native" files, which the defense understands to also relate to PG&E. *Id.* And on September 18, the government produced a 117-page log of materials it is withholding on the basis of privilege. Lin Decl., ¶ 9. Today (September 28), the government confirmed that the only remaining item of PHMSA material it is preparing are the native files from the September 21 disclosure, which it expects to provide to the defense on October 19. Lin Decl., Ex. 7.

The government's discovery fails to meet the requirements of the Order in several respects: *First*, the government has apparently limited its production of internal PHMSA communications about the four regulations at issue to only those that relate directly to PG&E, which is at odds with the government's representation—and this Court's order—that it "must produce all evidence that contains such interpretations." Dkt. 103 at 27 (citing Dkt. 78 at 6). *Second*, the Court-ordered production with respect to other operators has come up empty. *Third*, it does not appear that the government has satisfied its *Brady* obligations.

1. The Government Has Apparently Limited PHMSA's Internal Communications About the Regulations to Those Relating Just to PG&E

In its ruling, the Court held that "evidence of PHMSA's statements and actions regarding other operators, and other operators' interpretations of the regulations, is material to PG&E's defense, because the clarity of the regulations and the reasonableness of PG&E's interpretations are still at issue." Dkt. 103 at 8-9. In its May 4 opposition brief, the government had told the Court that it had requested and "will produce" "internal communications within PHMSA about

---

[1] The government has produced "native" files to the defense as it receives them from PHMSA and the NTSB. *Id.* It then processes the discovery in order to reproduce it with Bates numbers in a format capable of being loaded into a review system. The original native files are very difficult to work with and getting them into a state where they can be reviewed is a cumbersome process for the defense. As a result, there is often several weeks of lag time between when PHMSA and the NTSB provide records to the DOJ and when the defense has meaningful access to them for trial preparation. We are conferring with the government about ways to expedite this process and note these issues here only so that the Court will understand the timing of the defendant's access to the discovery from these agencies.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

1  rulemaking." Dkt. 78 at 5-6.[2]  In its Order, the Court noted that it was "not clear" whether those
2  government requests and disclosures went far enough to include "all of the material
3  interpretations" of the relevant regulations and therefore ordered the government to go back to
4  PHMSA and produce "*all* evidence that contains such interpretations . . . as soon as practicable."
5  Dkt. 103 at 27 (citing the government's brief at 6) (emphasis added).

6        The government is apparently refusing to produce internal PHMSA communications
7  about the regulations. When the defense noted these materials were missing, the government
8  made three assertions, none of which complies with the Court's Order. First, the government
9  stated that all of PHMSA's *final* interpretations of regulations are publicly available on its
10 website, which has nothing to do with the question of internal communications. Lin Decl., Ex. 1
11 at 1; Ex. 5 at 2-3. Second, it asserted a deliberative process privilege over "internal PHMSA
12 emails and drafts about pending rulemaking"—the very documents it told the Court it had
13 requested and would produce (the week of May 4). Dkt. 103 at 27; Dkt. 78 at 5-6; Lin Decl., Ex.
14 1 at 1.[3]  Third, after we pointed out this contradiction, the government stated that it had complied
15 with the Order to produce "all such evidence" by searching for documents containing references
16 to the regulations *in connection with PG&E*. Lin Decl., Ex. 5 at 2-3.

17       These government-crafted limitations omit the critical evidence involving the

---

[2] Specifically, the government committed to producing "internal communications within PHMSA about rulemaking, communications among PHMSA and the CPUC and NTSB, and materials related to audits conducted by PHMSA," and told the Court that "[t]he only materials withheld by PHMSA in this search were those protected by the attorney-client privilege, whistleblower complaints, confidential personnel files and communications with Congress." Dkt. 78 at 5-6. The government did not assert a "deliberative process" privilege over any of these materials.

[3] The government has produced two privilege logs for PHMSA documents, which assert deliberative process over the majority of those the government has withheld. The first was produced on June 16, prior to the Court's Order, and the second on September 18, 2015. Lin Decl., ¶¶ 2, 9. Both logs are deficient in a number of respects. They also contain very few entries prior to the San Bruno incident in 2010. We are in the process of conferring with the government, but this has been delayed significantly by the government's failure to respond to a letter we sent on July 31, 2015 about the first privilege log. Lin Decl., Ex. 2; Ex. 3 at 2. The Court also ordered a privilege log for NTSB documents (Dkt. 103 at 29), which the government has promised to produce on September 30. Lin Decl., Ex. 7 at 1-2. If it suffers from the same defects, we will confer with the government about it, too, but ultimately we may need the Court's assistance.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

development and interpretation of the regulations the Court held was "certainly" material to the defense. *See* Dkt. 103 at 8 ("whether agency statements regarding these regulations to other pipeline operators, and evidence of other operators' interpretations of these regulations, are material to the preparation of PG&E's defense. The answer is certainly 'yes.'"). The defendant does not believe that this is what the Court had in mind and respectfully submits that "all such evidence" means what it says.[4] The defendant asks the Court to order the government to produce by November 2, 2015 all evidence from PHMSA that contains interpretations of the four relevant regulations, without limitation.

### 2. Rule 16 Evidence Concerning Other Operators

The government's productions concerning other operators in the Court-ordered phased approach have also been inadequate. As a refresher, in briefing on the discovery motions, the government submitted a declaration by PHMSA that said that "[p]rior to 2013, a 'Post-Inspection Memorandum' was prepared for almost all inspections [PHMSA] conducted." Dkt. 98-2, ¶ 9. Learning this, the defense thought this could be a promising start concerning the positions taken by other operators and regulators about the regulations, and proposed gathering Post-Inspection Memoranda ("PIMs") for major transmission pipeline operators as a first step. The Court agreed, based on the understanding that "almost all inspections were memorialized in a 'Post-Inspection Memorandum.'" Dkt. 103 at 9. The Court ordered the parties to start by gathering PIMs for "major transmission pipeline operators." *Id.* at 10.

After a good deal of back and forth debate over what constitutes a major pipeline operator, the government disclosed 564 PIMs starting on August 21. Lin Decl., ¶ 5; Ex. 6. But, as it turns out, only two of those reports even mention the integrity management regulations at issue in this case. Lin Decl., Ex. 6 at 1. A great deal of time and effort has been lost going down this dead-end road. Since the government knows better where the actual evidence is, the defense is conferring with it on this issue and will not trouble the Court at this juncture, other than to note

---

[4] Tacitly acknowledging that it might be wrong in its interpretation of the Order, the government told us that "[if], through the 'phased discovery approach,' the government is deemed to be required to produce additional material regarding other pipeline operators, we will comply with the Court's order." Lin Decl., Ex. 5 at 3-4. We believe the Court's Order is clear.

that this approach has not yet yielded any useful "evidence of PHMSA's statements and actions regarding other operators, and other operators' interpretations of the regulations." Dkt. 103 at 8-9.

### 3. *Brady* Evidence

The Court ordered the government to "comply with its *Brady* obligations with respect to PHMSA documents in light of the Court's determination[]" that "statements regarding the[] regulations to other pipeline operators, and evidence of other operators' interpretations of these regulations" were "certainly" "material to the preparation of PG&E's defense." Dkt. 103 at 8, 11-12.

As far as the defense can tell, the government has produced little, if any, *Brady* evidence regarding other operators. Our concern is heightened by the government's recent explanations about the process for collecting PHMSA (and NTSB) materials—the government has said that it is producing the material to the defense as soon as it (*i.e.*, DOJ) gets it. Lin Decl., Ex. 4 at 1. This suggests the prosecutors are not reviewing the material before it goes to the defense, which raises the question whether the prosecution may be outsourcing its *Brady* obligations to the agencies.[5] We ask the Court to (again) order the government to meet its *Brady* obligations and to confirm when it has done so.

### B. NTSB Materials: The Government Has Not Fully Complied With the Court's Order

For the NTSB, the Court likewise held that "the Government's *Brady* obligation extends to NTSB files" and ordered that the "Government shall produce all NTSB evidence containing interpretations of the regulations at issue as soon as practicable." Dkt. 103 at 12, 29. Here, it appears that the government has refused to search for and produce this material. Instead, it has asserted that "because the NTSB is not a regulator, the NTSB does not issue guidance or interpretations of safety and performance regulations." Lin Decl., Ex. 1 at 1; Ex. 5 at 4.

---

[5] The Court was mindful of this concern, noting that "a federal prosecutor's *Brady* obligations 'cannot be evaded by claiming lack of control over the files or procedures of other executive branch agencies.'" Dkt. 103 at 12 (citing *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH

The Court's Order was not premised on a misunderstanding of the NTSB's role. Instead, it responded to the defendant's request for evidence from the NTSB of "internal discussions regarding the very regulations at issue in this case," including any such information "obtained . . . from PHMSA regarding its interpretations of the regulations." Dkt. 68 at 15; *see also* Dkt. 86 at 9. As the Court knows from other briefing, a crux of the government's case, notably in Count One, is the allegation that the defendant "misled" the NTSB about its interpretation of pipeline safety regulations, specifically 49 C.F.R. § 192.917(e). The defendant thus asks the Court to order the government, again, to produce all evidence from the NTSB containing discussions of the regulations by November 2, 2015, and to meet its *Brady* obligations and confirm when it has done so.

## IV.  CONCLUSION

For the foregoing reasons, the defendant respectfully asks the Court to order the government to comply with the Court's earlier discovery order, as reflected in the accompanying Proposed Order.

Dated:  September 28, 2015                           Respectfully submitted,

By _____/s/_____
Steven M. Bauer
Margaret A. Tough
Sean P.J. Coyle
Nicholas Y. Lin
LATHAM & WATKINS LLP

Kate Dyer
CLARENCE, DYER & COHEN LLP

*Attorneys for Defendant*
*Pacific Gas and Electric Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF.'S MOT. TO ENFORCE
JUNE 29, 2015 ORDER
Case No. CR-14-00175-TEH