UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 4, 5 AND 24-28 AS BARRED BY THE STATUTE OF LIMITATIONS** |

This matter came before the Court on September 21, 2015 for a hearing on Defendant Pacific Gas & Electric ("PG&E")'s Motion to Dismiss Counts 4, 5 and 24-28 as Barred by the Statute of Limitations. After carefully considering the parties' written and oral arguments, the Court now DENIES PG&E's motion, for the reasons set forth below.

**BACKGROUND**

On September 9, 2010, a gas line owned and operated by PG&E ruptured, causing a fire that killed 8 people and injured 58 others. Superseding Indictment ("SI") ¶ 5 (Docket No. 22). The fire damaged 108 homes, 38 of which were completely destroyed. *Id.* On July 30, 2014, a grand jury returned a superseding indictment ("Indictment") charging PG&E with 27 counts of violating the minimum federal safety standards for the transportation of natural gas by pipeline ("Pipeline Safety Act"), as set forth in 49 C.F.R. § 192 ("Section 192"). SI ¶¶ 62-75. "Knowing and willful" violations of these standards are criminalized under 49 U.S.C. § 60123 ("Section 60123").

PG&E now moves to dismiss seven counts of the Indictment – all pertaining to its recordkeeping practices – as barred by the statute of limitations. Def.'s Mot. to Dismiss Counts 4, 5 and 24-28 ("Mot.") (Docket No. 113). Counts 4 and 5 of the Indictment charge PG&E with knowingly and willfully violating 49 C.F.R. § 192.709(a). That section requires pipeline operators to maintain and retain the "date, location, and description of

each repair made to pipe . . . for as long as the pipe remains in service." For both counts, which correspond to two separate pipelines, the Government alleges that the offense began "on a date unknown to the grand jury," and continued "until at least on or about September 9, 2010," and alleges a "date" of January 22, 2010.  SI ¶ 65.

Counts 24-28 charge PG&E with knowingly and willfully violating 49 C.F.R. § 192.517(a).  That section requires that pipeline operators "make, and retain for the useful life of the pipeline, a record of each [pressure] test performed" pursuant to certain other provisions of Section 192.  For all five counts, which correspond to five separate pipelines, the Government alleges that PG&E violated this regulation "[s]tarting in or about August 1970, and continuing through [the] indictment."  SI ¶ 75.

**LEGAL STANDARD**

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  As the Supreme Court has explained, an indictment's "primary" purpose is "to inform the defendant of the nature of the accusation against him."  *Russell v. United States*, 369 U.S. 749, 767 (1962). It is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' "  *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted).  The sufficiency of an indictment is therefore judged by whether it "fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citation and internal quotation marks omitted).

A court may dismiss an indictment as barred by the statute of limitations upon a pretrial motion.  *See United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) ("Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.' ") (quoting

*United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)). In ruling on a motion to dismiss, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001). At this stage, the allegations contained in an indictment are presumed to be true. *Blinder*, 10 F.3d at 1471.

## DISCUSSION

PG&E argues that the Indictment fails to state a claim that it knowingly and willfully violated Section 192's recordkeeping provisions within the statute of limitations. Mot. at 6-9. PG&E then argues that the "continuing offenses" exception to the statute of limitations does not apply and therefore cannot save the challenged counts from being untimely. *Id.* at 9-13.

### I. The Relevant Statute of Limitations Is Seven Years

Where a criminal offense does not specify a limitations period, courts are to apply the general statute of limitations found in 18 U.S.C. § 3282:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

The recordkeeping offenses for which PG&E is charged do not specify a statutory limitations period (*see* Section 60123(a)), meaning that 18 U.S.C. § 3282's five-year limitations period would typically apply. The parties have agreed, however, on a limitations period closer to seven years, reaching back to April 17, 2007 for charges in the original indictment (including Counts 4 and 5), and back to July 29, 2007 for charges in the Indictment (including Counts 24-28). Mot. at 2, 8; Opp'n to Def.'s Mot. to Dismiss Counts 4, 5 and 24-28 ("Opp'n") at 2 (Docket No. 119).

3

For the Indictment to be timely with respect to PG&E's recordkeeping practices it must therefore allege that no more than seven years prior to its filing, PG&E "knowingly and willfully" violated Section 192's recordkeeping provisions, as contained in 49 C.F.R. §§ 192.709(a) and 192.517(a).

## II. The Allegations Within the Limitations Period State a Claim on All Seven Challenged Counts

Though PG&E argues that the challenged counts must be deemed "continuing offenses" to survive, the Court must first address whether the Indictment alleges any unlawful conduct *within* the limitations period, such that resort to the continuing offenses doctrine is unnecessary. And despite PG&E's arguments to the contrary, the Government has not conceded that "recordkeeping counts should be dismissed unless an exception to the general [statute of limitations] rule applies." Reply in Supp. of Def.'s Mot. to Dismiss Counts 4, 5 and 24-28 ("Reply") at 3 (Docket No. 121). The Government made perfectly clear at the September 19, 2015 hearing that it intends to prove violations *within* the limitations period:

> I would just like to reconfirm to the Court, despite what Defense has said, the Government intends to prove at trial that the defendant knowingly and willfully did not maintain records regarding lease on line 132 and line 109, that is Counts 4 and 5, and knowingly and intentionally did not retain strength test pressure records within the statute of limitations.

Sep. 21, 2015 Tr. ("Tr.") at 16-17. Though the Government elsewhere argues that the recordkeeping violations are continuing offenses, this prohibits neither the Government from arguing nor the Court from finding that the allegations in the Indictment state a claim *within* the limitations period, separate and apart from the question whether these allegations also happen to state continuing offenses.

PG&E makes two arguments with respect to the Indictment's allegations *within* the limitations period: (1) the Government fails to allege *any conduct at all* within the

4

limitations period because the dates contained in the Indictment are either too old or too vague; and (2) the Government fails to allege *any unlawful conduct* within the limitations period because Section 60123 criminalizes only "knowing and willful" violations of Section 192's recordkeeping provisions, which would require an act of discarding or destroying records. Mot. at 6-9.

### a. Taken Together, the Dates and Factual Allegations in the Indictment Are Sufficient to State a Claim Within the Limitations Period on All Seven Challenged Counts

An indictment need not specify the exact date of an alleged offense, "so long as [the dates provided] are within the statute of limitation, and no prejudice is shown." *United States v. Austin*, 448 F.2d 399, 401 (9th Cir. 1971) (citation omitted). With respect to prejudice, "an indictment is sufficient as to date if (1) it informs the defendant of what he needs to know to formulate a defense, and (2) the defendant can plead the indictment as a bar to any subsequent prosecution." *United States v. Rangel-Garcia*, 2 Fed. Appx. 739, 740 (9th Cir. 2001). This does not mean, however, that an indictment can provide an entirely open-ended date range: "[A]lthough an indictment cannot be completely open-ended, an indictment that specifies an end date is sufficient to apprise defendants of the charges and enable them to prepare a defense." *United States v. Forrester*, 616 F.3d 929, 940-41 (9th Cir. 2010) (citation omitted).

The following dates appear in the Indictment for the challenged counts: Counts 4 and 5 – "Starting on a date unknown to the grand jury and continuing until at least on or about September 9, 2010," with a "date" of January 22, 2010 (SI ¶ 65); Counts 24-28 – "Starting in or about August 1970, and continuing through [the] indictment" (*id.* ¶ 75).

PG&E argues that the end dates – September 9, 2010 for Counts 4 and 5, and "through the date of this indictment" (July 30, 2014) for Counts 24-28 – are insufficient to "rescue the defective indictment." Mot. at 8. PG&E cites *United States v. Hitt*, 249 F.3d 1010 (D.C. Cir. 2001), in support of this argument. There, the D.C. Circuit explained that "the Fifth Amendment requires that criminal prosecutions be limited to the unique

5

1    allegations of the indictments returned by the grand jury," and held that a conspiracy

2    charge was time-barred because the indictment contained no "specific allegations" of an

3    overt act taken in furtherance of the conspiracy within the limitations period. *Id.* at 1016.

4          If the Indictment here relied upon end dates alone, then *Hitt* would support the

5    conclusion that it fails to allege PG&E violated Section 192's recordkeeping provisions

6    within the limitations period. PG&E ignores, however, that the Indictment includes all of

7    the following allegations regarding PG&E's "General Recordkeeping":

> Starting at a time unknown to the grand jury, and continuing until the San Bruno explosion, PG&E learned that it did not have complete data for its gas transmission pipelines due to missing records and errors and omissions in existing records.
>
> PG&E received notice of recordkeeping problems through employees, through regulatory agencies including the [NTSB] and the California Public Utilities Commission, and from third party auditors and consultants.
>
> Despite knowledge of these deficiencies, PG&E did not create a recordkeeping system for gas operations that would ensure that pipeline records were accessible, traceable, verifiable, accurate, and complete. PG&E's recordkeeping deficiencies included: . . . PG&E did not maintain repair records for its gas transmission pipelines in a traceable and accessible manner. . . . PG&E did not retain or maintain Subpart J pressure test records for the life of its gas transmission pipelines.

SI ¶¶ 22-24. The real question, then, is whether these factual allegations and the dates they are tied to are sufficient in light of an indictment's "primary" purpose "to inform the defendant of the nature of the accusation against him." *Russell*, 369 U.S. at 767.

      The end dates for all seven challenged counts are plainly within the seven-year limitations period: the end date alleged for Counts 4 and 5 (September 9, 2010) falls well after the April 17, 2007 deadline for those counts, and the end date alleged for Counts 24-28 (July 30, 2014) falls well after the July 29, 2007 deadline for those counts. The Court therefore finds that the end dates in the Indictment are sufficient to state a claim within the relevant limitations period because "an indictment that specifies an end date is sufficient to

apprise defendants of the charges and enable them to prepare a defense." *Forrester*, 616 F.3d at 940-41.

The Court likewise finds that the factual allegations themselves sufficiently "inform [PG&E] of the nature of the accusation against [it]." *Russell*, 369 U.S. at 767. Specifically, the allegations in paragraphs 22-24 inform PG&E of the allegedly unlawful conduct it must prepare to defend at trial; namely, that it had knowledge of recordkeeping practices falling below the requirements of Section 192, and yet willingly failed to implement recordkeeping practices that would comport with Section 192.[1]

The Court found the analogy PG&E relied on at the September 21, 2015 hearing to be quite helpful in reaching this conclusion:

> Let's say we go back seven years or whenever the statute of limitations begins to run here. And there's an engineer that comes into work, he's wearing his PG&E jersey, and he walks in, and he's now supposed to do some work on line 1000. And he walks up, and he opens up the file drawer, and the records are not retained, they are not maintained – they're not there, okay . . . . Has he and his company committed a crime on that day within the statute of limitations? . . . [I]f there is the crime to not have the records, when was that committed? . . . If there was a crime, it happened in the past; it didn't happen on the day that this poor fellow opened up the drawer . . . . [Otherwise] [i]t makes the company a felon for doing nothing.

Tr. at 7-8.

As to the "poor fellow" in PG&E's analogy, this much is clear: if the work he subsequently does on line 1000 is either a repair (triggering 49 C.F.R. § 192.709(a)) or relevant pressure testing (triggering 49 C.F.R. § 192.517(a)), and he is aware of the recordkeeping requirements of Section 192, then he knowingly and willfully violates Section 192 if he fails to create the required records.[2] So he would indeed "be a felon for

---

[1] As discussed below, the Court rejects PG&E's argument that only "discard[ing] or destroy[ing] a record previously created" can constitute the "knowing and willful" conduct required by Section 60123. Mot. at 6. *See infra* Section II(b).

[2] *See supra* note 1.

7

doing nothing," but because he failed to do a specific something – recordkeeping – that he knew to be required by law.

As to the allegations in the Indictment: they sufficiently allege a cause of action against the "poor fellow" that is PG&E for failure to "maintain and retain" a record required under 49 C.F.R. § 192.709(a) or "make and retain" a record required under 49 C.F.R. § 192.517(a) during the limitations period. Despite PG&E's arguments that the "indictment does not identify any particular repairs or records, or any specific act of failing to maintain such a record" (Mot. at 6), the allegations in paragraphs 22-24 are sufficient because "[t]he sufficiency of an indictment is judged by whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case" (*Blinder*, 10 F.3d at 1471).

This is not a case like *Hitt* or *Russell*, where the indictments were insufficient because missing facts cut to the very core of the charged offenses. In *Hitt*, the D.C. Circuit held that the conspiracy charge was time-barred because the conspiracy alleged in the indictment ended *before* the limitations period, and the defendant could not be made to answer for a later-dated conspiracy not actually defined by the grand jury. 249 F.3d at 1016-17. In *Russell*, the Supreme Court held that the indictment – which charged defendant under 2 U.S.C. § 192 for refusing to answer questions "pertinent to the question under inquiry" before a congressional subcommittee – was insufficient because it did not state the subject which was under inquiry. 369 U.S. at 764. The Court explained that:

> [T]he very core of criminality under 2 U.S.C. [§] 192 is pertinency to the subject under inquiry . . . . What the subject actually was, therefore, is central to every prosecution under the statute. Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

*Id.* But unlike those cases, the Indictment alleges conduct within the limitations period sufficient to put PG&E on notice of the charges against it, and PG&E's guilt on these charges does not depend "crucially" upon the specific identification of any fact missing

8

from the Indictment. PG&E knows very well what it must do to defend the challenged counts at trial; it must come prepared to rebut the Government's evidence that it failed to create and maintain any record for any repair made or relevant pressure test conducted during the seven-year statute of limitations.

In reality, what PG&E is attempting to do is leverage the Government's allegation that PG&E's recordkeeping violations were so pervasive as to stretch back decades into avoiding liability for them entirely. PG&E would like the Court to assume that because the Government alleges that PG&E has been failing to "maintain and retain" records required under 49 C.F.R. § 192.709(a) and "make and retain" records required under 49 C.F.R. § 192.517(a) *since the 1970s*, PG&E must have only so failed *in the 1970s*. But the Court will make no such assumption.

### b. The Government Need Not Allege an Act of "Destruction" to Allege a Knowing and Willful Violation of Section 192's Recordkeeping Provisions

PG&E argues that the "knowing and willful" conduct required by Section 60123 "describes a discrete act," meaning that "an individual must knowingly and willfully discard or destroy a record previously created" to violate Section 192's recordkeeping provisions. Mot. at 6. PG&E therefore concludes that the Indictment fails to allege a violation within the limitations period because it fails to identify any specific instance where PG&E destroyed either a repair or pressure testing record. *Id*.

But when the Court asked PG&E at the September 19, 2015 hearing what authority it could cite to support the argument that Section 60123 requires a "discrete act," PG&E responded only: "The short answer is we can't find a single case where the Government contended nonaction constituted a knowing and willful crime." Tr. at 14. To the contrary, the Court is aware of specific intent crimes that do not require a "discrete act," but rather criminalize a *willful failure to act*. The statute defining the federal crime of "willful failure to file return, supply information, or pay tax," for example, states that:

> Any person . . . required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who *willfully fails to* . . . make such return, *keep such records*, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor.

26 U.S.C. § 7203 (emphasis added). But "willfulness" here does not require an affirmative act of failing to keep records; rather, "willfully means the voluntary and intentional violation of a known legal duty or the purposeful omission to do what the law requires." *United States v. Murphy*, 469 F.3d 1130, 1137 (7th Cir. 2006) (citation omitted).[3] Therefore despite PG&E's arguments, nonaction certainly can constitute a knowing and willful crime. The question is whether this is true under Section 60123.

PG&E offers no legal authority for its reading of "knowing and willful" in Section 60123.[4] And neither the Pipeline Safety Act itself nor any other prior court has defined "knowing and willful" in the context of Section 60123's criminal penalties. The Court therefore considers Section 60123's "knowing and willful" requirement in connection with the recordkeeping counts at issue in this motion, to determine what "act" or "nonact" the Indictment needed to allege to state a claim under Section 60123 for a violation of Section 192's recordkeeping provisions.

49 C.F.R. § 192.709(a) requires operators to "maintain" the "date, location, and description of each repair" made to a pipeline, and "retain" such records "for as long as the pipe remains in service." 49 C.F.R. § 192.517(a) requires operators to "make, and retain

---

[3] To be clear, some tax crimes do require an affirmative act to prove the "willfulness" element, such as tax evasion. *See* 26 U.S.C. § 7201. But courts have noted that the affirmative act requirement of evasion cases under § 7201 set them apart from failure to file cases under § 7203, which do not require an affirmative act to demonstrate "willfulness." *United States v. McGill*, 964 F.2d 222, 230-31 (3d Cir. 1992).

[4] PG&E does refer to one case in its briefing which discusses "destruction" of records, *United States v. Sloan*, 389 F. Supp. 526 (S.D.N.Y. 1975). But *Sloan* dealt with whether the crime of falsifying records was continuing in nature – it is not – and then noted in passing when prosecution could commence – "the moment [true] records were destroyed." 389 F. Supp. at 529. The case did not ask or answer the question whether an "act of destruction" is required to allege a "knowing and willful" failure to maintain a record.

10

1   for the useful life of the pipeline, a record of each [pressure] test performed under" certain
2   other sections of Section 192.  Section 60123 therefore criminalizes both a "knowing and
3   willful" failure to "maintain and retain" repair records and a "knowing and willful" failure
4   to "make and retain" pressure testing records.  Though only 49 C.F.R. § 192.517 explicitly
5   requires the "making" of a record, the Court finds that the requirement of "making" a
6   repair record is implied in 49 C.F.R. § 192.709's requirement that an operator "maintain" a
7   record of each new repair, as one cannot "maintain" something that does not exist.

8         Again, the tax code is instructive in understanding the legal meaning of these
9   words.  26 U.S.C. § 7203 criminalizes any "willful" failure to "*keep* any records . . .
10  required by law or regulations."  26 U.S.C. § 7203 (emphasis added).  Webster's New
11  World Dictionary defines *keep* as "to maintain, or cause to stay or to continue."
12  Webster's New World Dictionary 738 (3d ed. 1991).  Given the similarity between the two
13  provisions – both criminalize the willful failure to maintain or retain a record required by
14  certain regulations – the Court finds the case law defining "willfulness" in the context of
15  26 U.S.C. § 7203 to be informative in defining "willfulness" in the context of Section
16  60123.  And again, willfulness under 26 U.S.C. § 7203 requires not a discrete act, but
17  merely "the voluntary and intentional violation of a known legal duty or the purposeful
18  omission to do what the law requires."  *Murphy*, 469 F.3d at 1137.

19        The question that remains, then, is whether the Indictment sufficiently alleges that
20  PG&E voluntarily and intentionally failed to "maintain and retain" any records required by
21  49 C.F.R. § 192.709(a), or "make and retain" any records required by 49 C.F.R. §
22  192.517(a) during the limitations period.  And as discussed above,[5] it certainly does: the
23  Indictment alleges that "PG&E learned that it did not have complete" records through
24  "notice of recordkeeping problems through employees, through regulatory agencies
25  including the [NTSB] and the California Public Utilities Commission, and from third party
26  auditors and consultants," and "[d]espite knowledge of these deficiencies, PG&E did not

---

[5] *See supra* Section II(b) (finding that the Indictment's factual allegations on this score are sufficient).

11

Case 3:14-cr-00175-TEH   Document 215   Filed 12/23/15   Page 12 of 12

create a recordkeeping system for gas operations that would ensure that pipeline records were accessible, traceable, verifiable, accurate, and complete." SI ¶¶ 22-24. The Indictment then goes on to allege that PG&E's recordkeeping deficiencies included the sort of records required by 49 C.F.R. §§ 192.709(a) and 192.517(a). *Id.* at 24. The Court finds that these allegations are sufficient to state a claim that PG&E knew of its recordkeeping obligations under Section 192 and willfully failed to discharge these obligations, and therefore that PG&E "knowingly and willfully" violated Section 192.

### III.     The Court Need Not Reach the Doctrine of Continuing Offenses

In this motion, the Court was tasked with examining the Indictment and determining whether it contains sufficient allegations to state knowing and willful violations of 49 C.F.R. § 192.709(a) (for Counts 4 and 5) and 49 C.F.R. § 192.517(a) (for Counts 24-28). And to that question, the answer is "yes": as set forth above, the Court finds sufficient allegations *within the limitations period* to maintain all seven challenged counts. The Court therefore need not address whether the alleged recordkeeping violations constitute continuing offenses, as no exception to the statute of limitations is required to address PG&E's arguments that the challenged counts are untimely.

**CONCLUSION**

For the reasons set forth above, PG&E's motion is DENIED.

**IT IS SO ORDERED.**

Dated:   12/23/15                                     _____
                                                                   THELTON E. HENDERSON
                                                                   United States District Judge