1  LATHAM & WATKINS LLP
      Steven M. Bauer (Bar No. 135067)
2        steven.bauer@lw.com
      Margaret A. Tough (Bar No. 218056)
3        margaret.tough@lw.com
   505 Montgomery Street, Suite 2000
4  San Francisco, California  94111-6538
   Telephone:  +1.415.391.0600
5  Facsimile:  +1.415.395.8095

6  LATHAM & WATKINS LLP
      J. Scott Ballenger (*pro hac vice*)
7        scott.ballenger@lw.com
   555 11th Street, NW, Suite 1000
8  Washington, DC  20004-1304
   Telephone:  +1.202.637.2200
9  Facsimile:  +1.202.637.2201

10  CLARENCE DYER & COHEN LLP
      Kate Dyer (Bar No. 171891)
11        kdyer@clarencedyer.com
   899 Ellis Street
12  San Francisco, California  94109-7807
   Telephone:  +1.415.749.1800
13  Facsimile:  +1.415.749.1694

14  Attorneys for Defendant
   PACIFIC GAS AND ELECTRIC COMPANY

15

16                    UNITED STATES DISTRICT COURT
17                   NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
18

19  UNITED STATES OF AMERICA              CASE NO. CR-14-00175-TEH

20           v.                           **DEFENDANT'S BRIEF REGARDING
                                          ADDITIONAL MOTIONS IN LIMINE**
21  PACIFIC GAS AND ELECTRIC
   COMPANY,
22                                        **Judge:    Hon. Thelton Henderson**
              Defendant.
23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

Page

3  I.      INTRODUCTION ..................................................................................... 1

4  II.     DISCUSSION .......................................................................................... 1

5          1.    Motion to Preclude Legal Argument in Opening Statement ................................. 1

6          2.    Motion to Exclude All Evidence and Argument Relating to CPUC
                 Audits After the San Bruno Accident ....................................................... 2
7

8          3.    Motion to Exclude All Evidence and Argument Suggesting that an
                 Operator Has Legal Duties Exceeding the Terms of the
9                Regulations ......................................................................................... 2

10         4.    Motion to Exclude Argument Implying That PHMSA's Frequently
                 Asked Questions ("FAQs") Establish a Legal Duty ............................... 2

11         5.    Motion to Exclude All Evidence and Argument Relating to Any
                 Other Litigation Involving the Company or Its Employees..................... 3
12

13         6.    Motion to Exclude All Evidence and Argument of Finances Not
                 Tailored to Address "Gross Gains" Caused by the Specific
14               Charged Offenses ................................................................................. 3

15         7.    Motion to Exclude Expert Testimony by Alan Beshore ......................... 3

16         8.    Motion to Exclude Expert Testimony by Glen Stevick ......................... 4

17         9.    Motion to Exclude Expert Testimony by Howard Lubow..................... 4

18         10.   Motion to Exclude Testimony by Margaret Felts ................................. 5

19         11.   Motion to Exclude All Evidence and Argument Relating to
                 Allegations About Lines Not Alleged in the Indictment or
20               Segments Not Included in the Bill of Particulars.................................. 5

21         12.   Motion to Exclude All Evidence and Argument Alleging That a
                 Pressure Reading Less Than the Maximum Operating Pressure of a
22               Covered Segment in the Relevant Five Years Is a Violation................. 6

23         13.   Motion to Exclude All Evidence and Argument Relating to the
                 Rule 404(b) Topics Withdrawn by the Government.............................. 6

24         14.   Motion to Exclude All Evidence and Argument Relating to
                 Distribution Lines .............................................................................. 7
25

26         15.   Motion to Exclude All Evidence and Argument Regarding Data
                 Not Required to be Gathered and Integrated for the Charged
27               Covered Segments .............................................................................. 7

28         16.   Motion to Exclude All Evidence and Argument Relating to
                 PG&E's Gas Pipeline Replacement Program ........................................ 8

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

**17.** Motion to Require a Proffer of Scienter Evidence................................................. 8

**18.** Motion to Exclude All Evidence and Argument Relating to the Government's Untimely 23rd Rule 404(b) Topic................................................... 9

**III.** **CONCLUSION** ................................................................................................................9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Burkhart v. Washington Metropolitan Area Transit Authority*,
    112 F.3d 1207 (D.C. Cir. 1997) ........................................................................ 1

*Hangarter v. Provident Life and Accident Insurance Co.*,
    373 F.3d 998 (9th Cir. 2004) ............................................................................ 1

*Kinan v. City of Brockton*,
    876 F.2d 1029 (1st Cir. 1989) .......................................................................... 3

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964) .......................................................................................... 8

*United States v. Sanford Ltd.*,
    878 F. Supp. 2d 137 (D.D.C. 2012) ................................................................. 3

*United States v. Vega*,
    188 F.3d 1150 (9th Cir. 1999) .......................................................................... 9

*United States v. Yoon*,
    2014 WL 5023100 (C.D. Cal. Oct. 8, 2014) .................................................... 2

## RULES

Fed. R. Evid. 401 ........................................................................................................ 9

Fed. R. Evid. 402 ........................................................................................................ 9

Fed. R. Evid. 403 ........................................................................................................ 9

Fed. R. Evid. 404(b) ............................................................................................ 6, 7, 9

## REGULATIONS

49 C.F.R. § 192.917(b) ............................................................................................... 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1  **I.     INTRODUCTION**

2       The Court's January 7, 2016 Order stated that each party shall file no more than ten

3  motions *in limine* on January 11, and if "either party believes that additional motions *in limine*

4  must eventually be decided, it may file . . . a brief of not more than 10 pages that lists and

5  summarizes all such proposed motions."  Dkt. 232 at 3.  PG&E respectfully requests that it be

6  permitted to file the additional motions *in limine* described below.

7  **II.    DISCUSSION**

8        Based on the information currently available to it, PG&E believes that the following

9  motions are necessary to address important evidentiary issues before trial.  In a December 22,

10  2015 letter, we asked the government whether it would commit not to introduce most of this

11  evidence.  The government responded that, unless we hear otherwise, we can assume that it

12  would oppose PG&E's motions.[1]

13       1.     Motion to Preclude Legal Argument in Opening Statement

14       In paragraphs 6 through 21 of the superseding indictment ("SI"), the government asserts

15  its interpretations and opinions about the governing laws and regulations.  Dkt. 22 ¶¶ 6-21.  This

16  extended discussion raises the specter that the government will similarly seek to argue its legal

17  conclusions during its opening statement.  It is the province of the Court—not the prosecution—

18  to instruct the jury on the applicable law.  *See Hangarter v. Provident Life and Acc. Ins. Co.*, 373

19  F.3d 998, 1016 (9th Cir. 2004); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d

20  1207, 1213 (D.C. Cir. 1997) ("Each courtroom is equipped with an expert, called a judge, and it

21  is his or her province alone to instruct the jury on the relevant legal standards.").  Unless the

22  government clarifies before opening statements that it does not intend to make these portions of

23  the superseding indictment a part of that presentation, a motion will be necessary.

24

25

26

27

28

---

[1]     This list does not include any possible motions *in limine* related to evidence the government produces after January 11, 2016, which the Court has already ordered may be filed at a date to be determined.  Dkt. 213 at 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

2.    <u>Motion to Exclude All Evidence and Argument Relating to CPUC Audits After the San Bruno Accident</u>

We anticipate that the government intends to introduce evidence relating to CPUC audits and findings.  Evidence of CPUC reports from its audits of PG&E's integrity management program conducted after the San Bruno accident is irrelevant to the charged conduct and is inadmissible hearsay.

3.    <u>Motion to Exclude All Evidence and Argument Suggesting That an Operator Has Legal Duties Exceeding the Terms of the Regulations</u>

The government's expert disclosures and superseding indictment suggest that it intends to offer evidence that PG&E failed to comply with certain standards of care that are neither codified in the charged regulations nor have the force of law.  For example, the disclosures indicate that the government plans to present testimony about "the industry's standard of care," corporate safety culture standards, and "industry practice."  This might have a place in a negligence trial, but it is irrelevant to the criminal violations charged here.  The testimony will confuse and mislead the jury.  *See United States v. Yoon*, No. CR 11-00922(B) DDP (9), 2014 WL 5023100, at *2 (C.D. Cal. Oct. 8, 2014) ("[I]ntroducing civil or regulatory standards has the strong potential to confuse [ ] the jury . . . .  Because the danger of such confusion substantially outweighs the probative value of a description of such standards, testimony as to such standards is excluded.").

4.    <u>Motion to Exclude Argument Implying That PHMSA's Frequently Asked Questions ("FAQs") Establish a Legal Duty</u>

The superseding indictment suggests that the government intends to argue that PG&E "violat[ed]" and "contraven[ed]" PHMSA FAQs, *see* SI (Dkt. 22) ¶¶ 38, 60, even though the FAQs state on their face that they "are not substantive rules and do not create rights, assign duties, or impose new obligations not outlined in the existing integrity management regulations and standards," PHMSA, *Gas Transmission Integrity Management:* FAQs, https://primis.phmsa.dot.gov/gasimp/faqs.htm.  It is the Court's role to instruct the jury regarding

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1  the law, and misleading statements regarding the FAQs could usurp that role and mislead the

2  jury.

3        5.    Motion to Exclude All Evidence and Argument Relating to Any Other Litigation
                Involving the Company or Its Employees

4

5        The government may attempt to introduce evidence of past or pending litigation

6  involving PG&E.  PG&E, like many companies, has faced lawsuits during its years in operation.

7  None of this other litigation is probative of whether PG&E committed the charged offenses.  Any

8  other legal matters are too dissimilar to be relevant and would only be used to portray PG&E as a

9  "bad" company that should be found guilty here.  As one court warned, introducing such

10 evidence "would inevitably result in trying those cases, or at least portions of them, before the

11 jury. . . . The result would be confusion and the consumption of a great deal of unnecessary

12 time."  *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989).

13       6.    Motion to Exclude All Evidence and Argument of Finances Not Tailored to
                Address "Gross Gains" Caused by the Specific Charged Offenses

14

15       The Court is considering whether the gains-based Alternative Fines Act sentencing

16 allegations should be dismissed because they will unduly complicate the trial.  Dkt. 201 at 5-6.

17 The government will be submitting additional information about its gains case on January 11,

18 2016.[2]  Only financial evidence that is tailored to address alleged additional before-tax profit to

19 PG&E proximately derived from the specific charged offenses should be admissible to prove

20 alleged gains.  *See United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 153 (D.D.C. 2012).  The

21 defendant anticipates that the government's proffered evidence will not address the stringent

22 standards of *Sanford* and other cases.

23       7.    Motion to Exclude Expert Testimony by Alan Beshore

24       In a November 9, 2015 letter, the government disclosed Alan Beshore, the current

25 Director of the Central Region, Office of Pipeline Safety, Pipeline and Hazardous Materials

26 Safety Administration ("PHMSA"), as an expert witness who would testify about, among other

27
_____
[2]    PG&E also intends to request leave to file a responsive brief to the government's January 11
28 Alternative Fines Act submission by January 18, and has requested that the government stipulate
    to its request.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1   things, "the structure of the Pipeline Safety Act regulations, including . . . what the pipeline

2   regulations require of operators [and] what operators must do to comply with the pipeline

3   regulations," and his work with other pipeline operators "to determine whether operator actions

4   to ensure future pipeline integrity were prudent."  The government recently indicated that it does

5   not believe that such testimony "constitutes expert testimony but [is] providing notice of his

6   testimony in an abundance of caution."  This is clearly Rule 701 expert testimony.  Moreover,

7   expert testimony on these topics should not be permitted because it involves opinions about what

8   the law requires of operators.   Unless the government confirms that Beshore will not be

9   testifying about such topics, PG&E seeks leave to file a motion  to exclude this testimony.

10          8.      Motion to Exclude Expert Testimony by Glen Stevick

11          In a November 9, 2015 letter, the government also disclosed Glen Stevick, a mechanical

12   engineer, as an expert witness who will testify concerning "pipeline dynamics" and his opinions

13   concerning the metallurgical cause of the San Bruno explosion.  On November 25, 2015, PG&E

14   asked the government to provide, in accordance with its Rule 16 obligations, a description of the

15   bases for each opinion and all documents and information that Stevick relied on in preparing his

16   opinions.  The government has since identified some documents that Stevick used but stated, on

17   January 8, that it would identify or produce the rest of such documents by January 18, 2016.  The

18   government has also said that it does not intend to disclose an expert report for Stevick.

19   Consistent with the Court's December 22, 2015 Order stating that PG&E "may file any motions

20   in *limine* related to evidence the government produces after January 11, 2016 at a date to be

21   determined," Dkt. 213 at 2, PG&E seeks leave to file a motion to exclude Stevick's testimony,

22   once it has an opportunity to review the documents and information on which he relied.[3]

23          9.      Motion to Exclude Expert Testimony by Howard Lubow

24          In a November 9, 2015 letter, the government disclosed Howard Lubow, a public utility

25   consultant, as an expert witness who will testify about "the landscape of utility regulation, the

26   rate-making process, and the obligations regarding maintaining safe operations that accompany

27   _____

28   [3]     Just before 5:00 p.m. on the date of this filing, the government sent an email indicating it has
     "decided not to call him as an expert witness."  If the government confirms that Mr. Stevick will
     not offer any testimony in this trial, this motion may not be necessary.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1   utility operations."  The government informed PG&E on December 22, 2015 that it would not be

2   producing an expert report by Lubow until January 18, 2016 at the earliest.  On January 4, 2016,

3   it sent another letter acknowledging that the initial letter only provided the "topics of testimony"

4   for its experts, and stating that the January 18 report will include "his opinions and conclusion

5   that he will offer at trial" and "the bases for those opinions and conclusions."

6        Based on the government's limited disclosures to date, it appears that the government

7   intends Lubow to testify about a host of topics, such as what he thinks PG&E should have spent

8   on operations and maintenance.  Consistent with the Court's December 22, 2015 Order stating

9   that PG&E "may file any motions in *limine* related to evidence the government produces after

10  January 11, 2016 at a date to be determined," Dkt. 213 at 2, PG&E seeks leave to file a motion to

11  exclude some or all of Lubow's testimony before opening statements, once it has an opportunity

12  to review his expert report.

13        10.   Motion to Exclude Testimony by Margaret Felts

14        In a November 9, 2015 letter, the government disclosed Margaret Felts as a "summary

15  witness" who would testify about the "state of record keeping at PG&E."  According to her

16  resume, Felts is a lawyer and petroleum engineer who assists "law firms, regulatory agencies and

17  private entities" with "behind-the-scene [sic] discovery, research and strategy development."

18  The government has indicated that it "do[es] not believe Ms. Felts . . . will be rendering expert

19  opinions," but its disclosures suggest that she will be testifying about her view of what records

20  should be maintained and how one does that.  Ms. Felts previously testified as an expert in

21  CPUC proceedings.  PG&E seeks leave to file a motion to exclude of her testimony as improper

22  expert testimony and as irrelevant.

23        11.   Motion to Exclude All Evidence and Argument Relating to Allegations About
             Lines Not Alleged in the Indictment or Segments Not Included in the Bill of
24           Particulars

25

26        The government has proposed to introduce evidence of (1) planned and unplanned

27  pressure increases on eight uncharged pipelines and (2) data purportedly not gathered and

28  integrated on potentially dozens of other pipelines as reflected in PG&E's Audit Change Log for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1   its Geographic Information System, both of which it contends are "inextricably intertwined" with

2   the charged conduct.

3        Evidence and argument regarding specific covered and non-covered pipeline segments

4   not identified in the government's Bill of Particulars should also be excluded.  The five charged

5   subsections of integrity management regulations impose duties on a covered segment-by-covered

6   segment basis.  Dkt. 228 at 4-5.  Evidence that does not have a specific connection to an

7   identified covered segment is irrelevant, as the government must prove a knowing and willful

8   failure to undertake duties with respect to the specific identified covered segments.  Evidence

9   and argument relating to uncharged lines and unidentified pipeline segments is also inadmissible

10  under Rule 403 because it will unfairly prejudice PG&E, confuse the issues, mislead the jury,

11  and waste time by requiring various mini-trials on uncharged pipelines.

12        12.    Motion to Exclude All Evidence and Argument Alleging That a Pressure Reading
               Less Than the Maximum Operating Pressure of a Covered Segment in the
13             Relevant Five Years Is a Violation

14

15        We anticipate that the terms "Maximum Allowable Operating Pressure" ("MAOP") and

16  "Maximum Operating Pressure" ("MOP") will be used in various contexts throughout the

17  trial.  Because these similar but distinct terms are pivotal to understanding the regulations, there

18  is a high possibility of juror confusion if conflicting evidence regarding their meaning is

19  introduced.  This motion would limit evidence of exceedances of MAOP as irrelevant when the

20  charged regulation only concerns exceedances of the MOP during the five years preceding HCA

21  identification.

22        13.    Motion to Exclude All Evidence and Argument Relating to the Rule 404(b)
               Topics Withdrawn by the Government
23

24        The Court's June 29, 2015 Order regarding PG&E's discovery motions required the

25  government to provide PG&E with notice of the topics it planned to introduce under Rule 404(b)

26  by no later than September 18, 2015.  Dkt. 103 at 25-27.  On September 18, 2015, the

27  government disclosed 22 broad categories of evidence of other alleged wrongful conduct under

28  Rule 404(b), with an additional untimely category proposed on September 21, 2015.  After the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1  defense repeatedly requested clarity and discovery into the proposed topics, the government

2  withdrew fourteen of the categories of proposed Rule 404(b) topics.  In an attempt to avoid the

3  waste of resources and the Court's time, we requested multiple times that the government agree

4  that it would not attempt to offer evidence or argument relating to the Rule 404(b) topics

5  withdrawn by the government, but the government has not responded to this request.

6       14.    Motion to Exclude All Evidence and Argument Relating to Distribution Lines

7       As explained above, on September 18, 2005, the government disclosed 22 different

8  proposed Rule 404(b) categories.  Of those, seven related to events that occurred on PG&E's gas

9  distribution system.  Then, last month—perhaps recognizing that PG&E's 40,000-odd mile

10 distribution system is governed by different (but equally complex) regulations than those charged

11 about PG&E's transmission system—the government withdrew all seven distribution-related

12 topics.  All of the pipeline regulations at issue in the superseding indictment concern PG&E's

13 gas transmission pipeline system—made up of large diameter, highly-pressurized steel pipe

14 transporting natural gas from gathering lines/storage facilities to various distribution centers.  In

15 contrast, PG&E's gas distribution pipeline system is made up of many more miles of smaller

16 pipe, often plastic and less than two inches in diameter, operating at much lower pressures and

17 carrying gas to individual customers.  Unless the government confirms it will not offer any

18 evidence concerning distribution rules and PG&E's distribution system, the defense will seek to

19 file a motion *in limine*.

20       15.    Motion to Exclude All Evidence and Argument Regarding Data Not Required to
              be Gathered and Integrated for the Charged Covered Segments

21

22       The government charged PG&E under 49 C.F.R. § 192.917(b), which requires operators

23 to "gather and integrate *existing* data and information." (emphasis added).  The defense proposes

24 a motion to exclude evidence concerning data that did not exist within the charged period of time

25 or data on lines not charged in the indictment.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

16.    <u>Motion to Exclude All Evidence and Argument Relating to PG&E's Gas Pipeline Replacement Program</u>

The government has disclosed that it will seek to introduce evidence that in 2000 "PG&E transferred its Gas Pipeline Replacement Program (GPRP)," which was implemented in the mid-1980s, "into the Risk Management Program (RMP)." The government contends that this evidence is "inextricably intertwined with the charged conduct" because it will show that PG&E "cut costs" through the change and that "had GPRP been continued, miles of transmission pipeline would have been replaced or hydrotested, including L-132." This GPRP evidence should be excluded as irrelevant, unfairly prejudicial, confusing, and a waste of time. Segment 180 of Line 132 did not meet the criteria for replacement under the GPRP, so the program change does not support the irrelevant premise for which the government would offer it. Moreover, the integrity management regulations ultimately enacted in 2004 required operators to create integrity management programs, a form of risk management, so there can be no connection between PG&E's pre-enactment move to such a program and the charged regulatory offenses.

17.    <u>Motion to Require a Proffer of Scienter Evidence</u>

The conduct charged in the superseding indictment dates back decades and potentially involves dozens of the defendant's employees, former employees and contractors. Yet the indictment does not identify a single person who did something wrong or a discrete act a person took that was improper. In order to prove a criminal violation of the charged regulations, the government will have to identify a person or persons with the requisite intent (knowing and willful) who committed a wrongful act within the relevant time period. It is not enough to aggregate what might be, at most, negligent conduct by a variety of employees over time. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("The mere presence of stories in the files does not, of course, establish that the Times 'knew' the advertisement was false, since the state of mind required for actual malice would have to be brought home to the persons in the Times' organization having responsibility for the publication of the advertisement.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH

1    Accordingly, PG&E seeks leave to file a motion asking that the government be barred

2  from introducing evidence unless it first makes a proffer to establish that the evidence is tied to

3  knowing and willful conduct by an individual employee or employees related to the charged

4  regulations within the relevant time period.  If the government cannot make such a proffer, then

5  the evidence should be excluded on the ground that it will waste time and prejudice PG&E,

6  confusing the jury about whether a person who merely knows about past accidental, negligent, or

7  reckless conduct is sufficient to find PG&E guilty of knowingly and willfully violating the law.

8    18.    Motion to Exclude All Evidence and Argument Relating to the Government's
         Untimely 23rd Rule 404(b) Topic
9

10    Under *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999), and Rule 404(b), the

11  Court should exclude all evidence and argument related to the government's late-disclosed 23rd

12  category for failure to provide reasonable notice in a timely manner.  Should the Court decide to

13  excuse the government's late disclosure and allow the government to proceed as though its

14  disclosure was timely, PG&E respectfully requests the opportunity to move *in limine*,

15  substantively, to exclude this evidence pursuant to Rules 401, 402, 403 and 404(b).

16  **III.    CONCLUSION**

17    For the foregoing reasons, PG&E respectfully requests that the Court allow it to file the

18  motions described above.

19

20  Dated:  January 11, 2016                    Respectfully submitted,

21                                    By _____
                                         /s/
22                                       Steven M. Bauer
                                         Margaret A. Tough
23                                       LATHAM & WATKINS LLP

24                                       Kate Dyer
                                         CLARENCE, DYER & COHEN LLP
25
                                         *Attorneys for Defendant*
26                                       *Pacific Gas and Electric Company*

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEF.'S BRIEF REGARDING ADDITIONAL
MOTS. IN LIMINE
Case No. CR-14-00175-TEH