UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>    Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER REGARDING BIFURCATION OF THE ALTERNATIVE FINES ACT ALLEGATIONS** |

On December 8, 2015, this Court granted Defendant Pacific Gas & Electric ("PG&E")'s Motion to Dismiss the Government's Alternative Fines Act *loss* allegations, on the basis that litigating the gross pecuniary losses suffered by the more than 500 victims of the San Bruno explosion would unduly complicate these proceedings. Docket No. 201 at 3-4. But the Court reserved ruling on whether the Government's Alternative Fines Act *gains* allegations should be dismissed, because the Government had provided insufficient information for the Court to determine whether proving the gross pecuniary gains that stemmed from PG&E's alleged regulatory malfeasance would unduly complicate these proceedings. *Id.* at 5-6.

The Court therefore directed the Government to submit "notice of the sort of evidence and approximate number and type of witnesses that it intends to present to the jury regarding the gross gains PG&E derived from the charged offenses." *Id.* at 6. The Government timely complied, submitting notice on January 11, 2016 of the five records and three witnesses it intends to use to prove PG&E's gross pecuniary gains. Docket No. 235. PG&E responded to this notice on January 19, 2016, arguing that the Government's submission only confirms that allowing the Alternative Fines Act gains allegations to proceed would create "exceedingly difficult questions of causation that will unduly complicate the trial." Docket No. 260.

As an initial matter, the Court is not convinced that the Government's plan to prove PG&E's gross pecuniary gains would be as complex as PG&E would have the Court believe.  Nevertheless, having carefully considered the parties' submissions, the Court now finds that bifurcating the Alternative Fines Act gains allegations into a second trial phase is the best way to ensure that PG&E's Sixth Amendment rights are protected, without prematurely eliminating what may be an appropriate application of the Alternative Fines Act.

A district court has discretion in deciding whether to bifurcate criminal proceedings. *See Contee v. United States*, 410 F.2d 249, 250 (D.C. Cir. 1969) ("Bifurcation lies in the first instance within the 'sound discretion' of the trial court.").  This Court previously requested briefing on the propriety of bifurcating these proceedings.  Docket Nos. 192, 194.  The only argument offered against bifurcation by either party was that it would be unfair to force PG&E to prepare a defense to allegations that may never come to fruition, either because PG&E is acquitted on all counts or because the Court later determines that imposing an Alternative Fine would be inappropriate. *See* Docket No. 194 at 1 ("If the [Alternative Fines Act] allegations are not dismissed now, the parties and the Court will have no alternative but to prepare them for trial.").

This argument against bifurcation, which boils down to speculative inefficiency, is unavailing in light of the known and substantial benefits to bifurcation.  As the Government aptly argued, after the guilt phase "the Court will [] be well-informed as to what evidence has already been admitted . . . and be best able to determine whether proving gross gain or loss 'would unduly complicate or prolong the sentencing phase.' " Docket No. 192 at 2-3.  In the context of what PG&E has repeatedly referred to as "one of the more complex criminal trials ever tried in this district" (Docket No. 126 at 2), it seems especially prudent to defer deciding whether gross gains evidence would unduly complicate these proceedings until after the Court fully understands the complexity of the evidence offered during the guilt phase.  And perhaps most importantly, after the guilt phase the Court will know of which counts, if any, PG&E has been convicted, and will

1  therefore know for which regulatory violations the Government would need to prove that
2  PG&E realized gross pecuniary gains.
3     The parties shall therefore come prepared to discuss the details of bifurcating this
4  trial at the March 7, 2016 pretrial conference.  The parties shall also include bifurcation
5  among the issues addressed in the joint pretrial conference statement that is now due no
6  later than Monday, February 22, 2016.

**IT IS SO ORDERED.**

Dated:   02/02/16                           _____
                                            THELTON E. HENDERSON
                                            United States District Judge