BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
OWEN P. MARTIKAN (CABN 177104)
HARTLEY M. K. WEST (CABN 191609)
JEFFREY B. SCHENK (CABN 234355)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7129
Fax: (415) 436-7234
hallie.hoffman@usdoj.gov
owen.martikan@usdoj.gov
hartley.west@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CR 14-00175 TEH<br><br>UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 17 SUBPOENAS |

The United States submits this Memorandum of Points and Authorities in support of its Motion for Issuance of Subpoenas *Duces Tecum* pursuant to Federal Rule of Criminal Procedure 17(c)(1) and Local Rules 17-2(a)(1) and 47-3.

In order to grant a Rule 17(c) motion for the issuance of a criminal pretrial subpoena *duces tecum*, the moving party must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in

> advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

The United States moves for issuance of subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c) to law firms and attorneys representing PG&E's current and/or former employees and contractors for the following documents:

A. For the following individuals, (1) all non-privileged records and communications regarding retention for representation; and (2) all billing records, including non-privileged time entries, relating to *United States v. Pacific Gas and Electric Company* (CR 14-00175) or any investigation by the U.S. Attorney's Office for the Northern District of California related to PG&E. If any responsive documents within the scope of this subpoena are withheld on the basis of a claimed privilege, please provide a privilege log describing the basis for withholding any responsive document, including on the basis of attorney-client privilege.

| **Witness**: | **Subpoena Recipient**: |
| --- | --- |
| Aguiar, David | George Niespolo and Allegra Jones<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Arndt, Bill | George Niespolo<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Carter, Glen | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |
| Cornejo-Maldonado, Alfonsa | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |

| | |
|---|---|
| Darbee, Peter | Beth Wilkinson (or successor counsel)<br>Paul Weiss<br>2001 K Street, NW<br>Washington, DC 20006 |
| Daubin, Brian | John Cline<br>Law Office of John D. Cline<br>235 Montgomery Street, Suite 1070<br>San Francisco, California 94104 |
| Dauby, Frank | Michael Shepard<br>Hogan Lovells US LLP<br>3 Embarcadero Center, Ste. 1500<br>San Francisco, CA 94111 |
| Eastman, Alan | Steven Rech<br>Schwartz, Junell, Greenberg & Oathout, LLP<br>Two Houston Center<br>909 Fannin Street, Suite 2700<br>Houston, Texas 77010<br><br>Ismail Ramsey and Katharine Kates<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue Berkeley, CA 94710 |
| Fassett, Robert | Marla Poirot<br>2000 Wells Fargo Plaza<br>1000 Louisiana Street<br>Houston, Texas 77002 |
| Hayes, William | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |
| Hogenson, Todd | Stephen Mansfield<br>Akin Gump Strauss Hauer & Feld LLP<br>580 California Street, Suite 1500<br>San Francisco, CA 94104-1036 |
| Johnson, Kirk | David Scheper<br>Scheper Kim & Harris<br>601 W 5th Street, #1200<br>Los Angeles, CA 90071 |

| | |
|---|---|
| Lee, Chih Hung | Ismail Ramsey and Katharine Kates<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue<br>Berkeley, CA 94710 |
| Lui, Calvin | George Niespolo<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Manegold, William | Michael Shepard<br>Hogan Lovells US LLP<br>3 Embarcadero Center, Ste. 1500<br>San Francisco, CA 94111 |
| Maxwell, Frank | George Niespolo and Allegra Jones<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Muse, Gene | John Cline<br>Law Office of John D. Cline<br>235 Montgomery Street, Suite 1070<br>San Francisco, California 94104 |
| Peralta, Sara | George Niespolo<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Roth, Karen | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |
| Salas, Edward | Cristina Arguedas<br>Arguedas Cassman & Headley<br>803 Hearst Avenue<br>Berkeley, California 94710 |
| Tateosian, Charles | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |

| | |
|---|---|
| Warner, Chris | Steven Rech<br>Schwartz, Junell, Greenberg & Oathout, LLP<br>Two Houston Center<br>909 Fannin Street, Suite 2700<br>Houston, Texas 77010<br><br>Ismail Ramsey and Katharine Kates<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue Berkeley, CA 94710 |
| West, Michael | George Niespolo<br>Law Offices of Duane Morris<br>One Market Plaza, Ste. 2200<br>San Francisco, CA 94105 |
| Yura, Jane | Jeffrey L. Bornstein<br>Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104 |

Under the four-part test set forth in *Krane* and *Nixon*, the subpoenas are both evidentiary and relevant. The records sought will allow the United States to demonstrate potential bias of PG&E employees and contractors, both current and former, who may be witnesses at trial. *See* Declaration of Jeff Schenk (Schenk Dec.) at ¶ 2. Impeachment material may be obtained through Rule 17(c) subpoenas. *United States v. Johnson*, 2014 WL 60680898, *2 (N.D. Cal. 2014) (quoting *United States v. Nixon*, 418 U.S. 683, 702 (1974)); and *United States v. Martinov*, 2012 WL 3987329, *2 (N.D. Cal. 2012). The type of records sought here, billing and retention records, are not privileged; and any portion of them that reveals specific research or litigation strategy may be redacted before being produced. *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992). Additionally, on March 3, 2016, six witness counsels objected to the government's previous Rule 17 subpoena, seeking similar retention records from PG&E. Schenk Dec. at ¶ 2. From that objection, we may reasonably conclude witness-counsel will not voluntarily provide these documents to the government.

The United States intends to seek the return of the subpoenas no later than fourteen days from their issuance. The United States will provide any documents it obtains as a result of the subpoenas to defense counsel if the United States intends to use the documents at trial or if the documents contain exculpatory information or are otherwise discoverable. The Attachment for the proposed subpoenas are

attached as Exhibit 1 to the Declaration of Jeff Schenk submitted in support of this Motion. Schenk Dec. at ¶ 3.

Based on the facts and argument set forth above, the United States respectfully requests that the Court find the United States has demonstrated, under *Krane* and *Nixon*, that the Rule 17(c) request for issuance of subpoenas in advance of trial is not a fishing expedition, but that the documents sought are evidentiary, relevant, and needed in preparation for the upcoming trial and cannot otherwise be reasonably procured in advance of trial; and thereby, grant this Motion for the Issuance of Subpoenas Duces Tecum.

DATED: March 8, 2016

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

/s/
___________________________
JEFF SCHENK
Assistant United States Attorney