UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br>   v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>     Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GOVERNMENT EXPERT WITNESS HOWARD LUBOW** |

Defendant Pacific Gas and Electric Company ("PG&E") moved *in limine* to exclude Government expert witness Howard Lubow on March 4, 2016. Dkt. No. 339.[1] Both parties timely opposed and replied in support of this motion. Dkt. Nos. 367, 374. The Court held a hearing on April 20, 2016 to determine whether Mr. Lubow's expert testimony meets the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). After carefully considering the parties' written and oral arguments, the Court now GRANTS IN PART PG&E's motion to limit Mr. Lubow's testimony, as set forth below.

**LEGAL STANDARD**

It is the role of the trial judge to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. Pursuant to Federal Rule of Evidence ("Rule") 702, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" may offer expert opinion testimony

---

[1] PG&E also moved to exclude the testimony of witnesses Steve Nanney and Margaret Felts. A hearing on Mr. Nanney is forthcoming, and a separate order regarding his testimony will be issued following that hearing. The Government has since withdrawn Ms. Felts as a witness, Apr. 12, 2016 Tr. at 3 (Dkt. No. 436), so the Court need not address the parties' arguments regarding her proposed testimony.

1  only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the
2  trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is
3  based on sufficient facts or data; (c) the testimony is the product of reliable principles and
4  methods; and (d) the expert has reliably applied the principles and methods to the facts of
5  the case." Fed. R. Evid. 702.

6  Expert testimony, as with all testimony, is also subject to Rules 401, 402, and 403.
7  Rule 401 states that evidence is relevant if it "has any tendency to make a fact more or less
8  probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.
9  Rule 402 creates a general presumption that relevant evidence is admissible unless
10 otherwise prohibited. Fed. R. Evid. 402. Rule 403 allows the court to "exclude relevant
11 evidence if its probative value is substantially outweighed by a danger of one or more of
12 the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,
13 wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**DISCUSSION**

16 At the April 20, 2016 hearing, the Government significantly limited the scope of
17 Mr. Lubow's proposed testimony to include only two areas: "the rate-setting process, and
18 utility finance." Apr. 20, 2016 Tr. ("4/20/16 Tr.") at 3 (Dkt. No. 478). On the same day,
19 the parties conferred on and submitted to the Court a revised copy of Mr. Lubow's expert
20 report. *See* Revised Howard Lubow Test. Topics ("Lubow Report") (attached hereto as
21 Ex. 1). On the basis of these agreed upon limitations to Mr. Lubow's expert testimony,
22 PG&E withdrew its objections to Mr. Lubow's expert qualifications and areas of expertise.
23 4/20/16 Tr. at 9. But PG&E reserved its evidentiary objections to Mr. Lubow's testimony.
24 *Id*. The Court now proceeds to an analysis of the four objections PG&E raised in its
25 motion *in limine* to exclude Mr. Lubow's expert testimony.
26 //
27 //
28 //

## I. Mr. Lubow may not draw conclusions that fall within the province and capability of the jury.

PG&E argues Mr. Lubow's "proposed testimony about PG&E's 'Corporate Culture,' internal communications, budget constraints, and 'spending reduction tactics' reflects no expertise or expert analysis, just a willingness to summarize evidence in a way the prosecution likes." Def.'s Mot. *in Limine* to Exclude Test. of Gov't Expert Witnesses ("Expert Mot.") at 3 (Dkt. No. 339).

It is certainly true that expert testimony that "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge . . . is inadmissible." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468-69 (S.D.N.Y. 2005). Such evidence is more "properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004). It is likewise true that expert testimony "must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). *See also Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (striking portions of expert report that were "replete with observations and inferences that jurors are perfectly capable of making for themselves without [expert] assistance," even where such sections were "technical in nature"). "In other words, experts should not be permitted to supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence." *In re Rezulin Prods.*, 309 F. Supp. 2d at 541.

However, PG&E identifies very few specific statements from Mr. Lubow's report that it seeks to exclude on this basis, and the Government has since withdrawn each of these statements. Expert Mot. at 3-4; *see also* Lubow Report at 2, 3, 8 (withdrawing all of the following proposed expert testimony: "PG&E clearly placed more emphasis on the realization of earnings than it did on either safety or reliability"; "[c]ommunication between PG&E management and its employees was deficient"; "examples of instances in

1   which employees notified management of issues with PG&E gas operations, and
2   management . . . underestimate[d] the seriousness of the situation"; and "PG&E
3   constrained spending on maintenance and integrity management in the years just prior to
4   the San Bruno Incident").  Without any remaining objected-to statements to analyze, the
5   Court holds only that it would be improper for Mr. Lubow to "simply rehash otherwise
6   admissible evidence about which he has no personal knowledge," *Highland Capital*, 379
7   F. Supp. 2d at 468-69, and otherwise invites the parties to heed this limited ruling as they
8   prepare testimony and consider objections for trial.

### II.  Mr. Lubow may not opine about PG&E's "corporate intent."

PG&E argues that Mr. Lubow's "propose[d] testimony aimed at arguing that the underlying evidence reflects an intent to violate the law" is improper.  Expert Mot. at 4.  The Government concedes, correctly, that experts cannot testify about "corporate intent," but argues that Mr. Lubow will offer only permissible testimony "about corporate practices and policies [that the] jury may use . . . [to] ascertain[] PG&E's intent."  U.S.'s Opp'n to Def.'s Mot. *in Limine* to Exclude Expert Witnesses ("Expert Opp'n") at 3 (Dkt. No. 367).  The Seventh Circuit considered such expert testimony in the context of a products liability case:

> District courts must be careful to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves.  [The expert] lacked any scientific basis for an opinion about the motives of GM's designers.  He could give an opinion as an engineer that [a design choice] saved a particular amount of money; he might testify as an engineer that GM's explanation for the [design choice] was not sound (from which the jury might infer that money was the real reason); but he could not testify as an expert that GM had a particular motive.

*DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).  The Government argues that "Lubow's testimony will go no farther than what the Seventh Circuit allowed in *DePaepe*; he will testify regarding PG&E's safety practices and allocation of financial resources," and it will be left to the jury to draw conclusions about PG&E's intent.  Expert Opp'n at 3-4.

United States District Court
Northern District of California

1    The Court will hold the Government to its correct concession that Mr. Lubow may
2 not opine as to PG&E's intent, and otherwise agrees with the Government that Mr. Lubow
3 may testify regarding PG&E's corporate practices and policies on financial resourcing. As
4 "a consultant with 40 years of experience in the fields of utility regulation, accounting,
5 finance, and operations," Opp'n at 2, Mr. Lubow possesses the specialized knowledge that
6 will be necessary to assist the jury in understanding PG&E's financial policies and
7 practices.

### III.   Mr. Lubow may not testify about "industry standards of care."

10   PG&E argues that Mr. Lubow's testimony that, for example, PG&E's "threshold for
11 acceptable gas safety performance was set unacceptably low at times," is both irrelevant
12 and highly prejudicial because "it risks misleading the jury into thinking that something
13 other than the specific words of the regulation matter in this regulatory criminal case."
14 Expert Mot. at 5-6.
15   Again, the Government has since withdrawn the complained of testimony. Lubow
16 Report at 2. But whatever the Government now argues, it has previously stated Mr.
17 Lubow would testify regarding "industry standards of care." Def.'s Status Report, Ex. 1 at
18 2 (Dkt. No. 321-2). And PG&E is correct that any expert testimony on "industry standards
19 of care" would confuse the issues in this criminal prosecution, where the required mental
20 state is "knowing and willful" violation of the minimum federal safety standards set forth
21 by the Pipeline Safety Act. 49 U.S.C. § 60123. Accordingly, Mr. Lubow is prohibited
22 from testifying in any manner that would invite the jury to substitute another "standard of
23 care" for the "knowing and willful" violations that the Government must prove.
24 //
25 //
26 //
27 //
28 //

5

### IV. The Court need not address the sufficiency of Mr. Lubow's expert opinions on CPUC-approved expenditures.

The Government has withdrawn Mr. Lubow's proposed expert testimony about CPUC-approved expenditures. Lubow Report at 2-3; 4/20/16 Tr. at 3. PG&E's arguments that such would be improper expert testimony, Expert Mot. at 6-9, are therefore moot.

**CONCLUSION**

For the foregoing reasons, the Court limits Mr. Lubow's expert testimony as discussed above, and otherwise DENIES PG&E's motion.

**IT IS SO ORDERED.**

Dated:   04/26/16                      _____
                                       THELTON E. HENDERSON
                                       United States District Judge

United States District Court
Northern District of California