UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL** |

On April 15, 2016, Defendant Pacific Gas and Electric Company ("PG&E") moved to continue trial in this matter. Dkt. No. 452. The Government timely opposed the motion pursuant to an expedited briefing schedule. Dkt. No. 456. The Court heard oral argument on April 21, 2016, on which date it also vacated the then-scheduled April 26, 2016 trial date. Dkt. No. 475. Having carefully considered the parties' written and oral arguments, the Court now GRANTS PG&E's requested seven-week continuance of the trial.

**BACKGROUND**

On April 11, 2016 – the eve of the second pretrial conference – the Government produced about 110,000 pages of documents from the Pipeline and Hazardous Materials Safety Administration ("PHMSA") and the National Transportation Safety Board ("NTSB") on an electronic hard drive. Def.'s Mot. to Continue Trial Date for Late-Disclosed Evid. ("Mot.") at 6-8 (Dkt. No. 452). These documents, which concern interpretations of the regulations charged in this case, were first ordered to be produced on June 29, 2015. *See* Order Granting in Part and Denying in Part Def.'s Disc. Mots. (Dkt. No. 103). Until April 11, 2016, however, the Government withheld these documents on the basis of privilege. Disc. Order at 2 (Dkt. No. 420). But because the Government had never articulated why the documents are privileged, it was ordered to do so by April 8, 2016. *Id.* Instead, the Government notified PG&E on April 7, 2016 that it would produce

1   all of the previously withheld documents, pursuant only to a protective order, which led to
2   the April 11, 2016 production. Def.'s Suppl. Response Re: Disc. Dispute 2a: Withheld
3   PHMSA and NTSB Materials at 1 (Dkt. No. 444).
4         Also on April 11, 2016, the Government made available for review a second hard
5   drive containing an additional 11,000 pages. Mot. at 1. This added to the over 100,000
6   other pages the Government had produced since the first pretrial conference on March 7,
7   2016. *Id.* at 2.

**LEGAL STANDARD**

10        The Ninth Circuit has identified four factors that are relevant on a motion to
11  continue: (1) "the extent of [the movant's] diligence in his efforts to ready his defense
12  prior" to trial; (2) the "[u]sefulness of the [c]ontinuance"; (3) "the extent to which granting
13  the continuance would have inconvenienced the court and the opposing party, including its
14  witnesses"; and (4) the "the extent to which the [movant would] suffer[] harm as a result of
15  [a] denial." *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985).

**DISCUSSION**

18        An analysis of these factors favors a continuance. As to the first factor, PG&E
19  could not have readied its defense with respect to documents that were not in its possession
20  until the eve of the pretrial conference. PG&E has been updating the Court every other
21  day as to its progress in reviewing the PHMSA and NTSB documents since they came into
22  its possession, *see, e.g.*, Dkt. No. 495, and has demonstrated that it is proceeding
23  diligently. As to the second factor, a continuance will be useful for two reasons: it will
24  permit PG&E to review and potentially incorporate the PHMSA and NTSB documents
25  into its defense; and it will permit the parties to finally litigate whether the documents may
26  be withheld on the basis of privilege. *See* Order Setting Briefing Schedule on PHMSA and
27  NTSB Privileges (Dkt. No. 503). As to the fourth factor, PG&E may suffer harm if the
28  Court denies the requested continuance, because PG&E's review of the PHMSA and

United States District Court
Northern District of California

NTSB documents has already yielded evidence that it argues is highly relevant to its defense. Def.'s Reply in Supp. of Mot. to Continue Trial at 10-11 (Dkt. No. 468). Finally, though under the third factor a continuance would inconvenience the Court and the witnesses, this consideration is outweighed by the other three factors. The Court therefore finds good cause to grant PG&E's motion to continue, and PG&E has adequately supported its requested seven-week continuance with empirical evidence about its rate of review of the recently produced materials. *Id.* at 11-14.

Accordingly, IT IS HEREBY ORDERED that trial in this matter is continued seven weeks, and shall commence on **June 14, 2016**. The Court previously excluded time under the Speedy Trial Act from March 8, 2016 through April 26, 2016, to provide counsel sufficient time for pre-trial preparation. Dkt. No. 369. Based upon PG&E's request for a continuance and good cause appearing, the Court now finds that failing to exclude the time between April 26, 2016 and June 14, 2016 would deny counsel the reasonable time necessary to prepare for trial in this complex matter. 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(ii). The Court further finds that the ends of justice served by excluding the time between April 26, 2016 and June 14, 2016 outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Accordingly, IT IS HEREBY ORDERED that the time between April 26, 2016 and June 14, 2016 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(ii).

**CONCLUSION**

For the reasons set forth above, PG&E's motion to continue is GRANTED. Trial is hereby set to begin on **June 14, 2016**.

**IT IS SO ORDERED.**

Dated: 05/05/16

_____

THELTON E. HENDERSON
United States District Judge