UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER DENYING DEFENDANT'S APRIL 12, 2016 MOTION FOR RELIEF FROM MARCH 28, 2016 ORDER OF MAGISTRATE JUDGE** |

On April 12, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Maria-Elena James. Dkt. No. 445. PG&E objects to portions of Judge James' March 28, 2016 Order Regarding the Government's Applications for Rule 17(c) Subpoenas. Dkt. No. 408. On April 26, 2016, the Court ordered that the Government respond to this motion pursuant to Federal Rule of Criminal Procedure ("Rule") 59 and Civ. L.R. 72-2, Dkt. No. 492, and the Government timely complied, Dkt. No. 499. Having carefully considered the parties' written arguments, the Court now DENIES PG&E's motion.

**BACKGROUND**

On February 24, 2016, the Government filed an application for the issuance of a subpoena duces tecum to PG&E, pursuant to Rule 17(c). U.S.'s *Ex Parte* Mot. for Rule 17 Subpoena (Dkt. No. 312). Among other things, the Government sought: certain personnel files for numerous current and former PG&E employees who are on the Government's witness list (Request A); and an electronic version of the April 6, 2011 letter at the heart of the obstruction count, including metadata (Request C). *Id.* at 2-3. The parties timely opposed and replied in support of this application, Dkt. Nos. 322, 330, and counsel for certain of the potential witnesses submitted objections to the application, Dkt. No. 406. On March 8, 2016, the Government filed a second application for the issuance of a Rule 17(c)

subpoena duces tecum, this time requesting the production of documents from "law firms and attorneys representing PG&E's current and/or former employees and contractors[.]" U.S.'s Mot. for Rule 17 Subpoenas at 2 (Dkt. No. 349-1). Counsel for the witnesses again objected to this second application. Dkt. No. 407.

On March 28, 2016, Judge James granted in part the Government's first and second Request A applications, holding that a subset of the requests – the witnesses' severance and retention agreements, attorney billing records showing PG&E paid the witnesses' legal fees for this case, and attorney retainer agreements for representation of the witnesses in connection with this case – may be admissible to impeach the credibility of the witnesses, and ordering disclosure of these items for *in camera* review. Order Re: Appls. for Rule 17(c) Subpoenas ("March 28 Order") at 23 (Dkt. No. 408). Judge James also granted Request C, holding that the Government may issue a subpoena for the April 6, 2011 letter and metadata. *Id.* PG&E now objects to these holdings. Def.'s Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge: Objs. to March 28 "Order Re: Appls. for Rule 17(c) Subpoenas" (Dkt. No. 445).

**LEGAL STANDARD**

A party has fourteen days from the date of service to object to a Magistrate Judge's nondispositive order. Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* A party's failure to object in accordance with Rule 59 "waives [the] party's right to review." *Id.*

**DISCUSSION**

The Government argues, correctly, that PG&E filed its objections to the March 28 Order after the deadline set forth in Rule 59. U.S.'s Resp. to Def.'s Mot. for Relief at 3 (Dkt. No. 499). Given that trial in this matter has thrice been delayed by tardy disclosures and poor preparedness, the Court must exercise its discretion to reject this late filing as a

matter of prudent case management. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc) ("There is universal acceptance in the federal courts that . . . a district court has the authority to enter pretrial case management and discovery orders designed to ensure that . . . the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."). The Court therefore holds that PG&E waived its right to review of the March 28 Order by failing to object in accordance with Rule 59, and hereby DENIES PG&E's objections to the March 28 Order as untimely.

Accordingly, Judge James' March 28 ruling on Request C – that the Government was permitted to issue a Rule 17(c) subpoena for an electronic version of the April 6, 2011 letter pursuant to Crim. L.R. 17-2 – stands. With respect to Request A, however, the Court must address a practical matter raised by Judge James' use of the "alternative procedure" of *in camera* review for impeachment evidence. March 28 Order at 11. First, the March 28 Order did not specify which court would conduct an *in camera* review of the potential impeachment material. As this Court will preside over the trial in this matter, it is most practical for this Court to review such material. Second, the March 28 Order did not explain the standards for an *in camera* review of impeachment material. Because Judge James' application of the "alternative procedure" of *in camera* review was rooted in case law, rather than a federal or local rule of procedure, this Court was required to review that case law to determine when and how such review should take place. Having considered that law, the Court now finds that conducting an *in camera* review of the March 28 impeachment material would be inappropriate.

In *United States v. Nixon*, the Supreme Court held that the proponent of a Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." 418 U.S. 683, 700 (1974). Both the Supreme Court and the Ninth Circuit have held that impeachment is an insufficient basis to clear these hurdles. *Id.* at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements

and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents.") (citations omitted).

Judge James both held that the Request A items are relevant only for the purposes of impeachment and recognized that impeachment is insufficient under *Nixon*. March 28 Order at 11-13. Judge James nevertheless identified *in camera* review as an "alternative procedure" by which courts may examine impeachment evidence before trial. *See id.* at 11 ("Although there is no basis for allowing the government to obtain such impeachment evidence before trial in this Circuit, . . . circumstances might warrant *in camera* production of the impeachment materials to the district court for possible release after the evidentiary requirement had been met, i.e., after the witness testified.") (internal quotation marks and alterations omitted). However, the cases Judge James cited in support of this "alternative procedure" – *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981), *United States v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980), and *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal. 2006) – do not stand for the proposition that *in camera* review is appropriate in the context of impeachment by bias.

In *Fields*, the Ninth Circuit held that it was an abuse of discretion to uphold a Rule 17(c) subpoena seeking only impeachment materials, and therefore expressly stated that it had "no occasion to consider whether the other required [Rule 17(c) hurdles] were demonstrated to a sufficient extent to warrant *in camera* production" of the materials. 663 F.2d at 881. The proper "occasion" the Ninth Circuit cited was *Cuthbertson*, where the Third Circuit upheld *in camera* review of material that had the potential to become admissible at trial as impeachment by prior inconsistent statement. 630 F.2d at 144-45. And *Reyes*, citing *Fields* and *Cuthbertson*, likewise held only that relevant and specific but inadmissible hearsay material could be lodged for *in camera* review, to be disclosed only if it became admissible at trial as a prior inconsistent statement. 239 F.R.D. at 600-01. In summary, the only binding authority cited by Judge James, *Fields*, affirmed that Rule 17(c) generally may not be used to seek impeachment-only materials; and the persuasive

4

1 authority cited by Judge James, *Cuthbertson* and *Reyes*, merely held that otherwise
2 relevant and specific material may be reviewed *in camera* if it has the potential to become
3 admissible at trial as a prior inconsistent statement. As Judge James held that the Request
4 A impeachment materials are relevant only as evidence of bias, March 28 Order at 11-13,
5 there is no basis in the case law for this Court to order pre-trial *in camera* review of those
6 materials under Rule 17(c).

7 Accordingly, IT IS HEREBY ORDERED that PG&E and the witnesses need not
8 lodge the impeachment materials identified in the March 28 Order, under either the
9 Government's first or second Request A applications, for *in camera* review.

**CONCLUSION**

For the reasons set forth above, PG&E's motion for relief from the March 28 Order is DENIED, and Judge James' Request C ruling from that Order remains intact. But as the Court has found that *in camera* review is not appropriate in the context of the impeachment material identified in Request A, the subpoenaed parties need not comply with the March 28 Order with regard to that request.

**IT IS SO ORDERED.**

Dated: 05/10/16

_____
THELTON E. HENDERSON
United States District Judge