UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>    Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER GRANTING IN PART DEFENDANT'S APRIL 12, 2016 MOTION FOR RELIEF FROM APRIL 7, 2016 ORDER OF MAGISTRATE JUDGE** |

On April 12, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Maria-Elena James. Dkt. No. 446 ("April 7 Objs."). PG&E objects to portions of Judge James's April 7, 2016 Order Regarding the Government's Application for Rule 17(c) Subpoenas. Dkt. No. 427 ("April 7 Order"). On April 26, 2016, the Court ordered the Government to respond to this motion pursuant to Federal Rule of Criminal Procedure ("Rule") 59 and Civil L.R. 72-2, Dkt. No. 492, and the Government timely complied, Dkt. No. 500 ("April 7 Opp'n"). Having carefully considered the parties' arguments, the Court now GRANTS IN PART and DENIES IN PART PG&E's motion, for the reasons set forth below.

**BACKGROUND**

This Court set a March 28, 2016 deadline for motions requesting Rule 17(c) pretrial subpoenas.[1] Dkt. No. 369 at 3. On February 24, 2016, the Government filed an application for a Rule 17(c) pretrial subpoena duces tecum to PG&E. Dkt. No. 312.

---

[1] Pursuant to Crim. L.R. 17-2(a), "[n]o subpoena in a criminal case may require the production of books, papers, documents or other objects in advance of the trial, hearing or proceeding at which these items are to be offered in evidence, unless the Court has entered an order pursuant to Rule 17(c)."

Among other things, the Government sought pretrial production of: certain personnel files for numerous current and former PG&E employees who are on the Government's witness list (Request A); and the documents and data contained in the weblinks from three emails (Request D). *Id.* at 2-3. The parties timely opposed and replied in support of this application, Dkt. Nos. 322, 330, and counsel for certain of the potential witnesses submitted objections to the application, Dkt. No. 406.

On March 28, 2016, Judge James granted in part Request A and denied Request D. Dkt. No. 408 ("March 28 Order") at 23. On March 31, 2016 – three days after the Rule 17(c) deadline – the Government filed a supplemental *ex parte* application for a Rule 17(c) pretrial subpoena, to "offer additional bases for [the] relevance and admissibility" of Requests A and D. Dkt. No. 413 ("March 31 Suppl. Mot.") at 1.[2] PG&E objected that this "supplement" was a procedurally improper motion for reconsideration, but on April 7, 2016, Judge James addressed the merits of the Government's "additional bases" for Requests A and D in a supplemental order. April 7 Order at 3. On the basis of this supplemental showing, Judge James held that the Government may issue a subpoena for additional information under Request A, and that the Government may issue a subpoena for Request D in its original form. *Id.* at 5. PG&E now objects to the April 7 Order.

**LEGAL STANDARD**

A party has fourteen days from the date of service to object to a Magistrate Judge's nondispositive order. Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* A party's failure to object in accordance with Rule 59 "waives [the] party's right to review." *Id.*

---

[2] Because the March 31 Supplemental Motion concerned only the personnel files (Request A) and weblinks (Request D) and Judge James's April 7 Order considered only these two requests, this Order does not address any of the other requests covered by the March 28 Order, including the Government's second Request A application (Dkt. No. 249).

2

**DISCUSSION**

PG&E makes both procedural and substantive objections to the April 7 Order. The Court addresses each objection in turn below.[3]

I. **Judge James's application of the *Nixon* factors to the Government's request for Rule 17(c) subpoenas was neither clearly erroneous nor contrary to law.**

PG&E argues, as a threshold issue, that Judge James should not have permitted the Government's use of Rule 17(c) at all. *See* April 7 Objs. at 2 n.2 ("Rule 17(c) is generally only available for use *by* a defendant, not *against* a defendant, who (unlike the government) does not have access to the investigatory power of a grand jury."). Specifically, PG&E argues that permitting the Government's use of Rule 17(c) here "would eviscerate the long-standing rule that '[i]t is an abuse of the grand jury process to use grand jury subpoenas to develop post-indictment trial material.'" Dkt. No. 445 ("March 28 Objs.")[4] at 1 (quoting *United States v. Comprehensive Drug Testing*, 513 F.3d 1085, 1141 (9th Cir. 2008) (Thomas, J., concurring in part and dissenting in part)).

PG&E's argument is unavailing for two reasons. First, Judge James did not hold that the Government could use a grand jury subpoena to develop post-indictment trial material; the Court agrees that any such holding would have been contrary to law. *See Resolution Tr. Corp. v. Thornton*, 41 F.3d 1539, 1546 (D.C. Cir. 1994) (internal quotation marks, alteration, and citation omitted) ("While a grand jury wields broad investigatory powers prior to returning an indictment, courts uniformly have held that, once a targeted individual has been indicted, the government must cease its use of the grand jury in preparing its case for trial."). Rather, Judge James considered whether the Government

---

[3] The Government also argues that PG&E's motion should be stricken because it "materially exceeds the five-page limit set forth in Civil Local Rule 72-2." April 7 Opp'n at 3. The Court agrees that it was inappropriate for PG&E to include a two-page "Notice," which includes some legal argument, before its five-page "Memorandum." The Court therefore strikes the two-page Notice and considers only the legal argument contained in the five-page Memorandum.

[4] PG&E largely incorporates this objection, from its separately filed objections to the March 28 Order, by reference. April 7 Objs. at 1.

3

made the adequate showing to issue a Rule 17(c) pretrial subpoena; the Court discusses below whether Judge James erred in this analysis. Second, by arguing that the Government's post-indictment use of Rule 17(c) is tantamount to grand jury abuse, PG&E seeks, in effect, a ban against Rule 17(c) subpoenas to criminal defendants. But PG&E cites absolutely no authority for such a ban. Though the Ninth Circuit has not squarely addressed the issue, Judge James correctly noted that the Ninth Circuit has at least once upheld a Rule 17(c) subpoena to a criminal defendant (on relevance and privilege grounds). *See* March 28 Order at 6 (citing authority for the government's use of Rule 17 as against a criminal defendant, including the Ninth Circuit's holding in *United States v. MacKey*, 647 F.2d 898 (9th Cir. 1981)). This Court is not prepared to be the first in this Circuit, or perhaps in the country, to hold that it is per se improper for the government to issue Rule 17(c) subpoenas to a criminal defendant simply because the government previously used the grand jury to investigate that defendant.

This does not mean, of course, that there are no limitations on the use of Rule 17, by the government or otherwise. It is well-settled that Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). Rather, the rule was designed "to expedite [a] trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). In *Nixon*, the Supreme Court therefore held that the proponent of a Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." 418 U.S. at 700.[5]

To that end, PG&E also argues that Judge James failed to adequately safeguard against discovery abuse in this case. Specifically, PG&E argues that the Government's Rule 17(c) requests were "an impermissible end-run around the limits on discovery," April

---

[5] Under *Nixon*, the proponent must also demonstrate "that [the documents sought] are not otherwise procurable reasonably in advance of trial by exercise of due diligence," "that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial," and "that the application is made in good faith and is not intended as a general 'fishing expedition.'" 418 U.S. at 699-700.

4

7. Objs. at 1, and that Judge James essentially "ruled that no matter how blatant the government's overreach, it will be entertained as a legitimate Rule 17(c) request," March 28 Objs. at 1.

To the contrary, Judge James expressly addressed and rejected PG&E's arguments about the Government's use of Rule 17(c) subpoenas in this case, and Judge James's analysis was neither clearly erroneous nor contrary to law. Judge James held, "as to PG&E's arguments about the government's alleged attempts to circumvent the government's traditional criminal discovery methods . . . the Court is satisfied that the test set forth in *United States v. Nixon* ensures that the balance struck by the Federal Rules of Criminal Procedure is preserved." March 28 Order at 6 (citation, internal quotation marks, and alternations omitted). Judge James then applied the factors set forth in *Nixon* in both the March 28 and April 7 Orders, and did so for the express purpose of "exercis[ing] [the court's] gate-keeping function under Rule 17(c) to prevent the issuance of a[n] [improper] subpoena." *Id.* at 22.

Setting aside PG&E's objections to that analysis, which are discussed below, Judge James's application of the *Nixon* factors to the Government's Rule 17(c) requests was entirely proper and certainly not "a dangerous precedent for prosecutorial end-runs around not only Rule 16, but the Grand Jury Clause as well." March 28 Objs. at 1.

**II.     Judge James's consideration of the March 31 Supplemental Motion was contrary to law with respect to Request A, but not Request D.**

PG&E argues that by considering the March 31 Supplemental Motion, Judge James "erroneously and prejudicially permitted the government to obtain improper reconsideration relief" from the March 28 Order. April 7 Objs. at 2. The Government responds that Judge James "expressly did not" treat the March 31 Supplemental Motion as a motion to reconsider, but rather "treated it as an *ex parte* application under Crim. L.R. 17-2(a)(1), reviewing the government's application in areas 'the Court originally denied without prejudice.'" April 7 Opp'n at 4 (quoting April 7 Order at 3).

5

1    Procedurally, the Government's characterization is correct. Though Judge James
2 acknowledged that the March 31 Supplemental Motion did not "revisit this matter in an
3 appropriate way," Judge James nevertheless found "good cause to treat the government's
4 supplemental application as an *ex parte* motion" for a Rule 17(c) subpoena.[6,7] Factually,
5 however, the Government's characterization is only partially correct. Though the March
6 31 Supplemental Motion offered additional bases for the relevance and admissibility of
7 both Request A and Request D, the March 28 Order denied only Request D without
8 prejudice.

9    With respect to Request A, Judge James's March 28 Order thoughtfully applied the
10 *Nixon* factors in an analysis that spanned over six pages.[8] March 28 Order at 8-14.
11 Following this analysis, Judge James granted in part and denied in part the Government's
12 request for personnel files, but certainly did not do so without prejudice. *See id.* at 14 ("In
13 sum, the Court will grant request A [in part] . . . . This is without prejudice *to any motion*
14 *to quash* by PG&E or another party with standing.") (emphasis added); *id.* at 23
15 ("[R]equest [A] is GRANTED IN PART and DENIED IN PART without prejudice *to a*
16 *motion to quash* by PG&E or another party with standing.") (emphasis added). Request A
17 was therefore denied (in part) outright, not without prejudice, and only after a careful
18 application of the *Nixon* factors.

19    With respect to Request D, on the other hand, Judge James explicitly denied the
20 Government's application without prejudice. *See id.* ("Request D of the first Application
21 is DENIED WITHOUT PREJUDICE."). Such denial was consistent with the significantly
22 less-detailed analysis of Request D, in which Judge James indicated that more information

---

[6] Pursuant to Crim. L.R. 17-2(a)(1), "[a]n order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion pursuant to Crim. L.R. 47-2 or, for good cause, an *ex parte* motion without advance notice to the opposing party."

[7] Judge James's finding that good cause existed to consider the motion *ex parte* "given the encroaching trial date," was not clearly erroneous or contrary to law. April 7 Order at 3. Perhaps more importantly, PG&E filed an opposition to the March 31 Supplemental Motion containing largely the same procedural arguments it now makes, Dkt. No. 416, and Judge James took these arguments into consideration in deciding to address the March 31 Supplemental Motion, April 7 Order at 3.

[8] *See supra* n.2.

was needed to fully address the request. *See id.* at 22 ("Without the emails or *some further clarification* from the government about what the weblinks look like or how specifically the emails describe the content of those links (if at all), the Court would be speculating about the relevance of this information.") (emphasis added).

This distinction is important, as Judge James's only basis for finding the March 31 Supplemental Motion timely (despite being filed three days after the Rule 17(c) deadline for such motions) was that the March 28 Order "denied without prejudice portions of the government's initial Application . . . on the same day as the [deadline]." April 7 Order at 4. In other words, Judge James extended the Rule 17(c) deadline *for the portions of the March 28 Order denied without prejudice*. Thus, all portions of the March 31 Supplemental Motion addressing requests not denied without prejudice in the March 28 Order were untimely.

Accordingly, it was contrary to law – namely, the scheduling order issued by this Court – for Judge James to consider the Government's untimely *ex parte* application for additional material under Request A.[9] The portion of the April 7 Order granting the Government's Request A application is therefore set aside; the Government may not issue a pretrial Rule 17(c) subpoena for the modified Request A materials identified in the April 7 Order.

### III. Judge James's decision to grant the Request D subpoena was neither clearly erroneous nor contrary to law.

PG&E makes two remaining objections to Judge James's Request D analysis:[10] that

---

[9] Given that trial in this matter has thrice been delayed by tardy disclosures and poor preparedness, this Court has previously cautioned the parties that strict adherence to deadlines is necessary as a matter of prudent case management. Dkt. No. 369 at 2-3. Enforcing such deadlines is within this Court's authority. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc) ("There is universal acceptance in the federal courts that . . . a district court has the authority to enter pretrial case management and discovery orders designed to ensure that . . . the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[10] PG&E's other objections to the April 7 Order's treatment of Request D are unavailing for the reasons discussed in Sections I and II.

7

the April 7 Order's "perfunctory analysis made no finding that this material would be admissible," and that "the government had all three emails well before the superseding indictment and thus could have discovered the information pre-indictment and not impermissibly on the eve of trial."  April 7 Objs. at 5.

As discussed above, however, Judge James applied the proper standard to the Government's Request D application in both the March 28 and April 7 Orders: the factors set forth in *Nixon*.  The April 7 Order included Judge James's conclusion that "the [March 31 Supplemental Motion's] new proffers and supporting evidence meet the *Nixon* requirements for the issuance of a subpoena."  April 7 Order at 5.  The fact that Judge James initially denied Request D belies any argument that Judge James did not carefully apply the *Nixon* factors (including admissibility) in reaching this conclusion.  *See* March 28 Order at 22 ("The Government has not met its burden under the *Nixon* factors to show that this information should be produced; accordingly, the Court exercises its gate-keeping function under Rule 17(c) to prevent the issuance of a subpoena with request D.").  Moreover, PG&E offers no reason that Judge James should have rejected the Government's admissibility argument – that the weblinks are "admissible nonhearsay as admissions of a party opponent."  March 31 Suppl. Mot. at 4-5.  PG&E's bare assertion that Judge James "made no finding" with respect to the admissibility factor is therefore insufficient to render the April 7 Order clearly erroneous or contrary to law.

PG&E's argument that Judge James should have denied Request D because the Government could have sought Request D earlier is similarly unavailing.  PG&E made this same argument to Judge James before both the March 28 and April 7 Orders,[11] but Judge

---

[11] *See* Dkt. No. 322 at 13 (quoting *Nixon*, 418 U.S. at 699) ("Three weeks before trial, [the Government] asks this Court to order the defendant to scour its files for materials referenced in documents PG&E produced to the grand jury back in 2012 and 2013.  The time to make that request was during the investigation via an additional grand jury subpoena; not now.  Notably, the government cannot explain why it 'cannot properly prepare for trial without such production' nor why it made no effort to seek this evidence earlier."); Dkt. No. 416 at 3 ("The three emails the government now offers as Exhibits 4-6 in are the same emails cited in its initial Rule 17(c) motion and have been in the government's possession for years.").

1   James nevertheless found the Government had met its burden under *Nixon*. And PG&E
2   still provides zero legal authority for the proposition that permitting a Rule 17(c) pretrial
3   subpoena where the movant could have sought the subpoena earlier is clearly erroneous or
4   contrary to *Nixon*. *See* Dkt. No. 330 at 5 (Government arguing as far back as March 3,
5   2016 that "[t]he government is not required to exhaust grand jury remedies before seeking
6   information via trial subpoena," and that "PG&E has failed to cite any authority to suggest
7   such a requirement"). Without any such authority, there is simply nothing for Judge
8   James's analysis to run contrary to, and PG&E has likewise provided no reason for this
9   Court to find Judge James's analysis clearly erroneous.

10   Accordingly, the Court declines to set aside Judge James's holding that the
11   Government may issue a subpoena for the Request D weblinks.

**CONCLUSION**

For the reasons set forth above, PG&E's motion is GRANTED IN PART and
DENIED IN PART, as follows:

1. Judge James's April 7 findings with respect to Request A are set aside; the Government may not issue a pretrial Rule 17(c) subpoena for the modified Request A materials identified in the April 7 Order.
2. Judge James's April 7 findings with respect to Request D stand; the Government may issue a subpoena for the Request D materials identified in the April 7 Order.

**IT IS SO ORDERED.**

Dated: 05/25/16

THELTON E. HENDERSON
United States District Judge

9