UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>  Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APRIL 19, 2016 MOTION FOR RELIEF FROM APRIL 4, 2016 ORDER OF MAGISTRATE JUDGE** |

On April 19, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Maria-Elena James. Dkt. No. 463 ("April 4 Objs."). PG&E objects to portions of Judge James's April 4, 2016 Order Regarding Joint Discovery Letters. Dkt. No. 419 ("April 4 Order"). On May 2, 2016, the Court ordered the Government to respond to this motion pursuant to Federal Rule of Criminal Procedure ("Rule") 59 and Civil L.R. 72-2, Dkt. No. 503, and the Government timely complied, Dkt. No. 517 ("April 4 Opp'n"). Having carefully considered the parties' arguments, the Court now GRANTS IN PART and DENIES IN PART PG&E's motion, for the reasons set forth below.

**BACKGROUND**

On April 4, 2016, Judge James issued an order regarding multiple joint discovery letters submitted by the parties. April 4 Order at 1. One of the discovery disputes Judge James resolved – "Discovery Dispute No. 5" – concerned "whether the Court should compel the government to produce certain witness statements and ministerial grand jury materials." Dkt. No. 385 ("Dispute 5 Letter") at 1.

As to the witness statements, Judge James granted PG&E's request in part, and ordered the Government to "either (1) submit a declaration confirming it has reviewed the materials and statements from the grand jury as well as the interview reports and agent

1  notes reflecting communications between PG&E employees or contractors and PG&E
2  attorneys for Rule 16 and *Brady/Giglio* materials, or (2) complete production of these
3  materials." April 4 Order at 22.  On April 12, 2016, the Government filed a declaration
4  confirming that it had reviewed all such statements, reports, and notes for Rule 16 and
5  *Brady/Giglio* materials.  Dkt. No. 439 ("April 12 Decl.").  As to the ministerial grand jury
6  materials, Judge James denied PG&E's request for "grand jury witness lists under Rule
7  6(e)(3)(B)." April 4 Order at 22.
8      PG&E now seeks partial relief from the April 4 Order.

## LEGAL STANDARD

    A party has fourteen days from the date of service to object to a Magistrate Judge's nondispositive order. Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*  A party's failure to object in accordance with Rule 59 "waives [the] party's right to review." *Id.*

## DISCUSSION

    PG&E makes two requests regarding the April 4 Order.  First, PG&E asks this Court to build upon Judge James's partial grant of its request for witness statements, and further compel the Government to "confirm in writing that it has produced (i) 'all interview reports and agent notes reflecting communications between PG&E employees or contractors and PG&E attorneys' (or complete such production) and (ii) all witness statements of PG&E witnesses from the ongoing grand jury investigation (or complete such production)." April 4 Objs. at 1.  Second, PG&E asks this Court to set aside Judge James's denial of its request for the ministerial grand jury materials, and compel the Government to "produce documents that reflect its compliance with Rule 6(e)(3)(B) and (E) for each of the grand juries that investigated this case, including Grand Juries 11-1, 12-2, 13-1, 14-2, and 14-3." *Id.*  The Court addresses each request in turn below.

2

**I. Judge James's resolution of the witness statements dispute is neither clearly erroneous nor contrary to law.**

As discussed above, PG&E's request for witness statements includes two categories of documents: (1) all interview reports and agent notes reflecting communications between PG&E employees or contractors and PG&E attorneys ("interview reports and agent notes"); and (2) all witness statements of PG&E witnesses from the ongoing grand jury investigation ("grand jury statements"). *Id.*

    **a. Interview reports and agent notes**

PG&E argues that Judge James "granted [only] partial relief" with respect to the interview reports and agent notes, and requests that this Court expand on the April 4 Order by ordering the Government "to confirm that it has completed its production of all such materials (or, if not, to produce them)." *Id.* at 2. To support this request, PG&E argues that this Court previously "ordered the government to make a '[c]omplete production of witness statements.'" *Id.* at 1.

PG&E is referring to this Court's June 29 Order Granting in Part and Denying in Part PG&E's Discovery Motions ("June 29 Order"), in which the Court stated only the following about witness statements:

> PG&E argues that there are several outstanding discovery requests . . . . [R]egarding "[c]omplete production of witness statements," the Government has stated that it "will continue to produce to the defense any new materials consistent with its obligations under Rule 16 and *Brady*." The Government shall [therefore] produce all such materials as soon as practicable after they are obtained.

Dkt. No. 103 at 27-29. PG&E's argument that this Court ordered "complete production" of witness statements is therefore disingenuous; the June 29 Order merely held the Government to its concession that it would "continue to produce to the defense any new materials consistent with its obligations under Rule 16 and *Brady*." *Id.*

Beyond citing this mere concession, PG&E provides absolutely no explanation of why Judge James should have compelled production of the interview reports and agent notes. Working within the Rule 16 and *Brady* framework applied in the June 29 Order, the

3

1  Court therefore agrees with Judge James's conclusion in the April 4 Order that PG&E
2  failed to provide a basis in fact and law for any court to interfere with how the Government
3  complies with its discovery obligations. *See United States v. Jennings*, 960 F.2d 1488,
4  1491 (9th Cir. 1992) ("We therefore interfere in the practices of the executive branch only
5  when there is a clear basis in fact and law for doing so.") (internal quotation marks and
6  citation omitted); April 4 Order at 19 ("[T]he Court does not have a clear basis in law or
7  fact to believe that its interference is necessary.") (internal quotation marks and citation
8  omitted).[1,2]

Accordingly, the April 4 Order's analysis of PG&E's request for the interview
reports and agent notes is neither clearly erroneous nor contrary to law. Fed. R. Crim. P.
59(a). The Court declines to set it aside.

### b. Grand jury statements

PG&E argues that, "with respect to witness statements from the ongoing grand jury investigation, it appears that the April 4 Order may have conflated this request with the interview reports and agent notes described above." April 4 Objs. at 2. But it is hard to imagine how Judge James could have done anything but treat these requests together. As discussed above, PG&E's only authority for production of the interview reports and agent notes is the June 29 Order, and PG&E again cites only the June 29 Order in support of its request for the grand jury statements. *See id.* ("This second request sought a straightforward production under the Court's June 29 order, which compelled the government to produce 'all' such statements from PG&E witnesses without limitation, and

---

[1] Through the most recent declaration ordered by Judge James, the Government again assured the Court that it is aware of its discovery obligations and is discharging them with diligence. *See* April 12 Decl. at 1-2 ("The government has reviewed the materials and statements from the grand jury as well as the interview reports and agent notes reflecting communications between PG&E employees or contractors and PG&E attorneys for Rule 16 and Brady/Giglio materials.").

[2] Because the Court is tasked with determining whether Judge James's April 4 Order is clearly erroneous or contrary to law, the Court addresses only the bases for intervention (or lack thereof) presented to Judge James in advance of the April 4 Order and to this Court through the April 4 Objections. The Court does not address any arguments contained in later-filed motions. *See, e.g.*, Dkt. No. 577.

4

1  'as soon as practicable after such statements are obtained.'"). But for the reasons set forth
2  above, the June 29 Order did not create a "clear basis in fact and law" for this Court to
3  interfere with how the Government discharges its discovery obligations, and PG&E has
4  otherwise failed to provide one.

5  Accordingly the April 4 Order's analysis of PG&E's request for the grand jury
6  statements is neither clearly erroneous nor contrary to law. Fed. R. Crim. P. 59(a). The
7  Court declines to set it aside.

## II. Judge James's resolution of the ministerial grand jury materials dispute is contrary to law.

Though Judge James denied PG&E's request for "grand jury witness lists under Rule 6(e)(3)(B)," April 4 Order at 22, PG&E now clarifies that it actually seeks "documents that reflect [the Government's] compliance with Rule 6(e)(3)(B) and (E)" ("compliance documents"), April 4 Objs. at 3. Rule 6(e)(3)(B) provides:

> A person to whom information is disclosed under Rule 6(e)(3)(A)(ii) may use that information only to assist an attorney for the government in performing that attorney's duty to enforce federal criminal law. An attorney for the government must promptly provide the court that impaneled the grand jury with the names of all persons to whom a disclosure has been made, and must certify that the attorney has advised those persons of their obligation of secrecy under this rule.

Fed. R. Crim. P. 6(e)(3)(B).[3] Rule 6(e)(3)(E) provides that the "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter," for certain enumerated reasons. The parties' dispute therefore boils down to whether the documents required by these sections are protected from disclosure because they represent secret grand jury materials.

---

[3] Rule 6(e)(3)(A)(ii) permits the disclosure of grand jury matter to "any government personnel—including those of a state, state subdivision, Indian tribe, or foreign government—that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law."

5

1    Although "[t]he proceedings before the grand jury are secret, [] the ground rules by
2    which the grand jury conducts those proceedings are not." *United States v. Alter*, 482 F.2d
3    1016, 1029 n.21 (9th Cir. 1973). Additionally, the Ninth Circuit has held that "members of
4    the public . . . have a right, subject to the rule of grand jury secrecy, of access to the
5    ministerial records in the files of the district court having jurisdiction of the grand jury,"
6    and "[a]bsent specific and substantial reasons for a refusal, such access should not be
7    denied." *In re Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1980).
8    The "ministerial records" of a grand jury are those that "generally relate to the procedural
9    aspects of the impaneling and operation of the . . . Grand Jury, as opposed to records which
10   relate to the substance of the . . . Grand Jury's investigation." *Id.* at 779 n.1. On the basis
11   of this case law, this Court previously held that "the dates that the relevant grand juries
12   were impaneled and excused, as well as their empaneling instructions, are ministerial
13   records which are not entitled to secrecy," and ordered that "[t]hose records shall be
14   disclosed to PG&E." June 29 Order at 23.

15   The question, then, is whether the compliance documents PG&E now seeks are
16   ministerial and likewise not subject to the rule of secrecy. To that end, the Ninth Circuit
17   has identified the very compliance documents PG&E now seeks – i.e., "[a]ll records of
18   disclosure of names of persons receiving information about matters occurring before the
19   Grand Jury" – as ministerial. *In re Special Grand Jury*, 674 F.2d at 779 n.1. PG&E
20   therefore has a right to access such records that the Court must balance against secrecy
21   interests, but "[a]bsent specific and substantial reasons for a refusal, such access should not
22   be denied." *Id.* at 781.

23   Judge James's basis for refusal is inapplicable for the simple reason that the April 4
24   Order addressed the wrong request. *See* April 4 Order at 20 ("[W]hile Judge Henderson
25   previously held 'the public has a limited right of access to the 'ministerial records' of a
26   grand jury,' . . . his Order does not suggest that the *identities of grand jury witnesses* are
27   discoverable.") (emphasis added). Meanwhile, the only basis provided by the Government
28   is hypothetical and simply finds no application in this criminal prosecution for violations

6

of the Pipeline Safety Act. *See* April 4 Opp'n at 4 ("If revealed, [the compliance documents] would provide information concerning the scope of a grand jury investigation. For instance, a 6(e) list that contains the names of several Internal Revenue Agents may inform a target that she is being investigated for tax-related crimes."). The Court therefore lacks a "specific and substantial reason" to deny access to the ministerial compliance records PG&E requests; to hold otherwise would be inconsistent with both Ninth Circuit precedent and this Court's June 29 Order.

Accordingly, the April 4 Order's denial of PG&E's request for the compliance documents was contrary to law and must be set aside; the requested documents shall be disclosed to PG&E as soon as is practicable.

**CONCLUSION**

For the reasons set forth above, PG&E's motion is GRANTED IN PART and DENIED IN PART, as follows:

1. Judge James's April 4 findings with respect to the witness statements stand; the Government need not further confirm its production of such documents.
2. Judge James's April 4 findings with respect to the ministerial grand jury records are set aside; the requested documents shall be disclosed to PG&E as soon as is practicable.

**IT IS SO ORDERED.**

Dated: 05/26/16

THELTON E. HENDERSON
United States District Judge

7