1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PACIFIC GAS AND ELECTRIC
COMPANY,

Defendant.

Case No. 14-cr-00175-TEH

**ORDER DENYING DEFENDANT'S
APRIL 21, 2016 MOTION FOR
RELIEF FROM APRIL 7, 2016
ORDER OF MAGISTRATE JUDGE**

On April 21, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Maria-Elena James. Dkt. No. 477 ("April 7 Objs."). PG&E objects to Judge James's April 7, 2016 Order Regarding Request for Clarification. Dkt. No. 428 ("April 7 Order"). Having carefully considered PG&E's arguments, the Court now DENIES PG&E's motion.[1]

**BACKGROUND**

This Court previously held that Pipeline and Hazardous Materials Safety Administration ("PHMSA"), National Transportation Safety Board ("NTSB"), and other operators' interpretations of the Pipeline Safety Act regulations at issue in this criminal prosecution are material to PG&E's defense, and ordered their production. *See* Dkt. No. 103 ("June 29 Order") at 8-9 ("[E]vidence of PHMSA's statements and actions regarding other operators, and other operators' interpretations of the regulations, is material to PG&E's defense, because the clarity of the regulations and the reasonableness of PG&E's interpretations are still at issue.").

On March 3, 2016, the parties submitted a discovery dispute regarding seven "inextricably intertwined" or Federal Rule of Evidence ("Rule") 404(b) "other act" topics

---

[1] Pursuant to Federal Rule of Criminal Procedure 59 and Civil L.R. 72-2, the Court need not hear argument from the Government to deny PG&E's motion.

that the Government had previously noticed.  Dkt. No. 334 at 2.  Specifically, PG&E sought an order compelling the Government to produce "all *Brady* and Rule 16 materials for all seven topics (including (a) PHMSA and NTSB statements about and interpretations of the various underlying rules and regulations and (b) materials from other operators)." *Id.* at 3.

On April 4, 2016, Judge James held that "the government must produce all *Brady* and Rule 16 materials for all seven topics . . . ."  Dkt. No. 419 ("April 4 Order") at 7.  On April 6, 2016, the Government requested clarification of the April 4 Order, asking whether Judge James intended to "order[] the government to obtain from PHMSA and the NTSB interpretations as to regulations never charged or argued in this case . . . ."  Dkt. No. 424 ("Clarification Req.") at 1.  On April 7, 2016, Judge James clarified that, "taking the government's word that it . . . has no intent to argue about uncharged regulations, then evidence about those uncharged regulations is not relevant or material under Rule 16 or *Brady*, and consequently is not subject to production."  April 7 Order at 2.

On April 18, 2016, this Court reaffirmed its June 29 Order by denying the Government's motion *in limine* to exclude the PHMSA and NTSB discovery it had been required to produce.  *See* Dkt. No. 460 ("MIL Order") at 39 ("Though the Government now seeks to limit PG&E's use of this . . . evidence, the Court's position on its relevance has not changed.  Evidence that PHMSA or another pipeline operator had the same interpretation of a regulation as PG&E supports PG&E's defense that such interpretation was objectively reasonable and therefore not a willful violation of the law.").

PG&E now objects to the April 7 Order, "[t]o the extent [it] precludes . . . discovery" of regulations, uncharged or otherwise, implicated by the Government's seven inextricably intertwined or Rule 404(b) other act topics.  April 7 Objs. at 1.

**LEGAL STANDARD**

A party has fourteen days from the date of service to object to a Magistrate Judge's nondispositive order.  Fed. R. Crim. P. 59(a).  "The district judge must consider timely

1   objections and modify or set aside any part of the order that is contrary to law or clearly

2   erroneous." *Id.*  A party's failure to object in accordance with Rule 59 "waives [the]

3   party's right to review."  *Id.*

4

5   **DISCUSSION**

6       PG&E concedes that its objections to the April 7 Order "have largely been mooted

7   by the Court's [MIL Order]."  April 7 Objs. at 1.  Specifically, PG&E concedes that its

8   objections "with respect to Topics 2-6 are moot because, on the current record, Topics 2-6

9   do not present a threat of the government raising uncharged regulations at trial," but argues

10  that "while Topics 1 and 7 may likewise be moot, they may yet implicate uncharged

11  regulations (including rules) at trial."  April 7 Objs. at 3.  In light of these concessions, the

12  Court considers only whether any further discovery is warranted at this time on the basis of

13  Topics 1 and 7.

14      Topic 1 is "CPUC Fines . . . for Record Deficiencies in San Carlos, and the

15  evidence described in the government's Motion *in Limine* #5."  April 4 Order at 6.  The

16  Government's fifth motion *in limine* moved to include "evidence that PG&E delayed

17  reporting its deficient records . . . to the [CPUC] for Line 147," an unindicted line.  MIL

18  Order at 41-42.  With respect to this Topic, the Court held in the MIL Order that "[t]he

19  Government may admit evidence that PG&E had incorrect records on Line 147 and that it

20  waited five months to correct this deficiency with the CPUC," but that "[t]he Government

21  may not admit evidence that . . . the CPUC subsequently penalized PG&E for its late

22  disclosure of the records error."  *Id.* at 44-45.

23      Topic 7 is "CPUC Imposed Fine Related to San Bruno Explosion, and the evidence

24  described in the government's Motion *in Limine* #7.5."  April 4 Order at 6.  Subpart five of

25  the Government's seventh motion *in limine* moved to include "evidence that the CPUC

26  assessed PG&E with a $1.6 billion penalty."  MIL Order at 55.  The evidence contained in

27  this Topic was denied as moot, because the Government had withdrawn its motion to

28  admit such evidence.  *Id.*

United States District Court
Northern District of California

3

United States District Court
Northern District of California

**I.      The April 7 Order did nothing to alter Judge James's correct conclusions about the relevance of uncharged regulations.**

In the April 4 Order, Judge James held that "even if the government is not seeking to prove the violations of uncharged regulations, [if] the government is attempting to show PG&E's actions [on these uncharged regulations] . . . to prove PG&E's willfulness[,] . . . in such instances it is material to PG&E's defense to be able to question this evidence and the government's interpretation of it."  April 4 Order at 7-8.

Contrary to PG&E's argument, Judge James did not "reverse course" on this holding in the April 7 Order.  April 7 Objs. at 2.  Rather, Judge James merely clarified in the April 7 Order that PHMSA and NTSB interpretations of uncharged regulations are only relevant or material if the Government indeed attempts to prove PG&E's willfulness (on charged regulations) through evidence that PG&E violated uncharged regulations. April 7 Order at 1-2.  Judge James's clarification that "the government need not produce information about uncharged regulations [if] it will not offer such evidence at trial," *id.* at 2, is therefore entirely consistent with the April 4 Order.[2]

Judge James's holdings in the April 4 and April 7 Orders are also entirely consistent with this Court's holdings in both the June 29 and MIL Orders.  This Court's prior rationale for production of the PHMSA and NTSB interpretations on charged regulations – that such evidence is "material to PG&E's defense[] because the clarity of the regulations and the reasonableness of PG&E's interpretations are still at issue," June 29 Order at 9 – applies with equal force if the Government puts PG&E's interpretations of uncharged regulations at issue.  But so long as the Government does not introduce evidence that PG&E violated uncharged regulations, PHMSA and NTSB interpretations of uncharged regulations shall not be subject to discovery.

//

---

[2]      PG&E's argument that the April 7 Order "erroneously permitted the government to obtain improper reconsideration relief" from the April 4 Order is therefore meritless.  April 7 Objs. at 2.

4

United States District Court
Northern District of California

**II.      There is presently no justification for additional discovery on the inextricably intertwined or Rule 404(b) other act topics.**

To date, the Government has not suggested that it will introduce evidence that PG&E violated uncharged regulations.  Indeed, the Government insists that it will offer no such evidence.  *See* Clarification Req. at 1 (stating that "the government has no intent to argue" "regulations never charged . . . in this case").  Meanwhile, PG&E has not identified any specific uncharged regulation through which it suspects the Government will attempt to prove PG&E's willfulness on the charged regulations.[3]

This Court has also previously noted that a passing reference to an uncharged rule or regulation is insufficient to render PHMSA, NTSB, or other operators' interpretations of that rule or regulation material to PG&E's defense.  For example, in granting the Government's motion *in limine* to include evidence that PG&E delayed reporting deficient records on Line 147, the Court noted that the Government's limited presentation of this evidence "implicates no uncharged regulations," and therefore further noted that "PG&E . . . need not examine PHMSA or 'other operator' interpretations of any uncharged regulations to defend against this evidence."  MIL Order at 45 n.30.[4]

**III.     PG&E's citations to the MIL Order provide no justification for additional discovery on the inextricably intertwined or Rule 404(b) other act topics.**

PG&E also notes that: (1) "[t]he MIL Order granted our motion to exclude evidence of the amount of the [CPUC] fine, but found that some statements [PG&E] made to the

---

[3]      PG&E's string citation to various state and federal rules and regulations fails to explain how PG&E's interpretation of any one of those rules or regulations is at issue. April 7 Objs. at 3 n.3.

[4]      Moreover, as discussed above, the Court excluded any evidence that the CPUC subsequently penalized PG&E for its late disclosure of the records error on Line 147.  MIL Order at 44-45.  PG&E's citation, in support of its argument for further discovery, to the CPUC Rule of Practice and Procedure that it was charged with violating is therefore puzzling.  April 7 Objs. at 3 n.3.  PG&E is well aware that the Government will not be permitted to offer evidence that PG&E violated this rule in connection with the Line 147 incident, so it is unclear why PHMSA, NTSB, or other operators' interpretations of this rule would be in any way material to PG&E's defense.

United States District Court
Northern District of California

1   CPUC, such as data responses, may still be admissible"; and (2) "while the Court granted

2   our motion to exclude evidence of the remedial measures that the CPUC imposed

3   following [its investigation], the MIL Order also denied in part our motion to exclude

4   some post-accident safety measures that were partially in response to CPUC directives."

5   April 7 Objs. at 3.  It is not clear why PG&E thought it necessary to list this series of

6   holdings from the MIL Order in its objections to the April 7 Order.  The Court

7   nevertheless takes this opportunity to clarify these holdings.

8          First, the MIL Order held only that "subject to Rule 401 and 403 objections by

9   PG&E," the Government's two proffered examples of PG&E statements – neither of

10  which are CPUC data responses – are "non-hearsay under Rule 801(d)(2)."  MIL Order at

11  41.  Any PG&E statements, including CPUC data responses, must therefore still survive a

12  relevance objection to be admissible.  In other words, the fact that evidence is not hearsay

13  does not render that evidence relevant.  Thus, to the extent that PG&E's citation to this

14  section of the MIL Order suggests a concern about the relevance of PG&E's statements

15  regarding uncharged regulations, the Court notes that the Government would need to

16  explain (in response to any relevance objection) why a PG&E statement regarding an

17  uncharged regulation is relevant to one of the charged counts for such a statement to be

18  admissible.  To the Court's knowledge, PG&E has not identified any specific CPUC data

19  response that is irrelevant because it pertained only to uncharged regulations.

20         Second, in holding that certain post-accident safety measures are not barred under

21  Rule 407 because they were not voluntary, *id.* at 22-25, the Court in no way undercut its

22  exclusion of CPUC penalties and remedial measures, *id.* at 16-17.  Accordingly, the

23  Government cannot introduce evidence that the CPUC either penalized or instituted

24  remedial measures against PG&E in connection with the violation of any regulation –

25  charged or otherwise.  This remains true regardless of whether the inadmissible CPUC

26  penalty or remedial measure prompted PG&E to take post-accident safety measures that,

27  on their own, are not barred under Rule 407.  Thus, to the extent that PG&E's citation to

28  this section of the MIL Order suggests a concern about the relevance of post-accident

safety measures in response to CPUC directives on uncharged regulations, the Court notes that all evidence of post-accident safety measures must be relevant to be admissible.  To the Court's knowledge, PG&E has not identified any specific safety measure that is irrelevant because it pertains only to the requirements of uncharged regulations.

**CONCLUSION**

   For the reasons set forth above, PG&E's motion for relief is DENIED.

**IT IS SO ORDERED.**

Dated:   05/31/16

THELTON E. HENDERSON
United States District Judge