UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No.  14-cr-00175-TEH-1<br><br>**ORDER REGARDING RECENTLY PRODUCED PHMSA AND NTSB MATERIALS** |

On June 29, 2015, this Court held that certain Pipeline and Hazardous Materials Safety Administration ("PHMSA") and National Transportation Safety Board ("NTSB") materials are relevant to Defendant Pacific Gas and Electric Company ("PG&E")'s defense in this criminal prosecution, and ordered their production. Dkt. No. 103 ("June 29 Order"). PHMSA and NTSB collected the documents responsive to the June 29 Order, and produced them along with a log identifying any documents being withheld on the basis of privilege. Dkt. No. 410.

On March 28, 2016, PG&E and the Government submitted a joint discovery dispute over whether the Court should compel the Government to produce the PHMSA and NTSB materials that had previously been withheld as privileged. Dkt. Nos. 410, 412. Because the Government "ha[d] not attempted to articulate why it believes the PHMSA or NTSB documents should remain privileged," Magistrate Judge Maria-Elena James ordered the Government to respond to PG&E's arguments on this topic by April 8, 2016. Dkt. No. 420. Instead, the Government notified PG&E on April 7, 2016 that it would produce all of the previously withheld PHMSA and NTSB materials, pursuant only to a protective order. Dkt. No. 444. On April 11, 2016, Judge James entered such protective order, which states that "PHMSA and the NTSB do not waive any of the privileges asserted over these documents." Dkt. No. 430. On the same day, the Government disclosed to PG&E roughly 110,000 pages of previously withheld PHMSA and NTSB materials. Dkt. No. 436.

The Government indicated at an April 28, 2016 status conference that it still wished to litigate whether PG&E may use these allegedly privileged materials at trial.  On May 2, 2016, the Court therefore ordered the Government to respond to PG&E's legal arguments on the legitimacy of PHMSA's and NTSB's claims of privilege.  Dkt. No. 503.  The Court also permitted PG&E to submit an opposition to the Government's arguments, *id.*, and the Government to submit a reply in support of those arguments, Dkt. No. 592.

The Government's briefing suggests that preventing public disclosure of the PHMSA and NTSB materials is of paramount concern.  *See, e.g.*, Dkt. No. 532 at 7 ("To permit [the PHMSA] documents . . . to be filed, used at trial, and/or to be made publicly available, would hinder frank and independent discussions regarding contemplated policies and decisions, including contemplated rulemaking, and thereby inhibit the federal rulemaking process . . . ."); *id.* at 5 ("[T]he release of [the NTSB documents] would cause public confusion and would dramatically undermine the public's confidence in the ultimate conclusions of [NTSB].").  PG&E's briefing, on the other hand, suggests that the presentation of material evidence to the jury is of paramount concern.  *See, e.g.*, Dkt. No. 554 at 1 ("The government seeks to . . . withhold this evidence from the jury."); *id.* ("[T]he justification for hiding these truths from the jury is that unless the regulators' communications are kept secret, it will 'dramatically undermin[e] the public's confidence in the ultimate conclusions of the Board,' 'hinder frank and independent discussions,' and 'risk confusing the public.'").

The 110,000 pages of PHMSA and NTSB materials are by definition discoverable,[1] as PHMSA and NTSB identified this set of documents as responsive to the June 29 Order.  The question, then, is whether PHMSA and NTSB have met their burden of demonstrating the privileges – both deliberative process and attorney-client – that they assert.  *See, e.g.*, *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) ("The burden is on the

---

[1] This statement is not intended to cover the few documents that PHMSA argues were "inadvertently produced" and that PG&E concedes it will not use at trial.  *See* Dkt. No. 533 at ¶ 7; Lin Decl. at ¶ 11 (filed under seal).

party asserting the privilege to establish all the elements of the privilege."). This would require first a determination whether the asserted privileges apply to specific documents, and second a determination whether any valid claim of privilege nevertheless gives way to PG&E's need for said documents. *See, e.g.*, *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (discussing the requirements and boundaries of the deliberative process privilege).

The twelve examples offered in the parties' briefing, *see* Lin Decl. Exs. A-L (filed under seal), represent only a fraction of the 110,000 pages of PHMSA and NTSB material that PG&E is still in the process of reviewing, many of which PG&E has yet to review.[2] It is unknown how many more documents will be the subject of similar disputes between the parties. Absent a broader resolution of the parties' privilege arguments, the Court is therefore concerned that disagreements about whether the privileges apply to specific documents will delay and prolong this already complex criminal prosecution.

To that end, the Court proposes the following scheme for the introduction of the PHMSA and NTSB materials at trial:[3] PG&E may show any relevant PHMSA or NTSB document to the witness and the jury but may not display the document to the audience, read from the document, or request that the witness read from the document, and the Court will not publicly file the document after trial. Such a scheme would guarantee that the PHMSA and NTSB materials are not broadly disseminated, which should allay the Government's and agencies' fears that the public will gain access to potentially privileged materials, while also permitting PG&E to put on a full and fair defense. It would also better serve the parties', Court's, and public's interests in the accurate and efficient presentation of evidence at trial.

---

[2] PG&E's Fifteenth Status Report Regarding Progress of Reviewing Recently Produced Documents, which was filed *ex parte* pursuant to Dkt. No. 496, indicates that over 50,000 pages remain for review as of May 31, 2016.

[3] *See United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc) ("There is universal acceptance in the federal courts that . . . a district court has the authority to enter pretrial case management and discovery orders designed to ensure that . . . the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1    Accordingly, IT IS HEREBY ORDERED that the parties shall meet and confer
2 over the Court's proposal and either: (i) file a stipulation by **10:00 a.m. on June 6, 2016**,
3 adopting the Court's proposed scheme for introduction of the PHMSA and NTSB
4 materials at trial or providing a workable alternative scheme that resolves the dispute with
5 respect to all 110,000 recently produced pages; or (ii) come to the separately scheduled
6 June 6, 2016 hearing before this Court prepared to provide a compelling reason that the
7 Court need not adopt any such scheme to conduct an orderly and efficient trial.

**IT IS SO ORDERED.**

Dated:   06/02/16              _____
                               THELTON E. HENDERSON
                               United States District Judge

4