BRIAN J. STRETCH (CABN 163973)
United States Attorney

PHILIP A. GUENTERT (CABN 147374)
Acting Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
HARTLEY M. K. WEST (CABN 191609)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

PHILIP KOPCZYNSKI (NYBN 4627741)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7027
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 14-00175 TEH |
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO GOVERNMENT CONTRACTORS DAVID BERGER AND MARGARET FELTS |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | Hearing Date: June 6, 2016<br>Hearing Time: 2:30 p.m.<br>Hon. Thelton E. Henderson |

The third parties who defendant Pacific Gas and Electric Company ("PG&E") served with trial subpoenas, David Berger and Margaret Felts, work for the government as consultants to the prosecution team. This one fact disposes of all of the arguments in PG&E's opposition to the United States' motion to quash the subpoenas. The subpoenas should be quashed.

## ARGUMENT

The subpoenas issued to these consultants would give PG&E the government's work product – investigative strategies, charging analyses, trail preparation materials, and other privileged matters. The government's moving brief showed that this is impermissible under well-established law.

PG&E has dropped the pretense that these are trial subpoenas.  These are Rule 17(c) subpoenas.  *See* Dkt. No. 538 at 6, 8 (PG&E told Berger's counsel that he need not appear at trial, and suggested that both Berger and Felts produce the subpoenaed documents in advance of trial).  Calling them trial subpoenas was an attempt to avoid the strictures of *United States v. Nixon*, 418 U.S. 683 (1974).

PG&E served the subpoenas shortly before the now-vacated April trial date, *see* Dkt. No. 538 at 4, and cannot explain why it waited so long.  With regard to Berger, in particular, PG&E was aware of his involvement in the case since before indictment.  Dkt. No. 599 at 11.  PG&E claims it learned more about Berger from the government's "Jencks" production earlier this year, *see id.*; Dkt. No. 598 ¶ 8, but the government did not put Berger on its witness list and therefore did not produce "Jencks" material for him.  Information concerning Berger appeared in that production only tangentially to the prior statements of the government's witnesses.

The subpoenas should be quashed.  They are improper for the reasons set forth by Berger and Felts in their motion, and improper for the additional reasons set forth in the government's motion.

PG&E's response to the government's motion is unavailing.  PG&E concedes that the work-product doctrine applies to materials prepared by and for the prosecutors.  Dkt. No. 599 at 20.  PG&E also concedes that both the work-product doctrine and the deliberative process privilege apply to drafts of the indictment and the government's prosecution memorandum.  *Id*.  PG&E claims, however, that the government waived these protections, or, alternatively, that PG&E's need for the materials outweighs the government's interest in non-disclosure.  PG&E is wrong on both fronts.

**I.     The Privileges Are Not Waived**

PG&E wrongly claims the government waived the work-product protection and the deliberative process privilege by sharing materials with Berger and Felts.  Dkt. No. 599 at 20.

As an initial matter, PG&E's argument is internally inconsistent.  At times, PG&E claims that sharing privileged material with Berger and Felts was no different than sharing it with strangers.  *See* Dkt. No. 599 at 16 ("private persons"), 20 ("private investigators . . . non-governmental third parties").  Elsewhere, PG&E claims Berger and Felts were so closely aligned with prosecutors that they became subject to Federal Rule of Criminal Procedure 16 and *Brady*.  *See id.* at 7 ("deeply embedded in the prosecution team"), 10 ("central roles in the criminal investigation"), 14 ("central roles in its

investigation and prosecution of this case"), 18 ("part of the prosecution team"), 20 ("participate[d] in all aspects of [the] criminal investigation, including the deliberative aspects of the strategy and direction of the grand jury").  Still elsewhere, PG&E claims Federal Rule of Criminal Procedure 16(a)(2) does not protect the government's work product from discovery because "the documents were shared with non-government personnel [Berger and Felts], taking them out of the clear confines of Rule 16."  *Id.* at 28 n.14; *see also id.* at 29 ("If the government wanted to protect these materials from discovery under Rule 16, then prosecutors should not have provided them to third parties.").

All of PG&E's claims are incorrect.  Berger and Felts are private consultants who assist the prosecution in this complex case.  The Court should reject PG&E's claims to the contrary.

### A.     The Deliberative Process Privilege Is Not Waived

Not one of the cases PG&E cites found a waiver of the deliberative process privilege in circumstances like those here.  Dkt. No. 599 at 21-22.  In *Shell Oil Co. v. I.R.S.*, the district court found that the IRS waived the privilege over an internal definition of "tar sands" when an IRS employee twice read the definition aloud at a public meeting of oil industry representatives.  772 F. Supp. 202, 204 (D. Del. 1991).  In *North Dakota v. Andrus*, the Eighth Circuit found that the Interior Department waived the privilege over water policy documents that it gave to a litigation adversary.  581 F.2d 177, 181 (8th Cir. 1978).  Every other case PG&E cites is distinguishable.  *See Virginia Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1256 (4th Cir. 1993) (waiver as to portions of documents already given to the FOIA requester); *Chilivis v. S.E.C.*, 673 F.2d 1205 (11th Cir. 1982) (no waiver found); *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 599 (N.D. Cal. 2009) (waiver as to documents produced to litigation adversary); *Lawyers Committee for Human Rights v. I.N.S.*, 721 F. Supp. 552, 569 (S.D.N.Y. 1989) (waiver as to documents released to a reporter); *Comm. to Bridge the Gap v. Dep't of Energy*, No. CV 90-3568 ER, 1991 U.S. Dist. LEXIS 15660, at *3 (C.D. Cal. Oct. 11, 1991) (waiver as to draft order disclosed to DuPont Company); *United States v. $177,844.68 in U.S. Currency*, No. 13-CV-100 JCM-GWF, 2015 U.S. Dist. LEXIS 90579, at *32 (D. Nev. July 10, 2015) (waiver as to documents disclosed to litigation adversary).

Additionally, the purpose of a disclosure bears on the analysis.  Where sharing a privileged document outside of an agency furthers the document's purpose, there is no waiver.  *See Cooper v.*

*Dep't of Navy of U. S.*, 558 F.2d 274, 278 (5th Cir. 1977) ("[L]imited disclosures to proper outside persons as are necessary to carry out effectively a purpose for assembling a governmental report in the first place do not waive its privilege."); *Shell Oil*, 772 F. Supp. at 208 (waiver can occur where "disclosure is not necessary to effect the purposes of the document") (quoting *Education/Instruccion, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 471 F. Supp. 1074, 1081 (D. Mass. 1979)).

PG&E provides scant support for its claim that "[w]aiver should be found . . . more readily" in this case than in cases involving FOIA requests. Dkt. No. 599 at 22 n.11. The FOIA is animated by a strong public interest in disclosure. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) ("We reemphasize the narrow scope of Exemption 5 and the strong policy of the FOIA that the public is entitled to know what its government is doing and why."). PG&E claims its interest in disclosure is stronger because its liberty is at stake. Dkt. No. 599 at 20 n.10, 22 n.11. But as a corporate defendant, PG&E's liberty is not at stake. It cannot be imprisoned if convicted. The case that PG&E cites in support of this claim involved seven individual defendants. *United States v. W.R. Grace*, 455 F. Supp. 2d 1140, 1144 (D. Mont. 2006).

Properly understood, there was no waiver here. The AUSA shared privileged documents with two private consultants who were and still are assisting the prosecution team. This is a complex case and the AUSA needed their expertise to effectively prosecute PG&E's crimes. There is no evidence that the consultants shared anything they learned from their work on the case with outsiders, let alone with PG&E.

PG&E's final argument concerning the deliberative process privilege proves too much. PG&E argues the government waived the deliberative process privilege when it produced documents in this case relating to the same subject matter. Dkt. No. 599 at 22. Perhaps recognizing this argument has no bounds, PG&E restricts it to the draft indictment, claiming that the government produced documents relating to the drafting of the indictment and therefore drafts of the indictment are no longer privileged. *Id*. This is an artificial restriction. The government's document production has over two million pages, touching on every subject of conceivable relevance to the case. If PG&E is right about subject matter waiver, then the privilege over every deliberative document the government has was inevitably waived the moment the government charged the case and subjected itself to discovery obligations. That is not

the law.  *See Mobil Oil Corp. v. U.S. E.P.A.*, 879 F.2d 698, 700 (9th Cir. 1989) (rejecting an "implied" waiver of protection over certain documents "based on the release of related documents"); *Utah Medical Products v. McClellan*, No. 03-CV-00525 PGC, 2004 WL 988877, at *3 (D. Utah Mar. 31, 2004) (rejecting argument that FDA waived deliberative process privilege by releasing related documents).

### B. The Work-Product Protection Is Not Waived

PG&E recites the test for waiver of the work-product protection but then fails to show how it is met on these facts.  Waiver occurs only if a disclosure of work product by the government "substantially increases" the possibility of the defendant obtaining the information, or if the government shows disregard for the work-product protection by making documents public.  Dkt. No. 599 at 23.

PG&E cannot plausibly claim that sharing work product with two government consultants, who were and still are assisting the prosecution, substantially increased the chance of PG&E obtaining the work product.  The very fact that PG&E resorted to issuing improper trial subpoenas to try to get the work product shows that its chances are not substantial.  In trying to exploit issues around the timing and language of the consultants' contracts with the U.S. Attorney's Office, *see* Dkt. No. 599 at 23-24, PG&E loses sight of the larger point.  These are not rogue agents.  These are not reporters or members of the public at large.  These are consultants paid by the government to assist the investigation and prosecution of PG&E.  There is no waiver.

#### 1. The Doctrine of Selective Disclosure Is Not Applicable

PG&E invokes the doctrine of selective disclosure, arguing that because the government has produced certain documents in discovery, it waived the protection as to all the rest.  Dkt. No. 599 at 25.  Selective disclosure is not applicable here.  The government has produced documents to comply with Rule 16, *Brady*, *Giglio*, Jencks, and its other discovery obligations.  PG&E cannot (and does not even try to) explain how this amounts to selective disclosure – that is, deliberate disclosure of some items as a "sword" while "shielding" the rest.  *Id.*

### II. PG&E's Need For The Materials Is Nonexistent And Therefore Does Not Outweigh The Government's Interest In Non-Disclosure

PG&E has not shown a substantial need for disclosure that outweighs the government's interest in preserving the work-product protection and deliberative process privilege.  PG&E's opposition brief

does not even articulate its substantial need, but instead cross-references its motion for sanctions based on prosecutorial misconduct (Dkt. No. 577). Dkt. No. 599 at 29 ("The circumstances described in the defendant's recent motion certainly demonstrate a substantial need that overrides the government's interest in secrecy."). PG&E's motion for sanctions is meritless. *See* Dkt. No. 603. Accordingly, PG&E does not have a substantial need for disclosure.

This conclusion is reinforced by the fact that the government has already produced to PG&E the factual information possessed by Berger and Felts that underlies the government's work product. PG&E claims the government "has no basis" to make this statement. Dkt. No. 599 at 27. The basis is the consultants' declarations. *See* Dkt. No. 539 ¶ 2 (Berger Declaration) ("These documents and numerous other documents are also in the possession of the DOJ and the DOT."); Dkt. No. 540 ¶ 2 (Felts Declaration) ("These documents are also in the possession of the DOJ or DOT.").

### III. Berger and Felts Are Government Personnel But Not Part Of The Prosecution Team

The remaining claims in PG&E's opposition brief also fail.

First, because Berger and Felts are paid consultants for the government, they are "government personnel" within the meaning of Federal Rule of Criminal Procedure 6(e)(3)(A)(ii). PG&E insistence that the government violated this rule relies on a faulty understanding of the rule. *See* Dkt. No. 603 at 14-15. PG&E's understanding of the facts is equally faulty. For example, PG&E claims that Felts received "the prosecution memorandum and draft indictments . . . clear Rule 6(e) materials." Dkt. No. 599 at 15. There is no evidence Felts received the government's prosecution memorandum. And it is not "clear" that draft indictments are Rule 6(e) material because the circuits are split on the question and the Ninth Circuit has not addressed it. *Compare In re Grand Jury Matter*, 682 F.2d 61, 65 n.4 (3d Cir. 1982) ("draft indictments . . . fall outside Rule 6(e)") *with Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1992) ("Disclosing the draft indictment during the grand jury's ongoing investigation would likely reveal the grand jury's decision processes and alert potential targets.").

Relatedly, because PG&E now has the government's Rule 6(e) list, PG&E must stop speculating about all of the ways that it imagines the government flouted the grand jury secrecy rules. For example, PG&E's claim that the government likely never obtained permission from the Court to disclose grand jury materials under Rule 6(e)(3)(E)(i) is wrong. Dkt. No. 599 at 16. The Court signed an order

authorizing disclosure to Berger on March 29, 2013. Indeed, faced with PG&E's many accusations of bad faith and misconduct, government counsel has reviewed records of steps taken to comply with Rule 6(e) with regard to Berger and Felts and identified, at most, one inadvertent error. It appears the government did not promptly provide Felts' name to the Court pursuant to Federal Rule of Criminal Procedure 6(e)(3)(B) after advising her of her obligation of secrecy. The government will address this issue with the Court if the Court desires, but for PG&E's purposes, it is a harmless error.

Additionally, the government's objection to the subpoenas' demand for all documents "referring or relating to grand jury secrecy or the requirements of" Rule 6(e) is not resolved by the Court's recent order, as PG&E claims. Dkt. No. 599 at 28. The Court ordered that the government's Rule 6(e) list is "ministerial" and must be disclosed. Dkt. No. 589. Berger and Felts do not have the Rule 6(e) list; they have other materials relating to grand jury secrecy. This portion of the subpoenas should be quashed notwithstanding the Court's recent order. *See United States v. Diaz*, 236 F.R.D. 470, 474, 480 (N.D. Cal. 2006) (denying defense request for "[a]ll records of disclosures of names of persons receiving information about matters occurring before any grand juries, a list of all persons to whom disclosures were made, as well as the dates on which they were made, and letters or warnings and petitions relating to any disclosure of grand jury materials").

Finally, PG&E claims that Berger and Felts are part of the prosecution team yet does not cite any authority for this position. PG&E also does not acknowledge that the nature of the government's *Brady* obligation has already been addressed in this case. As the Court has noted, *Brady* is a self-executing obligation entrusted to the government. *See* Dkt. No. 195 at 6 ("The Court (again) declines to play referee with respect to the Government's *Brady* obligations."); *United States v. Jennings*, 960 F.2d 1488, 1491 (9th Cir. 1992) (noting that the prosecution is responsible for ensuring compliance with *Brady*). The Court has never adopted PG&E's overly expansive view of *Brady*. *See* Dkt. Nos. 195 at 5-6; 103 at 11-14.

///

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court should quash the subpoenas.

Dated: June 6, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/_____
PHILIP KOPCZYNSKI
Special Assistant United States Attorney