LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Margaret A. Tough (Bar No. 218056)
    margaret.tough@lw.com
  Robert E. Sims (Bar No. 116680)
    bob.sims@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

LATHAM & WATKINS LLP
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

CLARENCE DYER & COHEN LLP
  Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
899 Ellis Street
San Francisco, California  94109-7807
Telephone: +1.415.749.1800
Facsimile: +1.415.749.1694

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. CR-14-00175-TEH<br><br>**DEFENDANT'S MOTION TO EXCLUDE RUPTURE EVIDENCE, OR, ALTERNATIVELY, TO SEVER COUNT ONE**<br><br>**Judge:** Hon. Thelton E. Henderson<br>**Date:** TBD<br>**Time:** TBD<br>**Place:** Courtroom 2, 17th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on a date and time to be determined, Defendant Pacific Gas and Electric Company ("PG&E") will and hereby does move this Court for an order granting its Motion to Exclude Rupture Evidence, or, Alternatively, to Sever Count One.

This Motion is based on this Notice of Motion and Motion, the files and records of this case, and such other evidence and argument as the Court may consider.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The San Bruno rupture was an awful, tragic accident. It was not, however, the result of a knowing and willful illegal act by any PG&E employee. As this Court has held, the jury will not be asked to determine the cause of the rupture and, accordingly, the government is not allowed to argue that PG&E's recordkeeping or maintenance caused it. *See* Dkt. 460 ("MIL Order") at 11. The Court ruled that the government may not introduce such highly prejudicial evidence as testimony from a firefighter describing the fire. Nor may it truck in sections of the ruptured pipe. *See id.* at 10-11.

During our most recent court appearance, however, the government made clear its intent to dance so closely to the line the Court has drawn that the defendant is concerned there is a significant risk the jury will be misled into believing that this case *is* about the terrible accident. In particular, although the Court specifically excluded firefighter Scott Waldvogel from testifying, the government now proposes to have him be one of *three people* called to authenticate a map depicting the houses damaged in the rupture. *See* Dkt. 622 at 57:11-19 ("But we would intend to use him to admit" the proposed map). The government also wants the Mayor of San Bruno to do the same thing. *See* Dkt. 490 at 6. The only reason to put these particular individuals on the stand is to improperly suggest to the jurors that the conduct they *will* be tasked with evaluating somehow caused the accident. And the government apparently intends to show the map during its opening statement. *See* Dkt. 622 at 54:25-55:8.

As has been clear since the outset of the case, the government wants a trial about the San Bruno rupture. That is not what this case is about. The Court should exclude these two witnesses. Should the Court permit the government to call them, defendant respectfully requests that Count One be severed from the Pipeline Safety Act ("PSA") charges and tried separately.

## II. BACKGROUND

Since the government indicted this case, it has attempted, at every opportunity, to showcase the San Bruno rupture as the crux of its prosecution of alleged regulatory violations:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

- The superseding indictment refers to the San Bruno rupture 11 times (including 10 times in its "introductory allegations").  *See* Dkt. 22 at ¶¶ 3, 5, 22, 34, 35, 43, 45, 46, 50, 54, 61.
- While resisting producing discovery from PHMSA, the government argued in open court: "PHMSA is not being prosecuted in the present case.  PHMSA did not -- a pipeline of PHMSA did not explode in killing eight people and blowing up a town."  Dkt. 96 at 24:14-21.
- The government moved to allow the jury to see the ruptured portion of Segment 180 on "a flatbed truck" near the courthouse allegedly to "help the jury understand the enormity of natural gas pressure that was required to blow this pipe out of the ground" and "make concrete otherwise abstract terminology used in the regulations."  Dkt. 236 at 1-2.
- In opposing the defendant's motion for a continuance based on the government's late production of over 100,000 pages of critical discovery on the eve of trial, the government argued that "PG&E's pipeline exploded in San Bruno, killing eight people and injuring fifty-eight more.  It has been more than two years since the grand jury indicted PG&E.  The surviving victims and the families of the deceased need closure."  Dkt. 456 at 4-5.

In response to a variety of highly prejudicial evidence the government proposed to offer, the Court ruled that testimony by firefighter Waldvogel about his experience fighting the San Bruno rupture and a map showing "the houses that were 'completely destroyed' as opposed to just 'damaged'" were inadmissible because their probative value is "substantially outweighed by the risk of unfair prejudice."  MIL Order at 10-11 & n.7.

Within a week of the Court's order, the government amended its witness list to re-designate Waldvogel and *add* San Bruno Mayor James Ruane—both ostensibly to authenticate a new "map showing damaged homes."  Dkt. 490 at 6-7.  The government also listed Miranda Martin from the San Mateo County Assessor's Office.  *Id*. at 5.

The government's proposed map itself—which it first handed up in open court last week—appears to comply with the Court's order.  We remain concerned, however, about the improper injection of the explosion into this case, including through the use of this map.  We thus maintain our objections to its admission and use, especially in opening statement.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

## III. DISCUSSION

### A. The Court Should Exclude the Testimony of Waldvogel and Ruane

The Court should exclude San Bruno firefighter Scott Waldvogel and Mayor James Ruane from testifying at trial for at least two reasons.  *First*, the only conceivable purpose of their testimony is to introduce prejudicial details about the San Bruno rupture.  While the government couches the description of their testimony as "authenticating" its proposed map, both likely will do so by relying on their personal knowledge of seeing the damaged properties following the rupture.  *See* Fed. R. Evid. 901(b)(1).  The government "cannot 'structure a trial in whatever way would produce the maximum unfair prejudice consistent with relevance.'"  MIL Order at 10 (*citing Old Chief v. United States*, 519 U.S. 172, 183 (1997)).  For this reason, the Court specifically excluded testimony by Waldvogel about his experiences fighting the San Bruno fire.  *Id*. at 10-11.  Mayor Ruane was not on the government's original witness list at all, suggesting the only reason to have him testify is for an improper purpose, now that the Court has rightly excluded much of the most prejudicial of the government's proposed evidence.

*Second*, their testimony is unnecessary and needlessly cumulative because yet a third witness on the government's list, Miranda Martin, appears more capable of authenticating the map, should that be necessary.  *See* Fed. R. Evid. 403; *see also United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979) ("Cumulative evidence replicates other admitted evidence."); *United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984) (holding that the district court did not abuse its discretion in excluding a proposed witness where another witness provided the same testimony).  Martin works for the San Mateo County Assessor's Office, which assesses the value of real property in San Mateo County each year.[1]  *See* Dkt. 490 at 5.  If any testimony is necessary to authenticate the map, she should be able to provide it.  Testimony by the firefighter and the Mayor would, therefore, merely "replicate[] other admitted evidence" in an unfairly prejudicial manner.  *Ives*, 609 F.2d at 933.

---

[1] *See* ASSESSOR'S DIVISION, http://www.smcare.org/assessor/ (last visited Jun. 12, 2016).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

### B. If the Court Permits the Firefighter and Mayor to Testify, the Court Should Sever the Trial on the Obstruction Count from the Trial on the Pipeline Safety Act Counts

The government's intent to inject evidence of the San Bruno rupture whenever possible is clear. Presenting the Mayor and a first responder for the alleged purpose of "authenticating" a map is of a piece with that approach. And once that evidence and argument are in, it will be impossible to un-ring that bell.

The Federal Rules of Criminal Procedure allow a court to sever counts in an indictment where the joinder of offenses "appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). The Ninth Circuit has recognized that unfair prejudice may result when "inadmissible proof of one offense may be admissible through a joined offense." *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975). Here, the rupture has minimal relevance to the PSA counts. *See* MIL Order at 7 (noting that it was "merely recogniz[ing]" that evidence of the rupture only had a "tendency" to make it more probable than not that the defendant violated the PSA regulations.) Accordingly, the Court ruled that the government will not be "permitted to argue that PG&E's recordkeeping or maintenance caused the explosion." *Id*. at 11. In contrast, the Court ruled that the rupture "provides necessary context as to both the reasons for the NTSB investigation and PG&E's potential motives for obstructing it," and therefore "informs" an element of the obstruction count. *Id.* at 7-8. Indeed, the evidence deemed admissible by the Court—"the fact of the deadly explosion," "a map of the explosion site," and "witnesses from the NTSB and other government entities involved in investigating the explosion"— pertains most clearly to the obstruction count. *Id*. at 11 (internal quotation marks omitted).

In *United States v. Lewis*, the Ninth Circuit found that a district court abused its discretion when it failed to sever a felon in possession of a firearm charge from charges of larceny and killing to avoid apprehension for bank larceny. 787 F.2d 1318, 1321-23 (9th Cir. 1986). While evidence of the defendant's previous felony was necessary to prove unlawful possession of the firearm, it was inadmissible to prove the killing to avoid apprehension charge. *Id*. Evidence and argument about the San Bruno rupture relevant to the obstruction count could unfairly prejudice the defendant with regards to the PSA counts if the government strays outside

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH

confines of the Court's MIL order.  *See id. at 1321* (noting that there is a "high risk of undue prejudice" when "joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible"); *see also United States v. Bronco*, 597 F.2d 1300, 1303 (9th Cir. 1979) (finding that the trial court abused its discretion in part by failing to sever counts because defendant was prejudiced by evidence admitted at trial that should have been introduced for only one count).

The Ninth Circuit noted that it is "much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to compartmentalize evidence against separate defendants joined for trial."  *Lewis*, 787 F.2d at 1322 (internal citation omitted).  If the government is permitted to call the firefighter and the Mayor as witnesses, the only way to guarantee defendant a fair trial on the PSA counts is to ensure that evidence of the San Bruno rupture is not considered alongside comparatively dense evidence regarding alleged noncompliance with highly technical pipeline regulations.

## IV. CONCLUSION

For these reasons, defendant respectfully asks the Court to exclude witnesses Waldvogel and Ruane.  Alternatively, it should sever the obstruction count from the PSA counts for trial.

Dated:  June 12, 2016

Respectfully submitted,

By       /s/
Steven M. Bauer
Margaret A. Tough
Robert E. Sims
LATHAM & WATKINS LLP

Kate Dyer
CLARENCE, DYER & COHEN LLP
*Attorneys for Defendant*
*Pacific Gas and Electric Company*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S MOT. TO EXCLUDE RUPTURE
EVIDENCE OR TO SEVER COUNT ONE
Case No. CR-14-00175-TEH