BRIAN J. STRETCH (CABN 163973)
United States Attorney

PHILIP A. GUENTERT (CABN 147374)
Acting Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
HARTLEY M. K. WEST (CABN 191609)
JEFF SCHENK (CABN 234355)

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    hallie.hoffman@usdoj.gov
    hartley.west@usdoj.gov
    jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | CASE NO. CR 14-00175 TEH<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE RUPTURE EVIDENCE, OR, ALTERNATIVELY, TO SEVER COUNT ONE |

    In this case about willful violation of federal pipeline safety regulations and obstruction of the federal investigation following an explosion of one of its natural gas transmission pipelines in San Bruno, PG&E makes a last ditch effort to keep the jury from hearing about the explosion. The Court denied PG&E's motion to strike the explosion from the indictment, finding it relevant. Dkt. 43. Then the Court denied PG&E's motion to exclude it from the trial, balancing the probative value against the risk of unfair prejudice to conclude that the government could offer (1) evidence that there was a "deadly explosion" and (2) a map depicting the plot lines of damaged and destroyed homes, without

1  differentiating between the two. Dkt. 460 at 10-11. The government intends to comply with this order.

**A. The Witnesses**

The United States intends to call Scott Waldvogel. Waldvogel will testify that he is a firefighter in the town of San Bruno; that he responded to the Crestmoor neighborhood of San Bruno on September 9, 2010; that there had been a deadly explosion; and that the map proffered by the government (and previously-approved by this Court) fairly and accurately reflects the properties that were damaged as a result of the explosion. That's it.

The Court's Order on motions in limine disallowed the government's previously-proffered testimony from Waldvogel, regarding the fire itself. Accordingly, in its Amended Witness List, the government identified an alternate to Waldvogel – San Bruno Mayor James Ruane – to provide the above testimony. Because the Court confirmed last week that its order pertained to the substance of proffered testimony, and was not excluding Waldvogel from testifying as to areas that the Court permitted, the government intends to call Waldvogel and not Mayor Ruane.

Miranda Martin is a records custodian for the San Mateo County Assessor's Office. She certified the plot maps of the Crestmoor neighborhood. She is listed as a witness in case PG&E fights the underlying map, despite its certification of authenticity. She has no personal knowledge of, and thus no ability to authenticate, the map depicting damaged and destroyed homes.

The government should be permitted to use its preferred witness to prove the facts that this Court held admissible. The Court should deny PG&E's motion to exclude Waldvogel. If Waldvogel is excluded, the Court should allow the government to call Mayor Ruane.

**B. The Map**

The Court has held that the map is admissible. PG&E does not dispute its accuracy. Dkt. 640 at 2:25-26. The government requests permission to use it in its Opening Statement.

**C. Severance**

The Court should deny PG&E's motion to sever Count One. Counts are properly joined if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A trial court's

discretion not to sever counts will not be disturbed unless "a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Mohsen*, 587 F.3d 1028, 1031 (9th Cir. 2009); *see also United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir.1986) ("The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged."). The risks of unfair prejudice have been resolved by this Court's extremely thorough and stringent rulings on defendant's motions in limine.

Moreover, for the reasons set forth in this Court's prior orders, the explosion is relevant and admissible as to all of the Pipeline Safety Act counts, as well as the obstruction count. Judicial economy strongly favors joinder. *See United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) ("concerns of judicial economy strongly supported the denial of the motion to sever in this case").

DATED: June 13, 2016               Respectfully submitted,

                                   BRIAN J. STRETCH
                                   United States Attorney

                                    /s/
                                   HARTLEY M. K. WEST
                                   Assistant United States Attorney

U.S. OPP. TO DEFT'S MOT. TO EXCLUDE RUPTURE EVIDENCE
OR, ALTERNATIVELY, TO SEVER COUNT ONE
CR 14-00175 TEH                    3