BRIAN J. STRETCH (CABN 163973)
United States Attorney

PHILIP A. GUENTERT (CABN 147374)
Acting Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
HARTLEY M. K. WEST (CABN 191609)
JEFF SCHENK (CABN 234355)

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
hallie.hoffman@usdoj.gov
hartley.west@usdoj.gov
jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-00175 TEH |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO QUASH RULE 17(C) SUBPOENAS |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

## INTRODUCTION

The United States opposes PG&E's motion to quash Rule 17(c) subpoena (Dkt. 562). The Court should deny the motion and order immediate production. The subpoena was authorized to require production in advance of trial. Trial starts tomorrow, and the government still does not have the subpoenaed data.

## BACKGROUND

On February 24, 2016, the United States requested court approval to subpoena in advance of trial an electronic version of the April 6, 2011 letter, including metadata and attachments, that is at the heart

U.S. OPP. TO DEFT'S MOT. TO QUASH
CR 14-00175 TEH

of the obstruction charge, Count One, of the Superseding Indictment.  Dkt. 312.  Magistrate Judge Maria-Elena James, to whom the Court had referred the matter, granted the government's request on March 28, 2016.  Dkt. 408 at 21.  PG&E then petitioned this Court for relief from Judge James' order on April 12, 2016.  Dkt. 445.  The Court denied the petition as untimely on May 10, 2016, and held that "the Government was permitted to issue a Rule 17(c) subpoena for an electronic version of the April 6, 2011 letter pursuant to Crim. L.R. 17-2."  Dkt. 526 at 3.

The very same day, the government issued the court-approved subpoena requiring production in 14 days per the local rule, or May 24, 2016.  On May 23, 2016, the day before the compliance deadline, PG&E moved to quash.  Dkt. 526.

## ARGUMENT

Rule 17(c)(2) requires a motion to quash to be made "promptly."  Fed. R. Crim. P. 17(c)(2).  The day before compliance is required is not promptly.  The Court should deny PG&E's motion for failure to file promptly.

Rule 17(c)(2) authorizes a court to quash a subpoena "if compliance would be unreasonable or oppressive."  *Id.*  But PG&E does not argue that the compliance would be unreasonable or oppressive; indeed, the motion does not mention the words "unreasonable" or "oppressive."  To the contrary, PG&E concedes that it "has gathered the responsive documents and will be able to produce them promptly if ordered to do so."  Dkt. 562 at 3:14-15.  Thus, the Court should deny PG&E's motion on the merits and order same-day production.

The only argument PG&E raises in its motion to quash has already been rejected by this Court – that the government's post-indictment use of Rule 17 is tantamount to grand jury abuse.  This Court declined "to be the first in this Circuit, or perhaps in the country, to hold that it is per se improper for the government to issue Rule 17(c) subpoenas to a criminal defendant simply because the government previously used the grand jury to investigate that defendant."  Dkt. 584 at 4:10-13.  Magistrate Judge James held that the government had satisfied the factors under *United States v. Nixon*, 418 U.S. 683 (1974), to compel production prior to trial.  Dkt. 408 at 21.  That order stands.  Dkt. 526.

Despite the subpoena having been authorized to compel production in advance of trial, the compliance date of May 24, 2016, has long since passed.  Trial starts tomorrow.  The United States will

1  require some time for government computer forensics personnel to analyze the metadata.  The United
2  States respectfully requests that the Court order PG&E to provide the subpoenaed material within an
3  hour of the Court's Order.  As PG&E has confirmed it has the material at the ready, a forthwith order
4  should not cause any hardship.

## **CONCLUSION**

6       For the above reasons, the Court should deny PG&E's motion to quash and order immediate
7  production, within an hour, of the electronic version of the April 6, 2011 letter, including metadata and
8  attachments.

10 DATED: June 13, 2016            Respectfully submitted,

11                                                  BRIAN J. STRETCH
                                                 United States Attorney

13                                                     /s/
                                                 HARTLEY M. K. WEST
                                                 Assistant United States Attorney