United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>　　　　Defendant. | Case No. 14-cr-00175-TEH<br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH** |

On May 23, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a motion to quash two Federal Rule of Criminal Procedure ("Rule") 17(c) subpoenas served by the Government. Dkt. No. 562 ("Mot."). Though the Government did not timely oppose this motion, on June 7, 2016 PG&E timely replied in support thereof. Dkt. No. 615 ("Reply").[1] Having carefully considered PG&E's written arguments, the Court now DENIES PG&E's motion.

**BACKGROUND**

Magistrate Judge Maria-Elena James was the first to consider the subpoenas that PG&E now moves to quash. On February 24, 2016, the Government filed an application for the issuance of a subpoena duces tecum to PG&E, pursuant to Rule 17(c). Dkt. No. 312. Among other things, the Government sought an electronic version of the April 6, 2011 letter at the heart of the obstruction count in this criminal prosecution, including the letter's metadata (Request C). *Id.* at 2-3. On March 28, 2016, Judge James granted

---

[1] The Government filed an untimely opposition on June 13, 2016. Dkt. No. 644. The Court nevertheless declines PG&E's invitation to "exercise [its] discretion to grant a defense motion to which the government has failed to respond." Reply at 1 (citing *United States v. Warren*, 601 F.2d 471 (9th Cir. 1979)). Given the possibility of this issue arising again in this prosecution, the Court elects instead to exercise its discretion to consider the merits of PG&E's arguments.

1  Request C, holding that the Government may issue a subpoena for the April 6, 2011 letter
2  and metadata, but did so "without prejudice to a motion to quash by PG&E." Dkt. No. 408
3  ("Mar. 28 Order") at 19-21, 23.
4        On April 12, 2016, PG&E filed a motion for relief from Judge James's order
5  authorizing the Request C subpoena. Dkt. No. 445. This Court denied PG&E's motion for
6  relief as untimely. Dkt. No. 526 at 2-3. On May 10 and May 19, 2016, the Government
7  served two subpoenas, one on PG&E's counsel and one on PG&E itself, that both sought
8  an electronic version of the April 6, 2011 letter and metadata. Dkt. Nos. 563-1, 563-2.
9  PG&E now moves to quash these subpoenas.

**LEGAL STANDARDS**

      A party may subpoena a witness to compel the production of "any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). Rule 17(c) also authorizes a federal district court to "quash or modify the subpoena if compliance would be unreasonable or oppressive."

      Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698. Rather, the rule was designed "to expedite [a] trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). In *Nixon*, the Supreme Court therefore held that the proponent of a Rule 17(c) pretrial subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." 418 U.S. at 700.[2]

      The decision whether to issue or enforce a subpoena is left to the discretion of the district court. *Id.* at 702 ("Enforcement of a pretrial subpoena duces tecum must

---

[2] Under *Nixon*, the proponent must also demonstrate "that [the documents sought] are not otherwise procurable reasonably in advance of trial by exercise of due diligence," "that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial," and "that the application is made in good faith and is not intended as a general 'fishing expedition.'" 418 U.S. at 699-700.

2

necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.").

**DISCUSSION**

PG&E does not argue that compliance with the Government's Rule 17(c) subpoenas for an electronic version of the April 6, 2011 letter and metadata would be unreasonable or oppressive. Indeed, PG&E concedes that it "has gathered the responsive documents and will be able to produce them promptly if ordered to do so." Mot. at 1. Rather, PG&E admits that its motion is based in principle: "The reason for filing this motion to quash is to enforce the principle that the government cannot use Rule 17 subpoenas as a means to investigate deficiencies in its case after the grand jury investigation has concluded." *Id.*

PG&E argues that Rule 17(c) subpoenas should not be "equally available to the government and criminal defendants." *Id.* at 2. Specifically, PG&E's "objection here [is] that the subpoena is inappropriate because of grand jury abuse." *Id.* at 3. *See also id.* at 1 ("If the government attempts to continue to use the grand jury process to investigate an already-indicted case, it is an improper abuse of the grand jury process."); *id.* at 2 ("If the government is permitted to substitute Rule 17 subpoenas for grand jury subpoenas after indictment, it can continue the same investigation after indictment, without any grand jury supervision at all.").

PG&E's arguments are unavailing. By arguing that the Government's post-indictment use of Rule 17(c) is tantamount to grand jury abuse, PG&E seeks, in effect, a ban against Rule 17(c) subpoenas to criminal defendants. But PG&E concedes that "the case law outside this Circuit does not reflect a prohibition of any Rule 17 subpoenas to defendants." *Id.* at 3. In fact, the same can be said of the case law within this Circuit. Though the Ninth Circuit has not squarely addressed the issue, the Ninth Circuit has at least once upheld a Rule 17(c) subpoena to a criminal defendant (on relevance and privilege grounds). *See* Mar. 28 Order at 6 (citing authority for the government's use of Rule 17 as against a criminal defendant, including the Ninth Circuit's holding in *United*

3

*States v. MacKey*, 647 F.2d 898 (9th Cir. 1981)). As this Court has stated once before, "[it] is not prepared to be the first in this Circuit, or perhaps in the country, to hold that it is per se improper for the government to issue Rule 17(c) subpoenas to a criminal defendant simply because the government previously used the grand jury to investigate that defendant." Dkt. No. 584 at 4.

Moreover, PG&E's citation to cases that it alleges "reveal discussions suggesting that the Court should consider the disparities between the government and the defendant's access to evidence" are misleading. *See* Mot. at 3 (citing *United States v. Tucker*, 249 F.R.D. 58, 64 (S.D.N.Y. 2008); *United States v. Nachami*, 91 F. Supp. 2d 552, 562 (S.D.N.Y. 2000)). Those cases considered the very different question whether, in light of the fact that a criminal defendant has fewer opportunities for discovery than the government, courts should apply a lightened standard to a criminal defendant's use of Rule 17(c). The cases do not suggest anything about limiting (or eliminating) the government's use of Rule 17(c).

This does not mean, of course, that there are no limitations on the use of Rule 17(c), by the government or otherwise. As discussed above, it is well-settled that Rule 17(c) is "not intended to provide a means of discovery for criminal cases," *Nixon*, 418 U.S. at 698, and that a proponent of a Rule 17(c) subpoena therefore "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity," *id.* at 700. The Court continues to be "satisfied that the test set forth in *United States v. Nixon* ensures that the balance struck by the Federal Rules of Criminal Procedure is preserved." Dkt. No. 584 at 5 (quoting Mar. 28 Order at 6 (citation, internal quotation marks, and alternations omitted)).

To that end, PG&E provides absolutely no argument as to why Judge James erred in finding that this balance permits a Rule 17(c) subpoena to PG&E for an electronic version of the April 6, 2011 letter and metadata. *See* Mar. 28 Order at 19-21 (holding that the Government's request for this subpoena satisfies the *Nixon* requirements). Indeed, PG&E makes no arguments at all about the relevancy, admissibility, and specificity of *this particular subpoena*. Having carefully reviewed Judge James's *Nixon* analysis of the very

4

1  same subpoena that PG&E now moves to quash, the Court finds no fault and therefore no
2  reason to disturb Judge James's findings.  Accordingly, the Court refers the reader to Judge
3  James's thorough application of the *Nixon* factors to the Government's request for this
4  subpoena, *id.*, and now holds in line with Judge James that those factors are satisfied.
5  PG&E's motion to quash is therefore DENIED.

**CONCLUSION**

For the reasons set forth above, PG&E's motion is DENIED.  PG&E is ordered to comply with the Government's subpoenas for an electronic version of the April 6, 2011 letter and metadata within six hours of the filing of this Order.

**IT IS SO ORDERED.**

Dated:   06/14/16                          _____
                                           THELTON E. HENDERSON
                                           United States District Judge

5