UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE ALL SCIENTER EVIDENCE NOT TIED TO ALLEGED KNOWING AND WILLFUL CONDUCT RELATED TO THE CHARGED REGULATIONS** |

On June 23, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion to Exclude All Scienter Evidence Not Tied to Alleged Knowing and Willful Conduct Related to the Charged Regulations. Dkt. No. 688 ("Mot."). The Government timely opposed the motion on an expedited briefing schedule, Dkt. No. 691 ("Opp'n"), and PG&E timely replied in support thereof, Dkt. No. 693 ("Reply"). After carefully considering the parties' written arguments, the Court hereby DENIES the motion.

**BACKGROUND**

On December 31, 2015, PG&E filed a Motion for Leave to File Additional Motions *in Limine*. Dkt. No. 225. Because PG&E's requested page limit on these additional motions *in limine* was patently unreasonable (at up to 475 pages over the Court-ordered limit), the Court denied PG&E's request, and instead ordered the parties to file their 10 most critical motions *in limine* in a single brief of no more than 50 pages, and file a supplemental brief of no more than 10 pages listing and summarizing any requested additional motions *in limine*. Dkt. Nos. 229, 232 at 3. Along with its 10 most critical motions *in limine*, PG&E timely submitted a Brief Regarding Additional Motions *in Limine*. Dkt. No. 240. Of relevance to the present motion, PG&E sought "leave to file a motion asking that the government be barred from introducing evidence unless it first makes a proffer to establish that the evidence is tied to knowing and willful conduct by an

1   individual employee or employees related to the charged regulations within the relevant
2   time period." *Id.* at 9.  The Court subsequently determined that "none of the motions
3   described in [this supplemental brief]," including the motion just listed, "warrant[ed] pre-
4   trial consideration," and therefore denied PG&E leave to file this additional motion.  Dkt.
5   No. 460 ("MIL Order") at 5 n.2.

Though PG&E states that it brings the present motion because its previously denied motion regarding scienter "is now ripe for full consideration," Mot. at 1, the substance of the present motion suggests that PG&E's true aim is to prevent the admission of Government's Exhibit 276.  *See id.* at 1-2 ("The government intends to offer an email during this witness's testimony [Exhibit 276] that reports on what he heard other PG&E employees say back in November 2007."); *id.* at 4 ("Admitting evidence like government Exhibit 276 is improper.").  But the Court has already ruled on the admissibility of Exhibit 276, which it excluded as improper Federal Rule of Evidence ("Rule") 404(b) evidence.  *See* Dkt. No. 698 at 1249-50.  Accordingly, to the extent that PG&E's present motion was aimed at excluding Exhibit 276 specifically, that portion of the motion is mooted.

**DISCUSSION**

Other than PG&E's now mooted effort to exclude Exhibit 276, the present motion boils down to a request that the Court revisit two of its prior rulings.[1]  Both requests lack merit, and both requests are denied.

I.   **Evidentiary objections not resolved by the motions *in limine* are to be resolved in the course of trial.**

In previously denying leave to file the motions listed in PG&E's Brief Regarding Additional Motions *in Limine*, including a version of the present motion, the Court

---

[1] Neither party cites this district's standard for a civil motion for reconsideration, *see* Civil L.R. 7-9, or discusses whether such a motion would be proper in this criminal prosecution.  The Court therefore does not address either whether this standard would apply or whether it would be met, had PG&E actually filed a motion for reconsideration.

2

specifically held that "none of the motions . . . warrant[ed] pre-trial consideration." MIL Order at 5 n.2. In other words, the Court determined that admissibility decisions regarding evidence that may fall within one of the listed motions were better left for determination in the course of trial, "so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Air Crash Disaster at Sioux City, Iowa*, Nos. 817, 89 C 8082, 1991 WL 279284, at *1 (N.D. Ill. Dec. 26, 1991).

This remains true. As the Court has already held, it would be premature to either grant or deny motions such as PG&E's present and sweeping "motion to exclude all scienter evidence not tied to alleged knowing and willful conduct related to the charged regulations." Rather, the Court will address the admissibility of any evidence that would fall within this motion on a case-by-case basis, as it did with Exhibit 276.

## II. The Court is still persuaded by the reasoning in *T.I.M.E.*

PG&E also argues that admitting Exhibit 276, and presumably any other evidence covered by its broadly worded motion, would endorse the Government's "impermissible theory of corporate collective intent." Mot. at 2. But as the Government correctly points out, "the primary purpose of [this argument] is to seek reconsideration of the Court's holding concerning the collective knowledge doctrine in its December 23, 2015 Order," Opp'n at 3, in which Order the Court adopted the reasoning on collective corporate knowledge and intent offered by *United States v. T.I.M.E. - D.C., Inc.*, 381 F. Supp. 730 (W.D. Va. 1974). Dkt. No. 219 ("Order re: Legal Instrs.") at 4-9.

Indeed, PG&E acknowledges in the present motion that it "continues to respectfully disagree with the Court's adoption of [*T.I.M.E.*]." Mot. at 3 n.2. Respectful or otherwise, PG&E's second-guessing of the Court's prior Order on collective corporate knowledge and intent is inappropriate. The Court continues to find the analysis in *T.I.M.E.* to be persuasive. Accordingly, the Court refers the reader – and in particular, PG&E – to its prior Order for a full analysis of the case law and conclusion about the applicability of

*T.I.M.E.* to this prosecution. *See* Order re: Legal Instrs. at 4-9.[2]

**CONCLUSION**

For the reasons set forth above, PG&E's motion is DENIED.

**IT IS SO ORDERED.**

Dated:   06/29/16

_____
THELTON E. HENDERSON
United States District Judge

---

[2]   It is worth noting, however, that the Court rejects PG&E's argument that *T.I.M.E.* is inapposite because it "effectively embraces a form of corporate *recklessness* in which a corporation can be found liable for failing to *prevent* unintended regulatory violations." Mot. at 3 n.2 (emphasis in original).  The criminal statute at issue in *T.I.M.E.*, as in this case, required "knowing and willful" violations of underlying safety regulations. *See T.I.M.E.*, 381 F. Supp. at 732 ("Section 322(a) of the Interstate Commerce Act imposes criminal penalties for the knowing and willful violation of any of the regulations imposed by the Highway Administration."). Moreover, PG&E made this same argument once before, *see* Order re: Legal Instrs. at 8 n.3 ("PG&E attempts to distinguish *T.I.M.E.* by arguing that the criminal statute there had a lower "knowing and willful" standard than Section 60123."), and the argument is no less incorrect now than it was then.

4