LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
       steven.bauer@lw.com
   Margaret A. Tough (Bar No. 218056)
       margaret.tough@lw.com
   Robert E. Sims (Bar No. 116680)
       bob.sims@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

LATHAM & WATKINS LLP
   Melissa Arbus Sherry (*pro hac vice*)
       melissa.sherry@lw.com
555 11th Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

CLARENCE DYER & COHEN LLP
   Kate Dyer (Bar No. 171891)
       kdyer@clarencedyer.com
899 Ellis Street
San Francisco, California 94109-7807
Telephone: +1.415.749.1800
Facsimile: +1.415.749.1694

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. CR-14-00175-TEH<br><br>**DEFENDANT'S OBJECTION TO EXHIBITS THE GOVERNMENT SEEKS TO OFFER THROUGH WITNESS BILL MANEGOLD**<br><br>**Judge:    Hon. Thelton Henderson** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

At the Court's request, PG&E submits below written objections to exhibits the government plans to seek to introduce through witness Bill Manegold. We do not object to roughly half of the 96 exhibits the government intends to introduce through Mr. Manegold, provided the government lays the proper foundation and establishes a hearsay exception. For the rest, we object for the reasons set forth in the accompanying chart. Our objections generally fall into the following categories.

**PG&E Documents for Which Mr. Manegold Cannot Lay Foundation**

We object to the admission through Mr. Manegold of PG&E documents and emails that he appears neither to have authored nor received. Mr. Manegold cannot establish through personal knowledge that these records are admissible business records because of his lack of familiarity with them. Not every email, for example, is a business record – some are merely informal discussions – and Mr. Manegold cannot say which is which. Nor can he establish that the records are PG&E admissions if he is unfamiliar with the circumstances under which they were created. This is particularly true of documents with no apparent author. *See, e.g.*, Gov't Ex. 283.

**PG&E Data Requests for Which Mr. Manegold Cannot Lay Foundation**

Similarly, Mr. Manegold cannot lay foundation for PG&E data request responses produced to the government by third parties like the CPUC if he did not author or send them to the CPUC. The proper way to lay foundation for these documents is through a CPUC witness, or PG&E witness with knowledge of the document.

**Financial Evidence Not Tied to the Government's Allegations**

Several exhibits concern financial evidence not specifically tied to the government's allegations that PG&E violated the charged regulations. These should be excluded under the Court's Motion in Limine Order concerning such evidence. Dkt. 460 at 18-19. As this Court held, "proof of greed, without more" is unduly prejudicial. *Id.* at 18. The Court gave, as an example of this, evidence of PG&E's reported income for the second quarter of 2010, which was a "presentation of wealth unnecessary to any argument that PG&E's profit motives drove regulatory violations, and it is therefore inadmissible."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

The Court found the government alleged "something more" – that is, some connection to the charged crimes – because it said it would show that "PG&E knew that updating all of its records and hydrotesting its old pipelines in highly populated areas would have been more expensive" and that PG&E therefore "chose to spend money elsewhere." *Id.* at 18-19. As the Court noted, at the time of our motion the government had not identified how it would show this. *Id.* at 19.

Through Mr. Manegold, the government will seek to offer financial evidence unrelated to PG&E decisions about hydrotesting or updating its records. For example, Government Exhibit 351 is PG&E's publicly-announced earnings report for a quarter in 2008 – precisely the evidence the Court has held inadmissible. *Id.* at 18-19. Other documents concern gas transmission or integrity management budgets, but say nothing about hydrotesting or recordkeeping decisions.

**Post-Accident Evidence**

We ask the Court to individually consider each of these documents. Some of these documents concern PG&E's immediate responses to the San Bruno accident and related regulatory events and should be excluded. Others may be admissible, but will necessitate a limiting instruction to ensure that the jury understands that evidence of PHMSA or CPUC scrutiny is not evidence that PG&E engaged in any wrongful practice.

**General Relevance/Prejudice**

Several documents not falling into these categories should be excluded as irrelevant or unduly prejudicial under Federal Rules of Evidence 401-403. Exhibit 647, for example, is email banter between Mr. Manegold and a friend who is a PG&E employee totally unconnected to integrity management. He knows nothing about the issues in this case and the email does not suggest otherwise. His comments have no foundation or relevance to this case, but would be prejudicial if admitted

**Chart of Objections**

Below is a quick chart stating the general objections to each exhibit. We are prepared to discuss individual documents with the Court tomorrow.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| G-192 | • Lack of foundation; Manegold not on the email<br>• MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-198 | • FRE 401 (relevance) (email does not show that PG&E failed to retain any records)<br>• FRE 403<br>• No connection to knowing and willful act |
| G-222 | • FRE 401 (relevance) (evidence regarding Line 147 is irrelevant to the charged conduct)<br>• 403<br>• No connection to knowing and willful act |
| G-273 | • Lack of foundation; Manegold not on the email<br>• FRE 401, 403<br>• MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• No connection to knowing and willful act |
| G-283 | • Lack of foundation; Manegold not on the document<br>• FRE 401, 403<br>• MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• No connection to knowing and willful act |
| G-284 | • MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-308 | • FRE 401 (relevance) (email is unrelated to any charged line)<br>• FRE 403<br>• No connection to knowing and willful act |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| G-331 | • Lack of foundation; Manegold not on the document<br>• MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• FRE 403<br>• No connection to knowing and willful act |
| G-351 | • Lack of foundation; Manegold not on the email<br>• MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• FRE 403<br>• No connection to knowing and willful act |
| G-376 | • MIL Order at 19 (Financial evidence not specifically tied to the charged regulations)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-409 | • Lack of foundation; Manegold not on these spreadsheets<br>• Lack of authenticity (PG&E did not produce these spreadsheets and there is no cover sheet identifying where these spreadsheets originated)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-432 | • MIL Order at 19 (Financial evidence that is not specifically tied to the charged regulations)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-470 | • MIL Order at 19 (Financial evidence that is not specifically tied to the charged regulations)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-531 | • Lack of foundation: Manegold not on email.<br>• MIL Order at 19 (Financial evidence that is not specifically tied to |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| | the charged regulations) <br> • FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (distribution lines not charged). <br> • No connection to knowing and willful act |
| G-549 | • Lack of foundation: Manegold not on letter <br> • FRE 401, 403 <br> • No connection to knowing and willful act |
| G-553 | • Lack of foundation: Manegold not on email <br> • FRE 401, 403 <br> • No connection to knowing and willful act |
| G-615 | • FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (Implying regulatory noncompliance led to San Bruno) <br> • No connection to knowing and willful act <br> • FRE 401 No connection to knowing and willful act |
| G-622 | • FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (Implying regulatory noncompliance led to San Bruno) <br> • No connection to knowing and willful act |
| G-641 | • FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (Implying regulatory noncompliance led to San Bruno & cites San Bruno rupture) <br> • FRE 401, 403 <br> • No connection to knowing and willful act |
| G-642 | • FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (Implying regulatory noncompliance led to San Bruno) <br> • FRE 401, 403 <br> • No connection to knowing and willful act |
| G-647 | • MIL Order at 19 (Financial evidence that is not specifically tied to |

LATHAM&WATKINS LLP <br> ATTORNEYS AT LAW <br> SAN FRANCISCO <br> DEF.'S OBJECTIONS TO GOV'TS MANEGOLD EXHIBITS <br> CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
| --- | --- |
| | the charged regulations)<br>• FRE 403 probative value is substantially outweighed by a danger of unfair prejudice<br>• FRE 401<br>• No connection to knowing and willful act |
| G-648 | • Post-Accident Improvements MIL Order at 26.<br>• FRE 403 probative value is substantially outweighed by a danger of unfair prejudice (Implying regulatory noncompliance led to San Bruno)<br>• FRE 401<br>• No connection to knowing and willful act |
| G-649 | • MIL Order at 11 (excluding evidence and testimony about the cause of the San Bruno explosion)<br>• FRE 403; probative value is substantially outweighed by a danger of unfair prejudice (improper suggestion that PPIs caused San Bruno explosion)<br>• FRE 401<br>• No connection to knowing and willful act |
| G-651 | • Lack of foundation; Manegold not on emails<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-674 | • FRE 403; probative value is substantially outweighed by a danger of unfair prejudice (implying regulatory noncompliance led to San Bruno)<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-714 | • Lack of foundation; Manegold not on emails<br>• FRE 401 and 403; probative value is substantially outweighed by a danger of unfair prejudice: The segments on the spreadsheet show pre-1970 installation or no installation date at all. This evidence is |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| | therefore irrelevant and unduly prejudicial. There is no indication that pressure test records were ever required under fed law.<br>• No connection to knowing and willful act |
| G-717 | • Lack of foundation; Manegold not on email<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-721 | • FRE 403; probative value is substantially outweighed by a danger of unfair prejudice (implying regulatory noncompliance led to San Bruno)<br>• No connection to knowing and willful act |
| G-722 | • Lack of foundation; Manegold not on email<br>• No connection to knowing and willful act |
| G-728 | • FRE 403; probative value is substantially outweighed by a danger of unfair prejudice (implying regulatory noncompliance led to San Bruno)<br>• FRE 401<br>• No connection to knowing and willful act |
| G-756 | • FRE 403; probative value is substantially outweighed by a danger of unfair prejudice (implying regulatory noncompliance led to San Bruno)<br>• FRE 401<br>• No connection to knowing and willful act |
| G-773 | • Lack of foundation; Manegold not on email<br>• FRE 401, 403 |
| G-778 | • No foundation or connection to Manegold<br>• FRE 401, 403<br>• No connection to knowing and willful act |
| G-781 | • FRE 401/402: irrelevant (no connection to charged conduct; generalized discussion of RMI-06)<br>• FRE 403: substantially more prejudicial than probative |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| | (improperly implies unspecified "pressure increases" are tied to charged conduct) <br> • No connection to knowing and willful act |
| G-781A | • FRE 401/402: irrelevant (no connection to charged conduct; generalized discussion of RMI-06) <br> • FRE 403: substantially more prejudicial than probative (improperly implies unspecified "pressure increases" are tied to charged conduct) <br> • No connection to knowing and willful act |
| G-785 | • FRE 401-403: irrelevant and unduly prejudicial <br> • No connection to knowing and willful act |
| G-791 | • FRE 401/402: irrelevant (no connection to charged conduct; generalized discussion of RMI-06) <br> • FRE 403: substantially more prejudicial than probative (improperly implies unspecified "pressure increases" are tied to charged conduct) <br> • No connection to knowing and willful act |
| G-807 | • MIL Order at 17 (excluding evidence of post-accident remedial measures) <br> • No connection to knowing and willful act |
| G-809 | • MIL Order at 17 (excluding evidence of post-accident remedial measures) <br> • No connection to knowing and willful act |
| G-813 | • FRE 401-403: evidence is irrelevant and unduly prejudicial <br> • No connection to knowing and willful act |
| G-910 | • Data response; no foundation or connection to Manegold <br> • FRE 401, 403 <br> • No connection to knowing and willful act |
| G-981 | • FRE 401-403: irrelevant and unduly prejudicial <br> • No connection to knowing and willful act |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH

| Gov't Exhibit No. | Defendant's Objection |
|---|---|
| G-982 | • FRE 401-403: irrelevant and unduly prejudicial<br>• No connection to knowing and willful act |

Dated: July 5, 2016

Respectfully submitted,

By     /s/
Steven M. Bauer
Margaret A. Tough
Robert E. Sims
LATHAM & WATKINS LLP

Kate Dyer
CLARENCE, DYER & COHEN LLP

*Attorneys for Defendant*
*Pacific Gas and Electric Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OBJECTIONS TO GOV'TS
MANEGOLD EXHIBITS
CASE NO. CR-14-00175-TEH