UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14-cr-00175-TEH |
|---|---|
| Plaintiff, | **ORDER REGARDING DEFENDANT'S OBJECTIONS TO DAUBY EXHIBITS** |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

Yesterday morning Defendant Pacific Gas and Electric Company ("PG&E") lodged objections to eight exhibits the Government intends to introduce through witness Frank Dauby. The Court now OVERRULES IN PART and SUSTAINS IN PART those objections.

**BACKGROUND**

PG&E makes only three objections to the eight contested exhibits. First, PG&E again "object[s] as to financial matters not tied to charged conduct for Exhibits 287 and 374 . . . through [Federal Rule of Evidence ('Rule')] 401 and 403." Trial Tr., Vol. 20 at 2738:23-2739:4.[1] Second, PG&E "object[s] to Exhibits 267, 280, 592 and 666, as . . . not related to the charged conduct . . . under [Rules] 401, 403 and 404(b)." *Id.* at 2738:25-2739:2. And third, PG&E objects to Exhibits 608 and 614 because "[t]hey both reference the San Bruno incident," because their admission "would violate the Court's prior orders," and because they are "highly prejudicial . . . [and not] probative of anything that hasn't already been established." *Id.* at 2739:8-20.

//

---

[1] The Court refers the reader to its Orders on both the Manegold and Hogenson exhibits, where this objection was already extensively discussed. *See* Dkt. No. 724 ("First Order on Manegold Objs.") at 3-4; Dkt. No. 748 ("Order on Hogenson Exs.") at 1-3.

**GOVERNMENT'S EXHIBITS 287 and 374**

Exhibit 287 is an email chain regarding "2008 Metrics and Key Indicators" and discussing the comparative costs of various assessment technologies, including Direct Assessment ("DA") and In-Line Inspection ("ILI"). Exhibit 374 is an email chain regarding "2009 [Integrity Management ('IM')] forecast – further reductions necessary" and discussing which IM projects can be "reduced to make ends meet."

PG&E's objection to these exhibits is identical to one PG&E has made, and the Court has rejected, many times before. The exhibits are relevant for the reasons stated in the Government's response to PG&E's objections, which are in keeping with the relevance of prior exhibits objected to on the same basis. *See* Dkt. No. 753 ("Opp'n") at 2-3. The exhibits are not improper financial evidence for the reasons stated in the Court's prior Orders on this same objection. *See, e.g.*, Order on Hogenson Exs. at 6-7. The exhibits' probative value is not substantially outweighed under Rule 403, and the Court sees no reason to redact any financial figures from either exhibit.

The Court therefore OVERRULES PG&E's objection that these exhibits involve irrelevant or unduly prejudicial financial evidence.

**GOVERNMENT'S EXHIBIT 267**

This exhibit is an email chain regarding PG&E's "tool selection process."

PG&E objects that this exhibit is inadmissible under Rules 401, 403 and 404(b) because it is not related to the charged conduct. Not so. The exhibit discusses PG&E's procedure for selecting pipeline assessment tools, which meets the relevance threshold for several of the charged regulations. *See e.g.*, 49 C.F.R. § 192.917(e)(4) ("[When certain conditions exist] an operator must select an assessment technology or technologies with a proven application capable of assessing seam integrity and seam corrosion anomalies."); 49 C.F.R. § 192.919 ("An operator must include . . . the following elements in its written baseline assessment plan . . . [t]he methods selected to assess the integrity of the line pipe, including an explanation of why the assessment method was selected to address the

identified threats to each covered segment."). Meanwhile, PG&E has offered absolutely no explanation why the probative value of this evidence is substantially outweighed under Rule 403, and the Court sees none. Finally, this evidence is not excludable under Rule 404(b) because it concerns PG&E's Integrity Management practices (as relevant to charged regulations) during a period just before or overlapping with the indicted conduct.[2] *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995) (discussing the parameters of Rule 404(b)).

The Court therefore OVERRULES PG&E's objection that this exhibit is irrelevant, unduly prejudicial, or excludable "other act" evidence.

**GOVERNMENT'S EXHIBIT 280**

This exhibit is an email chain discussing PG&E's DA costs as well as the feasibility and costs of performing ILI on two pipelines: Lines 109 and 132. In other words, this exhibit concerns two possible assessment technologies on two charged pipelines.

PG&E objects that this exhibit is inadmissible under Rules 401, 403 and 404(b) because it is not related to the charged conduct. Not so. The exhibit is relevant and survives PG&E's Rule 403 and Rule 404(b) challenges for the same reasons discussed under Exhibit 267.

The Court therefore OVERRULES PG&E's objection that this exhibit is irrelevant, unduly prejudicial, or excludable "other act" evidence.

---

[2] PG&E's Rule 404(b) objection is somewhat puzzling. Rule 404(b) bars evidence of a "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It is not at all clear why PG&E believes this Rule would apply to an email detailing PG&E's pipeline assessment methods and processes, which have been a constant (and relevant) topic of testimony throughout this trial. This makes PG&E's Rule 404(b) objection to Exhibit 267 (and the others discussed below) unlike its other Rule 404(b) objections, where the challenged exhibits contained allegations of "non-compliance" or "compliance issues" on uncharged regulations. *See, e.g.*, Dkt. No. 688 at 4-5. In any event, even assuming PG&E has identified a "crime, wrong, or other act" which may invite inappropriate propensity reasoning, Rule 404(b) does not apply to bar this exhibit for the reasons discussed above.

**GOVERNMENT'S EXHIBIT 592**

This exhibit is an "assessment document" titled "ILI or DA First Time Assessment Flow Chart Descriptions" and an email chain including discussion of and comments on that document.

PG&E objects that this exhibit is inadmissible under Rules 401, 403 and 404(b) because it is not related to the charged conduct. Not so. The exhibit is relevant and survives PG&E's Rule 403 and Rule 404(b) challenges for the same reasons discussed under Exhibit 267.

The Court therefore OVERRULES PG&E's objection that this exhibit is irrelevant, unduly prejudicial, or excludable "other act" evidence.

**GOVERNMENT'S EXHIBIT 666**

This exhibit is an email chain concerning a California Public Utilities Commission audit letter and including statements about PG&E's "justification for changing . . . projects from ILI to [External Corrosion Direct Assessment]."

PG&E objects that this exhibit is inadmissible under Rules 401, 403 and 404(b) because it is not related to the charged conduct. Not so. The exhibit is relevant and survives PG&E's Rule 403 and Rule 404(b) challenges for the same reasons discussed under Exhibit 267.

The Court therefore OVERRULES PG&E's objection that this exhibit is irrelevant, unduly prejudicial, or excludable "other act" evidence.

**GOVERNMENT'S EXHIBIT 608**

This exhibit is an email in which Mr. Dauby warns his colleagues "not [to] write or forward any messages regarding L-132 incident unless necessary and if doing so, [to] copy the PG&E attorney . . . and indicate that information is protected by the Attorney Client-Priveldged [sic]." The email was sent in the hours following the San Bruno pipeline explosion.

4

1     PG&E objects to this exhibit on the basis that its admission would violate the
2  Court's prior orders limiting the inclusion of "San Bruno" evidence, and on the basis that
3  the email is highly prejudicial but lacking in probative value.  The Court agrees.  The
4  thrust of the Government's argument is that this email is probative of the required mental
5  state ("corruptly") on Count One (which charges PG&E with obstructing the National
6  Transportation Safety Board investigation that followed the San Bruno explosion).  *See*
7  Opp'n at 3 ("It is reasonable to conclude that Dauby, aware hours after the explosion that it
8  involved PG&E transmission line 132, was also aware that an investigation of the cause of
9  the explosion would commence.").  But the Government also seems to argue that the email
10 represents "consciousness of guilt" evidence on the charged IM regulations.  *See id.* at 4
11 ("Since Dauby knew that IM decisions were made for the wrong reasons, his motive for
12 writing this email . . . is clear.  Dauby is concerned that incriminating evidence will be
13 documented in email, and he intentionally discourages its creation.").
14    The Government must therefore speculate about Mr. Dauby's motive in an attempt
15 to tie said motive to (i) conduct nearly seven months later (i.e., the conduct actually at
16 issue in Count One) in an investigation that had not yet commenced at the time of his
17 email; or (ii) PG&E's guilt in a criminal prosecution that would not commence for another
18 three and a half years.  These attenuated theories of relevance render the probative value of
19 this exhibit minimal, at best.  Meanwhile, there is a substantial risk that the jury will have a
20 negative emotional reaction to a perceived "cover up" in the hours following the tragic San
21 Bruno accident; in other words, this email has "the capacity . . . to lure the factfinder into
22 declaring guilt on a ground different from proof specific to the offense charged."  *Old*
23 *Chief v. United States*, 519 U.S. 172, 180 (1997).  And this capacity substantially
24 outweighs the Government's theories regarding the email's probative value.
25    The Court therefore SUSTAINS PG&E's objection that this exhibit is excludable
26 under Rule 403.
27 //
28 //

5

**GOVERNMENT'S EXHIBIT 614**

This exhibit is an email chain from several days following the San Bruno explosion regarding an "Urgent request for job record San Bruno incident."

PG&E objects to this exhibit on the basis that its admission would violate the Court's prior orders limiting the inclusion of "San Bruno" evidence, and on the basis that the email is highly prejudicial but lacking in probative value. Specifically, PG&E objects that "Exhibit 614 mentions 'Line 132 incident,' 'San Bruno incident' – I have counted seven times. And then, the last page . . . has a map referencing the incident and pinpointing it." Trial Tr., Vol. 20 at 2739:11-14.

In its opposition to PG&E's objection, the Government notified the Court that "[t]he government and defense had an opportunity to meet and confer regarding the defense's objections to this exhibit," and "the parties did reach agreement on appropriate redactions to the exhibit [e.g. deleting references to 'San Bruno' and 'rupture' and removing the map . . . .]" Opp'n at 4. The Government contends that the remaining portions of the exhibit contain relevant evidence that is not unfairly prejudicial, while PG&E maintains its stated objections to these portions. *Id.* With respect to the relevance of the remaining portions, the Government argues that the emails include discussion of "lacking [Strength Test Pressure Reports] on Line 132," which "is relevant evidence for Count Nine." *Id.* Count Nine charges PG&E with violating 49 C.F.R. § 192.517(a), which requires that pipeline operators "make, and retain for the useful life of the pipeline, a record of each [pressure] test performed" pursuant to certain other provisions of the Integrity Management regulations, on Line 132.

The Court agrees with the Government that this exhibit is relevant to Count Nine under Rule 401, and further agrees with the Government that any unfair prejudice is minimized or eliminated by the agreed upon "San Bruno" redactions. The Court therefore OVERRULES PG&E's objection that this exhibit is excludable under Rule 403, provided the Government redacts the exhibit as agreed upon by the parties.

**CONCLUSION**

PG&E's eight objections are OVERRULED IN PART and SUSTAINED IN PART, as follows:

1. PG&E's objection to Government's Exhibit 287 is overruled;
2. PG&E's objection to Government's Exhibit 374 is overruled;
3. PG&E's objection to Government's Exhibit 267 is overruled;
4. PG&E's objection to Government's Exhibit 280 is overruled;
5. PG&E's objection to Government's Exhibit 592 is overruled;
6. PG&E's objection to Government's Exhibit 666 is overruled;
7. PG&E's objection to Government's Exhibit 608 is sustained; and
8. PG&E's objection to Government's Exhibit 614 is overruled (but the exhibit shall be redacted pursuant to the parties' agreement).

**IT IS SO ORDERED.**

Dated:  07/14/16

_____
THELTON E. HENDERSON
United States District Judge