UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER SUSTAINING GOVERNMENT'S OBJECTION TO DEFENSE EXHIBIT** |

Yesterday afternoon the Government objected to six maps recently disclosed by Defendant Pacific Gas and Electric Company ("PG&E"). Each map represents a different city in which PG&E operates its pipeline system. Each map also indicates the location of: (i) PG&E pipelines in the city; and (ii) the home address of any PG&E employee who resides in the city. *See* Def. Exs. 343-48.

PG&E produced these maps during a break in testimony yesterday afternoon. Trial Tr., Vol. 21 at 3069:25-3070:2. This was only hours before the Government began its examination of Calvin Lui, through whom PG&E intends to admit the maps on cross-examination. *Id*. The Government objected to the admission of these maps, and the matter was submitted to the Court following brief oral argument. *Id.* at 3076:20.

Though the Government did not identify any Federal Rules of Evidence in its objection to the maps, the thrust of its objection is that the maps are irrelevant, *id.* at 3071:4, create "some confusion [about] what an intentional violation of the Pipeline Safety Act involves," *id.* at 3071:19-21, and lack foundation, *id.* at 3071:22-3072:3. PG&E argues that the maps are "relevant to the intent of the employees and, therefore, of the

1 defendant," because employee proximity to pipelines informs "whether anyone would
2 knowingly and willfully make the choices that the Government contends PG&E made to
3 compromise public safety." *Id.* at 3076:5-8. PG&E also argues that the proper foundation
4 for these maps will be laid on cross-examination of Mr. Lui, who is presently testifying.
5 *Id.* at 3074:17-3075:8.
6      As a threshold matter, and though it was not mentioned during oral argument, the
7 Court believes Rule 1006 governs the admission of these maps. Rule 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. PG&E's proposed maps appear to be just the sort of "summary of voluminous writings" contemplated by Rule 1006: rather than telling the jury how close each of the roughly 1,698 PG&E employees listed in the underlying spreadsheets[1] live to a PG&E pipeline, PG&E visually summarized this information on the maps by depicting a dot (in proximity to each pipeline) for each employee. And though the Government did not identify Rule 1006 by name, the concerns underlying Rule 1006 animated the Government's objection. *See* Trial Tr., Vol. 21 at 3071:22-3072:3 ("We have no indication that – we haven't been shown any sort of electronic version that these are, indeed, where the pipeline lay and these are, indeed, where – if you plot it on a map, where we take it at face value, of the addresses of the employees . . . ."); *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) ("The purpose of [Rule 1006's] availability requirement is 'to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial.'").

---

[1] The Court reached this headcount by estimating the number of lines (i.e., employees) listed on each of the 35 pages in the underlying spreadsheets. But it is apparent (though unexplained) that PG&E did not use all of this data in creating the maps; PG&E did not, for example, create a map for all of the cities listed in the spreadsheet where both PG&E pipeline and PG&E employees reside, such as San Bruno.

2

1    If Rule 1006 applies, which the Court believes it does, then PG&E's own prior
2 statements counsel against admission of the maps, because PG&E failed to provide the
3 Government with either the maps or the spreadsheets that they summarize until yesterday
4 afternoon (only hours before Mr. Lui began testifying).  As PG&E previously argued:

> [Rule] 1006 and clear Ninth Circuit precedent require the government to provide a defendant its summary evidence, and the material that evidence purports to summarize, *in advance of trial*.  Failure to do so is grounds for exclusion.  The Court should enforce that rule here, rather than indulge the government's continued gamesmanship.

9 Dkt. No. 604 at 1 (emphasis added).  *See also id.* at 5 ("In these circumstances, the correct
10 remedy is to exclude the proposed summary . . . exhibits . . . .  That is what the Ninth
11 Circuit held in *Davis & Cox*, affirming a district court's exclusion of summaries where the
12 proffering party 'did not make available the summaries nor the underlying documents to
13 the summaries, as required under Rule 1006, until just before trial.'") (quoting *Davis &
14 Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985)).  And even if the Court did not
15 adopt the "pretrial production" requirement PG&E only recently advanced for use against
16 the Government, PG&E's production of the maps and spreadsheets only hours before Mr.
17 Lui's testimony would certainly not constitute production "at a reasonable time and place,"
18 as required by the Rule.  Fed. R. Evid. 1006.

19    Accordingly, even assuming the maps are relevant and otherwise admissible
20 evidence, which the Court does not now hold, then it is entirely unclear why Rule 1006
21 should not apply to provide the Government with the same ample time to ensure the maps'
22 reliability and accuracy that PG&E recently sought for itself.  *Id.*  PG&E offers only that
23 Mr. Lui "has reviewed these maps" and "has reviewed the underlying data," Trial Tr., Vol.
24 21 at 3073:6-7, but Rule 1006 is concerned with the *opposing party's* opportunity for
25 review, not the *offering witness'*, Fed. R. Evid. 1006.  Unless and until PG&E can
26 convince the Court that the maps – which summarize hundreds of data points without
27 giving the Government an opportunity to test the accuracy of that summary – are
28

something other than summary exhibits, the maps shall therefore be excluded under Rule 1006 for PG&E's failure to timely disclose them and the content they summarize.

**IT IS SO ORDERED.**

Dated: 07/15/16   _____
THELTON E. HENDERSON
United States District Judge