UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO EXCLUDE AND FOR AN ORDER TO SHOW CAUSE** |

On July 16, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion to Exclude and for an Order to Show Cause, Dkt. No. 763 ("Mot."), pursuant to a deadline imposed by the Court, Dkt. No. 762. The Government opposed the Motion the following day, pursuant to the same deadline. Dkt. No. 766 ("Opp'n").

In its Motion, PG&E argues the Government committed misconduct by including highly prejudicial material in a proposed exhibit of PG&E's "Articles of Incorporation," Mot. at 2-4, and therefore moves the Court to not only exclude the exhibit but also to investigate the Government's misconduct, *id.* at 5. The Government explains the proposed "Articles of Incorporation" exhibit only became necessary because PG&E now refuses to stipulate that, during the period of the indictment, it was a "person" within the meaning of the Pipeline Safety Act, Opp'n at 3, a stipulation to which PG&E had previously agreed, *id.* at 2. The Government further explains that the 1,850-page proposed exhibit of PG&E's "Articles of Incorporation" is merely a "certified copy of all paperwork relating to PG&E's incorporation" the Government received from the Secretary of State, Opp'n at 2-3, and that Government counsel "did not review all of the materials before bringing them into Court and raising with the Court that the government now needed to amend its exhibit list to add the defendant's articles of incorporation," Dkt. No. 766-1 ("Schenk Decl.") ¶ 5.

After reviewing the parties' briefing, the Court agrees with the Government that "[i]f ever there were a non-controversial point that could be stipulated to by the parties to

make trial more efficient, this is it." Opp'n at 3. Indeed, there does not actually appear to be any disagreement between the parties whether, during the period of the indictment, PG&E was a person within the meaning of the Pipeline Safety Act. Counsel for PG&E did state in open court that though he had "no problem stipulating the company is a company," he could not "stipulate that [PG&E] legally fits the definition of a person." Trial Tr., Vol. 20 at 2891:20-24. But this statement contradicts PG&E's prior agreement to stipulate to this very fact. *See* Schenk Decl., Ex. A at 1 ("We agree to your first stipulation.").

The present motion therefore appears to be nothing more than yet another unfortunate waste of the Court's time and resources, brought on by disputatious litigants. Accordingly, IT IS HEREBY ORDERED that the parties shall meet and confer on this matter, and file a joint statement not to exceed two pages by **6:00 P.M. on July 18, 2016**, in which they address the following question(s):

For Both Parties

1. Have you reached agreement regarding a stipulation that, during the period of the indictment, PG&E was a person within the meaning of the Pipeline Safety Act, or otherwise reached agreement regarding another appropriate mechanism for the Government to prove this fact during trial?

*If the parties can provide a "Yes" response to this first question, then they need not address the following two questions in their joint filing.*

For PG&E

2. Do you contest that, during the period of the indictment, PG&E was a person within the meaning of the Pipeline Safety Act? If so, please explain the basis for your position. If not, please explain your refusal to stipulate to this fact.

//
//

2

For the Government

    3.    Please confirm or deny that all 1,850 pages contained in the proposed "Articles of Incorporation" exhibit were provided directly from the Secretary of State; in other words, please confirm or deny that the Government did not add any material to the "certified copy of all paperwork relating to PG&E's incorporation" that it received from the Secretary of State.  Opp'n at 2-3.

**IT IS SO ORDERED.**

Dated:   07/18/16    _____
                                        THELTON E. HENDERSON
                                        United States District Judge