UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER SUSTAINING AND OVERRULING IN PART DEFENDANT'S OBJECTIONS TO EXHIBITS THE GOVERNMENT SEEKS TO OFFER THROUGH AGENT SANDRA FLORES** |

On July 15, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed objections to several exhibits the Government intends to offer through Agent Sandra Flores. Dkt. No. 757 ("Flores Objs."). The Government offered an oral opposition to these objections on the same morning. After carefully considering the parties' arguments, the Court now SUSTAINS IN PART and OVERRULES IN PART PG&E's objections.

**BACKGROUND**

On July 15, 2016, PG&E filed written objections to several exhibits the Government intends to offer through Agent Sandra Flores. These objections were filed only minutes before trial commenced on the same day Ms. Flores was set to begin testifying, and concerned alleged infirmities in two of her proposed exhibits: Government's Exhibits 967 and 988.[1]

When the time came for Ms. Flores to testify, PG&E raised yet another concern regarding her testimony; namely, that the Government had recently and substantially revised Exhibit 988, such that PG&E could not be expected to offer effective cross-examination on the new version of the exhibit. Trial Tr., Vol. 22 at 3236:23-3237:6;

---

[1] PG&E was notified on July 13, 2016 that Ms. Flores would testify on July 15, 2016, and was provided Exhibit 967 at the same time. Flores Objs. at 1 n.1. But PG&E has been in possession of Exhibit 988 since June 3, 2016. Dkt. No. 625 at 2.

3238:6-3239:19; 3241:11-3242:14.  PG&E also notified the Court at this time that it objected to the admission of yet another Flores exhibit, which it had received only the night prior: Exhibit 998.  *Id.* at 3239:21-3240:19.  PG&E therefore moved to "strike the evidence, [and] strike the witness.  And if not, [requested] to break so [counsel] could spend the weekend trying to figure out what in the world [he's] supposed to do." *Id.* at 3242:15-18.

The Government then offered oral argument explaining: (i) the discrepancies between the two versions of Exhibit 988; (ii) its opposition to PG&E's written objections to Exhibits 967 and 988, which included handing the Court copies of two Ninth Circuit cases it believes are relevant to these objections; and (iii) its explanation concerning recently disclosed Exhibit 998. *Id.* at 3243:1-3251:21.

Given the unsettled state of the Flores exhibits, the Court adjourned for the day (two hours ahead of schedule) and ordered the parties to meet and confer on the Exhibit 988 versioning issue. *Id.* at 3252:20-3253:2.  The parties were able to reach agreement regarding the two versions of Exhibit 988, *id.* at 3253:7-20, so only PG&E's substantive objections remain.

**DISCUSSION**

As a threshold matter, it is entirely unclear how PG&E could have believed the Court permitted its filing of a pages-long and authority-heavy brief objecting to Government exhibits only minutes before trial on the very morning those exhibits were to be offered, and it is even less clear how PG&E could have believed the Court would have time to consider this brief (and the Government's opposing authorities) while simultaneously presiding over trial.  The wasted trial time that resulted is precisely the reason the Court requires that *any and all* objections to exhibits be made the day prior to the exhibits' proposed admission.  Dkt. No. 434 at 1.  Moving forward, the parties are

reminded, yet again,[2] that the Court's procedure is to orally hear any objections to exhibits to be offered in a party's case-in-chief on the day prior to the exhibits' proposed admission. *Id.* Though the Court has occasionally permitted the filing of written objections and written responses, either because the objections were voluminous or because time permitted fuller briefing, this is the exception, not the rule.

**I.   Government's Exhibit 967 is excluded.**

Government's Exhibit 967 is a June 16, 2014 letter attaching a grand jury subpoena to PG&E for certain strength test pressure records based on an earlier submission PG&E made to the California Public Utilities Commission ("CPUC"). PG&E objects that Exhibit 967 "is irrelevant, unduly prejudicial, and will lead to juror confusion." Flores Objs. at 1. Specifically, PG&E argues "the only conceivable reason to introduce the subpoena is to somehow argue about PG&E's compliance with it," which "is not an issue for the trial jury." *Id.* The Government responds only that the grand jury subpoena built upon a CPUC data response the Court separately ruled was admissible, and that the superseding indictment built upon PG&E's response to the grand jury subpoena. Trial Tr., Vol. 22 at 3249:5-3250:16.

Given the Government's repeated references to this very grand jury subpoena in complaining about PG&E's piecemeal disclosure of Strength Test Pressure Reports ("STPRs"), the Court shares PG&E's concern that Exhibit 967 is motivated by a desire to suggest PG&E has been less-than-forthcoming with its STPRs. *See, e.g.*, Trial Tr., Vol. 10 at 1483:10-1484:11.[3] But what the Government must prove beyond a reasonable doubt, to

---

[2] *See, e.g.*, Trial Tr., Vol. 9 at 1189:3-18 ("[M]oving forward you're on notice that I expect all evidentiary objections to be made at the time I hear objections to that particular exhibit.").

[3] Nothing in the Government's response suggests a more worthy purpose. It is utterly irrelevant that the Court separately admitted the CPUC data response upon which the challenged grand jury subpoena was built, Trial Tr., Vol. 22 at 3249:5-23, because that data response was not objected to on the same bases, Trial Tr., Vol. 21 at 2901:10-2902:25, and was independently relevant evidence of PG&E's STPR practices, *id.* at 2951:12-2952:11. It is likewise utterly unnecessary for the trial jury to view an actual

3

1   the trial jury, is that PG&E knowingly and willfully failed to make and retain strength test
2   pressure records as required by 49 C.F.R. § 192.517.  The Government has offered no
3   reason that an old grand jury subpoena for such records furthers this effort, but it is easy to
4   imagine how the admission of the subpoena itself would cause an unnecessary diversion
5   into the grand jury investigation, thereby confusing the issues.

   Accordingly, the Court agrees with PG&E that Exhibit 967 is both irrelevant under Federal Rule of Evidence ("Rule") 401 and therefore readily outweighed by the risk of juror confusion under Rule 403.  PG&E's objection to the admission of Government's Exhibit 967 is therefore SUSTAINED.

## II.   Government's Exhibit 988 is permitted.

Government's Exhibit 988 is composed of 196 pages of summary charts created by Ms. Flores and pertaining to PG&E's alleged violations of 49 C.F.R. §§ 192.917(e)(3) and (e)(4).  PG&E makes three objections to Exhibit 988: (i) "Exhibit 988 is inadmissible because it does not actually summarize voluminous documents under Rule 1006," Flores Objs. at 2; (ii) "Exhibit 988 should not be admitted into evidence because it contains misleading information," *id.* at 3; and (iii) "all of the documents underlying [Exhibit 988] have previously been admitted into evidence," *id.* at 4.[4]

The Ninth Circuit has explained that "[t]he purpose of [Rule 1006] is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury."  *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011).

---

grand jury subpoena that contains no PG&E admissions, regardless of whether PG&E's *response* to that subpoena informed the superseding indictment.  Trial Tr., Vol. 22 at 3250:5-16.

[4]   PG&E's late objections to Exhibit 988 are the most difficult to excuse, as PG&E first received a copy of this exhibit on June 3, 2016.  Dkt. No. 625 at 2.  Moreover, the timing of PG&E's present objection suggests opportunism.  PG&E sat on Exhibit 988 for 42 days, only to object to the exhibit's admission on the very morning it was to be offered.  Setting aside the fact that this delayed objection caused an early recess, so the Court could hear argument on Exhibit 988 outside the presence of the jury, PG&E's delay would have also effectively prevented the Government from making any alterations to the 196 charts underlying Exhibit 988, were the Court to find such changes necessary.

4

1   Even where this purpose is met, the proponent of a summary chart "must establish that the
2   underlying materials upon which the summary is based (1) are admissible in evidence and
3   (2) were made available to the opposing party for inspection." *Id.* On these first three
4   scores – purpose, admissibility, and availability – Exhibit 988 readily qualifies under Rule
5   1006. First, it is undeniable that Exhibit 988 would be useful to the jury in digesting the
6   highly technical evidence it has received over the first five weeks of this trial alone. Over
7   the course of trial, the jury has been exposed to countless new engineering terms and
8   acronyms; so many, indeed, that the Court granted the parties' unusual request to provide
9   the jury with a "glossary" of Pipeline Safety Act terms. Trial Tr., Vol. 5 at 666:12-667:1.
10  The jury has likewise been exposed to countless sources of evidence, from "BAPs" to
11  "IMPs" to "RSSs" to data responses and more, which Exhibit 988 serves to summarize.
12  Such assistance is perhaps more crucial here than in most cases, in the context of what
13  PG&E has repeatedly referred to as "one of the more complex criminal trials ever tried in
14  this district." *E.g.*, Dkt. No. 126 at 2. Second, given that the admission of all documents
15  underlying Exhibit 988 is the very basis for one of PG&E's objections, Flores Objs. at 4, it
16  is fair to say that there are no concerns about "admissibility." And third, PG&E withdrew
17  its "availability" objection to Exhibit 988 when the Government provided the underlying
18  charts on June 3, 2016, in advance of trial. Dkt. No. 660. Accordingly, Exhibit 988 at first
19  appears to meet the Ninth Circuit's requirements under Rule 1006, and this will remain
20  true unless one of PG&E's three objections counsels otherwise.

21         PG&E's first argument, that Exhibit 988 is inadmissible because it does not actually
22  summarize voluminous documents under Rule 1006, is unavailing for several reasons.
23  Though PG&E argues that the "charts cherry-pick misleading snippets of allegedly
24  inculpatory information from the documents while excluding clearly exculpatory
25  information," Flores Objs. at 3, PG&E will have an opportunity to cross-examine Ms.
26  Flores as to her methods in compiling the charts, *United States v. Anekwu*, 695 F.3d 967,
27  982 (9th Cir. 2012). Moreover, PG&E's objections about what the Government included
28  in the charts goes to their weight, not their admissibility. *See Rizk*, 660 F.3d at 1131 n.2

("But this contention—about what the charts did not include—goes to their weight rather than their admissibility."). Moreover, the Court is willing to entertain a limiting instruction along the lines previously approved by the Ninth Circuit, such as one "explaining that the jury should only afford the charts and summaries the weight that they would give to the underlying materials." *Anekwu*, 695 F.3d at 981. *See also United States v. Abbas*, 504 F.2d 123, 125 (9th Cir. 1974) (approving the district court's use of a limiting instruction on summary charts and faulting the defendant's failure to "request[] any additional language pertaining to the limiting instruction"). Accordingly, IT IS HEREBY ORDERED that the parties shall meet and confer on a proposed limiting instruction, and shall submit any agreed upon instruction no later than **7:30 A.M. on July 20, 2016**. If the parties cannot reach agreement on an instruction, then they are permitted to file separately proposed limiting instructions by the same date and time.

PG&E's second argument, that Exhibit 988 should be excluded under Rule 403 because it contains misleading information, is similarly unavailing. Despite having 42 days to review these charts, PG&E included only one example where Exhibit 988 "misunderstand[s] the underlying documents" by "misleadingly" and "incorrectly" citing them. Flores Objs. at 3. But such an error goes to weight, not admissibility. *See Rizk*, 660 F.3d at 1131 n.2 ("Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence.") (citation omitted). And to the extent PG&E believes such errors pervade the charts, then it can seriously limit any risk of confusion or misleading the jury under Rule 403 by exposing these errors on cross-examination of Ms. Flores. *Anekwu*, 695 F.3d at 982.

PG&E's third objection, that Exhibit 988 is improper because all underlying documents have previously been admitted into evidence, simply lacks merit in the Ninth Circuit. *See Rizk*, 660 F.3d at 1131 ("It is essential that the underlying records from which the summaries are made be admissible in evidence, and available to the opposing party for inspection, but the underlying evidence does not itself *have to be admitted* in evidence and presented to the jury.") (emphasis added); *Anekwu*, 695 F.3d at 982 ("[W]e cannot

conclude that the district court abused its discretion in admitting both the summary chart and underlying records into evidence.").

Accordingly, the Court agrees with the Government that Exhibit 988 is proper under Rule 1006. PG&E's objection to the admission of Government's Exhibit 988 is therefore OVERRULED.

### III.  Government's Exhibit 998 is not being offered.

Government's Exhibit 998 is a "formalization" of the notes Ms. Flores took to keep track of PG&E's STPRs as they "trickle[d] in" over time. Trial Tr., Vol. 22 at 3250:21-3251:5. The Government explains that it does not intend to offer Exhibit 998 into evidence, but prepared it "just in case [Ms. Flores] needs to refer to it to refresh her recollection," and provided it to PG&E as an early "Jencks" production. *Id.* at 3251:6-11. PG&E's concerns about Exhibit 998 are therefore unwarranted, and PG&E's efforts to exclude the exhibit mooted.

### CONCLUSION

For the reasons set forth above, PG&E's objections are SUSTAINED IN PART and OVERRULED IN PART, as follows:

1. PG&E's objection to Government's Exhibit 967 is SUSTAINED;
2. PG&E's objection to Government's Exhibit 988 is OVERRULED; and
3. PG&E's objection to Government's Exhibit 998 is MOOTED.

**IT IS SO ORDERED.**

Dated: 07/19/16

_____
THELTON E. HENDERSON
United States District Judge

7