UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PACIFIC GAS AND ELECTRIC COMPANY,

    Defendant.

Case No. 14-cr-00175-TEH

**ORDER REGARDING GOVERNMENT'S OBJECTIONS TO DEFENSE EXHIBITS**

Yesterday evening, the Government lodged objections to several "potential" exhibits Defendant Pacific Gas and Electric Company ("PG&E") may introduce during trial today, Dkt. No. 790, as well as three specific exhibits PG&E intends to introduce, Dkt. No. 791. PG&E timely responded to these objections. Dkt. Nos. 794, 796. Having carefully considered the parties' arguments, the Court now SUSTAINS IN PART the Government's objections.

**DOCKET 790**

The "potential" exhibits identified by the Government include: (i) exhibits demonstrating that California was a certified state under 49 U.S.C. § 60105(a) for the years 2007 through 2014, Dkt. No. 794 at 1, which appear to achieve the same purpose as PG&E's separately pending Request for Judicial Notice of Facts Related to 49 U.S.C § 60105(a), Dkt. No. 776; and (ii) the same maps of where PG&E employees live that this Court previously excluded as untimely under Federal Rule of Evidence ("Rule") 1006, Dkt. No. 758.

With respect to the "certification" exhibits, the Court shares the Government's skepticism that PG&E is attempting "to sidestep the Court's earlier ruling denying PG&E's motion to dismiss . . . [which] was based on the theory that Section 60105 limits the Attorney General's authority to prosecute intrastate pipelines in California because the

1   [California Public Utilities Commission ('CPUC')] has exclusive regulatory authority over

2   such pipelines." Dkt. No. 789 at 1. Moreover, the only relevance PG&E has offered for

3   these exhibits is that they explain "the basis for the CPUC's authority to regulate PG&E."

4   Dkt. No. 794 at 1. But California's status as a certified state is not a "fact . . . of

5   consequence in determining [this] action." Fed. R. Evid. 401; *see also* Dkt. No. 216. For

6   this reason, the exhibits risk confusing the issues the jury is being asked to consider, while

7   offering little to no probative value. Accordingly, the Court SUSTAINS the Government's

8   Rule 401 and 403 objections to these exhibits.[1]

9   With respect to the maps, this Court previously held that "[u]nless and until PG&E

10   can convince the Court that the maps . . . are something other than summary exhibits, the

11   maps shall . . . be excluded under Rule 1006 for PG&E's failure to timely disclose them

12   and the content they summarize." Dkt. No. 758 at 3-4. Far from challenging the

13   application of Rule 1006, PG&E now concedes that the maps are "quintessential summary

14   exhibits" under the Rule. Dkt. No. 794 at 1. And "possession for over a week" in the

15   course of a complex criminal prosecution, *id.*, still fails to constitute production "at a

16   reasonable time and place." Fed. R. Evid. 1006. The Court's ruling on the admissibility of

17   these maps therefore has not changed. That said, the Government's most recent objection

18   to the maps did not include a Rule 1006 argument. Accordingly, IT IS HEREBY

19   ORDERED that the Government shall inform the Court, by the first break in trial today,

20   whether it believes it has had a sufficient opportunity to verify the reliability and accuracy

21   of the maps in the intervening week since it received them.

22   //

23   //

24

25   [1]   This ruling does not prevent PG&E from offering some better explanation for the
relevance of such information in a reply in support of its separately pending Request for
26   Judicial Notice of Facts Related to 49 U.S.C § 60105(a), Dkt. No. 776, which the
Government has timely opposed, Dkt. No. 789. If PG&E wishes to offer such
27   justification, IT IS HEREBY ORDERED that PG&E shall file a reply in support of its
Request for Judicial Notice no later than **9:00 A.M. on July 24, 2016**, in a brief not to
28   exceed five pages.

United States District Court
Northern District of California

**DOCKET 791**

As to the three specific exhibits identified by the Government – Defense Exhibits 119, 267, and 273 – the Government's only objection is that the entirety of the documents be admitted under Rule 106.  Dkt. No. 791 at 1.  PG&E's response *suggests* the parties have actually reached agreement on this issue since the Government's filing, which would obviate the need for any evidentiary rulings on these exhibits.  Dkt. No. 796 at 1.  It is not clear, however, whether the Government's agreement to "stipulate to the admission of . . . D-119, D-267, and D-273" was conditioned upon PG&E's agreement to admit "all of D-147 except for portions that explicitly reference San Bruno," to which PG&E has not agreed.  *Id.*

Accordingly, the Court tentatively accepts the parties' stipulations as to Defense Exhibits 119, 267, and 273.  And the Court's ruling on Defense Exhibit 147 stands: "If the Government can identify other portions of this exhibit 'that in fairness ought to be considered at the same time,' Fed. R. Evid. 106, then the Court will consider admitting those portions under Rule 106, within the confines of its prior evidentiary rulings.'"  Dkt. No. 786.

**IT IS SO ORDERED.**

Dated:   07/07/16

THELTON E. HENDERSON
United States District Judge