UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

PACIFIC GAS AND ELECTRIC COMPANY,

   Defendant.

Case No. 14-cr-00175-TEH

**ORDER REGARDING ADDITIONAL BRIEFING ON DEFENDANT'S REQUEST FOR CURATIVE INSTRUCTION**

On July 21, 2016, PG&E filed a Request for Curative Instruction Regarding Count One, Dkt. No. 785, which the Government timely opposed, Dkt. No. 793.

The Court agrees with the Government that no "curative" instruction is required because the testimony elicited from Government witness Ravindra Chhatre fell within the boundaries set by the Court's prior evidentiary rulings. *See* Dkt. No. 460 at 35 ("The fact that PG&E continuously withheld information or violated NTSB rules certainly has a tendency to make less probable PG&E's argument that the alleged shortcomings with the April 6, 2011 letter were innocent mistakes."); *id.* at 35-36 ("PG&E's other alleged misconduct before the NTSB is inextricably intertwined with the April 6, 2011 letter because it is evidence that PG&E possessed the 'corrupt intent' that is required for that count throughout the entire 'transaction that serves as a basis' for the count, namely, throughout the NTSB investigation.").

But PG&E's request raises a different concern, one that apparently had not occurred to PG&E at the time it filed its proposed jury instruction on Count One: that it would be "an unconstitutional constructive amendment or a fatal variance" for the Government to seek a conviction on the basis of *conduct* other than the April 6, 2011 letter.[1] Dkt. No. 785 at 1. Though the Government recently argued that "the charging language in the

---

[1] Neither party's proposed instruction on Count One made any mention of the April 6, 2011 letter. *See* Dkt. No. 303 at 6; Dkt. No. 304 at 20.

1  indictment is not restricted to the April 6th letter, but charges obstruction of the NTSB
2  investigation," Trial Tr., Vol. 24 at 3464:16-18, the Court has never received briefing from
3  the parties on this issue. And it is absolutely crucial that the Court properly instruct the
4  jury on what it must find, beyond a reasonable doubt, in order to find PG&E guilty of
5  Count One.

Accordingly, IT IS HEREBY ORDERED that the parties shall file simultaneous briefs addressing this issue by **9:00 A.M. on July 24, 2016**. These supplemental briefs shall not exceed five pages. If either party believes its briefing warrants an amendment to its previously proposed instruction on Count One, it shall submit an amended instruction at the same time. Finally, if either party wishes to respond to the opposing party's supplemental briefing, it shall do so by **9:00 P.M. on July 24, 2016**, in a brief not to exceed five pages.

**IT IS SO ORDERED.**

Dated: 07/22/16

THELTON E. HENDERSON
United States District Judge