UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　　v.

PACIFIC GAS AND ELECTRIC
COMPANY,

　　　　　Defendant.

Case No. 14-cr-00175-TEH

**ORDER REGARDING JURY
INSTRUCTIONS ON INTENT
ELEMENTS FOR REGULATORY
COUNTS**

　　　　Defendant Pacific Gas and Electric Company ("PG&E") is charged with twelve crimes under 49 U.S.C. § 60123(a) ("Section 60123(a)").  That statute makes it a crime for any person to "knowingly and willfully" violate any regulation prescribed or order issued under 49 U.S.C. Chapter 601, or the "Pipeline Safety Act."  The twelve counts brought under Section 60123(a) charge PG&E with violating seven such regulations: 49 C.F.R. § 192.917(b) (Count 2); 49 C.F.R. § 192.709(a) (Counts 3-4); 49 C.F.R. § 192.917(a) (Count 5); 49 C.F.R. § 192.919 (Count 6); 49 C.F.R. § 192.917(e)(3) (Count 7); 49 C.F.R. § 192.917(e)(4) (Count 8); and 49 C.F.R. § 192.517(a) (Counts 9-13).

　　　　To facilitate the jury instruction conference with respect to the intent elements of these regulatory counts, the Court provides this written explanation of its jury instructions on those elements.  The Court lists below each jury instruction related to Section 60123(a)'s "knowing" and "willful" elements,[1] and then explains the legal basis for that instruction.

//

//

---

[1]   Not to be confused with Jury Instructions No. 21 ("CORRUPTLY—DEFINED") and No. 22 ("CORRUPT INTENT OF A CORPORATION"), for which the Court found support in 18 U.S.C. § 1515(b) and *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448 (9th Cir. 1986), respectively.

United States District Court
Northern District of California

1

## I.   KNOWINGLY—DEFINED

2      Jury Instruction No. 25 – "KNOWINGLY—DEFINED" – reads:

3
                An act is done knowingly if the defendant is aware of the act
4           and does not act through ignorance, mistake, or accident.  You
            may consider evidence of the defendant's words, acts, or
            omissions, along with all the other evidence, in deciding
5           whether the defendant acted knowingly.

6      The parties agree on this definition of "knowingly," which is rooted in Ninth Circuit

7  Model Criminal Jury Instruction 5.6.  U.S.'s Separately Proposed Jury Instructions ("Gov't

8  Instrs.") at 3 (Dkt. No. 303); Def.'s Objs. to Gov't's Proposed Jury Instructions ("Def.'s

9  Objs.") at 3 (Dkt. No. 310).

10

11

12

## II.   KNOWLEDGE OF A CORPORATION

13      Jury Instruction No. 26 – "KNOWLEDGE OF A CORPORATION" – reads:

14
                The knowledge obtained by corporate employees acting within
            the scope of their employment is imputed to the corporation.
15          Accordingly, if a specific employee knows something within
            the scope of his or her employment, then the corporation can
16          be said to know that same thing.

17              The corporation is also considered to have acquired the
            collective knowledge of its employees.   The corporation's
18          "knowledge" is therefore the totality of what its employees
            know within the scope of their employment.

19

20      As this Court previously held, "[t]here is ample persuasive precedent and

21  widespread acceptance of legal treatises that define a 'collective knowledge' theory to

22  prove that a corporate defendant acted 'knowingly.'"  Order Den. Def.'s Mot. to Dismiss

23  for Erroneous Legal Instructions ("First Order") at 5 (Dkt. No. 219).  For example, in

24  *United States v. Bank of New England*, 821 F.2d 844 (1st Cir. 1987), the First Circuit held

25  that "[a] collective knowledge instruction is entirely appropriate in the context of corporate

26  criminal liability."  821 F.2d at 856.  The *Bank of New England* court therefore upheld the

27  trial court's instruction that: "[A bank's] knowledge is the sum of the knowledge of all of

28  the employees.  That is, the bank's knowledge is the totality of what all of the employees

United States District Court
Northern District of California

1  know within the scope of their employment." *Id.* at 855.

2

3

4  **III.    WILLFULLY—DEFINED**

5      Jury Instruction No. 27 – "WILLFULLY—DEFINED" – reads:

6          In the context of regulatory compliance, an act is done willfully
7          if the defendant shows a disregard for the governing regulation
           and an indifference to the regulation's requirements.

8      "The word 'willfully' is sometimes said to be 'a word of many meanings' whose

9  construction is often dependent on the context in which it appears." *Bryan v. United*

10  *States*, 524 U.S. 184, 191 (1998). Indeed, the term is so fluid that the Ninth Circuit has

11  declined to offer a standard jury instruction for "willfulness." *See* Ninth Cir. Model Crim.

12  Jury Instruction 5.5 ("As the meaning of 'willfully' necessarily depends on particular facts

13  arising under the applicable statute, the Committee has not provided a generic instruction

14  defining that term.").

15      PG&E argues for an instruction that "[a]n act is done willfully if it was committed

16  voluntarily and purposely, with the specific intent to do something the law forbids; that is,

17  with the bad purpose to disobey or disregard the law," and that "[t]he jury must find

18  beyond a reasonable doubt that an employee of the defendant acted with an evil-meaning

19  mind, acting with knowledge that his or her conduct was unlawful." Def.'s Separately

20  Proposed Jury Instructions ("Def.'s Instrs.") at 12 (Dkt. No. 304). PG&E's chief support

21  for this instruction is *Bryan v. United States*, 524 U.S. 184 (1998). *Id.* And PG&E is

22  correct to note that in *Bryan*, "the Supreme Court . . . held that [to establish willfulness] the

23  government must prove that the defendant acted 'with an evil-meaning mind, that is to say,

24  that he acted with knowledge that his conduct was unlawful.'" Def.'s Objs. at 8 (quoting

25  *Bryan*, 524 U.S. at 193). What PG&E fails to note, however, is that in so holding, the

26  *Bryan* Court cited another Supreme Court case to acknowledge the "variety of phrases

27  [that] have been used to describe" willfulness. 524 U.S. at 191. It is *that* case – *United*

28  *States v. Murdock*, 290 U.S. 389 (1933) – and its progeny, that serve as the basis for the

United States District Court
Northern District of California

3

1    Court's instruction on willfulness.

2           In *Murdock*, the defendant was prosecuted under the Revenue Acts of 1926 and

3    1928, which made it a misdemeanor for a person to "willfully" fail to pay the required tax.

4    290 U.S. at 391-92.  The *Murdock* Court stated that "willfully" means, among other things,

5    "marked by careless disregard [for] whether or not one has the right so to act."  *Id.* at 395.

6    Several years later, the Supreme Court applied this definition of "willfully" to the civil

7    context in *United States v. Illinois Central Railroad Co.*, 303 U.S. 239 (1938).  There, the

8    Court found that the defendant's failure to unload a cattle car was "willful" because it

9    showed a "disregard of the [governing] statute and indifference to its requirements."  303

10   U.S. at 243.

11          Though *Murdock* and *Illinois Central* are decades old, the Supreme has not

12   abandoned them.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56 (2007) ("GEICO and

13   Safeco argue that liability under § 1681n(a) for 'willfully fail[ing] to comply' with [Fair

14   Credit Reporting Act] goes only to acts known to violate the Act, not to reckless disregard

15   of statutory duty, but we think they are wrong.") (citing *Illinois Central*'s application of

16   the *Murdock* definition of "willfully"); *Trans World Airlines, Inc. v. Thurston*, 469 U.S.

17   111, 126-28 (1985) (summarizing the *Murdock–Illinois Central* line and holding that

18   "willful," as used as in the liquidated damages provision of the Age Discrimination in

19   Employment Act of 1967 ("ADEA"), covers claims of "reckless disregard" for the

20   ADEA).

21          The Supreme Court is not alone in defining "willfully" in this manner.  The Ninth

22   Circuit has applied a similar definition of "willful" in the context of at least one civil

23   statute.  *See Stein Distrib. Co. v. Dept. of Treasury Bureau of Alcohol, Tobacco &*

24   *Firearms*, 779 F.2d 1407, 1413 (9th Cir. 1986) ("Stein argues that the Director erred in

25   finding its conduct a willful violation of the Act . . . [but the] facts are sufficient to support

26   the Director's findings that Stein acted with an intentional disregard of the statute or plain

27   indifference to its requirements.").  Both the Supreme Court and the Ninth Circuit have

28   therefore endorsed defining willfulness as "disregard" for the governing law and an

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    "indifference to its requirements."  *Thurston*, 469 U.S. at 127; *Stein Distrib. Co.*, 779 F.2d

2    at 1413.

3    The only question for this Court, then, is whether doing so is proper in the context

4    of the Pipeline Safety Act.  Given that a criminal prosecution under Section 60123(a) is

5    unchartered territory, the Court is left without guidance from other courts on how to define

6    "willfully" for the purposes of that Section, and the Section's legislative history is

7    similarly sparse.  *See Thurston*, 469 U.S. at 125-26 (examining prior case law and the

8    legislative history of the ADEA in deciding what constituted a "willful" violation).  The

9    Court has asked PG&E to provide authority for its position that it would be improper to

10   apply *Murdock*'s "lower" standard for willfulness to Section 60123(a), but PG&E has

11   provided none.  Order Den. Def.'s Mot. to Dismiss for Erroneous Legal Instructions at 8

12   n.3 (Dkt. No. 219).  Meanwhile, doing so is consistent with the *Illinois Central* Court's

13   explanation for when the *Murdock* definition should apply.  *See* 303 U.S. at 242-43 ("In

14   statutes denouncing offenses involving turpitude, 'willfully' is generally used to mean with

15   evil purpose, criminal intent or the like.  But in those denouncing acts not in themselves

16   wrong, the word is often used without any such implication.  [In those latter cases] . . . it is

17   employed to characterize 'conduct marked by careless disregard whether or not one has the

18   right so to act.'").

19   Accordingly, the Court is convinced that the definition of "willfully" offered in

20   *Murdock* and *Illinois Central* and applied in cases like *United States v. T.I.M.E. - D.C.*,

21   Inc., 381 F. Supp. 730 (W.D. Va. 1974) (of which this Court has previously approved,

22   First Order at 6-9), is the most proper definition of "willfully" for Section 60123(a).[2]

23

24   [2]   In its Order Denying Defendant's Motion to Dismiss Counts 4, 5 and 24-28 as Barred
     by the Statute of Limitations, the Court noted that willfully can mean "the voluntary and
25   intentional violation of a known legal duty or the purposeful omission to do what the law
     requires."  Dkt. No. 215 ("Limitations Order") at 10 (quoting *United States v. Murphy*, 469
26   F.3d 1130, 1137 (7th Cir. 2006)).  But there, the Court was citing the meaning of that term
     under 26 U.S.C. § 7203, *id.*, not defining that term for the purposes of Section 60123(a).
27   And applying the Jury Instruction No. 27 definition of "willfully" to the Limitations Order
     would change nothing about the relevant conclusion reached in that Order, that "The
28

United States District Court
Northern District of California

## IV.    WILLFUL INTENT OF A CORPORATION

Jury Instruction No. 28 – "WILLFUL INTENT OF A CORPORATION" – reads:

> The willfulness of corporate employees acting within the scope of their employment is imputed to the corporation. Accordingly, if a specific employee acted willfully within the scope of his or her employment, then the corporation can be said to have acted willfully.

> In the context of regulatory compliance, the corporation is also considered to have acted willfully if it knew that its employees were violating a regulation, and still failed to ensure compliance with that regulation.

As this Court previously indicated, *T.I.M.E.* "is the closest factual and legal comparison that either party has offered the Court to consider" in defining corporate "willfulness" under Section 60123(a).  First Order at 8.  There, the court held that a corporate defendant could be said to have "consciously disregarded the regulation or [been] plainly indifferent to its requirement" – or in other words, to have acted "willfully" under *Murdock* – where the corporation had an affirmative responsibility not to violate a regulation, was cognizant that its employees were violating that regulation, but still "adopted a more or less 'hands-off' attitude towards compliance."  381 F. Supp. at 740-41.

PG&E has since argued that relying on *T.I.M.E.* is inappropriate because it is over forty years old and has been cited only 14 times.  Def.'s Objs. at 8 n.1.  But PG&E ignores the fact that one of those 14 citations was by the First Circuit in *Bank of New England* – one of the leading cases on corporate knowledge and intent – and another was by the Ninth Circuit.  *Bank of New England*, 821 F.2d at 856; *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1387 (9th Cir. 1986).  PG&E has also since argued that *T.I.M.E.*'s "watered-down willfulness standard" has no application under Section 60123(a).  Def.'s Objs. at 7.  But as discussed above, the *T.I.M.E.* definition of "willfully" is consistent with how the Supreme Court has interpreted this term in the context of regulatory compliance.

---

Government Need Not Allege an Act of 'Destruction' to Allege a Knowing and Willful Violation of Section 192's Recordkeeping Provisions."  *Id.* at 9.

6

The Court therefore maintains its position that *T.I.M.E.* is the best precedent for this case, First Order at 8, and relied upon *T.I.M.E.* in drafting Jury Instruction No. 28.

**IT IS SO ORDERED.**

Dated:   07/26/16

_____
THELTON E. HENDERSON
United States District Judge