UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>     v.<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>             Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL MATERIALS FROM MARGARET FELTS AND DAVID BERGER** |

      Once again, Defendant Pacific Gas and Electric Company ("PG&E") seeks evidence from Margaret Felts and David Berger, two private consultants who worked with the Government on this case. The most recent and currently pending motion is a motion to compel materials from Felts and Berger filed by PG&E on the day the Government rested its case and the day before PG&E rested its own case. Dkt. No. 783. The Government timely opposed the motion. Dkt. No. 801.

      The final deadline for filing discovery motions was March 28, 2016. Dkt. No. 369 at 3. PG&E nonetheless contends its motion is timely because of "recent revelations." Dkt. No. 783 at 5. However, as the record makes clear, PG&E has long known about the involvement of Felts and Berger – indeed, the motion itself argues that PG&E "Has Persistently Sought Materials from Felts and Berger," *id.* at 1 – and neither of PG&E's two cited "revelations" is "recent." First, PG&E cites the July 20, 2016 testimony of Agent Sandra Flores that she "look[ed] at some of [Felts's] work product" in preparing her own summary charts, Trial Tr., Vol. 24 at 3475:1-3, as evidence that "Felts Has Prepared Work-Product Underlying Testimony in This Case," Dkt. No. 783 at 5. This is not news to PG&E, which has known about Felts's extensive involvement in this case for many

1   months.[1]  Second, PG&E cites a chart it received from Berger "earlier this month" in
2   response to a trial subpoena, *id.* at 1, as newly produced and potentially exculpatory
3   evidence that PG&E did not have the benefit of using in cross-examining the
4   Government's witnesses.  However, the Government's previously produced version of the
5   chart includes all of the language on which PG&E now attempts to rely.  *Compare* Dkt.
6   No. 783 at 2-4 (quoting from chart received from Berger) *with* Dkt. No. 782-1 (chart
7   produced by Government and ultimately admitted as Exhibit D-147).  Thus, PG&E's
8   purported new evidence is not, in fact, new.
9       Accordingly, PG&E has not justified the late filing of this motion to compel, and
10  the motion is DENIED as untimely.

**IT IS SO ORDERED.**

Dated:   07/26/16

_____
THELTON E. HENDERSON
United States District Judge

---

[1]  Moreover, this Court has previously held that the work-product doctrine "extends to consultants like Berger and Felts (who have been hired for the express purpose of assisting the prosecution team)."  Dkt. No. 662 at 9-10 n.12.