UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | Case No. 14-cr-00175-TEH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE** |

On July 16, 2016, Defendant Pacific Gas and Electric Company ("PG&E") filed a Motion to Exclude and for an Order to Show Cause, arguing that the Court should: (1) exclude the Government's 1,850-page proposed exhibit of PG&E's "Articles of Incorporation"; and (2) issue an order to show cause ("OSC") to investigate the Government's alleged misconduct in including highly prejudicial material in the proposed exhibit. Dkt. No. 763.

The proposed exhibit arose as a result of the unhelpful and unproductive gamesmanship that has, unfortunately, been a hallmark of this case. PG&E previously agreed that it was a "person" within the meaning of the Pipeline Safety Act, but ultimately refused to enter such a stipulation after the Government refused to consider other stipulations proposed by PG&E. Dkt. No. 766-1, Ex. A. Suddenly needing to prove this fact, the Government hastily obtained "a certified copy of all filings relating to the defendant's incorporation" from the California Secretary of State, which it then offered as an exhibit of PG&E's "Articles of Incorporation." *Id.* ¶ 5.

The parties have now stipulated that, "[a]t all times during the period of indictment, defendant Pacific and Gas [sic] Electric Company was a corporation."[1] Dkt. No. 769.

---

[1] PG&E also "does not contest that it was a 'person' within the Pipeline Safety Act." Dkt. No. 803 at 1.

Consequently, the Government no longer seeks to admit the contested exhibit. PG&E's motion to exclude is therefore moot.

Nonetheless, PG&E continues to seek an OSC against the Government for what it contends was "an intentional effort to mislead the defendant and the Court and to violate the Court's pretrial orders." Dkt. No. 763 at 5. To that end, the Government admits that it "did not review all of the materials before bringing them into Court and raising with the Court that the government now needed to amend its exhibit list to add the defendant's articles of incorporation." Dkt. No. 766-1 ¶ 5. The Government also confirms that it "did not add anything to the materials provided by the Secretary of State" before seeking to introduce the materials into evidence. Dkt. No. 802 at 1-2.

Certainly, the Government should have reviewed the proposed exhibit in full before seeking its admission into evidence, and it should not have relied on PG&E to identify objectionable evidence contained in the exhibit. However, when presented with PG&E's objections, the Government "fully agree[d] with PG&E that unfairly prejudicial information relating to the San Bruno explosion and other topics ought to be redacted before the exhibit is offered into evidence." Dkt. No. 766 at 4. The Government further explained that it "would have readily agreed to the redactions and worked with PG&E to craft a version of the exhibit acceptable to both sides," had PG&E raised the issue with the Government informally. *Id.* This therefore appears to be a case of sloppy Government lawyering, done in PG&E-induced haste, rather than a bad-faith attempt by the Government to mislead PG&E or the Court or to admit evidence the Court previously ruled was inadmissible.

Accordingly, PG&E's motion for an OSC is DENIED.

**IT IS SO ORDERED.**

Dated: 07/26/16   _____
THELTON E. HENDERSON
United States District Judge

2