UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>      Defendant. | Case No. 14-cr-00175-TEH<br><br>**JURY INSTRUCTIONS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# JURY INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**JURY INSTRUCTION NO. 3**

**<u>REASONABLE DOUBT</u>**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4**

**<u>WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

    1.  the sworn testimony of any witness;

    2.  the exhibits received in evidence; and

    3.  any facts to which the parties have agreed.

**JURY INSTRUCTION NO. 5**


**<u>WHAT IS NOT EVIDENCE</u>**


In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6**

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 7

## <u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

1.  the witness's opportunity and ability to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 8**

**<u>OPINION EVIDENCE, EXPERT WITNESS</u>**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain summaries have been admitted in evidence.  Summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**JURY INSTRUCTION NO. 10**

**<u>DUTY TO DELIBERATE</u>**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 11

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, such as via email, text messaging, or any Internet chat room, blog, website or posting about the case on any social media such as Facebook or Twitter. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**<u>USE OF NOTES</u>**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

**JURY INSTRUCTION NO. 13**

2

3

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

4

5

  A separate crime is charged against the defendant in each count.  You must decide

6

each count separately.  Your verdict on one count should not control your verdict on any

other count.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charged crimes.  The defendant is not on trial for any conduct or offense not discussed in these instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**<u>JURY CONSIDERATION OF PUNISHMENT</u>**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 16

## <u>STATEMENTS BY DEFENDANT</u>

You have heard testimony that employees of the defendant made various statements.  It is for you to decide: (1) whether the employees made those statements; and (2) if so, how much weight to give to them.  In so doing, you should consider all the evidence about the statements, including the circumstances under which employees of the defendant may have made them.

**JURY INSTRUCTION NO. 17**

**<u>CORPORATE DEFENDANT</u>**

The fact that a defendant is a corporation should not affect your verdict.  Under the law, a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

**JURY INSTRUCTION NO. 18**

**<u>RESPONDEAT SUPERIOR</u>**

Although a corporation is considered a person, as a legal entity it can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their employment.  A purpose to benefit the corporation is necessary to bring the acts of employees, agents, directors, and officers within the scope of their employment.

1

2

3

**JURY INSTRUCTION NO. 19**

4

5

6

**ELEMENTS OF THE OFFENSE—COUNT ONE (18 U.S.C. § 1505)**

7

8

I will now begin my instructions on the charges in the indictment.  The defendant is charged in Count One with obstructing a pending agency proceeding before the National Transportation Safety Board, or the "NTSB," in violation of 18 United States Code Section 1505.  This charge is based on a letter the defendant sent to the NTSB on April 6, 2011.

9

10

In order for the defendant to be found guilty on Count One, the government must prove each of the following elements beyond a reasonable doubt:

11

12

**First,** there was a proceeding pending before a department or agency of the United States between September 10, 2010 and September 30, 2011;

13

14

**Second,** the defendant was aware of that proceeding;

15

16

**Third,** the defendant intentionally endeavored corruptly to influence, obstruct, or impede that proceeding, specifically through its submission of the April 6, 2011 letter to the NTSB; and

17

18

**Fourth,** the defendant's corrupt conduct in submitting the April 6, 2011 letter was material to that proceeding.

The NTSB's investigation of the San Bruno explosion is an agency proceeding for the purposes of 18 United States Code Section 1505.

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

**JURY INSTRUCTION NO. 20**

**<u>ENDEAVOR—DEFINED</u>**

As used in 18 United States Code Section 1505, the term "endeavor" means to intentionally make an effort to influence, obstruct, or impede the pending proceeding.  An endeavor does not need to be successful or achieve the desired result.

**JURY INSTRUCTION NO. 21**

**<u>CORRUPTLY—DEFINED</u>**

As used in 18 United States Code Section 1505, the term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**<u>CORRUPT INTENT OF A CORPORATION</u>**

Because a corporation can act only through its employees, the government must prove beyond a reasonable doubt that one or more employees of the defendant corruptly committed the acts charged in Count One.  However, the employee who possesses the corrupt intent need not be the same employee who carries out the act effectuating that corrupt intent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 23**


**MATERIALITY—DEFINED**


An act is "material" if it has a natural tendency to influence, or is capable of influencing, the investigation.  The government must therefore prove beyond a reasonable doubt that the charged conduct was capable of influencing the investigation by, for example, causing the NTSB to cease its investigation, pursue different avenues of inquiry, or reach a different outcome.

**JURY INSTRUCTION NO. 24**

**<u>VIOLATIONS OF REGULATIONS PRESCRIBED UNDER THE PIPELINE
SAFETY ACT</u>**

I will now begin my instructions on the regulatory charges in the indictment.  49 United States Code Section 60123(a) makes it a crime for any person to "knowingly and willfully" violate any regulation prescribed or order issued under 49 United States Code Chapter 601, or the "Pipeline Safety Act."  The defendant is charged with violating seven such regulations.  For all of the Pipeline Safety Act regulatory charges, the government must therefore prove that the defendant violated these regulations knowingly and willfully.

A "person" includes a corporation.

# JURY INSTRUCTION NO. 25

## **KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# JURY INSTRUCTION NO. 26

## **KNOWLEDGE OF A CORPORATION**

The knowledge obtained by corporate employees acting within the scope of their employment is imputed to the corporation.  Accordingly, if a specific employee knows something within the scope of his or her employment, then the corporation can be said to know that same thing.

The corporation is also considered to have acquired the collective knowledge of its employees.  The corporation's "knowledge" is therefore the totality of what its employees know within the scope of their employment.

**JURY INSTRUCTION NO. 27**

**WILLFULLY—DEFINED**

An act is done willfully if the defendant voluntarily and intentionally violates a known legal duty.  A good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates willfulness.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28**

**<u>WILLFUL INTENT OF A CORPORATION</u>**

  The willfulness of corporate employees acting within the scope of their employment is imputed to the corporation.  Accordingly, if a specific employee acted willfully within the scope of his or her employment, then the corporation can be said to have acted willfully.

1

**JURY INSTRUCTION NO. 29**

2

3

**ELEMENTS OF THE OFFENSE—COUNT TWO (49 C.F.R. § 192.917(b))**

4

5

The defendant is charged in Count Two with knowingly and willfully violating 49 Code of Federal Regulations Section 192.917(b), in violation of 49 United States Code Section 60123(a).  The defendant is charged with violating Section 192.917(b) on the following lines: Line 132 and 109.

6

7

In order for the defendant to be found guilty on Count Two, the government must prove each of the following elements beyond a reasonable doubt, for either Line 132 or Line 109:

8

9

10

**First,** between April 17, 2007 and September 9, 2010, the defendant was a person;

11

**Second,** during that time period, the defendant was an operator of a natural gas pipeline; and

12

13

**Third,** during that time period, the defendant knowingly and willfully failed to, for the purpose of identifying and evaluating the potential threats to a covered pipeline segment, gather and integrate existing data and information on the entire pipeline that could be relevant to the covered segment.

14

15

16

In gathering and integrating existing data and information, the defendant was required, at a minimum, to gather and evaluate the set of data specified in Appendix A to ASME/ANSI B31.8S, and consider on both the covered segment and similar non-covered segments, past incident history, corrosion control records, continuing surveillance records, patrolling records, maintenance history, internal inspection records and all other conditions specific to each pipeline.

17

18

19

20

21

The potential threats that an operator must consider are defined in the Count Five instruction.

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**ELEMENTS OF THE OFFENSE—COUNTS THREE AND FOUR**
**(49 C.F.R. § 192.709(a))**

The defendant is charged in Counts Three and Four with knowingly and willfully violating 49 Code of Federal Regulations Section 192.709(a), in violation of 49 United States Code Section 60123(a).  The defendant is charged with violating Section 192.709(a) on the following lines: Line 132 (Count Three) and Line 109 (Count Four).

In order for the defendant to be found guilty on Counts Three or Four, the government must prove each of the following elements beyond a reasonable doubt, for Line 132 (Count Three) or Line 109 (Count Four):

**First,** between April 17, 2007 and September 9, 2010, the defendant was a person;

**Second,** during that time period, the defendant was an operator of a natural gas pipeline; and

**Third,** the defendant knowingly and willfully failed to maintain a record of a repair made to pipe (including pipe-to-pipe connections) prior to April 17, 2007 that included the information listed below, provided the knowing and willful failure to maintain that record continued beyond April 17, 2007.

The above-referenced records must be retained for as long as the pipe remains in service.  The records must contain at least the following information: the date, location, and description of each repair.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31**

**ELEMENTS OF THE OFFENSE—COUNT FIVE (49 C.F.R. § 192.917(a))**

The defendant is charged in Count Five with knowingly and willfully violating 49 Code of Federal Regulations Section 192.917(a), in violation of 49 United States Code Section 60123(a).  The defendant is charged with violating Section 192.917(a) on the following lines: Line 132, Line 153, and DFM 1816-01.

In order for the defendant to be found guilty on Count Five, the government must prove each of the following elements beyond a reasonable doubt, for at least one of Line 132, Line 153, or DFM 1816-01:

**First,** between April 17, 2007 and January 22, 2010, the defendant was a person;

**Second,** during that time period, the defendant was an operator of a natural gas pipeline; and

**Third,** during that time period, the defendant knowingly and willfully failed to identify and evaluate all potential threats to each covered pipeline segment.

Potential threats that an operator must consider include, but are not limited to, the threats listed in ASME/ANSI B31.8S, Section 2.  Those nine "potential threats" are listed below, and grouped into four categories:

1. time-dependent threats:
   a. internal corrosion
   b. external corrosion
   c. stress corrosion cracking

2. static or resident threats:
   a. manufacturing related defects, including defective pipe seam or defective pipe
   b. welding/fabrication related, including defective pipe girth weld, defective fabrication weld, wrinkle bend or buckle, or stripped threads/broken pipe/coupling
   c. equipment, including gasket O-ring failure, control/relief equipment malfunction, or seal/pump packing failure

3. time-independent threats:
   a. third party/mechanical damage, including damage inflicted by first, second, or third parties (instantaneous/immediate failure), previously damaged pipe (delayed failure mode), or vandalism

32

        b.  incorrect operational procedure

        c.  weather-related and outside force, including cold weather, lightning, heavy rains or flood, or earth movements

4.  human error.

**JURY INSTRUCTION NO. 32**

**ELEMENTS OF THE OFFENSE—COUNT SIX (49 C.F.R. § 192.919)**

The defendant is charged in Count Six with knowingly and willfully violating 49 Code of Federal Regulations Section 192.919, in violation of 49 United States Code Section 60123(a).  The defendant is charged with violating Section 192.919 on the following lines: Line 132, Line 153, and Line 109.

In order for the defendant to be found guilty on Count Six, the government must prove each of the following elements beyond a reasonable doubt, for at least one of Line 132, Line 153, or Line 109:

**First,** between April 17, 2007 and January 22, 2010, the defendant was a person;

**Second,** during that time period, the defendant was an operator of a natural gas pipeline; and

**Third,** the defendant knowingly and willfully failed to include in a Baseline Assessment Plan either:

    1.  the potential threats to each covered pipeline segment identified under 49 Code of Federal Regulations Section 192.917, and the information supporting the threat identification; OR

    2.  the methods selected to assess all potential threats on covered segments.

1

**JURY INSTRUCTION NO. 33**

2

3

**ELEMENTS OF THE OFFENSE—COUNT SEVEN (49 C.F.R. § 192.917(e)(3))**

4

5

      The defendant is charged in Count Seven with knowingly and willfully violating 49

6

Code of Federal Regulations Section 192.917(e)(3), in violation of 49 United States Code
Section 60123(a).  The defendant is charged with violating Section 192.917(e)(3) on the
following lines: Line 132, Line 153, DFM 1816-01, and Line 109.

7

8

      In order for the defendant to be found guilty on Count Seven, the government must
prove each of the following elements beyond a reasonable doubt, for at least one of Line
132, Line 153, DFM 1816-01, or Line 109:

9

10

      **First,** between April 17, 2007 and January 22, 2010, the defendant was a person;

11

      **Second,** during that time period, the defendant was an operator of a natural gas
pipeline;

12

13

      **Third,** during that time period, the defendant identified the threat of manufacturing
defects in a covered segment;

14

15

      **Fourth**, a "changed circumstance" occurred; and

16

      **Fifth**, following the changed circumstance, the defendant knowingly and willfully
failed to prioritize the covered segment as a high risk segment for the baseline
assessment or a subsequent reassessment.

17

18

      A "changed circumstance" means either:

19

20

    1.  operating pressure increased above the maximum operating pressure
       experienced during the preceding five years;

21

22

    2.  MAOP increased; or

23

    3.  the stresses leading to cyclic fatigue increased.

24

      An operator may consider manufacturing defects to be stable defects if the
operating pressure on the covered segment has not increased over the maximum operating
pressure experienced during the five years preceding identification of the high
consequence area.

25

26

27

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 34

### ELEMENTS OF THE OFFENSE—COUNT EIGHT (49 C.F.R. § 192.917(e)(4))

The defendant is charged in Count Eight with knowingly and willfully violating 49 Code of Federal Regulations Section 192.917(e)(4), in violation of 49 United States Code Section 60123(a). The defendant is charged with violating Section 192.917(e)(4) on the following lines: DFM 1816-01, Line 191-1, Line 109, Line 107, and Line 132.

In order for the defendant to be found guilty on Count Eight, the government must prove each of the following elements beyond a reasonable doubt, for at least one of DFM 1816-01, Line 191-1, Line 109, Line 107, or Line 132:

**First,** between April 17, 2007 and January 22, 2010, the defendant was a person;

**Second,** during that time period, the defendant was an operator of a natural gas pipeline;

**Third,** during that time period, a covered pipeline segment contained low frequency electric resistance welded pipe (ERW), lap welded pipe or other pipe that satisfies the conditions specified in ASME/ANSI B31.8S, Appendices A4.3 and A4.4; and

**Fourth**, either:

1. any covered or noncovered segment in the pipeline system with such pipe has experienced seam failure; OR

2. operating pressure on the covered segment has increased over the maximum operating pressure experienced during the preceding five years; and

**Fifth**, the defendant knowingly and willfully failed to prioritize the covered segment as a high risk segment for the baseline assessment or a subsequent reassessment.

Other pipe that satisfies the conditions specified in ASME B31.8S, Appendices A4.3 and A.4.4 includes:

1. pipe that has a joint factor of less than 1.0, including lap welded pipe, hammer-welded pipe, and butt-welded pipe;
2. low frequency-welded ERW pipe; and
3. flash-welded pipe.

1

**JURY INSTRUCTION NO. 35**

2

3

**ELEMENTS OF THE OFFENSE—COUNTS NINE THROUGH TWELVE**
**(49 C.F.R. § 192.517(a))**

4

5        The defendant is charged in Counts Nine through Twelve with knowingly and

6   willfully violating 49 Code of Federal Regulations Section 192.517(a), in violation of 49

7   United States Code Section 60123(a).  The defendant is charged with violating Section
192.517(a) on the following lines: Line 132 (Count Nine), Line 109 (Count Ten), Line 153

8   (Count Eleven), and Line 191-1 (Count Twelve).

9        In order for the defendant to be found guilty on Counts Nine through Twelve, the

10  government must prove each of the following elements beyond a reasonable doubt, for
Line 132 (Count Nine), Line 109 (Count Ten), Line 153 (Count Eleven), or Line 191-1

11  (Count Twelve):

12      **First,** between July 29, 2007 and July 29, 2014, the defendant was a person;

13      **Second,** during that time period, the defendant was an operator of a natural gas

14      pipeline;

15      **Third,** a charged line required a pressure test under 49 Code of Federal Regulations

16      Section 192.505 or Section 192.507, and the required test was performed sometime
after August 19, 1970;

17

18      **Fourth,** the defendant either:

19          1.  knowingly and willfully failed to make and retain a record of a test

20              conducted between July 29, 2007 and July 29, 2014 that included the
information listed below; OR

21

22          2.  knowingly and willfully failed to make and retain a record of a test

23              conducted prior to July 29, 2007 that included the information listed
below, provided the knowing and willful failure to make and retain that

24              record continued beyond July 29, 2007.

        The above-referenced records must be retained for the useful life of the pipeline.

25  The records must contain at least the following information:

26          1.  the employee who performed the test;

27

28          2.  test medium used;

37

3.  test pressure;

4.  test duration;

5.  pressure recording charts, or other record of pressure readings;

6.  elevation variations, whenever significant for the particular test; and

7.  any leaks and failures noted.

Pipe installed prior to August 19, 1970 was not required to have a pressure test conducted under federal regulations.  Since August 19, 1970, federal regulations have required that any segment of steel pipeline that is newly installed or returned to service after being relocated or replaced must be pressure tested under 49 Code of Federal Regulations Section 192.505 or Section 192.507 if:

1.  the segment is to operate at a hoop stress of 30% or more of Specified Minimum Yield Strength and is not a service line; OR

2.  the segment is operated at more than 100 pounds per square inch gage and is not a service line.

If a component other than pipe is the only item being replaced or added to a pipeline, however, a pressure test is not required when the segment of pipeline is returned to service, if the manufacturer of the component certifies that:

1.  the component was tested to at least the pressure required for the pipeline to which it is being added;

2.  the component was manufactured under a quality control system that ensures that each item manufactured is at least equal in strength to a prototype and that the prototype was tested to at least the pressure required for the pipeline to which it is being added; OR

3.  the component carries a pressure rating established through applicable ASME/ANSI, MSS specifications.

Nor is a pressure test required for each joint used to tie in a test segment of pipeline, except that non-welded joints must be leak tested at not less than its operating pressure.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36**

**<u>DATES—DEFINED</u>**

For each of the Counts, you were provided dates on which or between which the government alleges the charged conduct occurred.

Although it is necessary for the government to prove beyond a reasonable doubt that the charged offenses were committed on a date reasonably near those dates, it is not necessary for the government to prove that the offenses were committed precisely on or between those dates.

**JURY INSTRUCTION NO. 37**

**<u>LIMITING INSTRUCTION—SAN BRUNO EVIDENCE</u>**

Throughout the trial, you have heard references to the San Bruno explosion.  As I have instructed you before, there is no allegation in this case and there has been no evidence in this case that any alleged regulatory violation caused the San Bruno explosion.  Such evidence had no place in this criminal prosecution because this case is not about the cause of the San Bruno explosion, and you are not tasked with determining what did or did not cause that explosion.  Rather, your only tasks are to determine whether the defendant obstructed a National Transportation Safety Board proceeding and whether the defendant knowingly and willfully violated the regulations charged in this case.

**JURY INSTRUCTION NO. 38**

**<u>VERDICT FORM</u>**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 39

## **COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  The clerk will be located in the courtroom throughout your deliberations.

No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

**JURY INSTRUCTION NO. 40**

2

3

**TRACEABLE, VERIFIABLE, AND COMPLETE**

4

5         49 Code of Federal Regulations Part 192, including Sections 192.505, 192.507, and

192.517(a), does not contain a requirement that records be traceable, verifiable, and

6    complete.

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28