BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
HARTLEY M. K. WEST (CABN 191609)
JEFF SCHENK (CABN 234355)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Hallie.Hoffman@usdoj.gov
    Hartley.West@usdoj.gov
    Jeffrey.B.Schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 14-00175 TEH |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | Date: January 23, 2017<br>Time: 2:30 p.m.<br>Courtroom: G, 15th Floor |
| Defendant. | Judge: Hon. Thelton E. Henderson |

U.S. RESPONSE TO DEFT'S SENTENCING MEMORANDUM
CR 14-00175 TEH

The United States submits this Reply to defendant PG&E's Sentencing Memorandum to address the argument that the proposed conditions of probation functionally increase the punishment above the statutory maximum. Dkt. 906 at 19. PG&E makes this argument expressly with regard to the proposed mandatory advertising condition, *id.* at 24, and more obliquely with regard to the proposed community service condition, *id.* at 25.

"[T]he sentencing judge has broad discretion in setting probation conditions." *United States v. Mitsubishi Intern. Corp.*, 677 F.2d 785, 788 (9th Cir. 1982) (citing *United States v. Lowe*, 654 F.2d 562, 567 (9th Cir. 1981)). These conditions must be "calculated to insure that the probation furthers the purpose of the criminal law." *Mitsubishi*, 677 F.2d at 788 (citing *United States v. Tonry*, 605 F.2d 144, 148 (5th Cir. 1979). However, "the statutorily prescribed maximum sentence cannot be increased by the terms of probation." *Mitsubishi*, 677 F.2d at 788 (citing *United States v. Atlantic Richfield Co.* 465 F.2d 58, 61 (7th Cir. 1972)); *see also United States v. Interstate Cigar Co.*, 801 F.2d 555, 556 (1st Cir. 1986); *Fiore v. United States*, 696 F.2d 205, 209 (2nd Cir. 1982) ("[S]entencing courts may not impose conditions of probation that circumvent the statutory maximum penalties set by Congress.").[1]

This means that the court cannot impose monetary penalties as conditions of probation that exceed the maximum fine allowed by statute. *United States v. CITGO Petroleum Corp.*, No. CRIM.A. C-06-563, 2012 WL 4127800, at *3-4 (S.D. Tex. Sept. 18, 2012) (rejecting condition of $44 million "community service payment" to charities as a monetary penalty exceeding the maximum fine allowed by statute); *United States v. Southern Union Co.*, 942 F. Supp. 2d 235, 242 (D.R.I. 2013) ($12 million "community service obligation" was a monetary penalty exceeding the statutory maximum). Put another way, "the Probation Act did not intend to authorize the district courts to direct the payments of funds, as condition of probation, beyond the express authorizations contained in § 3651. This is not to suggest, however, that a sentencing judge does not otherwise have broad discretion to impose conditions of probation reasonably related to protecting the public and rehabilitating the defendant." *United States*

---

[1] These cases were all decided based on a probation statute that has since been repealed, 18 U.S.C. § 3651, which allowed a court to "suspend the imposition or execution of sentence and place the defendant upon probation. . . ." The law now in effect, 18 U.S.C. § 3653, authorizes various conditions of probation in addition to a fine, so long as they are reasonably related to the purposes of § 3553(a)(1) and (2).

U.S. RESPONSE TO DEFT'S SENTENCING MEMORANDUM
CR 14-00175 TEH                                                    1

1  *v. Perscon Corporation*, 695 F.2d 1236, 1243 (10th Cir. 1983).

2  None of the proposed probation conditions is a monetary penalty. That a condition may result in some financial burden to a defendant does not convert it into a monetary penalty. In *United States v. Danilow Pastry Co.*, 563 F. Supp. 1159, 1163-66 (S.D.N.Y. 1983), for example, a corporate offender who manufactured pastries was ordered as a condition of probation to contribute pastries to charity. The court recognized this condition as a form of community service. "Work in community service" is expressly authorized by the statute governing discretionary conditions of probation, 18 U.S.C. § 3563(b)(12). *Danilow* rejected the argument that this condition functioned as a monetary penalty: "Any community service condition can be given a monetary value. . . . Such a construction would severely impede judges from the 'creative' sentencing referred to in [*Mitsubishi*]." *Id.* at 1171. Similarly, the proposed publicity condition – which the Sentencing Guidelines recommend for organization defendants such as PG&E, USSG § 8D1.4 – does not constitute a monetary penalty even if it may result in some financial burden.

As there is no monetary penalty beyond the fine, the proposed sentence falls within the statutory parameters. And every one of the proposed conditions of probation is tailored – uniquely and creatively, as corporate sentencing demands, *Mitsubishi*, 677 F.2d 785, 788 – to further the statutory purposes of sentencing: to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(A)-(C).

Dated:  January 13, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
_____
HALLIE MITCHELL HOFFMAN
JEFFREY B. SCHENK
HARTLEY M. K. WEST
Assistant United States Attorneys