UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES

**Date:** January 26, 2017    **Time:** 18 Minutes    **Judge:** THELTON E. HENDERSON

**Case No.:** 14-cr-00175-TEH-1    **Case Name:** UNITED STATES v. Pacific Gas and Electric Company

**Attorney for Plaintiff:** Hartley West, Hallie Hoffman, Jeffrey Schenk
**Attorney for Defendant:** Steven Bauer, Margaret Tough, Kate Dyer, Sean Coyle

**Deputy Clerk:** Angella Meuleman            **Court Reporter:** Rhonda Aquilina
**Interpreter:** N/A                          **Probation Officer:** Jill Spitalieri

## PROCEEDINGS

SENTENCING - HELD.

## SUMMARY

The court sentenced the defendant to probation for a term of five (5) years. This term consists of 5 years on each of Counts 1, 2, 5, 6, 7, and 8, all counts to run concurrent. The defendant is ordered to pay a special assessment in the amount of $2,400.00; fine in the amount of $3,000,000.00. The fine consists of $500,000.00 for each of Counts 1, 2, 5, 6, 7, and 8, all counts consecutive. The special assessment and fine must be paid as a lump sum within sixty (60) days of the filing of the Judgment.

The following special conditions will apply:

1) While on probation, PG&E shall not commit another Federal, State, or local crime;
2) PG&E shall comply with the separately entered Order concerning a third party Monitor;
3) Within six months of the date of the Judgment, PG&E shall develop and submit to the court an effective compliance and ethics program consistent with §8B2.1 (Effective Compliance and Ethics Program). The submission shall include a schedule for implementation of the compliance and ethics program; PG&E shall revise the program and file updates with the court whenever deemed appropriate by the third party Monitor;
4) Within 60 days of the date of Judgment, PG&E shall place one full page of advertisement in both the Wall Street Journal and the San Francisco Chronicle publicizing the nature of the offenses committed, the convictions, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses;
5) Beginning no later than 60 days after the date of the judgment, and to the greatest extent possible, replicating the same channels and airtimes that PG&E used before and/or during trial, in this case in 2016, PG&E shall for three months air television commercials that publicize the nature of the offenses committed, the convictions, the nature of the punishment imposed, and the

steps that will be taken to prevent the recurrence of similar offenses. PG&E will air such commercials up to the cost of $3,000,000.00 less the cost of the print advertisements referred to in the above condition. It is PG&E's estimate that this will result in approximately 12,500 commercials of approximately 60 seconds in duration across broadcast and cable outlets over this three month period. PG&E will not include language regarding the conviction as part of the company's public service safety announcements including what actions it should take in the event of wires down, gas leaks or other emergencies and which typically run on radio and digitally given time sensitivity because such information could cause the public to fail to take the needed safety actions in a timely fashion. The parties agree the $3,000,000.00 cost of compliance with advertising is not a fine and does not constitute a monetary penalty. It is an evaluation of the compliance of condition of probation which is agreed appropriate and PG&E agrees to waive any right to appeal on this issue;

6) PG&E shall submit to: (A) reasonable number of regular or unannounced examinations of its books and records at approximately business premises by the probation officer or experts engaged by the Court and; (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the Court shall be paid by the organization. The probation officer and any court engaged experts shall work with the third party Monitor to minimize duplication of efforts;

7) PG&E shall perform 10,000 hours of community service. At least 2,000 of these hours shall be performed by high level personnel as defined in the commentary of §8A1.2 of the Sentencing Guidelines. PG&E shall provide the prospective community service workers' names and titles to the probation officer to ensure compliance with this condition. The location and type of community service must be pre-approved by the probation officer. The Court strongly recommends this community service be in the City of San Bruno to every extent possible. The intent of this condition is to require 10,000 hours of community service that PG&E would not otherwise have done and the probation officer shall therefore consider it part of the approval process, the extent of which the proposed projects can be tied to existing service initiatives by PG&E. The community service shall be geared toward giving back to communities affected by the negligence with special emphasis on the City of San Bruno, as directed by the probation officer;

8) PG&E shall notify the Court, probation officer, or third party Monitor immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by governmental authorities regarding the organization;

9) PG&E shall pay the fine and special assessment as a lump sum within 60 days of the date of Judgment. Any costs and fines incurred by PG&E that come out of this sentence shall not be passed on to the rate payers.