**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Thelton E. Henderson, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|              ) | |
|       Plaintiff, ) | |
|              ) | |
|   VS.         ) | NO. CR 14-00175 TEH |
|              ) | |
| PACIFIC GAS and ELECTRIC ) | |
| COMPANY,      ) | |
|              ) | |
|       Defendants. ) | |

San Francisco, California
Thursday, January 26, 2017

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
           BRIAN J. STRETCH
           United States Attorney
           450 Golden Gate Avenue
           San Francisco, California  94102
       **BY: HALLIE HOFFMAN
           HARTLEY WEST
           JEFFREY BENJAMIN SCHENK
           ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
           LATHAM & WATKINS
           505 Montgomery Street - Suite 1900
           San Francisco, California  94111
       **BY: STEVEN MARK BAUER
           KATE DYER
           MARGARET TOUGH
           SEAN COYLE
           ATTORNEYS AT LAW**

Also present: Jill Spitalieri, Probation
Reported By: Rhonda L. Aquilina, CSR #9956, RMR, CRR
             Official Court Reporter

|     |     |
| --- | --- |
| 1   | **Thursday - January 26, 2017**                              **10:07 a.m.** |
| 2   | **P R O C E E D I N G S** |
| 3   | ---oOo--- |

    4    **THE CLERK:** Calling criminal action 14-175, USA versus
5    Pacific Gas & Electric Company.
6    Counsel, please approach the podium and state your
7    appearances.
8    **MS. HOFFMAN:** Good morning, Your Honor. Hallie
9    Hoffman.
10    **MS. WEST:** Hartley West.
11    **MR. SCHENK:** And Jeff Schenk for the United States.
12    Good morning.
13    **MR. BAUER:** Good morning, Your Honor. Steve Bauer,
14    Kate Dyer, and Margaret Tough, and Sean Coyle for the
15    defendant.
16    **THE COURT:** Good morning.
17    **PROBATION OFFICER:** Good morning, Your Honor. Jill
18    Spitalieri for Probation.
19    **THE COURT:** Okay. Good morning. You may stand or be
20    seated.
21    Okay. I've now had a chance to consider all of the
22    comments made at Monday's hearing, and I also consulted with
23    our probation officer in the interim, and in addition, I have
24    reviewed a letter from the Government delivered to my chambers
25    this morning, and we'll address that in a few moments. But I'm

1  now ready to impose a sentence.
2      Before I do so, let me say that a lot of the victim impact
3  statements that were filed indicated a desire for PG&E's now
4  retired leaders to be held responsible, and I want to point out
5  that the Government brought this case only against PG&E, the
6  corporation, the company, and not against any particular
7  individuals, and so this proceeding is limited to determining a
8  fair and just sentence for the company as a whole, and whether
9  any specific individuals deserve punishment is not before the
10 Court and never has been.  I just want to make that
11 clarification for the victims and anyone else who may be
12 thinking about that.
13     As I stated when we were last here, I find the crimes at
14 issue to be very serious and to pose great risk to the public
15 safety, and that's why I am going to impose the maximum
16 possible fine and maximum possible probation term allowable
17 under the law.
18     Turning to the issues that we discussed last time, I find
19 that a probation condition concerning a bonus compensation
20 program would be improper, because it's not necessary to
21 file -- to fill the goal of sentencing.  The Government
22 asserted that even if PG&E's bonus structure had improved by
23 giving a greater emphasis to safety, a 2014 explosion in Carmel
24 indicates that more must be done.  But nothing in the record
25 before me for me to consider indicates that emphasizing profits

over safety caused that explosion.

In addition, I conclude that all of the other conditions of probation that are being imposed are sufficient to deter PG&E employees, including the executives, from putting financial considerations before safety.

Regarding advertising, I understand that the parties have reached an agreement, as described in the letter delivered this morning, but let me clarify, because it was only signed by Government's counsel. Is that correct, counsel, that there is an agreement?

**MR. BAUER:** There is, and it's accurately reflected in that letter.

**THE COURT:** Okay. Thank you.

Okay. I'm delighted that you were able to reach agreement on that important subject, and I'll adopt that joint request.

I note that the agreement doesn't include the Government's proposed condition to establish a hotline to report unsafe conditions. I'm not going to add that condition, because I don't find it necessary to fulfill the purposes of sentence. I nevertheless mention it here, because I just want to observe that if PG&E truly wants to demonstrate a commitment to safety and does not already have such a hotline in place, it would seem to behoove the company to consider one very seriously.

I'm going to impose probation's proposed condition number 6 concerning access to records and personnel by the

1  probation officer, and court experts, but I'll add a provision
2  that these individuals work with the monitor so as not to
3  duplicate efforts.  This should alleviate the concerns that
4  have been expressed by PG&E.  I don't currently anticipate the
5  need for court experts, but I want to leave that option open if
6  circumstances later warrant it.
7      Finally, on probation's proposed condition 8 concerning
8  disclosures, I'm going to leave that in with one modification,
9  that notifications be provided to both the probation officer
10 and the monitor.  PG&E argued that it already discloses such
11 information to the CPUC and the SEC, so this condition should
12 not be burdensome, and I find that it's consistent with the
13 monitoring scheme that will be established in this case.
14     So after assessing the particular facts of this case, in
15 light of the relevant section 3553(a) factors, including the
16 Sentencing Guidelines, I hereby impose the following sentence:
17     First, PG&E shall pay to the United States a fine of
18 $500,000 on each count for a total fine of $3 million.  Given
19 the dismissal of allegations under the Alternative Fines Act,
20 this is the maximum fine I'm allowed to impose by statute.
21     PG&E shall also pay to the United States a special
22 assessment in the amount of $2,400.
23     PG&E is placed on probation for a term of five years on
24 each count with all counts to run concurrently.  While on
25 probation, PG&E will be subject to the following conditions:

1)  PG&E shall not commit any federal, state, or local crime;

2)  PG&E shall comply with the separately entered Order concerning a third party monitor.  I will sign the party's proposed order at the conclusion of this sentencing.  And the only modification is that I will clarify the reference on page 5, the reference to paragraph 8A as referring to paragraph D(8)(a).

3)  Within six months of the date of the Judgment, PG&E shall develop and file with the Court an Effective Compliance and Ethics Program consistent with section 8B2.1 of the Sentencing Guidelines.  The submission shall include a schedule for implementation.  PG&E shall revise the Program and file updates with the Court whenever deemed appropriate by the third party monitor.

4)  Within 60 days of the date of Judgment, PG&E shall place one full-page advertisement in both the *Wall Street Journal* and the *San Francisco Chronicle* publicizing the nature of the offenses committed, the convictions, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses.

5)  Beginning no later than 60 days after the date of the Judgment, and to the greatest extent possible, replicating the same channels and air times that PG&E used before and/or during trial in this case in 2016, PG&E shall, for three months, air

television commercials that publicize the nature of the offenses committed, the convictions, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses.  PG&E will air such commercials up to the costs of $3 million less the cost of the print advertisements referred to in the above condition.  It's PG&E's estimate that this will result in approximately 12,500 commercials of approximately 60 seconds in duration across broadcast and cable outlets over this three-month period.  PG&E will not include language regarding the conviction as part of the company's public service safety announcements, including what actions it should take in the event of wires down, gas leaks, or other emergencies, and which typically run on radio and digitally, given time sensitivity, because such information could cause the public to fail to take the needed safety actions in a timely fashion.

   6)  PG&E shall submit to a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the probation officer or experts engaged by the Court and; (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the Court shall be paid by the organization.  The probation officer and any court engaged experts shall work with the third party monitor to minimize duplication of efforts.

```
 1            7)   PG&E shall perform 10,000 hours of community service.
 2   At least 2,000 of these hours shall be performed by high level
 3   personnel as defined in the commentary to section 8A1.2 of the
 4   Sentencing Guidelines.  PG&E shall provide the prospective
 5   community service workers' names and titles to the probation
 6   officer to ensure compliance with this condition.  The location
 7   and type of community service must be approved -- pre-approved
 8   by the probation officer.  And I strongly recommend that this
 9   service be in the town of San Bruno to every extent possible.
10   The intent of this condition is to require 10,000 hours of
11   community service that PG&E would not otherwise have done, and
12   the probation officer shall therefore consider as part of the
13   approval process the extent to which the proposed projects can
14   be tied to existing service initiatives by PG&E.  The community
15   service shall be geared toward giving back to communities
16   affected by PG&E's negligence with special emphasis on the city
17   of San Bruno, as directed by the probation officer.
18            8)   PG&E shall notify the third party monitor and
19   probation officer immediately upon learning of (A) any material
20   adverse change in its business or financial condition or
21   prospects, or (B) the commencement of any bankruptcy
22   proceedings, major civil litigation, criminal prosecution, or
23   administrative proceeding against the organization, or any
24   investigation or formal inquiry by government authorities
25   regarding the organization.
```

1           9)   PG&E shall pay the fine and special assessment as a
2    lump sum within 60 days of the date of Judgment.
3           Those are -- that is the sentence.
4           Let me ask counsel, are there any reasons, other than
5    those already argued and on the record, as to why this sentence
6    should not be imposed as just stated?
7               **MS. WEST:**  No.  However, there is a point of
8    clarification that I would like to make with regard to the
9    advertising conditions that the Court articulated on the
10   record.
11              **THE COURT:**  Okay.
12              **MS. WEST:**  And that is, as we had explained to the
13   Court, but just to be clear, we have spoken to new counsel
14   hired by PG&E, that is attorneys from the Jenner and Block
15   firm, about reaching an agreement that satisfied all of the
16   requests by the Government and by probation with regard to this
17   condition.  PG&E did agree to those, and that is what we
18   provided to the Court in the letter.  However, there was an
19   argument made by Latham & Watkins on behalf of PG&E in the
20   Sentencing Memoranda regarding the cost of compliance with
21   advertising constituting an improper fine.  And so I have --
22              **THE COURT:**  The cost of what?
23              **MS. WEST:**  Of complying with that advertising,
24   constituting an improper fine.  And I've spoken with attorneys
25   from Jenner and Block on behalf of PG&E about that, and I want

to put our understanding on the record, so there is no confusion subsequently. And that is the parties both agree, including PG&E agrees, that the $3 million cost of advertising is not a fine. It does not constitute a monetary penalty. It is simply just valuation of the compliance of the condition of probation, which they agree is appropriate, and that PG&E waives any right to appeal on that issue.

**THE COURT:** Is that correct?

**MR. BAUER:** It's correct that we've waived any right to appeal on that issue. We agreed, and that's why they sent the letter.

**THE COURT:** Okay. Then I will adopt that understanding.

**MS. WEST:** Thank you.

**THE COURT:** Thank you.

**MR. BAUER:** And otherwise, to answer your other question, Your Honor, we'll submit on the papers. No further objection.

**THE COURT:** Okay. Thank you, counsel.

Okay. The sentence as stated will now be imposed, and Judgment will be entered.

And PG&E, of course, as you know, has the right to appeal its convictions, and the right to appeal any sentence it believes was illegally or incorrectly imposed. And any notice of appeal must be filed within 14 days of the entry of Judgment

1  or within 14 days of the filing of a notice of appeal by the
2  Government.
3       And if there are no other matters to resolve, the Court
4  will be adjourned.
5           **MS. HOFFMAN:**  Your Honor, can I just have one minute?
6           **THE COURT:**  Okay.
7                  (pause in proceedings.)
8           **MS. HOFFMAN:**  Your Honor, the Government would just
9  like to point out that the probation officer specifically asks
10 that these fines that are imposed and any costs that come out
11 of this sentence not be passed off to the ratepayers.  And
12 insomuch as that is possible to be part of the Court's
13 sentence, we would ask that the Court adopt that recommendation
14 of probation.
15          **THE COURT:**  I will adopt that recommendation.
16          **MS. HOFFMAN:**  Thank you, Your Honor.
17          **THE COURT:**  Okay.  Thank you, counsel.
18      Court is adjourned.
19          **THE CLERK:**  All rise.
20              (Proceedings adjourned at 10:25 a.m.)
21                       ---oOo---

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Friday, February 3, 2017

_____

Rhonda L. Aquilina, CSR No. 9956, RMR, CRR
Court Reporter