ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Hallie.hoffman@usdoj.gov
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-14-00175-WHA |
| Plaintiff, | UNITED STATES' RESPONSE TO COURT'S NOTICE REGARDING CALIFORNIA WILDFIRES |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

       The United States, through Assistant United States Attorneys Hallie Mitchell Hoffman and Jeff Schenk, herein responds to the Court's Order for written answers to the following questions.

    I.    What requirements of the judgment herein, including the requirement against further federal, state, or local crimes, might be implicated were any wildfire started by reckless operation of PG&E power lines?

       Corporations can be placed on probation and violate terms of that probation. *United States v. Nu-Triumph, Inc.*, 500 F.2d 594 (9th Cir. 1974). After conviction at trial, PG&E was sentenced to probation for a term of five years. See Dkt. 922, attached as Exhibit 1 to this Response. The Court

included several terms of probation, including: PG&E shall not commit another federal, state, or local crime (Special Condition Number 1); PG&E shall develop and submit to the Court an effective compliance and ethics program consistent with § 8B2.1 of the Sentencing Guidelines (Special Condition Number 3); and PG&E shall truthfully answer all inquiries by the probation officer and notify the probation officer (or Monitor) of certain material changes or commencement of certain proceedings (Special Condition Number 8).

If PG&E's reckless operation or maintenance of its power lines started a wildfire, PG&E may have violated a condition of its probation, including one of the conditions listed above. As with all criminal defendants on probation, if PG&E is alleged to have violated a condition of probation, the district court must resolve two issues at a revocation hearing: (1) whether a violation of probation occurred, and (2) whether probation should be revoked as a result. *United States v. Tham*, 884 F.2d 1262, 1266 (9th Cir. 1989). In determining whether a violation occurred, a district court may revoke probation if it "finds by a preponderance of the evidence that the defendant violated a condition of [probation]." *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Once the Court finds a violation, the judge has broad discretion to impose a remedy, and may revoke probation for a violation of any of the conditions. *Tham*, 884 F.2d at 1262.

While the California Department of Forestry and Fire Protection (CAL FIRE) has not yet issued findings concerning the 2018 Camp Fire in Butte County, in May and June of 2018, CAL FIRE released investigative findings concerning the causes of several of the October 2017 Northern California wildfires. The October 2017 fire season involved more than 170 fires and burned more than 245,000 acres in Northern California. CAL FIRE completed and released findings for sixteen fire investigations. CAL FIRE determined that the fires were started by various causes, including tree branches coming into contact with PG&E power lines, PG&E-owned power pole failures, a PG&E power line conductor that separated from a connector, and a downed power line that PG&E attempted to reenergize. In eleven of these investigations,[1] CAL FIRE found evidence of alleged violations of state law, including potential violations of California Public Resources Code Section 4293, which requires adequate clearance

---

[1] The eleven fires are Sulphur, Blue, Norrbom, Patrick, Pythian, Adobe, Pocket, Atlas, McCourtney, Lobo, and Honey.

RESPONSE TO NOTICE RE CA WILDFIRES
CR-14-00175 WHA

between trees and power lines.

These facts, specifically if PG&E started a wildfire by reckless operation or maintenance of its power lines, may serve as a basis for the Court to find that the defendant corporation violated Special Condition Number 1 (the requirement not to commit another federal, state, or local crime), and/or Special Condition Number 3 (the requirement to develop and implement an effective compliance and ethics program). In addition, if PG&E failed to make appropriate notifications to Probation and the Monitor, that failure may violate Special Condition Number 8.

However, reckless operation and maintenance of PG&E power lines may not fall within the purview of the Monitor as outlined in the monitorship portion of the judgment. Dkt. 922 at 6-9. Special Condition Number 2 imposes a third party Monitor and incorporates an Order that sets forth the goals and scope of the monitorship. Dkt. 922. According to the Order, "…the Monitor's goal is to help ensure Pacific Gas and Electric Company takes reasonable and appropriate steps to maintain the safety of the *gas transmission pipeline system*, performs appropriate assessment testing on *gas transmission pipelines*, and maintains an effective ethics and compliance program and safety related incentive program." Dkt. 922 at 6 (emphasis added). All of the enumerated goals, defining the scope of the monitorship, apply to gas pipelines, not power lines. Dkt. 922 at 6-9. There is one aspect of the Monitor's scope that may not be specifically tied to gas transmission, specifically, that "the Monitor shall seek to assure defendant's [PG&E's] compliance with the goals outlined in the United States Sentencing Section 8B2.1: Effective Compliance and Ethics Program."  If PG&E's failure to comply with U.S.S.G. § 8B2.1, pertaining to the development and submission of an effective compliance and ethics program, is linked to the reckless operation and maintenance of PG&E, then both Special Condition Numbers 2 (involving the compliance with the Monitor Order) and 3 (involving development of an effective compliance and ethics program) might be implicated.

With regard to the Camp Fire and other 2018 Northern California wildfires, as mentioned above, the government does not yet have sufficient information concerning PG&E's role to determine whether PG&E's conduct may have violated its terms of probation.

II. What requirements of the judgment herein might be implicated by any inaccurate, slow, or failed reporting of information about any wildfire by PG&E?

The answer to this question depends on to whom the "inaccurate, slow, or failed reporting of information" was (or was not) made. For instance, Standard Condition Number 2 and Special Condition Number 8 are implicated if PG&E fails to truthfully answer all inquiries by the probation officer or fails to notify the probation officer (or Monitor) of certain material changes or commencement of certain proceedings. Special Condition Number 2 is implicated if PG&E fails to cooperate with the Monitor or fails to provide the Monitor with access to all non-privileged information, documents, records, facilities and/or employees, as reasonably requested by the Monitor. Dkt. 922. Finally, the mandatory condition that the defendant organization shall not commit another federal, state, or local crime (repeated in the Judgment as Special Condition Number 1) might be implicated should additional information become known concerning PG&E's wildfire reporting deficiencies.

III. What specific steps has the monitor herein taken to monitor and improve PG&E safety and reporting with respect to power lines and wildfires?

The Monitor is required to provide semi-annual written reports to PG&E, the Probation Officer, the United States Attorney's Office, and the Board of Directors of PG&E. Dkt. 922 at 13. A review of these reports reveals that the Monitor has worked to improve the culture of safety at PG&E, focusing on PG&E's natural gas transmission lines. Additionally, after the 2017 Northern California wildfires, the government met and conferred with the defendant corporation and the Monitor to discuss what role the Monitor could and should play in overseeing PG&E's electric distribution operations. The parties agreed that additional work surrounding PG&E's electric distribution lines would be added to the Monitor's original work plan, and would not affect work already underway. The Monitor focused its review on the adequacy of PG&E's vegetation management plan and electric pole and equipment maintenance and inspection programs.

To the extent it has additional questions about what specific steps the monitor has taken to monitor and improve PG&E safety and reporting with respect to power lines and wildfires, under the monitorship agreement, the Court has the power to meet with the Monitor. See Dkt. 1.

RESPONSE TO NOTICE RE CA WILDFIRES
CR-14-00175 WHA

IV.  Provide an accurate and complete statement of the role, if any, of PG&E in causing and reporting the resent Camp Fire in Butte County and all other wildfires in California since the judgment herein.

The government does not have sufficient information to respond to this request.

DATED: December 31, 2018                    Respectfully submitted,

                                            ALEX G. TSE
                                            United States Attorney


                                            /s/
                                            HALLIE MITCHELL HOFFMAN
                                            JEFF SCHENK
                                            Assistant United States Attorneys

RESPONSE TO NOTICE RE CA WILDFIRES
CR-14-00175 WHA