JENNER & BLOCK LLP
    Randy Mehrberg (*pro hac vice*)
    RMehrberg@jenner.com
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL  60654-3456
Telephone:   +1 312 222 9350
Facsimile:   +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA  94109-7807
Telephone:      +1 415 749 1800
Facsimile:      +1 415 749 1694

Attorneys for Defendant PACIFIC GAS AND ELECTRIC
COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                              Defendant. | Case No. 14-CR-00175-WHA<br><br>**RESPONSE TO REQUEST FOR FURTHER INFORMATION RE ATLAS FIRE**<br><br>Judge:   Hon. William Alsup<br>Date:    January 10, 2019 |

Defendant Pacific Gas and Electric Company ("PG&E") submits this response to the Court's January 3, 2018 Request for Further Information Re Atlas Fire (the "Atlas Order").

**1.      DATA, DOCUMENTS AND TESTIMONY UNDERLYING THE ATLAS FIRE FACT REPORTS.**

With respect to the Court's request for "all data, documents and testimony underlying the reports

PG&E submitted concerning the Atlas Fire (Exhs. M, FF)", the requested documents are attached as Exhibits A through UU.  To assist the Court with its review of those materials, PG&E has attached as Exhibits VV and WW revised versions of the Atlas factual reports that were submitted on December 31, 2018, in response to the Court's prior order.  PG&E has added footnote citations to the text that identify the data, documents or testimony underlying the factual statements made in the reports with references, by exhibit number, to the materials submitted in connection with the Atlas Order.[1]

The Court also requested that PG&E "further explain what privileged and non-privileged information has not been provided".  PG&E understands this request to concern information that underlies the Atlas Fire factual reports that were provided in PG&E's December 31, 2018 submission.

With respect to the first category—privileged information underling the Atlas Fire factual reports— there are three documents that are protected by the attorney work product doctrine that have not been provided to the Court as part of this submission.  Those three documents are described in the privilege log attached as Exhibit XX.  As indicated in that log, the three documents are memoranda prepared by PG&E's civil litigation counsel concerning interviews of PG&E employees that they conducted as part of preparing the Company's defense to the pending civil litigation.  Although observations concerning the potential origin sites made by these PG&E employees during these interviews underlie certain statements included in the factual reports, PG&E respectfully submits that the attorney-prepared memoranda should remain privileged.[2]

With respect to the latter category—non-privileged information underlying the Atlas Fire factual

---

[1] During the course of preparing this submission, PG&E concluded that four of the vegetation management Catastrophic Event Memorandum Account ("CEMA") patrols identified in the Atlas Fire supplemental report (Dec. 31, 2018 Response, Exhibit FF) as patrols of the CAL FIRE incident locations should not have been included in the list of relevant inspections and patrols. These four CEMA patrols, which occurred in April-May 2016, October-November 2016, May 2017 and October 2017, were originally included in the Atlas Fire supplemental report because the patrols were conducted on the same electrical circuit as the incident locations.  Upon further review of the relevant documentation, PG&E has confirmed that although these patrols did take place on portions of the relevant circuit, the patrols did not include the CAL FIRE incident locations because those incident locations did not satisfy the criteria for inclusion in these types of CEMA patrols.  Accordingly, PG&E has removed those four CEMA patrols from the revised Atlas Fire supplemental report submitted with this filing.  In addition, PG&E has also corrected the date on one overhead patrol which was conducted on September 7, 2014, rather than September 8, 2014.

[2] As discussed further below, there is additional privileged information relevant to the Atlas Fire that has been withheld from (or has been outside the scope of) ongoing regulatory and litigation productions.   That privileged information did not underlie the Atlas Fire factual reports but is described below to provide the Court with an overview of the additional categories of information that exist related to the Atlas Fire.

reports—PG&E has provided the Court with all non-privileged information underlying the Atlas Fire factual reports (*i.e.*, Exhibits A through UU).

## 2. OTHER MATERIALS POTENTIALLY RELEVANT TO THE ATLAS FIRE.

In addition to the data, documents and privileged interview memoranda specifically underlying the Atlas Fire factual reports submitted to the Court, there is voluminous information potentially relating to the Atlas Fire that PG&E has provided to the California Public Utilities Commission ("CPUC"), California Department of Forestry and Fire Protection ("CAL FIRE") and plaintiffs in the pending civil litigation. What follows sets forth the scope of the information that has been provided to each of these parties, as well as potentially relevant information, if any, that has been withheld from those productions.

### A. CPUC Requests

The CPUC has made over 400 requests to PG&E for information and documents relating to the October 2017 North Bay Wildfires. The CPUC continues to request additional information and PG&E is continuing to respond to those new requests. Of the requests received to date, approximately 100 of them explicitly seek information concerning the Atlas Fire. Examples of such requests are attached as Exhibits YY, ZZ and AAA. In response to those requests that explicitly relate to the Atlas Fire, PG&E has produced approximately 470 pages of documents.

The CPUC has also issued numerous requests that relate explicitly to other October 2017 North Bay Wildfires and more than 30 general requests that are not fire-specific and seek information about topics like PG&E corporate policies, practices and records. Documents that have been requested as part of this latter category—the non-fire specific requests—could bear upon issues related to the Atlas Fire. Examples of those requests are attached as Exhibits BBB and CCC. PG&E has produced approximately 2100 pages of documents in response to those general non-fire specific requests.

In responding to the CPUC's requests, PG&E withheld limited information. *First*, PG&E withheld photographs that PG&E personnel, working at counsel's direction in connection with the coordinated proceeding pending in the Superior Court for the State of California, San Francisco (the "California North

Bay Fire Cases"), took at or near the potential origin points of the October 2017 North Bay Wildfires.[3]

*Second*, PG&E did not produce the records of aerial patrols and drone footage taken of certain October 2017 North Bay Wildfires incident locations at the request and direction of PG&E's counsel.  These items are identified on the privilege log attached as Exhibit DDD.[4]  In addition, PG&E did not disclose the names of its expert consultants in response to a data request seeking the names and company affiliation of all expert consultants PG&E had retained, as those expert consultants' names constitute privileged work product until such time as they may be disclosed as testifying experts in the civil litigation.

## B.    CAL FIRE Requests

PG&E has also been actively responding to data and information requests from CAL FIRE in connection with the October 2017 North Bay Wildfires.  CAL FIRE sent PG&E requests for certain categories of information and indicated that they wanted each such category for each of approximately 20 potential fire incident locations.  One of the potential fire incident locations for which CAL FIRE requested information was the Atlas 2 incident location.  CAL FIRE's requests to PG&E are attached as Exhibit EEE. PG&E has responded to each of those requests and has produced approximately 800 pages of documents related to the Atlas 2 incident location and approximately 141,000 pages of documents related to the other potential fire incident locations.  CAL FIRE also sent a supplemental request for categories of information related to several potential fire incident locations, including the Atlas 2 incident location, as well as an additional request specifically relating to the Atlas Fire.  Those requests are attached as Exhibit FFF. PG&E responded to the specific Atlas Fire request by producing the Atlas Fire factual summary submitted to the Court as Exhibit M on December 31, 2018.

In responding to CAL FIRE's requests, PG&E did not withhold any information.

## C.    California North Bay Fire Cases Plaintiffs' Requests

In connection with the California North Bay Fire Cases, the plaintiffs have served more than 2,200

---

[3] PG&E subsequently produced some of these photographs to the civil plaintiffs after securing a non-waiver agreement. PG&E is also producing these photographs to the CPUC.  The remaining photographs that will continue to be withheld from these productions are included in the privilege log attached as Exhibit DDD.

[4] The privilege log does not include entries relating to any data or documents PG&E's expert consultants may have collected, which is discussed in more detail in Section 2.C, *infra*.

requests for production related to the various October 2017 North Bay Wildfires.  Approximately 130 of those requests sought information specifically related to the Atlas Fire.  Examples of such requests are attached as Exhibit GGG.  To date, PG&E has produced approximately 62,000 pages of documents relating to those Atlas-specific requests (some of which were also previously produced to the CPUC and CAL FIRE).

In addition, the plaintiffs have served over 100 requests seeking information that is not specifically related to the Atlas Fire, but arguably could bear upon issues related to the Atlas Fire as well as the other October 2017 North Bay Wildfires.  An example of such requests is attached as Exhibit HHH.  To date, PG&E has produced approximately 47,000 pages of documents in response to those requests, and continues to make rolling document productions to the plaintiffs.

The plaintiffs have also served approximately 42 interrogatories and one request for admission identified as relating to the Atlas Fire.  PG&E has responded to those interrogatories and the request for admission and can provide its responses to the Court upon request.

In connection with discovery in the civil litigation, PG&E has withheld a limited number of documents on the basis of attorney-client privilege or attorney work product and is producing privilege logs to the plaintiffs on a rolling basis.  To date, PG&E has withheld nine documents from its productions in the civil litigation that are specifically related to the Atlas Fire.  A privilege log with these entries is attached as Exhibit III.  In addition, PG&E has withheld 160 documents from its productions in the civil litigation that are responsive to non-fire specific document requests.  It is possible that some of those documents could bear upon issues related to the Atlas Fire.  A privilege log identifying those documents is attached as Exhibit JJJ.[5]

Finally, as part of its ongoing defense of the pending civil litigation, PG&E has retained various categories of consulting experts.  Some of those experts may ultimately be disclosed as testifying experts, at which time their identities, opinions and other related materials will become subject to litigation

---

[5] PG&E also has not produced categories of privileged information that are routinely excluded from litigation disclosure such as the work files of its litigation counsel and individuals working at their direction, privileged communications between PG&E's outside counsel and PG&E and privileged communications involving PG&E's internal counsel.

disclosures.    There  is  no  current  deadline  for  such  expert  disclosures  in  the  pending  civil  litigation.
Examples of the types of experts retained by PG&E include:

1.  Fire Cause and Origin Experts:  These consultants are trained fire investigators, formerly of various fire departments, who are analyzing available evidence concerning many of the October 2017 North Bay Wildfires to determine, to the extent they can, where they believe each fire may have originated and what the ignition source may have been.

2.  Electrical Engineering Experts:  These consultants are analyzing PG&E's electrical facilities and data concerning the operation of those facilities to determine what the available evidence may say about fire ignition.

3.  Arborists:  These consultants are analyzing the vegetation around PG&E's electrical facilities near potential origin points to determine whether such vegetation may have contributed to fire ignition and to determine, where possible, information concerning the size, placement and health of potentially relevant vegetation.

4.  Fire Modeling Experts:  These consultants are analyzing the available evidence to formulate opinions as to how particular fires may have spread (*e.g.*, in what direction, at what pace) and whether the spread patterns can provide insight into the potential origin point or points of a particular fire.

5.  Wind Experts:  These consultants are analyzing available data and topological information to form opinions as to the precise wind speeds that were experienced at or near the alleged origin points of various October 2017 North Bay Wildfires.

6.  Climate Change Experts: These consultants are assessing the recent changes in California's climate and the impact that climate change, particularly extensive drought and tree mortality, has had on wildfire ignitions and spread.

Respectfully Submitted,

Dated: January 10, 2019                    JENNER & BLOCK LLP


                                          By:   /s/ Reid J. Schar
                                                Randy Mehrberg (*pro hac vice*)
                                                Reid J. Schar (*pro hac vice*)

                                                CLARENCE DYER & COHEN LLP
                                                Kate Dyer (Bar No. 171891)

                                          Attorneys for Defendant PACIFIC GAS AND
                                          ELECTRIC COMPANY