# EXHIBIT GGG

1  MICHAEL A. KELLY (State Bar #71460)
   mkelly@walkuplawoffice.com
2  KHALDOUN A. BAGHDADI (State Bar #190111)
   kbaghdadi@walkuplawoffice.com
3  ANDREW P. McDEVITT (State Bar #271371)
   amcdevitt@walkuplawoffice.com
4  **WALKUP, MELODIA, KELLY & SCHOENBERGER**
   650 California Street, 26th Floor
5  San Francisco, CA 94108
   Telephone: (415) 981-7210  Facsimile: (415) 391-6965
6
   **ON BEHALF OF DIRECT PLAINTIFFS**
7

8  CRAIG S. SIMON (State Bar #78158)
   csimon@bergerkahn.com
9  **BERGER KAHN, A Law Corporation**
   1 Park Plaza, Suite 340
10 Irvine, CA  92614
   Telephone:  (949) 474-1880  Facsimile:  (949) 313-5029
11
   **ON BEHALF OF SUBROGATION PLAINTIFFS**
12

13
14                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                                **COUNTY OF SAN FRANCISCO**

16

17 | Coordination Proceeding | Case No. JCCP No. 4955
   | Special Title (Rule 3.550) | Assigned for All Purposes to:
   |  | Hon. Curtis E.A. Karnow, Dept. 304
18
19 | CALIFORNIA NORTH BAY FIRE CASES | **ALL PLAINTIFF'S JOINT REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE, RELATED TO ATLAS FIRE**
20
   | AND RELATED CROSS-ACTIONS | **[RFPD 35-54]**
21
22

23 PROPOUNDING PARTY:    Jointly Propounded by All Plaintiffs – Liability – Atlas Fire

24 RESPONDING PARTY:     Defendants Pacific Gas & Electric Company and PG&E
                        Corporation
25

26 SET NUMBER:           Three (3)

27
28

Pursuant to Code of Civil Procedure § 2031.210, *et seq*, please respond to and produce legible copies of the documents set forth in the herein requests. This request is intended to cover all documents in your possession, or subject to your custody and control, whether the documents are located in your home, in any of your offices, or any other office maintained by your agents, attorneys, accountants, or any of them. The items set forth below are believed to be in your possession or control and are not privileged and are reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Code of Civil Procedure § 2031.250, a verified response must be served on the undersigned within thirty (30) days of service of this request.

**DEFINITIONS**

1. "ATLAS FIRE" is defined as the fire(s) that started on October 8, 2017, in and around Napa and Solano Counties and is shown on the map below.



2. "ELECTRICAL EQUIPMENT" is defined as power lines, transformers, conductors, fuses, connections, poles, insulators, reclosers and any other components, hardware, infrastructure or equipment used by PG&E to provide electricity to the public.

3. "ELECTRICAL PROBLEM" means the reporting of a line down, an electrical outage, a transformer exploding, a fire involving PG&E equipment, sparking involving electrical equipment, trees falling into distribution lines, distribution lines coming into contact with each other, poles down or leaning, branches having fallen onto or otherwise come in contact with

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108

2

ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

distribution lines, and/or any other event which posed a risk of fire.  As used herein the term RECORD includes writings, as defined by Evidence Code Section 250, which specifically includes, but is not limited to, videotapes, audio recordings, and data stored in any PG&E database.)

     4.  "EQUIPMENT" means overhead lines, fuses, reclosers, transformers, insulators, line switches, line sectionalizers, circuit switchers, and/or fault indicators.

     5.  "INFORMATION REGARDING ANY PHOTOGRAPH" means any information recorded concerning any particular photograph, including but not limited to: (1) the location where the photograph was taken, (2) the name of the person taking the photograph, (3) the time when the photograph was taken, (4) the date when the photograph was taken, (5) a description of what was being photographed, and (6) information concerning the camera settings used when taking the photograph.

     6.  "INSPECT POLES" means to inspect poles used to support overhead conductors for the purpose of determining whether the pole needs to be repaired, braced, restored, replaced or treated.

     7.  "LOCATION" means a street address, latitude and longitude, pole number, circuit name and number, and/or any other means of precisely locating the location from which the evidence was obtained.

     8.  "PG&E ELECTRICAL DISTRIBUTION SYSTEM" means the poles, overhead conductors, fuses, reclosers, transformers, and other equipment used by PG&E to deliver electricity to its customers on its distribution lines.  This definition is not intended to include the PG&E Transmission Lines.

     9.  "PHOTOGRAPH LOG" means a record compiled concerning INFORMATION REGARDING ANY PHOTOGRAPH.   As used herein the term INFORMATION REGARDING ANY PHOTOGRAPH means any information recorded concerning any particular photograph, including but not limited to: (1) the location where the photograph was taken, (2) the name of the person taking the photograph, (3) the time when the photograph was taken, (4) the date when the

LAW OFFICES OF
WALKUP, MELODIA,
KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108

3
ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

photograph was taken, (5) a description of what was being photographed, and (6) information concerning the camera settings used when taking the photograph.

10. "QUALITY ASSURANCE AUDIT" means an audit to examine the vegetation management activities and compliance in the Division, for example, see Distribution Patrol Standard SRA Field Compliance & Internal Procedure Compliance, Stockton Division Audit Report, Audit # 5 DS3-15.

11. "QUALITY CONTROL AUDIT" means a Quality Control Audit as described in PG&E's Distribution Vegetation Management Standard, Quality Control (QC) Program.

12. "SUBJECT AREA" means the area within the geographic footprint of the ATLAS Fire perimeter as shown in the image related to the ATLAS FIRE.

13. "TROUBLEMAN" or "TROUBLEMEN" means PG&E's first responder(s) for emergencies involving PG&E facilities or equipment, whether electric or gas, who responded to the SUBJECT AREA on the date of the ATLAS FIRE.

14. "VEGETATION MANAGEMENT DATABASE" means the Vegetation Management Database (VMD) maintained by PG&E and described by PG&E as, "A PG&E database tool used to manage Inspection records, issue Work Requests, manage Contractor billing, and run reports."

15. "YOU" and "YOUR" is defined as "Defendants Pacific Gas & Electric Company, a California corporation, and PG&E Corporation.

**REQUEST FOR PRODUCTION NO. 35:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to INSPECT POLES, which were part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM, and which were located in the SUBJECT AREA.

**REQUEST FOR PRODUCTION NO. 36:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to inspect any part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM,

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108

4
ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

located in the SUBJECT AREA, to determine if the system was in compliance with General Order 95, Rule 35.

**REQUEST FOR PRODUCTION NO. 37:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to inspect any part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM, located in the SUBJECT AREA, to determine if the system was in compliance with Public Resources Code 4292.

**REQUEST FOR PRODUCTION NO. 38:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to inspect any part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM, located in the SUBJECT AREA, to determine if the system was in compliance with Public Resources Code 4293.

**REQUEST FOR PRODUCTION NO. 39:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to inspect the overhead distribution lines, which were part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM located in the SUBJECT AREA.

**REQUEST FOR PRODUCTION NO. 40:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to inspect the EQUIPMENT, which was part of the PG&E ELECTRICAL DISTRIBUTION SYSTEM located in the SUBJECT AREA.

**REQUEST FOR PRODUCTION NO. 41:**

Each contract, entered into between YOU and any third person or entity, which was in force and effect at any time between January 1, 2013 and January 1, 2018, which required any third person or entity to conduct QUALITY CONTROL AUDITS (QC Audits) of the vegetation

LAW OFFICES OF
WALKUP, MELODIA,
KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108

5
ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

1  management work performed pursuant to PG&E's Distribution Vegetation Management Standard
2  (DVMS) in the SUBJECT AREA.

3  **REQUEST FOR PRODUCTION NO. 42:**

4  Each and every QUALITY CONTROL AUDIT, which was performed at any time
5  between January 1, 2013 and January 1, 2018, for any PG&E Division responsible for the
6  SUBJECT AREA.

7  **REQUEST FOR PRODUCTION NO. 43:**

8  Each and every QUALITY ASSURANCE AUDIT, which was performed at any time
9  between January 1, 2013 and January 1, 2018, for any PG&E Division responsible for the
10 SUBJECT AREA.

11 **REQUEST FOR PRODUCTION NO. 44:**

12 Each and every photograph, which was taken during the collection of any evidence, which
13 was removed from any fire scene within the SUBJECT AREA and which was taken into custody
14 by CAL FIRE or at the direction of Pacific Gas & Electric Company and/or its attorneys.

15 **REQUEST FOR PRODUCTION NO. 45:**

16 Each and every PHOTOGRAPH LOG which sets forth INFORMATION REGARDING
17 ANY PHOTOGRAPH taken during the collection of any evidence, which was removed from any
18 fire scene in the SUBJECT AREA and which was taken into custody by CAL FIRE or at the
19 direction of Pacific Gas & Electric Company and/or its attorneys.

20 **REQUEST FOR PRODUCTION NO. 46:**

21 Each and every RECORD of any phone call, online report, and/or other communication,
22 received by Pacific Gas & Electric Company on October 8, 2017, which reported an
23 ELECTRICAL PROBLEM within the SUBJECT AREA.

24 **REQUEST FOR PRODUCTION NO. 47:**

25 The entirety of PG&E's VEGETATION MANAGEMENT DATABASE that relates to
26 vegetation management for the SUBJECT AREA for three years prior to the ATLAS FIRE.

27
28

LAW OFFICES OF
WALKUP, MELODIA,
KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108

6
ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

**REQUEST FOR PRODUCTION NO. 48:**

All SCADA data for each outage that occurred in the SUBJECT AREA on October 8, 2018.

**REQUEST FOR PRODUCTION NO. 49:**

All SCADA data, which relates to the SUBJECT AREA and which has been provided by PG&E to the CPUC since October 8, 2017.

**REQUEST FOR PRODUCTION NO. 50:**

Each and every writing, as defined by Evidence Code Section 250, which relates to the ATLAS FIRE, which has been provided by PG&E to the CPUC.  (This request specifically includes, but it not limited to PG&E's written answers to questions posed by the CPUC.

**REQUEST FOR PRODUCTION NO. 51:**

Each and every writing, as defined by Evidence Code Section 250, which records the LOCATION from which PG&E removed any evidence relating to the ATLAS FIRE.

**REQUEST FOR PRODUCTION NO. 52:**

Each and every writing, as defined by Evidence Code Section 250, which describes the evidence, relating to the ATLAS FIRE, which PG&E removed and has it its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 53:**

Each and every writing, as defined by Evidence Code Section 250, which contains the identity of any person who was present at any time PG&E removed and took possession of any evidence, relating to the ATLAS FIRE.

///
///
///
///
///
///
///

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108

7

ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

**REQUEST FOR PRODUCTION NO. 54:**

All records that reflect or identify the name, Land ID, and or Tech ID of each and every TROUBLEMAN who responded to the electrical outages in the SUBJECT AREA and all work performed by such person(s).

Dated: March 12, 2018        WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
KHALDOUN A. BAGHDADI
ANDREW P. McDEVITT
*On behalf of Direct Plaintiffs*

Dated: March 12, 2018        BERGER KAHN, A LAW CORPORATION

By: _____
CRAIG S. SIMON
*On behalf of Subrogation Plaintiffs*

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108

8
ALL PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE - Case No. JCCP No. 4955

**Coordination Proceeding Special Title (Rule 3.550)**
*CALIFORNIA NORTH BAY FIRE CASES*
**Case No. JCCP No. 4955**

**ELECTRONIC PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by Berger Kahn, A Law Corporation, whose business address is:  1 Park Plaza, Suite 340, Irvine, California  92614.

On March 12, 2018, I caused to be served the within document(s) described as: **ALL PLAINTIFF'S JOINT REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE, RELATED TO ATLAS FIRE [RFPD 35-54]** on the interested parties in this action pursuant to the most recent Omnibus Service List by submitting an electronic version of the document(s) via file transfer protocol (FTP) to CaseHomePage through the upload feature at www.casehomepage.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2018, at Irvine, California.

*/s/ Athena Ketcher*
ATHENA KETCHER