JENNER & BLOCK LLP
    Randy Mehrberg (*pro hac vice*)
    RMehrberg@jenner.com
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL  60654-3456
Telephone:   +1 312 222 9350
Facsimile:   +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA  94109-7807
Telephone:     +1 415 749 1800
Facsimile:     +1 415 749 1694

Attorneys for Defendant PACIFIC GAS AND ELECTRIC
COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Defendant. | Case No. 14-CR-00175-WHA<br><br>**RESPONSE TO REQUEST FOR CLARIFICATION**<br><br>Judge:   Hon. William Alsup<br>Date:    January 17, 2019 |

Pacific Gas and Electric Company ("PG&E") submits this response to the Court's Request for Clarification dated January 15, 2019.

The Court ordered PG&E to clarify, with respect to the 2017 Annual Report submitted to the CPUC pursuant to the CPUC's Fire Incident Data Collection Plan, which of the incidents listed in the 2017 Annual Report correspond to the eighteen October 2017 Northern California wildfires that CAL FIRE has

attributed to PG&E's facilities.  For any of the eighteen October 2017 Northern California wildfires that were not included in the 2017 Annual Report, the Court ordered PG&E to explain why such fires were not included and to compile a list of any other 2017 fires that may have involved PG&E's facilities but were not included in the report.

The CPUC's Fire Incident Data Collection Plan requires the reporting of events where utility facilities are associated with:  "(a) A self-propagating fire of material other than electrical and/or communication facilities, [where] (b) The resulting fire traveled greater than one linear meter from the ignition point, and (c) The utility has knowledge that the fire occurred".  (CPUC Decision 14-02-015 at C-3.)  The CPUC's decision clarifies that a fire that merely damages utility equipment, rather than one ignited by that equipment, is excluded from the reporting requirement.  *Id.* at C-3 n.4. ("Fires that caused damage to utility facilities and whose ignition is not associated with utility facilities are excluded from this reporting requirement.")

As PG&E informed the CPUC when it submitted its 2017 Annual Report on March 30, 2018, "Fire incidents that apparently occurred as part of the October 2017 Northern California Wildfires have been excluded from this report where the cause of the ignition is under investigation or may be disputed."  PG&E's transmittal to the CPUC is attached to this response as Exhibit A.

As a result, seventeen of the eighteen Northern California wildfires that CAL FIRE was then investigating and subsequently attributed to PG&E's facilities were not included in the 2017 Annual Report.  One of the eighteen October 2017 Northern California wildfires that CAL FIRE subsequently attributed to PG&E's facilities—the Blue Fire—was included in the 2017 Annual Report at row 412.  That fire was included in the Annual Report because the Blue Fire—which occurred in Humboldt County—was outside the geographic perimeter that PG&E used to identify the October 2017 Northern California Wildfires to be excluded from the Annual Report.

To prepare the 2017 Annual Report, a team at PG&E reviewed relevant sources of information, such as reports from troublemen responding to incidents, to identify fires that satisfy each of the CPUC reporting requirements.  PG&E does not have a complete and accurate catalog of 2017 fires that "may have involved PG&E's facilities" but did not meet CPUC reporting requirements.  PG&E does not systemically

1  catalog fires that only damaged PG&E's facilities, fires that may have damaged (and thus "involved")

2  PG&E's facilities but were not ignited by PG&E facilities, fires that traveled less than one linear meter

3  from the ignition point, or fires that are not known to PG&E.  If the Court wishes PG&E to provide a list

4  of 2017 non-CPUC reportable fires known to PG&E that may have involved PG&E's facilities but that

5  were not ignited by PG&E facilities, damaged only PG&E's own facilities or spread less than a linear

6  meter, it will endeavor to do so, though it may not be possible to compile a complete list of such fires based

7  on available information.  Attempting such an undertaking would require considerable effort, and PG&E

8  respectfully would request six to eight weeks to comply with such a request.

9                                              Respectfully Submitted,

10  Dated:  January 17, 2019                    JENNER & BLOCK LLP

11

12                                          By:   /s/ Reid J. Schar

13                                              Randy Mehrberg (*pro hac vice*)
                                                Reid J. Schar (*pro hac vice*)

14

15                                              CLARENCE DYER & COHEN LLP
                                                Kate Dyer (Bar No. 171891)

16

17

18                                              Attorneys for Defendant PACIFIC GAS AND
                                                ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28