DAVID L. ANDERSON (CABN 149604)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
PHILIP KOPCZYNSKI (NYBN 4627741)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Hallie.hoffman@usdoj.gov
    Philip.kopczynski@usdoj.gov
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-14-00175-WHA |
| Plaintiff, | UNITED STATES'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE [Dkt. 961] AND REQUEST FOR COMMENT [Dkt. 970] |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

The United States, through Assistant United States Attorneys Hallie Mitchell Hoffman, Philip Kopczynski, and Jeff Schenk, responds to the Court's order to show cause why PG&E's conditions of probation should not be modified as stated therein, Dkt. 961, and the Court's request for comment on the single most recurring cause of the large 2017 and 2018 wildfires attributable to PG&E's equipment, Dkt. 970.

### I.  APPLICABLE LAW

Organizational probationers are subject to the same laws that govern individual probationers. 18

RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR COMMENT
CR-14-00175 WHA

U.S.C. § 3551(c)(1). When setting the terms of probation for an organizational defendant, just as for an individual defendant, the court may impose any condition that is "reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1) and (a)(2)," so long as the condition "involve[s] only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b)(22). The factors set forth in Section 3553(a)(1) and (2) include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2).

While a defendant is serving a term of probation, "[t]he court may modify, reduce, or enlarge the conditions . . . at any time . . . , pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c); *see also United States v. Bainbridge*, 746 F.3d 943, 946-50 (9th Cir. 2014) (holding that district court may modify conditions of probation without any "change in circumstances"). The Federal Rules of Criminal Procedure provide that "[b]efore modifying the conditions of probation . . . , the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1). A hearing is not required, however, if the defendant waives it. Fed. R. Crim. P. 32.1(c)(2).

In addition to Title 18 and the Federal Rules, the United States Sentencing Guidelines ("Guidelines") address probation for organizational defendants. The Guidelines state that probation is appropriate for organizational defendants in many circumstances, including when "necessary to ensure that changes are made within the organization to reduce the likelihood of future criminal conduct," and when "necessary to accomplish one or more of the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)." U.S.S.G. § 8D1.1(a)(6), (8). The Guidelines further state that "[i]n determining the conditions to be imposed . . . , the court should consider the views of any governmental regulatory body that oversees conduct of the organization relating to the instant offense." U.S.S.G. § 8D1.4 cmt. 1.

Consistent with these provisions, the Ninth Circuit has long held that, within certain limitations,

RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR COMMENT
CR-14-00175 WHA

"the trial judge has very broad discretion in fixing the terms and conditions of probation." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 262 (9th Cir. 1975) (en banc). The Ninth Circuit reviews a district court's modification of conditions of probation for abuse of discretion. *United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016). A condition of probation "need not relate to the offense of conviction, as long as it satisfies one of the . . . goals" set forth in Section 3553(a)(1) and (2). *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006); *accord United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008).[1] Moreover, the statutory requirement that a condition of probation be reasonably related to the Section 3553(a) factors is "a very flexible standard." *United States v. Gementera*, 379 F.3d 596, 603 (9th Cir. 2004) (internal quotation marks and citations omitted). "[E]ven very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public." *United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir. 1998). In addition, a condition may have a proper rehabilitative purpose even if it is aimed at conduct that does not rise to the level of a criminal offense. *See United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016). The Ninth Circuit has affirmed conditions of probation that restrict or interfere with the probationer's vocation so long as the condition is reasonably necessary to achieve a proper purpose, such as protection of the public. *See United States v. Clark*, 195 F.3d 446, 452 (9th Cir. 1999); *United States v. Nu-Triumph, Inc.*, 500 F.2d 594, 596 (9th Cir. 1974).

Specific to organizational defendants, the Ninth Circuit "has recognized that special problems are inherent in the criminal punishment of corporations." *United States v. Blue Mountain Bottling Co. of Walla Walla*, 929 F.2d 526, 528 (9th Cir. 1991). One such problem is that "because corporations cannot be sentenced to prison time, sentences between corporate and individual defendants may be disparate." *Id.* According to the Ninth Circuit, "'creative terms of probation' may be required to rectify this disparity while seeing that the punishment of criminals is effected." *Id.* (quoting *United States v. Mitsubishi Int'l Corp.*, 677 F.2d 785, 787 (9th Cir. 1982)).

While regularly reaffirming that district courts "enjoy broad discretion in fashioning the conditions needed for successful supervision of a defendant," and that district courts' choices will

---

[1] *Weber* and *Stoterau* concerned supervised release but the analysis of probation and supervised release is largely the same. *Compare* 18 U.S.C. § 3563 *with* 18 U.S.C. § 3583; *see also, e.g.*, *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *United States v. Kincade*, 379 F.3d 813, 817 n.2 (9th Cir. 2004) (en banc).

RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR COMMENT
CR-14-00175 WHA

receive "substantial deference," the Ninth Circuit has insisted that conditions of supervision find support in the record, and that the conditions be no broader than reasonably necessary. *See LaCoste*, 821 F.3d at 1190. In *LaCoste*, for example, the Ninth Circuit vacated a condition of supervised release prohibiting a defendant from using the internet without the prior approval of his probation officer, where the record revealed only that the defendant had used the internet to post disparaging comments about some of his fraud victims. *Id.* at 1191. In *United States v. Collins*, 684 F.3d 873 (9th Cir. 2012), the Ninth Circuit vacated a condition restricting where the defendant could reside, although state law already imposed a similar restriction on the defendant, because the condition was a "serious restriction" that lacked "sufficient explanation," and because the district court failed "to analyze the appropriateness of [the residency restriction] pursuant to the required federal sentencing factors, notwithstanding any related state law restrictions." *Id.* at 890-92. Meanwhile, in *United States v. Watson*, 582 F.3d 974 (9th Cir. 2009), which was an appeal from a judgment of this Court, the Ninth Circuit upheld a condition prohibiting the defendant from entering San Francisco without the permission of his probation officer, because, after "a careful examination of the justifying factors," the Ninth Circuit found sufficient support for this condition in the record. *Id.* at 983.

II. THE UNITED STATES'S VIEW ON THE PROPOSED CONDITIONS OF PROBATION

This Court has proposed three new conditions to PG&E's probation. Order to Show Cause, Dkt. 961 at 2-4. First, the Court proposes that it will require PG&E to re-inspect its entire electrical grid and remove or trim certain trees and branches, identify and fix certain conductors, identify and fix certain poles, transformers, fuses and other connectors, and identify and fix other conditions. Second, the Court proposes to require PG&E to document the foregoing inspections and work done. Finally, the Court proposes to allow PG&E to supply electricity only through those parts of its grid it has determined to be safe.

While the United States shares the Court's interest in imposing conditions of probation aimed at ensuring that the inhabitants of the Northern District are protected from the death and destruction caused by wildfires, on this record, the United States is not in a position to address the feasibility of implementing the conditions and the chance that they will effectuate that goal. As a threshold matter,

the government does not believe the record supports imposition of the proposed conditions as they are currently drafted. Moreover, as drafted, the Court's proposed conditions may overlap with state and federal regulations (*e.g.*, the Federal Power Act and the California Public Utilities Code) and touch on the province of state and federal regulators (*e.g.*, California Public Utilities Commission (CPUC) and the Federal Energy Regulatory Commission). PG&E's efforts to comply with the proposed conditions could also implicate additional regulations and agencies, such as the Endangered Species Act, the Bureau of Land Management, and the U.S. Department of the Interior.

Because of the complexity of the regulatory scheme involved in electric transmission and distribution lines, the government recommends that the Court request that the Monitor review and evaluate the proposed probation conditions.

The Monitor is in a unique position to perform this work. According to the Monitor's recent submission to the Court, the Monitor has already begun to assess PG&E's current and future vegetation management programs, and its pole and equipment inspection and maintenance programs. Dkt. 958 at 2. The Monitor's work, thus far, has focused on PG&E's electric distribution systems, but the Court also could order the Monitor to oversee PG&E's electric transmission system. Furthermore, the Monitor believes certain agencies, such as the California Department of Forestry and Fire Prevention ("Cal Fire") and the CPUC, will make specific recommendations, requirements, and changes to PG&E's electric operations. *Id.* Once these recommendations are made, the Monitor will evaluate and access how PG&E incorporates and complies with them. *Id.* This relevant experience places the Monitor in the best position to determine whether wildfires can be prevented by fixing gaps in the currently regulatory scheme, or by improving PG&E's compliance with current regulations. If the Monitor believes new probation conditions are appropriate, then the Monitor can draft these conditions after consulting with federal and state regulatory agencies, and thereby ensure that they are properly tailored to remedy specific harm without conflicting with existing regulations.

In sum, the United States recommends that the Monitor review the Court's proposed probation conditions, consult with relevant agencies, and draft a final set of workable probation conditions that achieve the Court's goals while minimizing enforcement challenges.

### III. TENTATIVE FINDING REGARDING CAUSE OF WILDFIRES ATTRIBUTABLE TO PG&E'S EQUIPMENT

On January 17, 2019, this Court issued a tentative finding concerning the "single most recurring cause of the 2017 and 2018 large wildfires attributable to PG&E's equipment." Request for Comment, Dkt. 970. The Court tentatively found that the single most recurring cause was that PG&E's distribution lines have been susceptible "to trees or limbs falling onto the lines during high-wind events." *Id*.

In reviewing the materials PG&E submitted to the Court, including Docket No. 956, the government believes that the Court's finding is accurate as to more than half of the large 2017 and 2018 wildfires. However, the government's conclusion is based solely on the documents PG&E submitted to the Court. The government is only aware of completed and public Cal Fire investigation reports as to the La Porte, Nuns, Redwood, Thirty Seven, Cherokee, and Cascade fires. The government has reviewed redacted versions of these reports, but it would require experts to assist it in drawing conclusions concerning causation.

In any event, the government submits that the Monitor would be in the best position to review available, relevant information concerning causation. While the Monitor has not attempted to determine causation, his team includes subject matter experts. Dkt. 958. For our purposes, PG&E's role in causing the wildfires is relevant not only to determine whether it has violated its terms of probation, but also to prevent future harm. To address causation, the Court should employ the Monitor's subject matter experts. These experts can help answer the question of whether the 2017 and 2018 wildfires were caused because PG&E did not comply with existing, sufficient regulations (suggesting that additional probation conditions are probably not necessary) or because existing regulations do not sufficiently mitigate fire danger caused by PG&E's electric grid (suggesting that additional probation conditions – or simply additional regulations – are necessary).

| | | |
|---|---|---|
| 1 | DATED: January 23, 2019 | Respectfully submitted, |
| 2 | | DAVID L. ANDERSON |
| | | United States Attorney |

/s/
HALLIE MITCHELL HOFFMAN
PHILIP KOPCZYNSKI
JEFF SCHENK
Assistant United States Attorneys

RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR COMMENT
CR-14-00175 WHA