1  Rachael E. Koss (SBN 252016)
   ADAMS BROADWELL JOSEPH & CARDOZO
2  601 Gateway Boulevard, Suite 1000
   South San Francisco, CA 94080
3  Tel: (650) 589-1660
   Email: rkoss@adamsbroadwell.com
4
   *Attorneys for Amicus Curiae International Brotherhood of*
5  *Electrical Workers Local Union 1245*

6

7                    **UNITED STATES DISTRICT COURT**

8                   **NORTHERN DISTRICT OF CALIFORNIA**

9                      **SAN FRANCISCO DIVISION**

10

11  UNITED STATES OF AMERICA,            )  No. CR 14-0175 WHA
                                         )
12              Plaintiff,               )
                                         )
13       vs.                             )  **AMICUS CURIAE BRIEF OF**
                                         )  **INTERNATIONAL BROTHERHOOD OF**
14  PACIFIC GAS AND ELECTRIC             )  **ELECTRICAL WORKERS LOCAL**
    COMPANY,                             )  **UNION 1245 IN SUPPORT OF PACIFIC**
15                                       )  **GAS AND ELECTRIC COMPANY'S**
                Defendant.               )  **RESPONSE TO ORDER TO SHOW**
16                                       )  **CAUSE**
                                         )
17                                       )  Date: January 30, 2019
                                         )  Time: 9:00 A.M.
18                                       )  Court: 12
                                         )  Judge: Honorable William Alsup
19                                       )
20  _____)

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

Corporate Disclosure Statement……………………………………………………………..1

Consent to File……………………………………………………………………………1

I.      STATEMENT OF INTEREST……………………………………………….......2

II.     ARGUMENT……………………………………………………………………...3

      A.  The Court's Proposed New Conditions of PG&E's Probation are Not
           Logistically or Economically Feasible……………………………………………...3

III.    CONCLUSION…………………………………………………………………5

# TABLE OF AUTHORITIES

*CARE v. DARuvter Bros. Dairy*
    54 F.Supp.2d 974 (E.D. Wash. 1999)...…………………………………...…....2

*High Sierra Hikers Ass'n v. U.S. Dept. of Interior*
    2012 WL 1933744………………………………………………………...2

*MillerWohl Co. v. Comm'r of Labor & Indus.*
    694 F.2d 203 (9th Cir. 1982)……………………………………………2

<u>RULES</u>

Federal Rule of Appellate Procedure
    Rule 29…………………………………………………………………2
    Rule 29(a)………………………………………………………...…1

**Corporate Disclosure Statement**

International Brotherhood of Electrical Workers Local Union 1245 is not a corporation. Local 1245 is a labor organization affiliated with American Federation of Labor - Congress of Industrial Organizations. Local 1245 represents approximately 20,000 workers in different capacities in the gas and electric utility industries from Bakersfield to Eureka, including the employees of PG&E, the employees of every publicly-owned utility in central and northern California except for the City of Palo Alto, the electric employees of the Western Area Power Administration and the United States Bureau of Reclamation, all construction linemen working in Local 1245's jurisdiction, and the line clearance tree trimmers in central and northern California.

**Consent to File**

Pursuant to the Federal Rule of Appellate Procedure Rule 29(a), Local 1245 submits this brief with the consent of all parties.[1,2]

///

///

///

///

///

///

///

///

///

///

///

---

[1] PG&E consented via email on January 20, 2019 and the Unites States of America consented via email on January 22, 2019.

[2] No counsel for a party in this case authored this brief in whole or in part. No party or counsel for a party contributed money intended to fund the preparation and submission of this brief. No person other than the amicus curiae, its members, or its counsel contributed money intended to fund the preparation of submission of this brief.

Amicus Curiae Brief of International Brotherhood of Electrical Workers Local Union 1245 (No. CR 14-0175 WHA)

1011-1436acp

1

## I. STATEMENT OF INTEREST

2

International Brotherhood of Electrical Workers Local Union 1245 is a labor organization

3 affiliated with American Federation of Labor - Congress of Industrial Organizations. Local 1245

4 represents approximately 20,000 gas and electric utility employees from Bakersfield to Eureka,

5 including the employees of PG&E, every publicly-owned utility in central and northern

6 California (except for the City of Palo Alto), the electric employees of the Western Area Power

7 Administration and the United States Bureau of Reclamation, all construction linemen working

8 in Local 1245's jurisdiction and the line clearance tree trimmers in central and northern

9 California. Decl. of T. Dalzell at ¶ 3.

Local 1245 members are responsible for building, maintaining and repairing PG&E's

10 electric distribution and transmission system and removing trees in proximity to PG&E's

11 distribution and transmission lines. Decl. of T. Dalzell at ¶ 5. Pursuant to Federal Rules of

12 Appellate Procedure Rule 29,[3] Local 1245 submits this brief and the supporting declaration of

13 Tom Dalzell, Local 1245's Business Manager, to provide Local 1245's unique experience with

14 and firsthand knowledge of PG&E's electric system to aid the Court's consideration of imposing

15 its proposed new conditions on PG&E's probation. Specifically, this brief and supporting

16 declaration show that while Local 1245 fully supports the Court's goal of zero wildfires caused

17 by PG&E's electric system and Local 1245 members would economically benefit from the

18 availability of more work-hours, the Court's proposed conditions in the January 9, 2019 Order to

19 Show Cause Why PG&E's Conditions of Probation Should Not be Modified (Order to Show

20 Cause) are not logistically or economically feasible and should not be required by the Court.

21 ///

22 ///

23 ///

24

25 [3] *See High Sierra Hikers Ass'n v. U.S. Dept. of Interior* 2012 WL 1933744 *2 fn. 1 (courts may allow amicus briefs "when a party has an interest that may be affected by the disposition of this case, is not

26 represented in the matter or has a unique perspective that can supplement the parties' arguments"), citing

27 *CARE v. DARuvter Bros. Dairy* (E.D.Wash. 1999) 54 F.Supp.2d 974, 975, citing *MillerWohl Co. v. Comm'r of Labor & Indus.* (9th Cir. 1982) 694 F.2d 203, 204.

28 Amicus Curiae Brief of International Brotherhood of Electrical Workers Local Union 1245 (No. CR 14-0175 WHA)

2

1

## II. ARGUMENT

### A. The Court's Proposed New Conditions of PG&E's Probation are Not Logistically or Economically Feasible

The Order to Show Cause proposes to add several new conditions to PG&E's probation, including, prior to June 21, 2019, (1) re-inspecting all of PG&E's electrical grid and removing or trimming all trees and branches that could fall into or hit power lines, poles or equipment in high-wind conditions, (2) identifying and fixing all conductors that could "swing together and arc" in high-wind conditions, (3) identifying and fixing "damaged or weakened poles, transformers, fuses and other connectors," and (4) identifying and fixing "any other condition anywhere in its grid similar to any condition that contributed to any previous wildfires." Order to Show Case at 2. While the Court's goal – reducing the number of wildfires caused by PG&E in the 2019 wildfire season – is a worthy one which we share fully, the Court's proposed conditions are "impractical to the point of impossible and costly to the point of impossible." Decl. of T. Dalzell at ¶ 14.

The Order to Show Cause proposes requiring PG&E to inspect and repair its entire distribution and transmission system before June 21, 2019, the start of the 2019 wildfire season. Order to Show Cause at 2. PG&E's electric grid includes approximately 125,000 miles of power lines, 2,300,000 distribution poles and 150,000 transmission towers and poles. Decl. of T. Dalzell at ¶ 4. Inspecting (without even considering repairing) PG&E's entire electric grid in five months is impossible. *Id*.

There are nowhere near enough journeymen linemen (the highly skilled workers trained to inspect and repair the power lines, poles, towers and associated equipment) in the nation to inspect and repair PG&E's whole system in five months. *Id*. at ¶ 6. PG&E has had to contract out line work and, even then, does not have enough linemen to do the work PG&E wants to do. *Id*. In late 2018, PG&E hired approximately 600 linemen from across the nation to inspect and repair a small portion of its system – about 50,000 transmission structures in high fire threat areas. *Id*. at ¶ 7. To attract and retain those 600 contractor linemen, PG&E had to pay them the equivalent of working 128 hours per week at the cost of about $15,000 per lineman per week. *Id*.

In short, inspecting and repairing a very small portion of PG&E's system requires 600 linemen (all the linemen that PG&E could find in the entire nation) and $9 million per week. "To implement the grid inspection and repair measures in the Order to Show Cause in five months would require ***tens of thousands of linemen that don't exist*** at a cost of ***billions of dollars that PG&E doesn't have***." *Id*. at ¶ 8 (emphasis added). The inspection and repair measures in the timeframe contemplated in the Order to Show Cause are simply not feasible.

Similarly, it is unlikely that there are enough qualified line clearance tree trimmers to perform the tree trimming work contemplated in the Order to Show Cause. Since November of 2018, PG&E has brought line clearance tree trimmers from all over the nation to double its approximately 1,200 contractor line clearance tree trimmers. *Id*. at ¶ 11. This does not include employees who inspect lines to identify trees for trimming or removal or employees who audit the tree trimming work. *Id*.

Local 1245 also notes that the standards outlined in the Order to Show Cause are subjective and not ordinary standards used in the business. The grid inspection and repair measures (i.e. identifying and fixing all conductors that could "swing together and arc" in high-wind conditions, "damaged or weakened poles, transformers, fuses and other connectors" and "any other condition anywhere in its grid similar to any condition that contributed to any previous wildfires") are "entirely subjective" and "not consistent with the California Public Utilities Commission's General Order 95 or any other standards that utility engineers and linemen would understand or use." *Id*. at ¶ 8. The tree trimming standard (i.e. removing or trimming all trees and branches that could fall into or hit power lines, poles or equipment in high-wind conditions) is also not "ordinary language used in the industry" and "would require tens of millions of subjective decisions, branch by branch." *Id*. at ¶ 12. "Rather, ordinary language used in the industry would be requiring the utility to prune 'all branches to create a 12 foot radial clearance zone at the time of prune,'" which is an objective standard that can be measured. *Id*.

Local 1245 appreciates and shares the Court's emphasis on safety and its desire to prevent all wildfires that may be caused by PG&E in the 2019 wildfire season. "Local 1245

embraces safety as a reality, not a theory." *Id*. at ¶ 13. Local 1245 "members are hurt or killed in real time and in real places if they are not always vigilant." *Id*. Local 1245's "last fatality was a young apprentice lineman who was working on restoration of service after the Carr fire, which was started accidentally by a dual-axle travel trailer unrelated to PG&E." *Id*. However, Local 1245 recognizes that the Court's goal of zero PG&E-caused wildfires is not practical. Although the consequences were catastrophic and horrible, "[t]he incidents that led to the 2017 and 2018 wildfires were minor failures that happen every day in every utility. An electric utility does not operate in a laboratory and perfection is not possible." *Id*. at ¶ 15. While Local 1245 "would welcome the millions of work-hours that a program such as that envisioned in the Order to Show Cause would bring," "the program outlined in the Order to Show Cause is impractical to the point of impossible and costly to the point of impossible." *Id*. at ¶ 14. Furthermore, the way to 100 percent prevent utility-caused wildfires would be to underground all services but, that too, is impractical and unaffordable. *Id*. at ¶ 9.

## III.  CONCLUSION

The inspection, repair and tree trimming measures outlined in the Order to Show Cause are not practically or economically feasible. Moreover, it is impossible to prevent 100 percent of utility-caused wildfires. Local 1245 urges the Court to refrain from imposing infeasible inspection, repair and tree trimming measures on PG&E, and to leave utility-caused wildfire prevention efforts to the agencies with expertise in the matter – the California Public Utilities

///

///

///

///

///

///

///

///

1  Commission, the California Department of Forestry and Fire Protection, and the Occupational

2  Safety and Health Administration. *Id.* at ¶ 16.

3

4  Date: January 25, 2019                    Respectfully submitted,

5                                                /s/

6                                     _____
                                      Rachael E. Koss
7                                     ADAMS BROADWELL JOSEPH & CARDOZO
                                      601 Gateway Blvd., Suite 1000
8                                     South San Francisco, CA 94080
                                      Tel: (650) 589-1660
9                                     Email: rkoss@adamsbroadwell.com
                                      *Attorneys for Amicus Curiae International*
10                                    *Brotherhood of Electrical Workers Local Union*
                                      *1245*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Amicus Curiae Brief of International Brotherhood of Electrical Workers Local Union 1245 (No. CR 14-
   0175 WHA)

                                           6

Re:    **United States of America v. Pacific Gas and Electric Company**
       **United States District Court, Northern District Case No. CR 14-0175 WHA**

## PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF San Mateo

I am a citizen of the United States and an employee in the County of San Mateo. I am over the age of eighteen (18) years and not a party to the within action. My business address is ADAMS BROADWELL JOSEPH & CARDOZO, 601 Gateway Blvd., Suite 1000, South San Francisco, California 94080.

On the date executed below, I electronically served the document(s) via USDC Northern District ECF Website, described below, on the recipients designated on the Transaction Receipt located on the USDC Northern District ECF website.

**AMICUS CURIAE BRIEF OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 1245 IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY USDC NORTHERN DISTRICT ECF WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on January 25, 2019, at South San Francisco, California.


/s/
_____
ALISHA C. PEMBER

Proof of Service

1011-1436acp