IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant.<br>_____/ | No. CR 14-00175 WHA<br><br>**REQUEST FOR INFORMATION** |

      The Court has received the submission of Attorneys Pitre and Campora (Dkt. No. 1005). By **FEBRUARY 22 AT NOON**, PG&E shall please respond, on a paragraph-by-paragraph basis, to Attorneys Pitre and Campora's submission, specifically admitting, denying, or clarifying for accuracy each and every statement from page 1 through page 15, line 9. Please quote each paragraph (single-spaced and indented) followed by your response. Please be forthright. PG&E shall also provide answers to the following questions:

    1.    With respect to the written testimony of Janaize Markland cited on the first page of Attorneys Pitre and Campora's submission, please clarify whether Ms. Markland's reference to 17 tree-related outages per 1,000 miles should have been "< 2 percent of trees in contact," rather than "< 0.02 percent of trees in contact," an apparent error by a factor of 100.

    2.    What vegetation clearance requirements exist for PG&E power lines on federal land?

3. With respect to the enhanced vegetation management work proposed in PG&E's wildfire mitigation plan, it appears that if the proposed rate of vegetation clearance were followed, it would take more than ten years for PG&E to complete its work on the lines located within the High Fire Threat Districts alone. Is this correct?

4. Is PG&E in full compliance with Section 4293 of the California Public Resources Code? State the reliability of the sources used to answer. If the answer is anything other than an unqualified yes, state all reasons for noncompliance.

**IT IS SO ORDERED.**

Dated: February 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE