# EXHIBIT 16

Executive Department
State of California

## PROCLAMATION OF A STATE OF EMERGENCY

**WHEREAS** the State of California is experiencing record drought conditions, which have persisted for the last four years; and

**WHEREAS** on January 17, 2014, I proclaimed a State of Emergency to exist throughout the State of California due to severe drought conditions; and

**WHEREAS** a lack of precipitation over the last four years has made trees in many regions of California susceptible to epidemic infestations of native bark beetles, which are constrained under normal circumstances by the defense mechanisms of healthy trees; and

**WHEREAS** these drought conditions and resulting bark beetle infestations across broad areas have caused vast tree mortality in several regions of the state, with the United States Forest Service estimating that over 22 million trees are dead and that tens of millions more are likely to die by the end of this year; and

**WHEREAS** recent scientific measurements suggest that the scale of this tree die-off is unprecedented in modern history; and

**WHEREAS** this die-off is of such scale that it worsens wildfire risk across large regions of the State, presents life safety risks from falling trees to Californians living in impacted rural, forested communities, and worsens the threat of erosion across watersheds; and

**WHEREAS** such wildfires will release thousands of tons of greenhouse gas emissions and other harmful air pollutants; and

**WHEREAS** the circumstances of the tree die-off, by reason of its magnitude, is or is likely to be beyond the control of the services, personnel, equipment and facilities of any single county, city and county, or city and require the combined forces of a mutual aid region or regions to combat; and

**WHEREAS** under the provisions of section 8558(b) of the California Government Code, I find that conditions of extreme peril to the safety of persons and property exist within the State of California due to these events; and

**WHEREAS** under the provisions of section 8571 of the California Government Code, I find that strict compliance with various statutes and regulations specified in this order would prevent, hinder, or delay the mitigation of the effects of the drought.

**NOW, THEREFORE, I, EDMUND G. BROWN JR.,** Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes, including the California Emergency Services Act, and in particular, section 8625 of the California Government Code, **HEREBY PROCLAIM A STATE OF EMERGENCY** to exist within the State of California.

**IT IS HEREBY ORDERED THAT:**

1. The Department of Forestry and Fire Protection, the California Natural Resources Agency, the California Department of Transportation, and the California Energy Commission shall immediately identify areas of the State that represent high hazard zones for wildfire and falling trees using best available science and geospatial data.

2. State agencies, utilities, and local governments to the extent required by their existing responsibilities to protect the public health and safety, shall undertake efforts to remove dead or dying trees in these high hazard zones that threaten power lines, roads and other evacuation corridors, critical community infrastructure, and other existing structures. Incidental vegetation such as shrubs that restrict access for safe and efficient removal of the dead and dying trees also may be removed. The Department of Forestry and Fire Protection shall issue emergency guidelines setting forth the relevant criteria, and the California Conservation Corps shall assist government entities in implementing this directive to the extent feasible.

3. The Department of Forestry and Fire Protection shall identify potential storage locations for removed trees across impacted areas in partnership with federal agencies and local jurisdictions.

4. The California Department of Transportation shall formally request immediate assistance through the Federal Highway Administration's Emergency Relief Program, Title 23, United States Code section 125, in order to obtain federal assistance for removal of dead and dying trees that are adjacent to highways.

5. The Department of General Services will identify state facilities, and the California Department of Transportation shall identify highway and road corridors, where woodchips produced from dead trees can be used as mulch.

6. The Governor's Office of Emergency Services and the Department of Forestry and Fire Protection shall work with impacted counties to distribute portable equipment across high hazard zones so that isolated communities can remove and process wood waste locally where appropriate.

7. The California Air Resources Board and the California Department of Forestry and Fire Protection shall work together and with federal land managers and the United States Environmental Protection Agency to expand the practice of prescribed burns, which reduce fire risk and avoid significant pollution from major wildfires, and increase the number of allowable days on a temporary basis to burn tree waste that has been removed in high hazard areas.

8. The California Public Utilities Commission shall utilize its authority to extend contracts on existing forest bioenergy facilities receiving feedstock from high hazard zones.

9. The California Public Utilities Commission shall take expedited action to ensure that contracts for new forest bioenergy facilities that receive feedstock from high hazard zones can be executed within six months, including initiation of a targeted renewable auction mechanism and consideration of adjustments to the BioMat Program defined pursuant to Public Utilities Code section 399.20. No later than six months after the BioMat program begins, the California Public Utilities Commission shall evaluate the need for revisions to the program to facilitate contracts for forest bioenergy facilities.

10. The California Public Utilities Commission shall prioritize facilitation of interconnection agreements for forest bioenergy facilities in high hazard zones, and shall order the use of expedited mediation or other alternative dispute resolution processes when conflicts delay development of projects.

11. The California Energy Commission shall prioritize grant funding from the Electric Program Investment Charge for woody biomass-to-energy technology development and deployment, consistent with direction from the California Public Utilities Commission.

12. The California Department of Forestry and Fire Protection, the California Energy Commission, and other appropriate agencies shall work with land managers to estimate biomass feedstock availability, storage locations, and volumes that may be available for use as bioenergy feedstock at existing and new facilities.

13. The California Department of Forestry and Fire Protection and the California Energy Commission shall work with bioenergy facilities that accept forest biomass from high hazards zones to identify potential funds to help offset higher feedstock costs.

14. The California Department of Resources Recycling and Recovery and the California Department of Forestry and Fire Protection will work with affected counties and existing wood product markets to determine the feasibility for expanded wood product markets in California.

15. For purposes of carrying out directives 1, 2, and 5 through 8, Division 13 (commencing with section 21000) of the Public Resources Code and regulations adopted pursuant to that Division are hereby suspended. This suspension applies to any actions taken by state agencies, and for actions taken by local agencies where the state agency with primary responsibility for implementing the directive concurs that local action is required, as well as for any necessary permits or approvals required to complete these actions.

16. In order to ensure that equipment and services necessary for emergency response can be procured quickly, the provisions of the Government Code and the Public Contract Code applicable to state contracts, including, but not limited to, advertising and competitive bidding requirements, are hereby suspended as necessary to carry out this Proclamation. Approval by the Department of Finance is required prior to the execution of any contract entered into pursuant to these directives.

17. For purposes of this Proclamation, Chapter 3.5 (commencing with section 11340) of Part 1 of Division 3 of the Government Code is suspended for the development and adoption of regulations or guidelines needed to carry out the provisions in this Order. Any entity issuing regulations or guidelines pursuant to this directive shall conduct a public meeting on the regulations and guidelines prior to adopting them.

18. The Office of Emergency Services shall provide local government assistance as appropriate under the authority of the California Disaster Assistance Act, California Government Code section 8680 et seq. and California Code of Regulations, title 19, section 2900 et seq.

19. State agencies shall actively monitor tree removal efforts directed by this Proclamation to assess their effectiveness in protecting forest health and strengthening forest resilience.

This Proclamation is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

I FURTHER DIRECT that as soon as hereafter possible, this proclamation be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this proclamation.

IN WITNESS WHEREOF I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 30th day of October 2015.

EDMUND G. BROWN JR.
Governor of California

ATTEST:

ALEX PADILLA
Secretary of State

