DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE MITCHELL HOFFMAN (CABN 210020)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
PHILIP KOPCZYNSKI (NYBN 4627741)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Hallie.hoffman@usdoj.gov
    Philip.kopczynski@usdoj.gov
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | CR-14-00175-WHA<br><br>UNITED STATES'S RESPONSE TO COURT'S SECOND ORDER TO SHOW CAUSE [Dkt. 1027] |

The United States, through Assistant United States Attorneys Hallie Mitchell Hoffman, Philip Kopczynski, and Jeff Schenk, responds to the Court's second order to show cause why PG&E's conditions of probation should not be modified as stated therein. Dkt. 1027.

While a defendant is serving a term of probation, "[t]he court may modify, reduce, or enlarge the conditions . . . at any time . . . , pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c); *see also United States v. Bainbridge*, 746 F.3d 943, 946-

50 (9th Cir. 2014) (holding that district court may modify conditions of probation without any "change in circumstances"). The Federal Rules of Criminal Procedure provide that "[b]efore modifying the conditions of probation . . . , the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1). This Court held an initial order to show cause hearing on January 30, 2019, heard argument and received extensive briefing from numerous interested parties. The Court will hold a second order to show cause hearing on April 2, 2019. The government believes this process satisfies the procedures outlined in Fed. R. Crim. P. 32.1(c)(1).

In addition, from the extensive record now before the Court, the Court has made factual findings that can inform the Court's judgment about additional conditions that would "promote [PGE's] rehabilitation and . . . protect the public." *United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir. 1998). Among other findings, the Court has found that wildfires have burned almost there percent of California in the last two years, and that, as CAL FIRE has stated, PG&E's equipment or lines started 17 major fires in October 2017 alone. Dkt. 1027 at 2. The Court has also found that PG&E's vegetation management practices have been "dismal." *Id.* at 7. And the Court has found that PG&E violated the existing conditions of its probation by failing to adequately notify the United States Probation Office of a settlement in which the Butte County District Attorney's Office agreed to forego criminal charges against PG&E related to three wildfires. *Id.* at 4.

Turning to the specific conditions, this Court has proposed to modify PG&E's probation by adding five new conditions. Dkt. 1027 at 5-6. Here are the government's position on each proposed condition:

Condition One:

The Court proposes that PG&E must fully comply with all applicable laws concerning vegetation management and clearance requirements. The government has no objection to this proposed condition.

Condition Two:

The Court proposes that PG&E must comply with the specific targets and metrics set forth in its amended 2019 wildfire mitigation plan (Dkt. 1014-2). Generally, the government has no objection to this proposed condition. However, if the CPUC approves a future version of PG&E's 2019 wildfire

mitigation plan that differs from PG&E's proposal, we anticipate this Court would expect PG&E to comply with the targets and metrics set forth in that CPUC approved plan.

Condition Three:

The Court proposes to have the Monitor assess PG&E's wildfire mitigation and safety work. The government has no objection to this proposed condition.

Condition Four:

The Court proposes to have PG&E maintain traceable, verifiable, accurate, and complete records of its vegetation management efforts, and to make these records available for review by the Monitor. The government has no objection to this proposed condition.

Condition Five:

The Court proposes to require PG&E to devote sufficient financial resources and personnel to achieve the foregoing. The government has no objection to this proposed condition. In light of its recent Chapter 11 bankruptcy filing in 19-30088-DM, the defendant likely has several hurdles to overcome before it may issue dividends, including Title 11, United States Code, Section 363, California State law governing the issuance of corporate dividends, as well as agreements PG&E may have reached with its lenders. The government would not object to revisiting this condition in the future, should PG&E's financial condition change. Notably, Condition Five may prove duplicative, since any violation of Condition Five would also be a violation of one or more of proposed Conditions One through Four.

DATED: March 22, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
HALLIE MITCHELL HOFFMAN
PHILIP KOPCZYNSKI
JEFF SCHENK
Assistant United States Attorneys

RESPONSE TO SECOND ORDER TO SHOW CAUSE
CR-14-00175 WHA