RECEIVED

AUG 5 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1    Michael J. Aguirre, Esq., SBN 060402
     Maria C. Severson, Esq., SBN 173967
2    AGUIRRE & SEVERSON, LLP
     501 West Broadway, Suite 1050
3    San Diego, CA 92101
     Telephone: (619) 876-5364
4    Facsimile: (619) 876-5368

5    Attorneys for Plaintiffs Alex Cannara
     And Gene A. Nelson in
6    Case No. 3:19-cv-04171-JCS

FILED

AUG - 5 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>   v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Defendant. | Case No. CR 14-00175-WHA<br><br>Related Case:<br>Case No. 3:19-cv-04171-JCS<br><br>**PROOF OF SERVICE** |

17       I, the undersigned, am employed in the county of San Diego, State of

18 California. I am over the age of 18 and not a party to the within action; my

19 business address is 501 West Broadway, Suite 1050, San Diego, CA, 92101.

20       On August 2, 2019, I caused to be served the following document(s):

21    **ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 7-11 AND
     PROPOSED ORDER TO CONSIDER WHETHER CASES SHOULD
22    BE RELATED UNDER CIVIL L.R. 3-12; AND PROPOSED ORDER
     THEREON;**

23

24    **DECLARATION OF MICHAEL J. AGUIRRE IN SUPPORT OF
     ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 7-11 TO
25    CONSIDER WHETHER CASES SHOULD BE RELATED UNDER
     CIVIL L.R. 3-12**

26    on the parties in this action as follows:

27    **PLEASE SEE ATTACHED SERVICE LIST**

28

1

☐   BY MAIL - By placing a copy in a separate envelope, with postage fully prepaid, for each address named above and depositing each in the U.S. Mail at San Diego, California on August 2, 2019.

☒   BY OVERNIGHT DELIVERY – I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   BY MESSENGER SERVICE – I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and provided them to a professional messenger service for service.  Please see attached Declaration/Proof of Service of messenger.

☐   BY FAX TRANSMISSION – Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☐   BY ELECTRONIC SERVICE – Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on August 2, 2019, at San Diego, California.

/s/Maria E. Byrnes
Maria E. Byrnes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SERVICE LIST

## *United States of America v. Pacific Gas and Electric Company,*
## Case No. CR 14-00175-WHA

Jeffrey Benjamin Schenk
US Attorney's Office
Northern District of California
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
*(Attorneys for United States of America)*

Hartley M.K. West
Kobre & Kim
150 California Street, 19th Floor
San Francisco, CA 94111
*(Attorneys for United States of America)*

Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
*(Attorneys for Defendants Pacific Gas And Electric Company)*

Kate Dyer
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109-7807
*(Attorneys for Defendants Pacific Gas And Electric Company)*

Kevin J. Orsini
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
*(Attorneys for Defendants Pacific Gas And Electric Company)*

### *Alex Cannara, et al., v. Karla Nemeth, et al.,*
### Related Case No. 3:19-cv-04171-JCS

Gabrielle D. Boutin
Deputy Attorney General
California Department of Justice
1300 I Street, Suite 125
Sacramento, CA 94244-2550
*(Attorneys for Defendants California Department of Water Resources, California Department of Finance, California Department of Water Resources Director Karla Nemeth, California Department of Finance Director Keely Bosler, California State Controller Betty Yee, California State Treasurer Fiona Ma)*

Christine Hammond
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
*(Attorneys for California Public Utilities Commission, California Public Utilities Commission President Marybel Batjer; California Public Utilities Commissioner*

3

1   *Liane Randolph; California Public Utilities Commissioner Martha Guzman*
2   *Aceves; California Public Utilities Commissioner Clifford Rechtschaffen;*
    *California Public Utilities Commissioner Genevieve Shiroma)*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Maria C. Severson, Esq., SBN 173967
Michael J. Aguirre, Esq., SBN 060402
AGUIRRE & SEVERSON, LLP
501 West Broadway, Suite 1050
San Diego, CA 92101
Telephone: (619) 876-5364
Facsimile: (619) 876-5368

Attorneys for Plaintiffs Alex Cannara
and Gene A. Nelson in
Case No. 3:19-cv-04171-JCS

RECEIVED

FILED

AUG - 5 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                 Defendant. | Case No. CR 14-00175 WHA<br><br>**Related Case:**<br>Case No. 3:19-cv-04171-JCS<br><br>**ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 7-11 AND PROPOSED ORDER TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL L.R. 3-12; AND PROPOSED ORDER THEREON** |

1   Pursuant to Civil Local Rules ("Civil L.R.") 3-12 and 7-11, Plaintiffs in

2   *Cannara, et al. v. Nemeth, et al.*, Case No. 3:19-cv-04171, filed on July 19, 2019

3   and pending before the United States District Court for the Northern District of

4   California, hereby submit the instant Administrative Motion to Consider Whether

5   Cases Should Be Related.

6   As set forth below, both *Cannara, et al. v. Nemeth, et al.* ("Related Case")

7   and *United States v. Pacific Gas & Elec. Co.* share a common factual background

8   with which this Court is well-familiar: years of safety-related misconduct by

9   investor-owned electric utility, Pacific Gas & Electric Company.

10  **I.     Applicable Standard Under Criminal L.R. 8-1 and Civil L.R. 3-12**

11  Civil L.R. 3-12(a) explains an action is "related to another when: (1) the

12  actions concern substantially the same parties, property, transaction or event; and

13  (2) it appears likely that there will be an unduly burdensome duplication of labor

14  and expense or conflicting results if the cases are conducted before different

15  Judges."

16  Civil L.R. 3-12(b) explains when a "party knows or learns that an action,

17  filed in or removed to this district is (or the party believes that the action may be)

18  related to an action which is or was pending in this District as defined in Civil L.R.

19  3-12(a), the party must promptly file [this motion] in the lowest-numbered case...

20  pursuant to Civil L.R. 7-11."

21  Criminal L.R. 8-1 expressly contemplates instances where a civil and

22  criminal matter may be related by its language: "any pending criminal action is

23  related to another civil or criminal action..." As discussed herein, the civil case and

24  the pending criminal probation both deal with Pacific Gas & Electric Company's

25  conduct – one in a criminal proceeding, and one in a civil action.

26  ///

27  ///

28  ///

1

1

**II.    *Cannara et al. v. Nemeth et al.* is Related to the Probation Imposed Upon
the Defendant in *United States v. Pacific Gas & Electric Company*
Because the Cases Share Substantially the Same Factual Background;
One Judge Hearing Both Cases Would Promote Judicial Economy**

2

3

Both actions call for the determination of substantially related questions of

4

fact, spanning years of unlawful conduct by Pacific Gas & Electric Company

5

(PG&E) which led to its criminal probation as overseen by this Court. The course

6

of conduct attributed to PG&E in *Cannara et al. v. Nemeth et al.*, which

7

underscores that case's various claims of relief, may inform this Court's disposition

8

of PG&E's probation.

9

Indeed, PG&E's continuing pattern of unlawful conduct has caused this

10

Court to issue a request for PG&E to supply information, including "a fresh,

11

forthright statement owning up to the true extent" of investigatory news

12

publications showing PG&E's repeated failure to engage in proactive safety

13

practices, as detailed in "the Wall Street Journal report." (See *United States v.*

14

*Pacific Gas & Elec. Co.*, Case No. CR 14-00175 WHA, Doc. 1075, p. 1:25-26,

15

Request for Offender PG&E to Supply Information). This Court also asked for a

16

similar statement addressing an ABC News revelation that "PG&E has made

17

campaign contributions to political candidates, even quite recently. The offender...

18

shall explain why those campaign contributions were more important than replacing

19

or repairing the aging transmission lines described by the Wall Street Journal

20

article..." (Doc. 1075, p. 2:2-7).

21

The related civil case alleges PG&E solicited and is set to receive an

22

unlawful gift of public funds from the State of California through a bill passed after

23

a substantial and pervasive campaign by PG&E to gain influence over the

24

Legislature, as exposed by the very same ABC News revelation cited by this

25

Court's July 10, 2019 request to PG&E. (See Complaint in Related Case, attached

26

as Exhibit 1 to Declaration of Michael J. Aguirre, filed concurrently herewith, pp.

27

50:6-28, 51:1-22); (Doc. 1075, p. 2:1-9).

28

2

1        The now-passed bill, Assembly Bill (AB) 1054, will perpetually relieve

2    PG&E from the consequences of its wildfire safety violations by passing them onto

3    utility customers, violating their constitutional right to be free from unjust and

4    unreasonable rates. (Aguirre Decl., Ex. 1, 42:13-28, 43-44, 45:1-14).  AB 1054

5    does so by setting up a fund through which the State of California will provide a

6    potentially limitless amount of taxpayer and utility customer funds, $10.5 billion at

7    a time, to subsidize uninsured wildfire liabilities incurred by PG&E and its fellow

8    investor-owned electric utilities (IOU). (Aguirre Decl., Ex. 1, p. 31:5-24).

9        PG&E ensured the passage of such a favorable law by spending millions

10   upon millions to curry favor with the California Legislature. (Aguirre Decl., Ex. 1,

11   pp. 32-37).  The corporation's campaign contributions during the 2018 election

12   cycle – $550,000 to sitting legislators, $1.32 million to state-level and local

13   Democratic and Republican parties of California, and $208,400 to Governor Gavin

14   Newsom,  followed by an intense lobbying campaign totaling $10 million in 2018

15   alone – were used to induce those politicians to pass Assembly Bill (AB) 1054.

16   (Aguirre Decl., Ex. 1, pp. 33-37; Ex. 2; Ex. 3, pg. 2).  An ABC 10 investigative

17   report revealed PG&E in fact "spent almost $12 million lobbying the state

18   government and another $14 million lobbying Congress in Washington, D.C."

19   (Aguirre Decl., Ex. 4, embedded video "Fire – Power – Money, Ep. 3 of 3,"

20   timestamp 00:14:12 to 00:14:40).

21       In short, *Cannara et al. v. Nemeth et al.* seeks to demonstrate how PG&E and

22   its fellow IOUs convinced the Legislature to pass on responsibility for wildfire

23   costs from the blameworthy utilities to the blameless people of California.  PG&E

24   could, and should have, instead used such costs and employee time to examine and

25   conduct critical maintenance on its transmission lines the July 12, 2019, article by

26   the *Wall Street Journal* revealed PG&E knew was needed.

27       Facts that may be brought out in both matters include PG&E's admission by

28   its letter to the California Public Utilities Commission (CPUC) Safety and

3

1  Enforcement Division dated July 3, 2019, that the utility has not met its
2  maintenance targets as established in its own wildfire mitigation plan. (Aguirre
3  Decl., Ex. 5).  Additional evidence may involve a December 14, 2018, California
4  Public Utilities Commission announcement of its investigation into whether
5  PG&E's natural gas maintenance records were in fact *falsified*. (Aguirre Decl., Ex.
6  6).

7        Considerations of judicial economy and administration of justice weigh
8  strongly in favor of assigning the cases to the same district judge.  Because both
9  cases are rooted in PG&E's history of unlawful conduct and its activities before the
10  California Legislature – a set of circumstances intertwined with this Court's
11  already-pending case in which PG&E is a defendant – there would be substantial
12  duplication of labor if the cases were heard by different judges.

13        Indeed, Plaintiffs in *Cannara et al. v. Nemeth et al.* have alleged a pattern of
14  behavior by PG&E aimed at avoiding the consequences of its repeated violations of
15  state fire safety standards instead of recognizing its duty to ensure, as this Court
16  expressed in its January 9, 2019, Order to Show Cause to PG&E, that "safety must
17  come first. *Only* safe operation will be allowed." (Aguirre Decl., Ex. 1, pp. 32-38, ¶
18  32 ) (See *United States v. Pacific Gas & Elec. Co.*, Case No. CR 14-00175 WHA,
19  Doc. 961, p. 2:13-14, Order to Show Cause Why PG&E's Conditions of Probation
20  Should Not Be Modified).

21        In summary, both the related civil lawsuit and the instant criminal action
22  involve a substantially overlapping set of facts which are determinative to the
23  disposition of both cases.
24  ///
25  ///
26  ///
27  ///
28  ///

4

1

## CONCLUSION

2          Based on the foregoing, Plaintiffs in *Cannara, et al. v. Nemeth, et al.*, Case

3   No. 3:19-cv-04171 respectfully submit that the actions listed above qualify as

4   related cases and therefore request that they be transferred to the lowest numbered

5   case District Court Judge.

6

7                                              AGUIRRE & SEVERSON, LLP

8

9   Dated:  August 2, 2019                     */s/Maria C. Severson*
                                               Maria C. Severson, Esq.,
10                                             Attorneys for Plaintiffs Alex Cannara
                                               and Gene A. Nelson in
11                                             Case No. 3:19-cv-04171-JCS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

## **PROPOSED ORDER**

2    After having considered the Administrative Motion to Consider Whether

3  Cases Should Be Related (Civil L.R. 3-12), filed on July 30, 2019 by the Plaintiffs

4  of Case No. 3:19-cv-04171, the Court finds that:

5    ____ *Cannara et al. v. Nemeth et al.* (Case No. 3:19-cv-04171) and the earlier-

6  filed *United States of America v. Pacific Gas & Electric Company* (Case No. CR

7  14-00175 WHA) are related.

8    ____ *Cannara et al. v. Nemeth et al.* (Case No. 3:19-cv-04171) and the earlier-

9  filed *United States of America v. Pacific Gas & Electric Company* (Case No. CR

10  14-00175 WHA) are not related.

11

12    IT IS SO ORDERED.

13

14  Date: _____

15                                    HON. WILLIAM H. ALSUP
                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

6