1   Maria C. Severson, Esq., SBN 173967
    Michael J. Aguirre, Esq., SBN 060402
2   AGUIRRE & SEVERSON, LLP
    501 West Broadway, Suite 1050
3   San Diego, CA 92101
    Telephone: (619) 876-5364
4   Facsimile: (619) 876-5368

5   Attorneys for Plaintiffs Alex Cannara
    and Gene A. Nelson in
6   Case No. 3:19-cv-04171-JCS

RECEIVED

FILED

AUG -5 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          Case No. CR 14-00175 WHA

12                        Plaintiff,    **Related Case:**
                                        Case No. 3:19-cv-04171-JCS
13        v.

14   PACIFIC GAS AND ELECTRIC           **ADMINISTRATIVE MOTION
     COMPANY,                           PURSUANT TO CIVIL L.R. 7-11 AND
15                                      PROPOSED ORDER TO CONSIDER
                                        WHETHER CASES SHOULD BE
16                        Defendant.    RELATED UNDER CIVIL L.R. 3-12;
                                        AND PROPOSED ORDER THEREON**

17

18

19

20

21

22

23

24

25

26

27

28                                                      1080

ADMINISTRATIVE MOTION TO CONSIDER                        CASE NO. CR 14-00175 WHA
WHETHER CASES SHOULD BE RELATED; PROPOSED ORDER

1  Pursuant to Civil Local Rules ("Civil L.R.") 3-12 and 7-11, Plaintiffs in

2  *Cannara, et al. v. Nemeth, et al.*, Case No. 3:19-cv-04171, filed on July 19, 2019

3  and pending before the United States District Court for the Northern District of

4  California, hereby submit the instant Administrative Motion to Consider Whether

5  Cases Should Be Related.

6  As set forth below, both *Cannara, et al. v. Nemeth, et al.* ("Related Case")

7  and *United States v. Pacific Gas & Elec. Co.* share a common factual background

8  with which this Court is well-familiar: years of safety-related misconduct by

9  investor-owned electric utility, Pacific Gas & Electric Company.

10  **I.    Applicable Standard Under Criminal L.R. 8-1 and Civil L.R. 3-12**

11  Civil L.R. 3-12(a) explains an action is "related to another when: (1) the

12  actions concern substantially the same parties, property, transaction or event; and

13  (2) it appears likely that there will be an unduly burdensome duplication of labor

14  and expense or conflicting results if the cases are conducted before different

15  Judges."

16  Civil L.R. 3-12(b) explains when a "party knows or learns that an action,

17  filed in or removed to this district is (or the party believes that the action may be)

18  related to an action which is or was pending in this District as defined in Civil L.R.

19  3-12(a), the party must promptly file [this motion] in the lowest-numbered case...

20  pursuant to Civil L.R. 7-11."

21  Criminal L.R. 8-1 expressly contemplates instances where a civil and

22  criminal matter may be related by its language: "any pending criminal action is

23  related to another civil or criminal action..." As discussed herein, the civil case and

24  the pending criminal probation both deal with Pacific Gas & Electric Company's

25  conduct – one in a criminal proceeding, and one in a civil action.

26  ///

27  ///

28  ///

1

1   **II.**   ***Cannara et al. v. Nemeth et al.* is Related to the Probation Imposed Upon
2          the Defendant in *United States v. Pacific Gas & Electric Company*
          **Because the Cases Share Substantially the Same Factual Background;
3          One Judge Hearing Both Cases Would Promote Judicial Economy**

4          Both actions call for the determination of substantially related questions of

5   fact, spanning years of unlawful conduct by Pacific Gas & Electric Company

6   (PG&E) which led to its criminal probation as overseen by this Court.  The course

7   of conduct attributed to PG&E in *Cannara et al. v. Nemeth et al.*, which

8   underscores that case's various claims of relief, may inform this Court's disposition

9   of PG&E's probation.

10          Indeed, PG&E's continuing pattern of unlawful conduct has caused this

11  Court to issue a request for PG&E to supply information, including "a fresh,

12  forthright statement owning up to the true extent" of investigatory news

13  publications showing PG&E's repeated failure to engage in proactive safety

14  practices, as detailed in "the Wall Street Journal report." (See *United States v.*

15  *Pacific Gas & Elec. Co.*, Case No. CR 14-00175 WHA, Doc. 1075, p. 1:25-26,

16  Request for Offender PG&E to Supply Information).  This Court also asked for a

17  similar statement addressing an ABC News revelation that "PG&E has made

18  campaign contributions to political candidates, even quite recently.  The offender...

19  shall explain why those campaign contributions were more important than replacing

20  or repairing the aging transmission lines described by the Wall Street Journal

21  article..." (Doc. 1075, p. 2:2-7).

22          The related civil case alleges PG&E solicited and is set to receive an

23  unlawful gift of public funds from the State of California through a bill passed after

24  a substantial and pervasive campaign by PG&E to gain influence over the

25  Legislature, as exposed by the very same ABC News revelation cited by this

26  Court's July 10, 2019 request to PG&E. (See Complaint in Related Case, attached

27  as Exhibit 1 to Declaration of Michael J. Aguirre, filed concurrently herewith, pp.

28  50:6-28, 51:1-22); (Doc. 1075, p. 2:1-9).

1      The now-passed bill, Assembly Bill (AB) 1054, will perpetually relieve

2  PG&E from the consequences of its wildfire safety violations by passing them onto

3  utility customers, violating their constitutional right to be free from unjust and

4  unreasonable rates. (Aguirre Decl., Ex. 1, 42:13-28, 43-44, 45:1-14).   AB 1054

5  does so by setting up a fund through which the State of California will provide a

6  potentially limitless amount of taxpayer and utility customer funds, $10.5 billion at

7  a time, to subsidize uninsured wildfire liabilities incurred by PG&E and its fellow

8  investor-owned electric utilities (IOU). (Aguirre Decl., Ex. 1, p. 31:5-24).

9      PG&E ensured the passage of such a favorable law by spending millions

10  upon millions to curry favor with the California Legislature. (Aguirre Decl., Ex. 1,

11  pp. 32-37). The corporation's campaign contributions during the 2018 election

12  cycle – $550,000 to sitting legislators, $1.32 million to state-level and local

13  Democratic and Republican parties of California, and $208,400 to Governor Gavin

14  Newsom,  followed by an intense lobbying campaign totaling $10 million in 2018

15  alone – were used to induce those politicians to pass Assembly Bill (AB) 1054.

16  (Aguirre Decl., Ex. 1, pp. 33-37; Ex. 2; Ex. 3, pg. 2). An ABC 10 investigative

17  report revealed PG&E in fact "spent almost $12 million lobbying the state

18  government and another $14 million lobbying Congress in Washington, D.C."

19  (Aguirre Decl., Ex. 4, embedded video "Fire – Power – Money, Ep. 3 of 3,"

20  timestamp 00:14:12 to 00:14:40).

21      In short, *Cannara et al. v. Nemeth et al.* seeks to demonstrate how PG&E and

22  its fellow IOUs convinced the Legislature to pass on responsibility for wildfire

23  costs from the blameworthy utilities to the blameless people of California.  PG&E

24  could, and should have, instead used such costs and employee time to examine and

25  conduct critical maintenance on its transmission lines the July 12, 2019, article by

26  the *Wall Street Journal* revealed PG&E knew was needed.

27      Facts that may be brought out in both matters include PG&E's admission by

28  its letter to the California Public Utilities Commission (CPUC) Safety and

3

1    Enforcement Division dated July 3, 2019, that the utility has not met its

2    maintenance targets as established in its own wildfire mitigation plan. (Aguirre

3    Decl., Ex. 5).  Additional evidence may involve a December 14, 2018, California

4    Public Utilities Commission announcement of its investigation into whether

5    PG&E's natural gas maintenance records were in fact *falsified*. (Aguirre Decl., Ex.

6    6).

7            Considerations of judicial economy and administration of justice weigh

8    strongly in favor of assigning the cases to the same district judge.  Because both

9    cases are rooted in PG&E's history of unlawful conduct and its activities before the

10   California Legislature – a set of circumstances intertwined with this Court's

11   already-pending case in which PG&E is a defendant – there would be substantial

12   duplication of labor if the cases were heard by different judges.

13           Indeed, Plaintiffs in *Cannara et al. v. Nemeth et al.* have alleged a pattern of

14   behavior by PG&E aimed at avoiding the consequences of its repeated violations of

15   state fire safety standards instead of recognizing its duty to ensure, as this Court

16   expressed in its January 9, 2019, Order to Show Cause to PG&E, that "safety must

17   come first. *Only* safe operation will be allowed." (Aguirre Decl., Ex. 1, pp. 32-38, ¶

18   32 ) (See *United States v. Pacific Gas & Elec. Co.*, Case No. CR 14-00175 WHA,

19   Doc. 961, p. 2:13-14, Order to Show Cause Why PG&E's Conditions of Probation

20   Should Not Be Modified).

21           In summary, both the related civil lawsuit and the instant criminal action

22   involve a substantially overlapping set of facts which are determinative to the

23   disposition of both cases.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

4

1

## <u>CONCLUSION</u>

2    Based on the foregoing, Plaintiffs in *Cannara, et al. v. Nemeth, et al.*, Case

3    No. 3:19-cv-04171 respectfully submit that the actions listed above qualify as

4    related cases and therefore request that they be transferred to the lowest numbered

5    case District Court Judge.

6

7                                            AGUIRRE & SEVERSON, LLP

8

9    Dated:  August 2, 2019              */s/Maria C. Severson*
                                         Maria C. Severson, Esq.,
10                                       Attorneys for Plaintiffs Alex Cannara
                                         and Gene A. Nelson in
11                                       Case No. 3:19-cv-04171-JCS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

## **PROPOSED ORDER**

After having considered the Administrative Motion to Consider Whether Cases Should Be Related (Civil L.R. 3-12), filed on July 30, 2019 by the Plaintiffs of Case No. 3:19-cv-04171, the Court finds that:

_____ *Cannara et al. v. Nemeth et al.* (Case No. 3:19-cv-04171) and the earlier-filed *United States of America v. Pacific Gas & Electric Company* (Case No. CR 14-00175 WHA) are related.

_____ *Cannara et al. v. Nemeth et al.* (Case No. 3:19-cv-04171) and the earlier-filed *United States of America v. Pacific Gas & Electric Company* (Case No. CR 14-00175 WHA) are not related.


IT IS SO ORDERED.


Date: _____          _____

HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

6