JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
    825 8th Avenue
    New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC
COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**AMENDED RESPONSE TO QUESTIONS TO PG&E RE LATE OCTOBER PSPSs**<br><br>Judge: Hon. William Alsup |

Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this amended response to the Court's November 4, 2019 request for information on the Public Safety Power Shutoffs ("PSPS") that occurred on October 23 (the "October 23 PSPS") and October 26 and 29 (the "October 26 and 29 PSPSs").  (Dkt. 1111.)

PG&E is submitting this amended response because it has identified additional damages and hazards identified during patrols conducted prior to re-energization of circuits involved in the October 26 and 29 PSPSs that were not included in its prior submission.  The data included in the prior submission was based on PG&E's ESRB-8 Post-PSPS Event Report for the October 26 and 29 PSPS events that was submitted within 10 business days of the PSPS events and was based on data available when the report was being prepared.  However, consistent with standard utility practice, PG&E undertakes a review of information included in the ESRB-8 report to reconcile and validate the data after that 10-business day period.

In addition, PG&E notes that the documentation of PSPS-related damages and hazards is a new process for PG&E's field teams.  The change management required for these new procedures is ongoing with each PSPS event.  Specifically, field teams are currently reporting damages and hazards found through different formats with different intake processes.  In order to ensure characterization of damages and hazards is consistently applied, all field identified items go through several subject matter expert reviews that may require additional time to complete, particularly for larger PSPS events.

An amended response concerning the October 26 and October 29 PSPS events is provided below.  PG&E also submitted an updated Post-PSPS Event Report for the October 26 and 29 PSPS events reflecting the revised damages and hazards numbers to the CPUC earlier this week.  PG&E is working on preparing and will provide the additional information requested by the Court concerning damages, including the county and coordinates of the vegetation damage and infrastructure damage and information regarding the date of the most recent vegetation management work or most recent inspection or patrol of the equipment, for each of the additional locations identified where arcing likely would have occurred, by February 7, 2020.

**Amended Information Concerning October 26 and October 29 PSPS Events**

The following information replaces the information concerning the October 26 and October 29 PSPS events provided on pages 5-6 of PG&E's November 29, 2019 submission:

PG&E identified approximately 365 instances of vegetation damage that appear to have occurred during the October 26 and 29 PSPSs.[1]  PG&E's current information with respect to these 365 instances is as follows:

- 291 instances of vegetation damage likely would have caused arcing if the lines had been energized based on PG&E's assessment of whether the vegetation was contacting or had contacted the conductor (*e.g.*, a tree branch is laying on two phases of a conductor);

- 55 instances of vegetation damage likely would not have caused arcing (*e.g.*, the conductor was covered); and

- with respect to 19 instances of vegetation damage, PG&E is unable to determine whether arcing likely would have occurred.

PG&E identified approximately 102 instances of damage to its infrastructure that appear to have been caused by extreme wind and/or other fire conditions present during the October 26 and 29 PSPSs.[2]  PG&E's current information with respect to these 102 instances is as follows:

_____

[1] During the post-PSPS patrols, PG&E identified vegetation issues that may have pre-dated the October 26 and October 29 PSPSs.  These issues are not included as part of the approximately 365 instances of vegetation damage discussed above.  PG&E also identified 73 instances of vegetation damage to service drops (*i.e.*, an overhead line from PG&E's distribution line to a point of attachment on the customer's residence).  Because it is the customer's responsibility to safely clear vegetation from service drops, these issues are also not included.  Finally, PG&E also identified 14 instances of vegetation damage to infrastructure owned and operated by third parties, and these issues are not included as part of the approximately 365 instances of vegetation damage discussed above.  PG&E addressed each of these issues prior to re-energizing its lines.

[2] During the post-PSPS patrols, PG&E identified equipment issues that may have pre-dated the October 26 and October 29 PSPS events.  These issues are not included as part of the

1      • 49 instances of infrastructure damage likely would have caused arcing

2         based on PG&E's assessment of the location of the damaged equipment;

3      • 41 instances of infrastructure damage likely would not have caused arcing;

4         and

5      • with respect to 12 instance of infrastructure damage, PG&E is unable to

6         determine whether arcing likely would have occurred.

7                                          Respectfully Submitted,

8   Dated:  January 29, 2020              JENNER & BLOCK LLP

9

10                                        By:   /s/ Reid J. Schar
11                                             Reid J. Schar (*pro hac vice*)

12                                        CRAVATH, SWAINE & MOORE LLP

13

14                                        By:   /s/ Kevin J. Orsini
15                                             Kevin J. Orsini (*pro hac vice*)

16

17                                        CLARENCE DYER & COHEN LLP

18                                        By:   /s/ Kate Dyer
19                                             Kate Dyer (Bar No. 171891)

20

21                                        Attorneys for Defendant PACIFIC GAS
                                          AND ELECTRIC COMPANY
22

23

24

25

26   ──────────────────
     approximately 102 instances of infrastructure damage discussed above.  PG&E addressed each
27   of these issues prior to re-energizing its lines.

28