JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
    825 8th Avenue
    New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>         v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                         Defendant. | Case No. 14-CR-00175-WHA<br><br>**SUPPLEMENTAL AMENDED RESPONSE TO QUESTIONS TO PG&E RE LATE OCTOBER PSPSs**<br><br>Judge:  Hon. William Alsup |

1    Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this
2 supplemental amended response to the Court's November 4, 2019 request for information on the
3 Public Safety Power Shutoffs ("PSPS") that occurred on October 23 (the "October 23 PSPS")
4 and October 26 and 29 (the "October 26 and 29 PSPSs"). (Dkt. 1111.) On January 29, 2020,
5 PG&E submitted an amended response concerning the October 26 and October 29 PSPS events.
6 (Dkt. 1135.) Upon further review, PG&E has determined that it inadvertently misclassified in its
7 January 29 submission one instance of damage to a service drop, which should not have been
8 included in the total instances of vegetation damage that appear to have occurred during the
9 October 26 and 29 PSPSs or in the total instances of vegetation damage that likely would have
10 caused arcing if the lines had been energized. An amended response concerning the October 26
11 and October 29 PSPS events is provided below.

12    PG&E also noted in its January 29, 2020 response that it would provide the
13 additional information requested by the Court concerning damages, including the county and
14 coordinates of the vegetation damage and infrastructure damage and information regarding the
15 most recent inspections or patrols, for each of the additional locations identified where arcing
16 likely would have occurred, by February 7, 2020. That information is included herein, and
17 should replace Exhibits C and D of PG&E's November 29, 2019 submission. PG&E notes that
18 in addition to providing information concerning the damages identified in its amended response,
19 the updated exhibits also correct some of the dates of the most recent inspections or patrols that
20 were included in the original exhibits.

21    PG&E has also reviewed its prior submissions concerning the October 9-12 and
22 October 23 PSPS events for any errors in the dates of the most recent inspections or patrols that
23 were included in the exhibits to those submissions. PG&E provides herein amended exhibits for
24 the October 9-12 PSPS event and October 23 PSPS event that correct some of the dates

originally provided.[1]  These exhibits should replace Exhibits A and B in PG&E's October 30, 2019 submission and Exhibit A in PG&E's November 29, 2019 submission, respectively.  (Dkt. 1110, 1119.)

**Amended Information Concerning October 26 and October 26 PSPS Events**

The following information replaces the information concerning the October 26 and October 29 PSPS events provided on pages 5-6 of PG&E's November 29, 2019 submission:

PG&E identified approximately 364 instances of vegetation damage that appear to have occurred during the October 26 and 29 PSPSs.[2]  PG&E's current information with respect to these 364 instances is as follows:

- 290 instances of vegetation damage likely would have caused arcing if the lines had been energized based on PG&E's assessment of whether the vegetation was contacting or had contacted the conductor (*e.g.*, a tree branch is laying on two phases of a conductor);
- 55 instances of vegetation damage likely would not have caused arcing *(e.g.*, the conductor was covered); and
- with respect to 19 instances of vegetation damage, PG&E is unable to determine whether arcing likely would have occurred.

---

[1] The number of instances of vegetation and infrastructure damage remain unchanged for the October 9-12 and October 23 PSPS events.

[2] During the post-PSPS patrols, PG&E identified vegetation issues that may have pre-dated the October 26 and October 29 PSPSs.  These issues are not included as part of the approximately 364 instances of vegetation damage discussed above.  PG&E also identified 74 instances of vegetation damage to service drops (*i.e.*, an overhead line from PG&E's distribution line to a point of attachment on the customer's residence).  Because it is the customer's responsibility to safely clear vegetation from service drops, these issues are also not included.  Finally, PG&E also identified 14 instances of vegetation damage to infrastructure owned and operated by third parties, and these issues are not included as part of the approximately 364 instances of vegetation damage discussed above.  PG&E addressed each of these issues prior to re-energizing its lines.

1  PG&E identified approximately 102 instances of damage to its infrastructure that appear to have been caused by extreme wind and/or other fire conditions present during the October 26 and 29 PSPSs.[3]  PG&E's current information with respect to these 102 instances is as follows:

- 49 instances of infrastructure damage likely would have caused arcing based on PG&E's assessment of the location of the damaged equipment;
- 41 instances of infrastructure damage likely would not have caused arcing; and
- with respect to 12 instances of infrastructure damage, PG&E is unable to determine whether arcing likely would have occurred.

---

[3] During the post-PSPS patrols, PG&E identified equipment issues that may have pre-dated the October 26 and October 29 PSPS events.  These issues are not included as part of the approximately 102 instances of infrastructure damage discussed above.  PG&E addressed each of these issues prior to re-energizing its lines.

1 | Respectfully Submitted,

2 | Dated: February 7, 2020   JENNER & BLOCK LLP

By:   /s/ Reid J. Schar
   Reid J. Schar (*pro hac vice*)

CRAVATH, SWAINE & MOORE LLP

By:   /s/ Kevin J. Orsini
   Kevin J. Orsini (*pro hac vice*)

CLARENCE DYER & COHEN LLP

By:   /s/ Kate Dyer
   Kate Dyer (Bar No. 171891)

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY