Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
Kimberly S. Morris (SBN 249933)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:    415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com
Email: kmorris@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

Counsel to the Official Committee of Tort Claimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant, | Case No. 14-cr-00175-WHA<br><br>**REQUEST BY THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ADDITIONAL INFORMATION FROM DEFENDANT** |

The Official Committee of Tort Claimants (the "**TCC**") in the PG&E Corporation and Pacific Gas and Electric Company chapter 11 bankruptcy case (Case No. 19-30088 (DM)) and estimation proceedings (Case No. 19-05257 (JD)) hereby submits this Request (the "**Request**") to the Court for entry of an Order requiring Defendant to answer certain additional questions outlined below as a component of Defendant's report to the Court due March 2, 2020.

- 1 -

REQUEST BY THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ADDITIONAL INFORMATION FROM
DEFENDANT - Case No.: 14-cr-00175-WHA

During the show cause hearing on February 19, 2020, counsel for Defendant made several representations concerning the issues identified by TCC expert Thomas Scott Hylton that, to this day, are present on Tower 09/81 of the Cresta-Rio Oso 230kV transmission line—most notably, the appearance of considerable gouging and rusting on multiple C-Hooks and their connection plates. Defendant's counsel stated that multiple inspectors in 2019, after the deadly Camp Fire, "did not mark any requirement for work" on Tower 09/81. *See* Feb. 19, 2020 Hearing Tr. at 57:20-21. Defendant's counsel further stated that the inspectors could have "goofed" and missed the issues, or "made a determination based on their judgment" that the level of wear did not rise to a level requiring a work order tag. *See id.* at 57:24-58:3.

The Court thereafter requested PG&E submit a report explaining why PG&E's inspections did not uncover the issues presented on Tower 09/81, and if they did, how Defendant assessed them, and what records were made of them. *See id.* at 68:20-69:6. The Court further requested Defendant to interview the specific inspectors to find out how they missed the issues on Tower 09/81. *See id.* at 69:17-23.

In light of the above, and in furtherance of the Court's directive to Defendant to produce a follow-up report, the TCC respectfully requests this Court order Defendant to answer the following specific questions and provide documents to support those answers:

1. Is there any documentation that says specifically that a PG&E inspector climbed Cresta-Rio Oso Tower 09/81 after the Camp Fire, and prior to receipt of Expert Thomas Scott Hylton's January 30, 2020 correspondence, when does that document state the inspector climbed the tower? If so, PGE to produce the inspection report to the Court, the Monitor and the TCC.

2. Has the climbing inspector testified under oath or submitted a sworn declaration that he inspected the corroded or abnormal C-Hooks and connection plates?

3. Did the climbing inspector check the box on the inspection form that asks if he inspected the C-Hooks and connection plates?

4. What is the climbing inspector's testimony as to why he did not inspect the C-Hooks and connection plates or why he did not note their condition if he claims he inspected the C-Hooks and connection plates?

5. Has PG&E investigated whether the climbing inspection report has been fabricated, meaning that it was filled out to state an inspection was made when in fact no inspection was made?

6.  What evidence exists to negate an inference that the climbing inspection report is false or fabricated in view of the fact the corroded or abnormal C-Hooks and connection plates are visible from a binocular view from the ground and located on a line approximately 200 feet from the Caribou-Palermo 115kV Transmission Line that killed 85 people in 2018, and no inspector identified the corroded or abnormal C-Hooks and connection plates?

7.  Following receipt of Expert Hylton's letter, when was Cresta-Rio Oso Tower 09/81 inspected?

8.  Who performed the inspection?

9.  Did the inspector(s) climb the Tower to inspect the C-Hooks?

10. What is the basis for the inspector(s)' designation of one or more C-Hooks as an E-tag?

11. What method did the inspector(s) use to measure the amount of corrosion on the C-Hooks?

12. With respect to the C-Hook wrapped in black electrical tape, how was the inspector able to determine the level of corrosion was between 30-50 percent without removing the electrical tape?

**WHEREFORE**, the TCC respectfully requests that this Court enter an order requiring Defendant to respond to the questions outlined herein and produce supporting documentation, to this Court, the Monitor and the TCC, as a component of its March 2, 2020 follow-up report.

Dated:   February 25, 2020              Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
Kimberly S. Morris

*Counsel to the Official Committee of Tort Claimants*

# PROOF OF SERVICE

I, Heidi Hammon-Turano, do declare and state as follows:

1.  I am employed in San Francisco County in the State of California. I am more than eighteen years old and not a party to this action. My business address is Baker & Hostetler LLP, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806.

2.  I certify that on February 25, 2020, I caused a true and correct copy of each of the following documents to be served via e-mail on the Email Service List attached hereto as **Exhibit A**:

- *Request By The Official Committee Of Tort Claimants For Additional Information From Defendant.*

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that if called upon as a witness, I could and would testify thereto.

Executed this 25th day of February, 2020, at San Francisco, California.

Heidi Hammon-Turano

**EXHIBIT A**
Email Service List
Served via Email

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Counsel to Defendant Pacific Gas and Electric Company | Cravath, Swaine & Moore LLP | Attn: Kevin J. Orsini | korsini@cravath.com |
| Counsel to Defendant Pacific Gas and Electric Company | Jenner & Block LLP | Attn: Reid J. Schar | RSchar@jenner.com |
| Counsel to Defendant Pacific Gas and Electric Company | Clarence Dyer & Cohen LLP | Attn: Kate Dyer | kdyer@clarencedyer.com |
| Monitor | Kirkland & Ellis | Attn: Mark Filip, Christopher W. Keegan | mark.filip@kirkland.com<br>chris.keegan@kirkland.com |