JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
    825 Eighth Avenue
    New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC
COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ORDER MODIFYING CONDITIONS OF PROBATION**<br><br>Judge: Hon. William Alsup |

**TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................1

**ARGUMENT**.......................................................................................................................2

TO THE EXTENT LEAVE TO FILE IS REQUIRED, THE COURT SHOULD GRANT PG&E
    LEAVE TO FILE A MOTION TO RECONSIDER THE  NEW CONDITIONS OF
    PROBATION.................................................................................................................2

**CONCLUSION** .................................................................................................................4

# INTRODUCTION

Pacific Gas and Electric Company ("PG&E") submits this motion for leave to file the attached motion to reconsider the new probation conditions imposed by the Court's April 29, 2020 Order ("Order").[1]  (Dkt. 1186.)

Leave to seek reconsideration is warranted because the Order rests on clear error and fails to consider relevant facts and law.  The Court imposed the new probation conditions without notice or the hearing that Federal Rule of Criminal Procedure 32.1 expressly requires. That procedural error, in turn, has yielded conditions that are based on incorrect premises; that are neither reasonable nor necessary (and that are in some instances impossible to satisfy); and that frustrate the efforts of the California legislature and its regulators to address the same subject matter.  The imposition of the Court's untested conditions will interfere with the ongoing work underway at PG&E to mitigate wildfire risk.  The Court, however, considered none of this in its Order because PG&E had no opportunity to present its objections and mitigating evidence.

Without question, PG&E, its Boards, management team and its 23,000 employees absolutely share the same desired outcome as the Court: to reduce the catastrophic wildfires caused by electrical equipment.  The company recognizes the growing threat of climate-driven wildfires in its service area and is working diligently every day to further reduce those risks of wildfires and keep our customers and communities safe.  But the new conditions will not help that effort, and in many instances are likely to hurt it.

For these reasons and the others given herein and in the attached material, the Court should grant leave to seek reconsideration of the Order.

---

[1] PG&E seeks leave to file the attached motion in an abundance of caution.  Local Civil Rule 7-9(a) requires leave to seek reconsideration only for "interlocutory" orders entered prior to "final judgment."  Orders modifying probation conditions are post-judgment orders that are themselves appealable rather than interlocutory.  *See, e.g.*, *United States v. Medenbach*, 740 F. App'x 542, 544 (9th Cir. 2018) (reviewing modification of probation conditions); *United States v. Faasuamalie*, 539 F. App'x 840, 841 (9th Cir. 2013) (same); 18 U.S.C. § 3562(b) (court may modify probation conditions after final judgment).  Accordingly, under the plain text of the rule, a motion for leave to file is not required.  If the Court agrees that its Order falls outside the set of "interlocutory" orders requiring leave under Local Civil Rule 7-9(a), the Court may proceed to rule on the attached Motion for Reconsideration.

1

1

**ARGUMENT**

2

**TO THE EXTENT LEAVE TO FILE IS REQUIRED, THE COURT SHOULD GRANT
PG&E LEAVE TO FILE A MOTION TO RECONSIDER THE
NEW CONDITIONS OF PROBATION.**

3

4          PG&E has attached to this Memorandum a motion to reconsider the Court's Order

5 imposing new probation conditions.  *See* Ex. 1.  To the extent leave is required in order for PG&E

6 to file that motion for reconsideration, the Court should grant PG&E leave.

7          The Local Rules of this Court provide that "any party may make a motion before a

8 Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any

9 interlocutory order."  Civ. L.R. 7-9(a).  They also state that "the Civil Local Rules of the Court

10 shall apply to criminal actions and proceedings" unless they are "inconsistent with the[] [Court's]

11 criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically

12 applicable to criminal cases."  Crim. L.R. 2-1.  Courts in this district therefore grant leave to file

13 reconsideration motions in criminal cases under Local Civil Rule 7-9.  *See, e.g.*, *United States v.*

14 *Dejanu*, 37 F. App'x 870, 872 (9th Cir. 2002), *abrogated on other grounds by Kaley v. United*

15 *States*, 571 U.S. 320 (2014); *United States v. Hardeman*, No. C 10-00859, 2013 WL 12164671, at

16 *1 (N.D. Cal. Apr. 26, 2013); *United States v. Beardslee*, No. CR-94-0186, 2008 WL 5382520, at

17 *1 (N.D. Cal. Dec. 22, 2008).

18          PG&E meets the standard set forth in Local Civil Rule 7-9 for leave to file.  "The

19 party filing for leave to file a motion for reconsideration must show: 1) newly discovered evidence,

20 2) clear error, or 3) an intervening change in controlling law."  *Horner v. Keystone Am., Inc.*, 452

21 F. App'x 712, 713 (9th Cir. 2011) (citing Civ. L.R. 7-9(b)).  PG&E satisfies this test.  As explained

22 herein and set forth in greater detail in the attached motion for reconsideration, the Order rests on

23 clear error and fails to take account of material facts.[2]

24

25          [2] PG&E is filing this same day a protective notice of appeal within the 14-day jurisdictional time limit for seeking
26 review of an order imposing probation conditions.  Fed. R. App. P. 4(b)(1); 18 U.S.C. § 3562(b).  This Court has
jurisdiction to modify probation conditions "at any time," 18 U.S.C. § 3563(c), and thus the filing of a notice of appeal
27 does not divest the Court of jurisdiction to resolve this motion.  *See United States v. Taylor*, 796 F.3d 788, 791 (7th
Cir. 2015) ("the district court had jurisdiction to modify [defendant's] conditions of probation" after "filing [of] a

28

2

*First*, the Court failed to provide notice of the new probation conditions or a hearing at which PG&E could present its objections and provide mitigating information.  *See* Ex. 1, Part I.A-B.   Federal Rule of Criminal Procedure 32.1(c) requires that "[b]efore modifying the conditions of probation . . . the court must hold a hearing . . . at which the person has the right to counsel and opportunity to make a statement and present any information in mitigation."  Rule 32.1(c)'s hearing requirement is mandatory.  *See United States v. Inzunza*, 108 F.3d 1387, 1997 WL 119508, at *1 (9th Cir. 1997) (unpublished table decision) ("A defendant *is entitled* to a hearing and assistance of counsel prior to the modification of the terms … of his probation…." (emphasis added)).  The four conditions in the Order were never mentioned or explored during the Court's prior probation hearings.  (Dkt. 1133; Dkt. 1134.).  Had PG&E been provided notice and a hearing, it would have presented mitigating information, contained in this Memorandum and the attached motion and supporting declarations, demonstrating the inappropriateness of the conditions.

*Second*, the Order is based on a series of factual errors that led the Court to find that the conditions were necessary.  *See* Ex. 1, Part I.C.  The Court's criticism of PG&E's Vegetation Management Program has no basis in the record, (Goodfellow Decl. ¶¶ 28, 40-41; Ritter Decl. ¶¶ 34-40); nor does its criticism of PG&E's current inspection program, (DeCampli Decl. ¶¶ 37-40; James Decl. ¶¶ 6-14).  PG&E was unable to present evidence correcting these errors.

*Third*, the new conditions are substantively unreasonable because they interfere with California's regulatory regime.  *See* Ex. 1, Part II.A.  "[W]here a state has in place a comprehensive procedure for resolution of the condition probation imposes, it makes good sense to defer to that established procedure."  *United States v. Lakatos*, 241 F.3d 690, 695 (9th Cir. 2001) (vacating probation condition and citing relevant authority)).  Last year, California charged the

notice of appeal"); *United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (same as to conditions of supervised release); *cf. United States v. Phelps*, 283 F.3d 1176, 1181 (9th Cir. 2002) (because court was authorized by statute to adjust conditions of release for mentally ill prisoner "at any time," the "district court was not divested of jurisdiction" to consider motion to modify once notice of appeal was filed).  But to the extent that the Court concludes otherwise, it may issue an indicative ruling pursuant to Fed. R. Crim. P. 37.

new Wildfire Safety Division ("WSD") with overseeing, reviewing, and approving PG&E's safety programs. Cal. Pub. Util. Code §§ 326(a)(1), 8385(b), 8386(c). PG&E has been working with the WSD for months to obtain approval for its Wildfire Mitigation Plan ("WMP"). (Allen Decl. ¶¶ 7-15.) The process is ongoing. The WMP is highly technical and designed to be flexible so PG&E can make real-time modifications in response to new data or conditions. By bypassing state law and replacing regulators' expert judgment, the Order violates the principle, borne of federalism and comity, that a "condition of probation may not circumvent another statutory scheme." *United States v. Abushaar*, 761 F.2d 954, 960 (3d Cir. 1985).

*Fourth*, the conditions are substantively unreasonable because they are not reasonably necessary to accomplish the purposes of sentencing. *See* Ex. 1, Part II.B. The Order's conditions do not advance and in many instances *detract* from PG&E's ongoing efforts to comply with state law and secure public safety as wildfire season approaches. The Order's changes are impracticable, and some—such as requiring PG&E to determine the age of millions of components on its transmission towers and wires, or requiring contractors to obtain insurance in amounts unavailable on the market—are impossible to meet. *Id.* Even attempting compliance would require substantial time, personnel, and resources. *Id.* (*E.g.,* DeCampli Decl. ¶¶ 17-19; Ritter Decl. ¶¶ 30-32; Hvistendahl Decl. ¶¶ 25, 29.) And the conditions, even if they could be met, would not improve safety and may well increase wildfire risk. *See* Ex. 1, Part II.B; (*E.g.,* Ritter Decl. ¶¶ 28, 32; DeCampli Decl. ¶¶ 16, 32; Hvistendahl Decl. ¶¶ 25, 27.)

### CONCLUSION

For the reasons set forth above, PG&E respectfully requests that this Court grant leave to file its Motion to Reconsider Order Modifying Conditions of Probation.

1

2

3

4    Dated:  May 13, 2020                                Respectfully Submitted,

5                                                        JENNER & BLOCK LLP

6                                                        By:   /s/ Reid J. Schar
7                                                              Reid J. Schar (*pro hac vice*)

8                                                        CRAVATH, SWAINE & MOORE LLP

9                                                        By:   /s/ Kevin J. Orsini
10                                                             Kevin J. Orsini (*pro hac vice*)

11                                                       CLARENCE DYER & COHEN LLP

12                                                       By:   /s/ Kate Dyer
                                                              Kate Dyer (Bar No. 171891)
13

14                                                       Attorneys for Defendant PACIFIC GAS
15                                                       AND ELECTRIC COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ORDER MODIFYING CONDITIONS OF
PROBATION
Case No. 14-CR-00175-WHA