JENNER & BLOCK LLP
   Reid J. Schar (*pro hac vice*)
   RSchar@jenner.com
   353 N. Clark Street
   Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
   Kate Dyer (Bar No. 171891)
   kdyer@clarencedyer.com
   899 Ellis Street
   San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
   Kevin J. Orsini (*pro hac vice*)
   korsini@cravath.com
   825 Eighth Avenue
   New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Defendant. | Case No. 14-CR-00175-WHA<br><br>**JOINT SUPPLEMENTAL BRIEF OF PG&E, FEDERAL MONITOR AND UNITED STATES GOVERNMENT REGARDING PROPOSED CONDITIONS OF PROBATION**<br><br>Judge: Hon. William Alsup |

Pacific Gas and Electric Company ("PG&E"), the Federal Monitor ("Monitor") and the United States Government ("Government") submit this joint supplemental brief as directed by the Court during the May 28, 2020 hearing on PG&E's Motion to Reconsider Order Modifying Conditions of Probation. (Dkt. 1187-1; Dkt. 1209.)

PG&E shares the goal of the Court, the Government, the Monitor and the California Public Utilities Commission ("CPUC") to improve wildfire safety for all Californians and to eliminate utility-caused wildfires. The question now before the Court is what, if any, additional conditions of probation should be imposed on PG&E to achieve that shared goal.

As suggested by the Monitor and ordered by the Court at the conclusion of the May 28 hearing, PG&E, the Government and the Monitor have met and conferred to reach consensus on measures to advance the shared goal of improving safety. As a result of those discussions, and in the interest of continuity as PG&E embarks on its recently approved wildfire mitigation programs and focuses its attention fully on the current wildfire season, PG&E consents to the conditions set forth below (the "Agreed Conditions").[1]

PG&E believes that the Agreed Conditions are compatible with its 2020 Wildfire Mitigation Plan ("WMP"), which has been reviewed by the CPUC's Wildfire Safety Division ("WSD") and conditionally approved by the CPUC. The CPUC and WSD oversee a regulatory framework that allows for public participation and consideration of the public interest as it relates to safety, reliability and rate affordability. PG&E believes that the regulatory framework also provides flexibility for PG&E to continuously improve in response to new developments and expert input, and fosters knowledge-sharing of best practices among utilities. PG&E further believes that it can implement the Agreed Conditions without compromising its WMP commitments or other critical ongoing safety work. PG&E will begin to implement the Agreed Conditions immediately upon their entry. For 2021, PG&E intends to incorporate the initiatives

---

[1] PG&E reserves the rights and arguments made in its prior submissions and during the May 28 hearing, and to the extent the Court proposes modifying the Agreed Conditions or ordering any conditions other than those set forth in this submission, PG&E requests notice of the Court's proposed modifications and an opportunity to be heard.

reflected in the Agreed Conditions into its update to the Wildfire Mitigation Plan when it proposes that update to the CPUC's WSD or Office of Energy Infrastructure Safety (the successor to the WSD) for review and approval.  PG&E reserves the right to seek modifications to the Agreed Conditions as requested by its regulators, or, in consultation with its Probation Officer, to seek modifications to the Agreed Conditions to ensure proper prioritization of efforts during the height of wildfire season.

PG&E, the Government and the Monitor jointly propose that the Court consider the following additional conditions of probation aimed at addressing the Court's concerns regarding PG&E's vegetation management and transmission inspection programs:

- **Vegetation Condition**:  PG&E shall, by July 1, 2020, staff an in-house vegetation management inspection manager to oversee a number of workforce resources who will provide in-field oversight of all stages of the vegetation management process, including the enhanced vegetation management program work, to be deployed throughout PG&E's territory, including High Fire-Threat Districts.  By the end of September 2020, PG&E will extend offers to 10 in-house field supervisors and/or inspectors, an additional 10 inspectors by the end of November, and the remaining approximately 10 inspectors by the end of January 2021.  The inspectors shall conduct in-field oversight of PG&E contractors while the work is being performed, verifying and correcting any deviation from applicable scopes of work pursuant to PG&E policies and legal requirements.  The inspectors shall also oversee pre-inspectors to help ensure they are clearly marking and designating trees for trimming and removal, and that tree-trimming contractors are appropriately performing their duties.  Deviations from applicable scopes of work shall also be accurately recorded and reported to PG&E and the Monitor team to be used for, among other things, ongoing training of PG&E's contract workforce.

- **Asset Age Condition**:  For certain critical transmission tower components in High Fire-Threat Districts, the failure of which may result in an ignition, PG&E shall conduct a reasonable search and, where available, record the age and date of installation of those components.  For all other such critical transmission components and where asset age records are not reasonably available, PG&E shall make conservative assumptions of such ages and dates of installation.  PG&E shall also implement a program to determine the expected useful life of critical components factoring in field conditions and incorporate that information into its risk-based asset management programs.  PG&E shall begin this effort (or supplement any existing or planned initiatives) immediately and provide monthly progress reports to the Monitor team.

- **Transmission Inspection Program Condition**: PG&E shall, by the end of 2020, supplement its transmission asset inspections program to include the following measures: (1) hire a crew of in-house and/or contract inspectors, independent from inspectors conducting transmission inspections, to oversee in the field transmission inspections while they are being conducted; (2) going forward, and subject to CAISO clearances and/or other external dependencies, revise the material loss threshold for the replacement of cold-end hardware (including C-hooks and hanger plates) in High Fire-Threat Districts to create a 90-day replacement requirement for such hardware with an observed material loss approaching 50%; and (3) make the prior two years of inspection reports available to transmission post-inspection review teams starting in 2021, and one year of inspection reports available in 2020.

Dated:  June 24, 2020                                            Respectfully Submitted,

                                                                 JENNER & BLOCK LLP


                                                                 By:   /s/ Reid J. Schar
                                                                         Reid J. Schar (*pro hac vice*)


                                                                 CRAVATH, SWAINE & MOORE LLP


                                                                 By:   /s/ Kevin J. Orsini
                                                                         Kevin J. Orsini (*pro hac vice*)


                                                                 CLARENCE DYER & COHEN LLP


                                                                 By:   /s/ Kate Dyer
                                                                         Kate Dyer (Bar No. 171891)


                                                                 Attorneys for Defendant PACIFIC GAS
                                                                 AND ELECTRIC COMPANY