UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, <br><br> Defendant. | No. CR 14-00175 WHA <br><br> **REQUEST FOR CLARIFICATION RE JOINT PROPOSED CONDITIONS OF PROBATION** |

Offender PG&E has, along with the government, and the Monitor submitted a supplemental brief providing joint proposed conditions of probation (Dkt. No. 1227). By **JULY 28 AT NOON**, the parties (including the Monitor) shall please answer the following:

1. Do "High Fire-Threat Districts" as used in these conditions include both Tier 1 and Tier 2 High Fire-Threat Districts as defined by the CPUC?

2. With regard to vegetation inspections and transmission inspections, the Court believes there should be a clear understanding as to how and to whom safety issues are reported. For example, will safety issues be reported to the CPUC? The Monitor? PG&E's Chief Safety Officer? Please explain how safety concerns are required to be reported under the proposed conditions.

*Proposed Asset Age Condition*

3. The condition states that "for certain critical transmission tower components in High Fire-Threat Districts . . . PG&E shall conduct a reasonable search . . ." The parties shall please

describe the criteria to be used in determining which components qualify as "certain critical transmission tower components."

4. When will PG&E commit to completing recordkeeping as to asset age under this proposed condition?

*Proposed Transmission Inspection Program Condition*

5. The condition states that PG&E shall "hire a crew of [independent] in-house and/or contractor inspectors" to oversee transmission inspections. What is the minimum number of inspectors required to fulfill this condition?

6. The condition also states that PG&E shall "revise the material loss threshold for the replacement of cold-end hardware (including C-hooks and hanger plates) in High Fire-Threat Districts to create a 90-day replacement requirement for such hardware with an observed material loss approaching 50%." The Court is concerned that the "approaching 50%" criterion is not conservative enough under all circumstances, such as when high winds buffet power lines and thus add considerable additional stress over and above the stress present during calm conditions. The Court is therefore concerned that PG&E will blame the conditions of probation for its failure to replace worn C-hooks and hanger plates (among other things). Please explain how the parties arrived at the "approaching 50%" criterion and why it is a distinct improvement over existing requirements. How does this "approaching 50%" square with CPUC requirements?

**IT IS SO ORDERED.**

Dated: July 21, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2