DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
PHILIP KOPCZYNSKI (NYBN 4627741)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Jeffrey.b.schenk@usdoj.gov
    Philip.kopczynski@usdoj.gov
    Noah.stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-14-00175-WHA |
| Plaintiff, | UNITED STATES'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE [Dkt. 1277] |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

The United States, through Assistant United States Attorneys Jeffrey Schenk, Philip Kopczynski, and Noah Stern, responds to the Court's order to show cause. Dkt. 1277. In response to the Court's order, PG&E agreed to implement the new conditions of probation proposed by the Court with the addition of some supplemental language. Dkt. 1279.

The government shares the concerns outlined by the Court in its order to show cause. While PG&E appears to have made significant strides in its vegetation management work, the Court's Monitor has continued to find deficiencies. Further, the evidence presented to the Court regarding the Zogg Fire

UNITED STATES'S RESPONSE TO
COURT'S ORDER TO SHOW CAUSE      1
CR-14-00175-WHA

strongly suggests that it was sparked by a tree falling on PG&E equipment. According to PG&E's filings, the relevant tree may have, at one point in 2018, been designated for removal but was never removed.

Ensuring that PG&E considers available data regarding outstanding vegetation management work in its analysis of whether to engage Public Safety Power Shutoffs ("PSPS") that can prevent wildfires appears eminently reasonable. The government, therefore, has no objection to the proposed conditions. The government also has no objections to the supplemental language proposed by PG&E, except to note that revised condition 11 might be more clearly worded as follows:

> Proposed Condition 11: In determining which distribution lines in Tier 2 or Tier 3 to de-energize during a PSPS event, PG&E must take into account all information in its possession and in the possession of its contractors and subcontractors concerning all outstanding vegetation management work tagged 'Priority 1' or 'Priority 2' within PG&E's service territory that is subject to potential de-energizations. PG&E will implement this condition by July 1, 2021.

PG&E's filings make clear that the models used to determine whether to engage PSPS are complex, and the competing considerations are weighty given the safety risks and other ill effects of shutting off the power. The government is not in position to comment on the appropriate calibration of the PSPS models, but believes that PG&E's proposal to use experts to develop thresholds over the coming months and share them with the Court and the Monitor is reasonable.

DATED:   January 25, 2021                    Respectfully submitted,

                                             DAVID L. ANDERSON
                                             United States Attorney


                                             ____/s/_____
                                             JEFFREY B. SCHENK
                                             PHILIP KOPCZYNSKI
                                             NOAH STERN
                                             Assistant United States Attorneys

UNITED STATES'S RESPONSE TO
COURT'S ORDER TO SHOW CAUSE                  2
CR-14-00175-WHA