UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PACIFIC GAS AND ELECTRIC COMPANY,

    Defendant.

No. CR 14-0175 WHA

**ORDER REQUESTING FURTHER INPUT ON PROPOSED CONDITIONS**

The Court is willing to limit the considerations PG&E must use to implement the new proposed conditions, but finds the Priority 1 and Priority 2 limitation is too restrictive and will not sufficiently protect California from wildfires started by PG&E.

The limited way in which PG&E seeks to implement Proposed Condition 11 would leave too many risks unaddressed. It would allow PG&E, in determining which distribution lines to de-energize, to ignore the threat of trees tall enough to be blown onto the lines. Indeed, counsel for PG&E admitted that its proposed procedure would *not* have resulted in consideration of the tall Gray Pine looming over the Girvan Line at (or near) the site of the Zogg Fire or the other tall Gray Pines of concern.

The Court is willing to accept PG&E's limitations to No. 11, provided one further consideration is employed, namely taking into account the approximate number of trees (healthy or not) along a line (or discrete segment of line) tall enough to be blown onto the line

in a windstorm. This approximation could be as simple as ranking the number along any given line as "None," "Few," "Average," or "Above Average." For a line rated "Above Average," for example, the wildfire risk would be treated as greater than if the line were rated "Average." Thus, for a line that had no Priority 1 or Priority 2 tickets, this further consideration might counsel in favor of de-energizing the line due to, for example, its "Above Average" number of tall trees capable of being blown onto the line.

For purposes of this further consideration, there would be no need to go in and decide which trees were healthy or not. Even healthy trees, if tall enough, pose a risk of falling on PG&E's distribution lines in a windstorm, as counsel for PG&E stated several times at the hearing on February 3.

Therefore, Proposed Condition 11 is revised as follows:

> *Proposed Condition 11:* In determining which distribution lines in Tier 2 or Tier 3 to de-energize during a PSPS, PG&E must take into account all information in its possession and in the possession of its contractors and subcontractors concerning the extent to which trees and/or limbs are at risk of falling on those lines in a windstorm. In determining which distribution lines to de-energize during a PSPS event, PG&E will implement this condition by July 1, 2021, by considering the existence of all outstanding vegetation management work tagged "Priority 1" or "Priority 2" within PG&E's service territory that is subject to potential de-energizations. PG&E shall also consider the approximate number of trees tall enough to fall on the line irrespective of the health of the tree and irrespective of whether the tree stands outside or inside prescribed clearances. The latter may be done by simply rating the total approximate number of such tall trees along a line as "None," "Few," "Average" or "Many," and by treating the "Many" category as posing a greater risk than the "Average" category and the "Average" category as posing a greater risk than the "Few" category and so on.

Proposed Condition 12 is revised as follows:

> *Proposed Condition 12:* To the extent that such information shows that such trees and limbs present a safety hazard in the event of a windstorm, PG&E must make a specific determination with respect to that distribution line and it must de-energize it unless PG&E finds in writing that there are specific reasons to believe that no safety issue exists. PG&E will implement this condition by July 1, 2021.

These proposals are *not* yet final.

2

By noon on **FEBRUARY 19**, all parties and amici must submit any proposed modification and/or objections. By **NOON ON FEBRUARY 26**, all replies will be permitted. A further zoom hearing shall be held on **MARCH 9 AT 8:00 AM.**

**IT IS SO ORDERED.**

Dated: February 4, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE