JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
899 Ellis Street
San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
825 Eighth Avenue
New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-00175-WHA |
| Plaintiff, | **PG&E'S RESPONSE TO REQUEST FOR FURTHER RESPONSES** |
| v. | Judge: Hon. William Alsup |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this response to the Court's February 5, 2021 request for further responses concerning the three routine vegetation management patrols that were conducted in 2018, 2019 and 2020 prior to the Zogg Fire, during which the relevant pre-inspectors determined that the Gray Pine of interest did not need to be removed. (Dkt. 1297.)

The Court asked that PG&E's responses be submitted under oath by the foresters (or "pre-inspectors") who made these determinations. (*Id.* at 2.) To clarify, at the February 3, 2021 hearing, counsel's reference to three sets of qualified foresters who inspected the area of interest was intended to refer to the three separate inspections that were conducted by qualified foresters in 2018, 2019 and 2020. These inspections were conducted by employees of CN Utility Consulting ("CNUC"), a subsidiary of Wright Service Corporation. After the Court issued its order, PG&E contacted counsel for CNUC and provided the Court's order, as well as applicable records in PG&E's possession relating to the three routine vegetation management patrols, to counsel for CNUC. Counsel for CNUC has obtained declarations from three individuals potentially relevant to those three inspections: the individual who conducted the 2018 inspection, the individual who conducted the 2019 and 2020 inspections and a third individual who also participated in some inspections of the Girvan Circuit in 2019 and 2020 but who, according to the declarations submitted herewith, likely did not participate in inspections of the area of interest. Those declarations, provided to PG&E by counsel for CNUC, are attached as Exhibits A through C.

The records relating to routine vegetation management patrols are maintained by PG&E. Consistent with industry practice, PG&E requires pre-inspectors on routine vegetation management patrols to identify trees that require work and to identify the work that is needed, but it does not require pre-inspectors on routine vegetation management patrols to generate records for trees that they do *not* identify for work. For context, PG&E's routine vegetation management pre-inspectors identified over one million trees for work in 2020 and inspected many millions of other trees that were not identified for work.

PG&E has previously provided to the Court the number of findings from each of the 2018, 2019 and 2020 routine patrols along the Girvan Circuit and in the specific area surrounding the Gray Pine of interest.  In aggregate, the pre-inspectors who did not identify the Gray Pine of interest for work in 2018, 2019 and 2020 did identify over 1,000 other trees for work along the Zogg Mine Road route,[1] including 25 trees in the specific area of interest near the subject Gray Pine.  (*See* Dkt. 1260 at 3; Dkt. 1265-2 at 3-4.)  PG&E's records indicate that the pre-inspectors performing the routine vegetation management patrols between 2018 and 2020 were in the area of interest on six different dates:  (1) October 12, 2018; (2) April 15, 2019; (3) April 24, 2019; (4) April 26, 2019; (5) March 23, 2020; and (6) March 26, 2020.  With this filing PG&E is providing to the Court indexed binders containing paper copies of (i) routine vegetation management patrol records for the Zogg Mine Road route pulled from PG&E's Vegetation Management Database ("VMD") for 2018, 2019 and 2020; and (ii) routine vegetation management patrol index maps for those patrols.[2]

PG&E is not aware of the pre-inspectors who performed routine vegetation management patrols in the area of interest in 2018, 2019 and 2020 taking photographs, notes or videos, or writing reports specifically concerning the Gray Pine of interest.  Similarly, PG&E does not believe that records exist detailing the specific reasons the Gray Pine of interest was not marked for removal.

\*          \*          \*

---

[1] The Zogg Mine Road route refers to the patrol route that includes the portion of the Girvan Circuit that extends north from the intersection of South Fork Road and Archer Road and runs along Zogg Mine Road, as well as branches such as Jenny Bird Lane, Horse Canyon Way and Larry Horse Lane.  The Zogg Mine Road route is depicted in index maps being submitted to the Court with this filing and submitted to the Court on November 3, 2020 as Exhibit A-1 to its Supplemental Response to Orders Regarding Zogg Fire.  (*See* Dkt. 1260-1.)

[2] Certain documents in the binders being produced to the Court contain confidential information, including employee and customer personally identifying information.  PG&E is in the process of identifying and redacting such confidential information and, when it has done so, will file the redacted documents on the docket, along with a motion to seal.

Per the Court's February 4, 2021 order (Dkt. 1294), PG&E will submit a response to the Court's modified Proposed Conditions 11 and 12 regarding PSPS on February 19. PG&E's operations teams are working to analyze the Court's proposed conditions with the goal of accepting them and implementing them in a manner that will significantly reduce wildfire risk.

Dated: February 12, 2021	Respectfully Submitted,

                                              JENNER & BLOCK LLP

                                      By:   /s/ Reid J. Schar
                                                Reid J. Schar (*pro hac vice*)

                                            CRAVATH, SWAINE & MOORE LLP

                                      By:   /s/ Kevin J. Orsini
                                                Kevin J. Orsini (*pro hac vice*)

                                            CLARENCE DYER & COHEN LLP

                                      By:   /s/ Kate Dyer
                                                Kate Dyer (Bar No. 171891)

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY