# EXHIBIT K

1  JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
2      RSchar@jenner.com
    353 N. Clark Street
3      Chicago, IL 60654-3456
4  Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484
5
CLARENCE DYER & COHEN LLP
6      Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
7      899 Ellis Street
    San Francisco, CA 94109-7807
8  Telephone: +1 415 749 1800
9  Facsimile: +1 415 749 1694

10 CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
11     korsini@cravath.com
    825 Eighth Avenue
12     New York, NY 10019
13 Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700
14
Attorneys for Defendant PACIFIC GAS AND ELECTRIC
15 COMPANY

16

17                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
18                          SAN FRANCISCO DIVISION

19

20 UNITED STATES OF AMERICA,     |     Case No. 14-CR-00175-WHA

21              Plaintiff,     |     **DECLARATION OF** ▮▮▮

22    v.     |     Judge: Hon. William Alsup

23 PACIFIC GAS AND ELECTRIC COMPANY,

24              Defendant.

25

26

27

28

DECLARATION OF ▮▮▮
Case No. 14-CR-00175-WHA

I, ▮▮▮▮▮▮▮, declare as follows:

1. I am the Director of Vegetation Management Execution at Pacific Gas and Electric Company ("PG&E"). In this role, I am responsible for overseeing the execution of all of PG&E's vegetation management programs. I have held this position since July 2019.

2. At Docket No. 1012 (filed Feb. 6, 2019), Cal FIRE stated that Section 4293 means that a tree, or portion thereof, that is leaning toward the line, must be "felled, cut or trimmed," regardless of its health, if it "may contact the line from the side or may fall on the line." CAL FIRE went on to say that whether a tree or limb is a hazard "depends on the factual circumstances specific to that tree or limb."

3. The Court asked for a declaration addressing the full extent to which PG&E has, since the CAL FIRE filing, disagreed with CAL FIRE's statement.

4. I do not know CAL FIRE's intent when it authored the February 6, 2019 submission to the Court titled Supplemental Response Following January 30, 2019 Hearing, but I understand that submission to express the view that section 4293 requires the abatement of a healthy tree that if, based on the circumstances of the particular tree, an inspector determines that it poses a hazard to PG&E's lines. CAL FIRE stated to the Court on March 11, 2021 that its prior submission "does not conclude that every tree or portion of a tree that is leaning toward a line and tall enough to contact the line must be removed." Assuming my understanding of CAL FIRE's submission is correct, I believe that PG&E's vegetation management leadership agrees with the view that trees identified as hazard trees by inspectors should be removed under section 4293.

5. I do not recall PG&E publishing a formal statement stating to what extent if any PG&E disagrees with CAL FIRE's submission. Nor can I speak to how each PG&E employee or contractor understands or has understood section 4293. In terms of carrying out my vegetation management responsibilities for PG&E, I understand section 4293 as requiring, where it applies, the abatement of trees that pose a hazard to PG&E lines, even if the tree is healthy. For example, a tree can be healthy but be a hazard tree because it has a ground or root disturbance that an inspector judges will cause the tree to fall and hit the line.

1 | I declare under the penalty of perjury that the foregoing is true and correct and that I
2 | executed this declaration on March 11, 2021 in San Ramon, California.

3
DECLARATION OF ▉▉▉▉▉
Case No. 14-CR-00175-WHA