JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
    825 Eighth Avenue
    New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**ADMINISTRATIVE MOTION OF PACIFIC GAS AND ELECTRIC COMPANY TO FILE UNDER SEAL PORTIONS OF RESPONSE TO QUESTIONS FOR FOLLOW-UP**<br><br>Judge:  Hon. William Alsup |

ADMINISTRATIVE MOTION OF PACIFIC GAS AND ELECTRIC COMPANY TO FILE UNDER SEAL
PORTIONS OF RESPONSE TO QUESTIONS FOR FOLLOW-UP
Case No. 14-CR-00175-WHA

1  Pursuant to Criminal Local Rule 56-1, Pacific Gas and Electric Company ("PG&E") respectfully submits this Administrative Motion to File Under Seal (the "Administrative Motion").

PG&E makes the following statement in support of its Administrative Motion:

1. Counsel for PG&E has reviewed and complied with Civil Local Rule 79-5 and Criminal Local Rule 56-1, which require that if a document or portion thereof is sealable, counsel seeking to file the document or portion of the document under seal must file and serve an administrative motion for a sealing order, accompanied by a declaration establishing that the materials are sealable.

2. PG&E seeks to file under seal redacted portions of Exhibits 1 through 15 to the Declaration of Kate Dyer in Support of PG&E's Administrative Motion to File Under Seal (the "Dyer Declaration"), which correspond to Exhibits A and C through P to PG&E's March 12, 2021 Response to Questions for Follow-Up, respectively.  Specifically, PG&E seeks to redact for safety reasons the names, addresses and contact information of the PG&E employees and contractors identified in these documents.  PG&E further seeks to redact the names, addresses and contact information of PG&E customers in these documents.

3. Criminal Local Rule 56-1 provides that a sealing order may issue where information, if made available to the public, would compromise the safety of a person.  *See* Criminal Local Rule 56-1(b) and Commentary.

4. PG&E believes that the safety of the PG&E employees, contractors and their family members could be compromised if their names, job titles, and roles are made publicly available as part of the PG&E Response.

5. As set forth in the Dyer Declaration, PG&E has observed a dramatic increase in the number of workplace violence events from customers towards employees, including during PSPS events.  In addition, PG&E executives who have spoken publicly on behalf of PG&E with respect to its wildfire mitigation efforts have received death threats.

6. State regulations also limit public disclosure of PG&E customers' personal information, including their names, addresses and contact information. *See, e.g.*, Cal. Civ. Code §§ 1798, et seq. (regulating collection, maintenance and dissemination of personal information by state agencies); Cal. Gov't Code § 6255 (authorizing state agencies to withhold records from disclosure under California Public Records Act where "on the facts of the particular case, the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record"); CPUC Decision No. 14-05-016 (May 5, 2014) at 33-34 (requiring PG&E customer usage data to be made publicly available only in an aggregated, anonymized manner).

7. PG&E seeks to redact the names, addresses and contact information of its customers from the publicly filed version of the PG&E Supplemental Response to maintain consistency with these state regulations and to maintain its customers' privacy.

Dated: March 12, 2021

Respectfully Submitted,

JENNER & BLOCK LLP
Reid J. Schar (*pro hac vice*)

CRAVATH, SWAINE & MOORE LLP
Kevin J. Orsini (*pro hac vice*)

CLARENCE DYER & COHEN LLP

By: _____
Kate Dyer (Bar No. 171891)

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY