JENNER & BLOCK LLP
    Reid J. Schar (*pro hac vice*)
    RSchar@jenner.com
    353 N. Clark Street
    Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
    Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
    899 Ellis Street
    San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
    Kevin J. Orsini (*pro hac vice*)
    korsini@cravath.com
    825 Eighth Avenue
    New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**PG&E'S FURTHER RESPONSE TO ORDER TO SHOW CAUSE WHY FURTHER CONDITION OF PROBATION SHOULD NOT BE IMPOSED**<br><br>Judge: Hon. William Alsup |

Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this further response to the Court's February 18, 2021 order to show cause as to why Probation Condition 1 should not be amended. (Dkt. 1308.)

In PG&E's March 4, 2021 response to the order to show cause, PG&E explained that it had no objection to the Court's proposed amendment to Probation Condition 1 (which states that "the Court accepts CAL FIRE's interpretation of Section 4293 as set forth in its February 6 submission (Dkt. No. 1012)" (Dkt. 1040 at 1)), on the "understanding that the Court is proposing to amend Probation Condition 1 to require PG&E to comply with CAL FIRE's interpretation of California Public Resources Code section 4293 as set forth in CAL FIRE's February 6, 2019 submission to the Court". (Dkt. 1330 at 2.) PG&E's response explained that we "understand CAL FIRE's February 6 submission to mean that not all trees subject to section 4293 that lean towards the line constitute hazard trees that need to be abated". (*Id.*) PG&E's understanding was confirmed by CAL FIRE and the CPUC in their March 11, 2021 letter to the Court, in which they stated that "CAL FIRE's prior submission does not conclude that every tree or portion of a tree that is leaning toward a line and tall enough to contact the line must be removed". (Dkt. 1335 at 5.) PG&E thus has no objection to the Court requiring PG&E to comply with CAL FIRE's interpretation of section 4293, as set forth in CAL FIRE's February 6, 2019 and March 11, 2021 submissions. (Dkts. 1012, 1335.)

PG&E's March 4, 2021 response also proposed a "bright-line approach" to remediating Gray Pines and Tanoaks in particular areas that lean significantly towards PG&E's distribution lines. (Dkt. 1330 at 2-3.) That proposal was made specifically "as long as CAL FIRE and the CPUC do not object". (*Id.* at 2.) The United States stated that it had no specific objection to PG&E's proposal "if [PG&E] can execute this proposal consistent with California law and regulations". (Dkt. 1334 at 3.)

Subsequently, both CAL FIRE and the CPUC wrote to the Court to "request that the court reject PG&E's request that the court order a change to PG&E's vegetation management practices". (Dkt. 1335 at 6.) CAL FIRE and the CPUC stated their view that vegetation

management proposals should be considered as part of the review process for PG&E's Wildfire Mitigation Plan.

PG&E would like to proceed with consideration of the Gray Pine and Tanoak proposal, but recognizes CAL FIRE and the CPUC's point that there are complex considerations involved that require the input of the state regulatory process.[1]  PG&E thus commits to the Court to present to the CPUC for evaluation a proposal to abate Gray Pines tall enough to fall into a distribution line in an HFTD that lean more than 20 degrees towards the line in the Bay Area, Central Valley, North Valley and Sierra regions and abate Tanoaks tall enough to fall into a distribution line in an HFTD that lean more than 20 degrees towards the line in the Bay Area, Central Coast and North Coast regions.  Given that PG&E has already submitted its Wildfire Mitigation Plan for 2021, PG&E will consult with the CPUC on an appropriate expedited procedural vehicle to submit the proposal for the CPUC's evaluation.

Separately, PG&E notes that it is continuing to move forward on operationalizing changes to its PSPS program as discussed in the context of the Court's Proposed Conditions 11 and 12.  Those changes, which will significantly increase the customer impacts of PSPS events, are subject to ongoing refinement and engagement with regulators.  But PG&E currently anticipates that the changes to its PSPS program as described for the Court in the context of Proposed Conditions 11 and 12 will reduce wildfire risk and, if the fire conditions that prevailed in the run-up to the Zogg Fire were to occur in 2021, would lead to the de-energization of the Girvan Circuit in the area of interest.  (*See* Dkt. 1310.)

---

[1] The Ninth Circuit has explained that "where a state has in place a comprehensive procedure for resolution of the condition probation imposes, it makes good sense to defer to that established procedure." *United States v. Lakatos*, 241 F.3d 690, 695 (9th Cir. 2001) (citation omitted).  (*See also, e.g.*, Dkt. 1195 at 3-6; Dkt. 1187-1 at 12-17; Dkt. 976 at 13-50.)

Dated: March 17, 2021

Respectfully Submitted,

JENNER & BLOCK LLP

By: /s/ Reid J. Schar
Reid J. Schar (*pro hac vice*)

CRAVATH, SWAINE & MOORE LLP

By: /s/ Kevin J. Orsini
Kevin J. Orsini (*pro hac vice*)

CLARENCE DYER & COHEN LLP

By: /s/ Kate Dyer
Kate Dyer (Bar No. 171891)

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY