JENNER & BLOCK LLP
Reid J. Schar (*pro hac vice*)
RSchar@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
Kate Dyer (Bar No. 171891)
kdyer@clarencedyer.com
899 Ellis Street
San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
825 Eighth Avenue
New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-CR-00175-WHA<br><br>**ADMINISTRATIVE MOTION OF PACIFIC GAS AND ELECTRIC COMPANY TO FILE UNDER SEAL PORTIONS OF PRIOR SUBMISSIONS**<br><br>Judge:  Hon. William Alsup |

1    Pursuant to Criminal Local Rule 56-1, Pacific Gas and Electric Company ("PG&E") respectfully submits this Administrative Motion to File Under Seal (the "Administrative Motion").

PG&E makes the following statement in support of its Administrative Motion:

1. Counsel for PG&E has reviewed and complied with Civil Local Rule 79-5 and Criminal Local Rule 56-1, which require that if a document or portion thereof is sealable, counsel seeking to file the document or portion of the document under seal must file and serve an administrative motion for a sealing order, accompanied by a declaration establishing that the materials are sealable.

2. PG&E seeks to submit under seal redacted portions of documents produced in response to Question 19 of the Court's Request for Follow Up by PG&E Concerning Its October 26 Submission (*see* Dkts. 1256, 1265), and documents produced in response to the Court's Request for Further Responses (*see* Dkt. 1300) (collectively, the "PG&E Responses"). Specifically, PG&E seeks to redact for safety reasons personally identifying information contained in these documents, including but not limited to, names, job titles, addresses, telephone numbers, email addresses and account numbers, of PG&E employees, contractors and customers contained within the documents.

3. Criminal Local Rule 56-1 provides that a sealing order may issue where information, if made available to the public, would compromise the safety of a person. *See* Criminal Local Rule 56-1(b) and Commentary.

4. PG&E believes that the safety of the PG&E employees and contractors and the safety of their family members, as well as the safety and privacy of its customers, could be compromised if their names, job titles, and roles are made publicly available as part of the PG&E Responses.

5. As set forth in the Dyer Declaration, PG&E has observed a dramatic increase in the number of workplace violence events from customers towards employees, including

1  during PSPS events.  In addition, PG&E executives who have spoken publicly on behalf of
2  PG&E with respect to its wildfire mitigation efforts have received death threats.
3           6. State regulations also limit public disclosure of PG&E customers' personal
4  information, including their names, addresses and contact information.  *See, e.g.*, Cal. Civ. Code
5  §§ 1798, et seq. (regulating collection, maintenance and dissemination of personal information
6  by state agencies); Cal. Gov't Code § 6255 (authorizing state agencies to withhold records from
7  disclosure under California Public Records Act where "on the facts of the particular case, the
8  public interest served by not disclosing the record clearly outweighs the public interest served by
9  disclosure of the record"); CPUC Decision No. 14-05-016 (May 5, 2014) at 33-34 (requiring
10 PG&E customer usage data to be made publicly available only in an aggregated, anonymized
11 manner).
12          7. PG&E seeks to redact the names, addresses and contact information of its
13 customers from the documents produced with the PG&E Responses to maintain consistency with
14 these state regulations and to maintain its customers' privacy.

Dated:  March 17, 2021

Respectfully Submitted,
JENNER & BLOCK LLP
Reid J. Schar (*pro hac vice*)

CRAVATH, SWAINE & MOORE LLP
Kevin J. Orsini (*pro hac vice*)

CLARENCE DYER & COHEN LLP

By: _____
Kate Dyer (Bar No. 171891)

Attorneys for Defendant PACIFIC GAS
AND ELECTRIC COMPANY