AROCLES AGUILAR, SBN 94753
CHRISTINE JUN HAMMOND, SBN 206768
CHRISTOFER C. NOLAN, SBN 229542
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 696-7303
Facsimile: (415) 703-4592
Christofer.Nolan@cpuc.ca.gov

Attorneys for the California Public Utilities Commission and
Marybel Batjer, Martha Guzman Aceves, Clifford Rechtschaffen,
Genevieve Shiroma, and Darcie Houck in their official capacities as
Commissioners of the California Public Utilities Commission

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-WHA<br><br>**CPUC MOTION FOR LEAVE TO FILE AMICUS LETTER**<br><br>Courtroom: 12, 19th Floor<br>Judge: Hon. William H. Alsup |

1  The California Public Utilities Commission ("CPUC") hereby seeks leave of the
2  Court to file an *Amicus* letter regarding the new proposed terms of probation for defendant
3  Pacific Gas and Electric Company ("PG&E"). Federal courts have inherent authority to
4  entertain Amicus briefs. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249, n.34
5  (11th Cir. 2006).
6  The CPUC's proposed letter is attached hereto as **Exhibit 1**.

                                                                Respectfully submitted,

March 29, 2021                  By:   /s/     *Christofer C. Nolam*
                                          AROCLES AGUILAR
                                          CHRISTINE JUN HAMMOND
                                          CHRISTOFER C. NOLAN

                                          Attorneys for the CALIFORNIA PUBLIC
                                          UTILITIES COMMISSION

# EXHIBIT 1

STATE OF CALIFORNIA                                                                                    GAVIN NEWSOM  *Governor*

PUBLIC UTILITIES COMMISSION
505 VAN NESS AVENUE
SAN FRANCISCO, CA  94102-3298



March 29, 2021

**VIA ELECTRONIC MAIL**

Honorable William H. Alsup
United States District Court
Northern District of California
Courtroom 12 - 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:  Proposed Probation Conditions 11 and 12 in Case No. 14-cr-00175-WHA

Dear Judge Alsup,

The California Public Utilities Commission ("CPUC") wishes to inform the Court that the CPUC intends to review – on an expedited basis for the 2021 fire season – Pacific Gas and Electric Company's ("PG&E") proposed methodology and plans for implementation of the use of tree over strike data in the company's process for calling PSPS events.  The CPUC's expedited review will subject PG&E's proposal to a robust examination of the assumptions PG&E used to develop the proposed methodology as well as the resulting impacts to the size, frequency, and duration of PSPS events under this methodology.  The CPUC's review will also consider the adequacy of existing mitigation measures and consider new mitigation measures to address public safety perils stemming from a Probation Condition that would expand PSPS.  Most importantly, the CPUC's process will enable vital and integral stakeholders to provide input on all aspects of the proposal.

The CPUC's process could order PG&E to provide transparent reports on its implementation of the tree over strike methodology, order the prompt modification of PG&E's PSPS methodology based on lessons learned or updated verified data, and even order limitations on PG&E's use of the tree over strike methodology or any other aspect of PSPS, if the public interest requires it.

The CPUC's regulatory authority over PG&E is broad and plenary.  "The regulation of utilities is one of the most important functions traditionally associated with the police power of the States."  *Ark. Elec. Coop. Corp. v. Ark. Pub. Serv. Comm'n*, 461, U.S. 375, 377 (1983).  PSPS is a matter squarely within the CPUC's scope of responsibility and authority.

PSPS is a vital wildfire prevention and mitigation tool that electric utilities can use, but PSPS itself raises serious public safety consequences by potentially impairing emergency services, water pumping

Hon. William H. Alsup
March 29, 2021
Page 2

capability, and communications infrastructure. See ECF Nos. 987 at 23-33 of 150; 1217 at 20-22 of 29; 1311; 1314; and 1349. The CPUC is years into an ongoing and iterative public process – through several formal proceedings and informal processes – of improving PSPS as a tool of last resort, while mitigating the safety hazards that flow directly from the use of PSPS. See ECF Nos. 987 at 16-18 of 150; and 1314 at 6-7 of 27. At present, the CPUC has pending two formal proceedings to consider PSPS policies: Rulemaking 18-12-005, "Order Instituting Rulemaking to Examine Electric Utility De-Energization of Power Lines in Dangerous Conditions," and Investigation 19-11-013, "Order Instituting Investigation on the Commission's Own Motion on the Late 1029 Public Safety Power Shutoff Events" – and now the CPUC is pursuing the instant expedited process to consider the tree over strike factor proposed for PG&E's PSPS modeling.

Still other CPUC proceedings have addressed and continue to address the entire suite of tools to prevent and mitigate wildfire risk: Wildfire Mitigation Plans; development of microgrids; financial assistance for battery and backup power support; root cause analyses and the System Enhancement Initiatives ordered alongside the $1.937 billion penalty imposed in the CPUC's prosecution of PG&E's role in igniting 2017 and 2018 wildfires, among other measures. See generally ECF No. 1217. And the CPUC must balance all these tools within its exclusive ratemaking authority. In public utility regulation, safety, service reliability, operations, and ratemaking are never considered in isolation. See ECF 987 at 6-11 of 150; see also Cal. Pub. Util. Code §§ 399.2(a), 451, 701, 1759; and 8386(c)(6).

The complexities surrounding the safe and effective use of PSPS in the far-reaching and closely integrated public utility sphere are well appreciated by the United States Supreme Court, which has stated that state public utility commissions

> must be free, within the limitations imposed by pertinent constitutional and statutory commands, to devise methods of regulation capable of equitably reconciling diverse and conflicting interests.

*In re. Permian Basin Area Rate Cases*, 390 U.S. 747, 767 (1968). Along these lines, this Court (Hon. Haywood S. Gilliam, Jr.) recently affirmed dismissal of a class action lawsuit against PG&E for conducting PSPS events and determined,

> Under California law, it is the job of CPUC to balance the costs and benefits of PSPS events and regulate them accordingly. And it is not the job of the courts to regulate PSPS events through ad hoc imposition of negligence liability.

*Gantner v. PG&E Corp., et al.*, No. 20-02584-HSG, slip. op. at 9 (N.D. Cal. March 26, 2021), *notice of appeal docketed* (March 26, 2021).

The critical importance of balancing multiple and at times competing stakeholder interests necessitates the CPUC's regulation of PG&E's use of PSPS through a public process, in order to fashion the most thoughtful and flexible proposal that avoids or rapidly responds to unforeseen consequences.

Hon. William H. Alsup
March 29, 2021
Page 3

Attached here is a copy of the CPUC's letter to PG&E dated this day, March 29, 2021, directing PG&E to prepare for the CPUC's expedited public process to consider PG&E's use of the tree over strike data in determining whether to call a PSPS event. The first order of business will be to hold a public workshop in April, so that the tree over strike proposal can be considered for the 2021 wildfire season.

Sincerely,

/s/      *Christine Jun Hammond*
AROCLES AGUILAR
CHRISTINE JUN HAMMOND
CHRISTOFER NOLAN

Attorneys for the
CALIFORNIA PUBLIC UTILITIES COMMISSION

Attachment

STATE OF CALIFORNIA                                                                                   GAVIN NEWSOM, *Governor*

PUBLIC UTILITIES COMMISSION
505 VAN NESS AVENUE
SAN FRANCISCO, CA 94102-3298



March 29, 2021

<u>Via Email: MEAe@pge.com</u>

Meredith Allen
Senior Director, Regulatory Relations
Pacific Gas and Electric Company
77 Beale St.
San Francisco, CA 94105

**Re:**   *United States of America v. Pacific Gas and Electric Co.*, **U.S. District Court, Case No. CR 14-00175-WHA (N.D. Cal.).**

Dear Ms. Allen,

We write to you in regards to Pacific Gas and Electric Company's (PG&E) ongoing criminal probation proceeding pending before the Honorable Judge William Alsup, *United States of America v. Pacific Gas and Electric Co.*, U.S. District Court, Case No. CR 14-00175-WHA (N.D. Cal.). This letter serves as notification that the California Public Utilities Commission (CPUC) is directing PG&E to work with CPUC staff to initiate an expedited process to review PG&E's proposed implementation of proposed Probation Conditions 11 and 12 for the 2021 fireseason, in the event that PG&E should be subjected to these new or similar conditions.

The CPUC is concerned that PG&E's proposal for incorporating tree density (aka, tree over strike, as PG&E has represented its method to Judge Alsup) as a factor in calling PSPS events will dramatically expand the scope of Public Safety Power Shutoffs (PSPS).  PG&E's proposalruns counter to CPUC policies and directives that electrical corporations utilize PSPS only as amethod of last resort and move towards smaller and shorter PSPS events when they are necessary. It is therefore critical that the CPUC consider PG&E's proposal so that we may effectively monitor PG&E's ongoing implementation of PSPS, including any additional de- energizations that will result should PG&E be subjected to the modified Proposed Probation Conditions 11 and 12 as currently proposed.

The CPUC will accordingly conduct an assessment of the methodology PG&E is considering to de-energize power on all circuits in High Fire Threat Districts within the top 70th percentile of a LiDAR-based assessment of the number of trees with strike potential on a distribution line. Thiswill ensure there is a robust examination of the assumptions PG&E used to develop the proposedmethodology along with the resulting impacts to the size, frequency, and duration of PSPS events; an opportunity to require additional mitigations to reduce the public safety

Ms. Allen
March 29, 2021
Page 2

impacts of PSPS disruptions; and that the balancing of such decisions will be made with the benefit of inputfrom critical stakeholders and subject to ongoing CPUC oversight during the forthcoming fire season.

PG&E is directed to work with staff from the CPUC's Energy Division and Safety and Enforcement Division to initiate an expedited process for CPUC review of PG&E's implementation of any probation conditions that may be imposed by the federal District Court. Please contact Forest Kaser, supervisor in the Energy Division, for the purposes of organizing a workshop to take place in April 2021 to review and receive public input on PG&E's proposal. Mr. Kaser is available at 415-703-1445 or forest.kaser@cpuc.ca.gov.

Sincerely,

Edward F. Randolph
Deputy Executive Director for
Energy and Climate Policy
DivisionDirector, Energy Division

Lee Palmer
Director for Safety and
Enforcement

cc:     Service List (R.18-12-005)

AROCLES AGUILAR, SBN 94753
CHRISTINE JUN HAMMOND, SBN 206768
CHRISTOFER C. NOLAN, SBN 229542
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA  94102
Telephone:  (415) 696-7303
Facsimile:  (415) 703-4592
Christofer.Nolan@cpuc.ca.gov

Attorneys for the California Public Utilities Commission and
Marybel Batjer, Martha Guzman Aceves, Clifford Rechtschaffen,
Genevieve Shiroma, and Darcie Houck in their official capacities as
Commissioners of the California Public Utilities Commission

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. 14-cr-00175-WHA<br><br>**CPUC CERTIFICATE OF SERVICE RE MOTION FOR LEAVE TO FILE AMICUS LETTER**<br><br>Courtroom:   12, 19th Floor<br>Judge:         Hon. William H. Alsup |

I am a citizen of the United States, over 18 years of age, employed in the City and County of San Francisco, and not a party to the subject cause. My business address is the California Public Utilities Commission, Legal Division, 505 Van Ness Avenue, San Francisco, California 94102.

On March 29, 2021, I sent the following documents:

1. **CPUC MOTION FOR LEAVE TO FILE AMICUS LETTER**;

2. **CPUC CERTIFICATE OF SERVICE RE MOTION FOR LEAVE TO FILE AMICUS LETTER**

to the following interested parties by email:

Maria Severson, Esq.
Michael J. Aguirre, Esq.
Email: mseverson@amslawyers.com
Email: maguirre@amslawyers.com

Reid J. Schar
rschar@jenner.com

Kate Dyer
kdyer@clarencedyer.com

Kevin J. Orsini
korsini@cravath.com

William_Noble@cand.uscourts.gov

jeffrey.b.schenk@usdoj.gov
hallie.hoffman@usdoj.gov
Noah.Stern@usdoj.gov
CaseView.ECF@usdoj.gov
philip.guentert@usdoj.gov
philip.kopczynski@usdoj.gov

ehairston@orrick.com
wbrown@orrick.com

**CPUC MOTION FOR LEAVE TO FILE AMICUS LETTER**
Case No. 14-CR-00175-WHA

2

ashearer@clarencedyer.com
bhauck@jenner.com
RMehrberg@jenner.com

sjaffer@clarencedyer.com

christine.hammond@cpuc.ca.gov
Christofer.nolan@cpuc.ca.gov

csandoval@scu.edu

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2021, at San Francisco, California.

By: /s/     *Christine Jun Hammond*
AROCLES AGUILAR
CHRISTINE JUN HAMMOND
CHRISTOFER C. NOLAN

Attorneys for the CALIFORNIA PUBLIC UTILITIES COMMISSION