JENNER & BLOCK LLP
  Reid J. Schar (*pro hac vice*)
  RSchar@jenner.com
  353 N. Clark Street
  Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
  Kate Dyer (Bar No. 171891)
  kdyer@clarencedyer.com
  899 Ellis Street
  San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
  Kevin J. Orsini (*pro hac vice*)
  korsini@cravath.com
  825 Eighth Avenue
  New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Defendant. | Case No. 14-CR-00175-WHA<br><br>**PG&E'S RESPONSE TO REQUEST FOR 2020 ANALYSIS**<br><br>Judge: Hon. William Alsup |

1  Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this response to the Court's Request for 2020 Analysis in a similar format as the chart PG&E provided the Court on March 29, 2021 for 2019.  (Dkt. 1376; *see* Dkt. 1369-1.)

PG&E is producing as Exhibit A a similar chart that includes, for 2020, the estimated impact that PG&E's tree-overstrike and Priority 1 and Priority 2 proposals may have had in expanding the scope of PSPS events under the models PG&E had in place in 2020.  (*See* Dkt. 1369 at 2-3.)  PG&E reiterates that the figures included in the chart are approximations that are based on several assumptions, but PG&E believes that they are directionally representative of the impact that these differences in PSPS protocols could have had if applied in 2020.[1]

---

[1] In particular, PG&E notes that the estimated impact if PG&E had considered Priority 1 and Priority 2 trees in 2020 (as estimated in Exhibit A) assumes that in 2020, PG&E would not have mitigated outstanding Priority 1 or Priority 2 trees prior to the de-energization event.  As described during the March 23 hearing, when PG&E implements the proposal regarding Priority 1 and Priority 2 trees this year, it intends to mitigate some or all outstanding Priority 1 and Priority 2 trees to help avoid the de-energizations that would be triggered by such trees.

| | |
|---|---|
| Dated: April 16, 2021 | Respectfully Submitted, |
| | JENNER & BLOCK LLP |
| | By: /s/ Reid J. Schar |
| | Reid J. Schar (*pro hac vice*) |
| | CRAVATH, SWAINE & MOORE LLP |
| | By: /s/ Kevin J. Orsini |
| | Kevin J. Orsini (*pro hac vice*) |
| | CLARENCE DYER & COHEN LLP |
| | By: /s/ Kate Dyer |
| | Kate Dyer (Bar No. 171891) |
| | Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY |