AROCLES AGUILAR, SBN 94753
CHRISTINE JUN HAMMOND, SBN 206768
CHRISTOFER C. NOLAN, SBN 229542
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA  94102
Telephone:  (415) 703-2682
Facsimile:  (415) 703-4592
Christine.Hammond@cpuc.ca.gov

Attorneys for the California Public Utilities Commission and
Marybel Batjer, Martha Guzman Aceves, Clifford Rechtschaffen,
Genevieve Shiroma, and Darcie Houck in their official capacities as
Commissioners of the California Public Utilities Commission

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                      Defendant. | Case No. 14-cr-00175-WHA<br><br>**CPUC MOTION FOR LEAVE TO FILE AMICUS LETTER**<br><br>Courtroom:   12, 19th Floor<br>Judge:            Hon. William H. Alsup |

1  The California Public Utilities Commission ("CPUC") hereby seeks leave of the
2  Court to file an *Amicus* letter regarding the new proposed terms of probation for defendant
3  Pacific Gas and Electric Company ("PG&E"). Federal courts have inherent authority to
4  entertain Amicus briefs. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249, n.34
5  (11th Cir. 2006).
6  The CPUC's proposed letter is attached hereto as **Exhibit 1**.

Respectfully submitted,

April 20, 2021

By: /s/ *Christine Jun Hammond*
AROCLES AGUILAR
CHRISTINE JUN HAMMOND
CHRISTOFER C. NOLAN

Attorneys for the CALIFORNIA PUBLIC
UTILITIES COMMISSION

**CPUC MOTION FOR LEAVE TO FILE AMICUS LETTER**
Case No. 14-CR-00175-WHA

# EXHIBIT 1

STATE OF CALIFORNIA                                                                                    GAVIN NEWSOM  *Governor*

PUBLIC UTILITIES COMMISSION
505 VAN NESS AVENUE
SAN FRANCISCO, CA  94102-3298



April 20, 2021

**VIA ELECTRONIC MAIL**

Honorable William H. Alsup
United States District Court
Northern District of California
Courtroom 12 - 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    Proposed Probation Conditions 11 and 12 in Case No. 14-cr-00175-WHA

Dear Judge Alsup,

The California Public Utilities Commission ("CPUC") greatly appreciates the Court's consideration of the CPUC's concerns that probation conditions might conflict with the CPUC's ongoing exercise of jurisdiction to regulate the safe and reliable operation of regulated utilities' electric systems, based on broad considerations heard in public proceedings. The sphere of public utility regulation is complex, closely integrated, and has broad public and customer impacts. While intending to preserve and not waive its Eleventh Amendment immunity or broad authority, derived from the California Constitution and the state's police powers, to regulate public utilities (see, e.g., ECF No. 987 at 3-5 of 150; and ECF No. 1368 at 4-5 of 11), the CPUC here asks the Court to consider a path that provides for the two authorities to fully carry out their respective responsibilities and mandates.

The CPUC has approved guidelines for electric utilities to use in their PSPS decision-making process, that are designed to maximize the wildfire mitigation benefits of the PSPS option while minimizing the public safety consequences that can follow directly from exercising PSPS as a tool of last resort. Accordingly, the CPUC has not, to date, "approved" specific models, methodologies, criteria or assumptions to be used in PSPS decision-making. These matters are the responsibility of utility operators who must, by law, operate their electric systems safely and reliably, subject to the CPUC's regulatory oversight and enforcement.

PG&E's latest language offered for Proposed Condition of Probation 11 (ECF No. 1369), however, directs the CPUC to take a specific regulatory action -- to "approve" (or not) -- PG&E's proposed new, bright-line criterion to de-energize power lines during its PSPS decision-making. PG&E's tree over strike criterion is new and untested, arising out of this criminal proceeding, and at present the CPUC and stakeholders do not have an understanding of how it will affect PSPS scope, scale, and impacts. The

Hon. William H. Alsup
April 20, 2021
Page 2


CPUC therefore submits Proposed Condition of Probation 11 would more appropriately be phrased as (CPUC suggestions appear in blue bolded language):

> **Proposed Condition 11**
>
> In determining which distribution lines in Tier 2 or Tier 3 to de-energize during a PSPS, PG&E must take into account all information in its possession and in the possession of its contractors and subcontractors concerning the extent to which trees and/or limbs are at risk of falling on those lines in a windstorm. In determining which distribution lines to de-energize during a PSPS event, PG&E will implement this condition by July 1, 2021, by considering the existence of all outstanding vegetation management work tagged "Priority 1" or "Priority 2" within PG&E's service territory that is subject to potential de-energizations and which is forecast to satisfy PG&E's minimum fire potential conditions. [Subject to the ~~approval~~ **oversight, and direction if needed,** of the California Public Utilities Commission,] PG&E shall also consider the approximate number of trees tall enough to fall on the line ~~by using LiDAR, or other remote sensing and data-capture methods, to approximate the relative amount of tree-overstrike exposure in areas that are subject to potential de-energizations and forecast to satisfy PG&E's minimum fire potential conditions and, in particular, by considering whether the area is in the 70th percentile or greater of tree-overstrike exposure as compared with other areas subject to potential de-energization irrespective of the health of the tree and irrespective of whether the tree stands outside or inside prescribed clearances. The latter may be done by simply rating the total approximate number of such tall trees along a line as 'None,' 'Few,' 'Average' or 'Many,' and by treating the 'Many' category as posing a greater risk than the 'Average' category and the 'Average' category as posing a greater risk than the 'Few' category and so on~~.

This revised probation condition, if adopted, should provide the CPUC with a role and the flexibility necessary to review, oversee, and respond to PG&E's use of an untested criterion in PSPS decision-making this fire season as needed.  Accordingly, the CPUC suggests deleting the immutable operationalizing particulars in the remainder of PG&E's proposed language.  In addition to allowing the CPUC to direct changes in real-time, if needed to address unanticipated consequences from PG&E's proposed implementation, the condition should allow the process to consider, in due time, lessons learned, improvements that can be made, and how to mitigate unforeseen or unwarranted safety consequences.  Such flexibility is necessary for PG&E and the CPUC to ensure that PG&E's criminal probation does not adversely affect PG&E's requirement to provide safe, reliable, and affordable electric service.

Hon. William H. Alsup
April 20, 2021
Page 3

Further to its March 29, 2021 letter (ECF No. 1368) and commitment to conducting an expedited review of Proposed Conditions 11 and 12, the CPUC wishes to inform the Court that the CPUC's Safety and Enforcement Division and Energy Division today hosted a public workshop on Proposed Conditions 11 and 12.  This is the CPUC's first public forum to enlarge public understanding of, and to consider, PG&E's proposal to implement and operationalize Proposed Condition 11 as PG&E has currently framed it.  A copy of PG&E's presentation is attached hereto and was provided to parties in the CPUC's pending PSPS proceedings.

The CPUC continues to urge the Court to pursue the CPUC's proposed means for the two authorities to oversee PG&E in their respective capacities.

                              Sincerely,

                              /s/      *Christine Jun Hammond*
                              AROCLES AGUILAR
                              CHRISTINE JUN HAMMOND
                              CHRISTOFER NOLAN

                              Attorneys for the
                              CALIFORNIA PUBLIC UTILITIES COMMISSION

Attachment