UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | No. CR 14-00175 WHA<br><br>**ORDER IMPOSING MODIFICATION OF CONDITION OF PROBATION NO. 1** |

Section 4293 of the California Public Resources Code provides that during the wildfire season, those maintaining "electricity transmission or distribution line[s]" shall (emphasis added):

> maintain a clearance of the respective distances which are specified in this section in all directions between all vegetation and all conductors which are carrying electric current:
>
> (a) For any line which is operating at 2,400 or more volts, but less than 72,000 volts, four feet.
>
> (b) For any line which is operating at 72,000 or more volts, but less than 110,000 volts, six feet.
>
> (c) For any line which is operating at 110,000 or more volts, 10 feet.
>
> In every case, such distance shall be sufficiently great to furnish the required clearance at any position of the wire, or conductor when the

> adjacent air temperature is 120 degrees Fahrenheit, or less. Dead trees, old decadent or rotten trees, trees weakened by decay or disease *and trees or portions thereof that are leaning toward the line which may contact the line from the side or may fall on the line* shall be felled, cut, or trimmed so as to remove such hazard.

In a filing herein dated February 6, 2019, Cal FIRE and the California Attorney General set forth their interpretation of Section 4293 (Dkt. No. 1012) (emphasis added). They interpret Section 4293 to

> mean[] that a tree or portion thereof, that is leaning toward the line, must be "felled, cut or trimmed," *regardless of its health*, if it "may contact the line from the side or may fall on the line." [] Section 4293 requires utilities to identify and remove such hazards.

On February 18, 2021, an Order to Show Cause proposed modifying Condition of Probation No. 1 to add the below language (Dkt. No. 1308):

> PG&E shall identify and remove any tree or portion thereof leaning toward any distribution line if it may contact the line from the side or fall on the line and must do so regardless of the health of the tree. PG&E shall so affirmatively instruct in writing all of its personnel and contractors and incorporate the same in its training and instruction materials.

PG&E responded by saying it agreed with the proposal and, so long as the CPUC and Cal FIRE did not object, it would adopt the amended condition by implementing a "bright line approach." Specifically, PG&E would abate all Gray Pines and/or Tanoaks in high fire threat regions that lean more than twenty degrees towards a distribution line and were tall enough to fall on them. It clarified that it interpreted Cal FIRE and the Attorney General's framing of Section 4293 to mean, on the one hand, "not all trees subject to [S]ection 4293 that lean towards the line constitute hazard trees that need to be abated," and on the other hand, a tree's good health does not preclude it from constituting "a hazard requiring removal" (Dkt. No. 1330).

The United States weighed in as well, stating that the Court's proposed modification was "not supported by the record" and that the Court must consider the sentencing factors; it further

2

1  pointed out that the language of the proposed condition was being interpreted differently by

2  PG&E and by the Court (Dkt. No. 1334).

3  Next, the CPUC and Cal FIRE wrote to clarify Cal FIRE's position on Section 4293:

4  the section does *not* mean that "every tree or portion of tree that is leaning toward a line and

5  tall enough to contact the line must be removed." Rather, foresters and arborists must use all

6  available information and their professional judgment to make fact-specific determinations.

7  The two also opposed PG&E's "bright line" proposal to abate Gray Pines and Tanoaks "tall

8  enough to fall into a distribution line in" Tiers Two and Three. They further urged that

9  changes to vegetation management policy should proceed through the wildfire mitigation plan

10  process, not this probation (Dkt. No. 1335).

11  The undersigned next asked PG&E to explicitly state the extent to which it disagreed

12  with Cal FIRE's interpretation of Section 4293. PG&E's Director of Vegetation Management

13  Execution declared that PG&E agreed with Cal FIRE's interpretation of Section 4293, as

14  clarified in Dkt. No. 1335 (Dkt. No. 1337-11):

> I understand section 4293 as requiring, where it applies, the
> abatement of trees that pose a hazard to PG&E lines, even if the tree
> is healthy. For example, a tree can be healthy but be a hazard tree
> because it has a ground or root disturbance that an inspector judges
> will cause the tree to fall and hit the line.

19  PG&E proposed a solution: to present to the CPUC its request to implement a new

20  policy. That policy would have PG&E:

> abate Gray Pines tall enough to fall into a distribution line in an
> HFTD that lean more than [twenty] degrees towards the line in the
> Bay Area, Central Valley, North Valley, and Sierra regions and abate
> Tanoaks tall enough to fall into a distribution line in an HFTD that
> lean more than [twenty] degrees towards the line in the Bay Area,
> Central Coast, and North Coast regions.

PG&E would ask for an expedited procedural vehicle (Dkt. No. 1344).

27  The Court finds that the rehabilitation of the offender, and the ongoing safety of the

28  people of California do necessitate a modification of Condition of Probation No. 1 (in italics):

> Condition of Probation No. 1: PG&E must fully comply with all applicable laws concerning vegetation management and clearance requirements, including Sections 4292 and 4293 of the California Public Resources Code, CPUC General Order 95, and FERC FAC-003-4. *Cal FIRE and the CPUC have now made abundantly clear herein their understanding of the proper scope of Section 4293 with respect to leaning trees and PG&E shall comply with that understanding.*

With respect to the bright-line test offered by PG&E, the Court neither blesses nor declines to bless it. Full compliance with Section 4293 is required.

**IT IS SO ORDERED.**

Dated: April 29, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4