# EXHIBIT B

STATE OF CALIFORNIA                                         GAVIN NEWSOM, *Governor*

PUBLIC UTILITIES COMMISSION
505 VAN NESS AVENUE
SAN FRANCISCO, CA  94102-3298



Via Email Transmission Only to s1st@pge.com

June 28, 2021

Mr. Sumeet Singh
Senior Vice President & Chief Risk Officer
Pacific Gas and Electric Company
77 Beale Street
San Francisco, CA 94105

Mr. Singh:

This letter is in response to your May 20, 2021 letter to the California Public Utilities Commission (CPUC) following up on the presentation of Pacific Gas and Electric Company (PG&E) at the CPUC's April 20, 2021 Public Safety Power Shutoff (PSPS) Tree Overstrike Workshop.[1]

This letter:
- Highlights the CPUC's concerns about PG&E's planned use of tree overstrike criteria in its PSPS decision-making during the 2021 wildfire season, and
- Sets forth the CPUC's expectations about the same.

I note at the outset that PG&E and all electric utilities serving California have operational responsibility to implement PSPS as a tool to promote public safety by decreasing the risk of wildfire ignited by electric infrastructure.[2]  The CPUC requires PG&E and all electric utilities to deploy PSPS as a measure of last resort and justify why PSPS is deployed over other possible measures.[3]

The CPUC's Concerns

"Tree overstrike" in the context of PSPS means that PG&E is identifying trees that are tall enough to strike PG&E's distribution power lines should the tree fall over.  The category also includes trees for which PG&E has not completed trimming, despite the tree being identified as a priority.

---

[1] *See* CPUC Tree Overstrike Workshop on PG&E's Proposed Implementation of Proposed Probation Conditions in its PSPS Program (https://www.cpuc.ca.gov/calEvent.aspx?id=6442468667).
[2] *See* CPUC Resolution ESRB-8.
[3] D.19-05-042, Appendix A – De-Energization (PSPS) Guidelines, Overarching Guidelines, at 1.

In numerous public statements, workshops, and decisions, President Batjer, the Commissioners, and senior staff at the CPUC have expressed concern about the impacts of PSPS and we continue to expect PG&E to make all reasonable efforts to mitigate those impacts.

The CPUC held the April 20th workshop to provide transparency about the tree overstrike issue to PG&E's stakeholders and customers.

PG&E communicated to the CPUC and to stakeholders at the workshop that it would add criteria to de-energize power lines using wind and vegetation conditions similar to those present when the Zogg Fire ignited in September 2021 near the City of Redding. PG&E also communicated that the additional PSPS decision-making criteria would likely cause an increase in the frequency, duration, scope and scale of PSPS events, and the increase would likely be concentrated in rural counties. Your May 20th follow-up letter from the workshop indicates the same: that including tree overstrike data in the implementation of PSPS will likely increase the frequency, duration, scope and scale of PSPS called by PG&E, particularly in rural counties.

On April 29, 2021, the federal court overseeing PG&E's criminal probation issued an order regarding proposed conditions of probation relating to PG&E's PSPS criteria (the Order).[4] Importantly, rather than _requiring_ PG&E to institute tree overstrike criteria, the court _recommended_ PG&E take such criteria into account when determining which circuits to de-energize during a PSPS event. Notably, the court specifically stated that PG&E would not be able to rely on the Order as a "Get-Out-of-Jail-Free" card to justify PG&E's de-energization of circuits.[5]

The CPUC's Expectations

Our concerns are now heightened about the impacts of additional PSPS events in rural counties and we expect PG&E to vigilantly mitigate the impacts there.

PG&E's implementation of tree overstrike criteria into its PSPS decision-making does not exempt PG&E from complying with the CPUC's PSPS Guidelines.[6]

Therefore, I direct PG&E to comply with specific additional requirements:

(1) Noticing.

PG&E must provide one-time notification no later than July 31, 2021, to those customers, public safety partners, and critical facilities that PG&E forecasts will be impacted by the inclusion of tree overstrike criteria in its PSPS decision-making. PG&E's notice may be accomplished via mail, e-mail, bill insert, text message, or other mode of communication that PG&E knows with reasonable certainty will reach individual customers. The notice must alert the recipient that they may experience de-energization for the first time, more frequently, or for a longer time, during the 2021

---

[4] _United States of America v. Pacific Gas and Electric Co._, Case 3:14-cr-00175-WHA, Dkt. 1386 (N.D. Cal. 04/29/2021).
[5] _Id._ at 8.
[6] The CPUC's PSPS Guidelines consist of CPUC Resolution ESRB-8, D.19-05-042, D.20-05-051, and Phase 3 Guidelines approved at the Commission's business meeting on June 24, 2021 within R.18-12-005.

2

wildfire season.  If applicable, the notice should inform the recipient of the availability of any resources increased in accordance with section 4 of this letter (below). PG&E must otherwise comply with the CPUC's PSPS notification requirements.[7]

(2) Public Safety Partner Coordination.

PG&E must coordinate with public safety partners expected to be affected by PG&E's inclusion of tree overstrike criteria in its PSPS decision-making, so that those public safety partners can adequately prepare in advance for any anticipated increase in de-energization.

(3) PSPS Reporting on Tree Overstrike.

(a) Updated May 20, 2021 Letter Attachments.

Consistent with the assurances included in its May 20, 2021 letter, PG&E must update the attachments to that letter to include the full analysis of customer impact anticipated by implementing tree overstrike criteria into PG&E's PSPS decision-making.  These updated attachments must be provided to the Director of the CPUC's Safety and Enforcement Division (SED) by August 31, 2021.

(b) Outage Producing Winds Model Information.

By August 31, 2021, PG&E must provide to the Director of SED a written brief describing any changes to PG&E's Outage Producing Winds (OPW) model that PG&E uses to forecast probability of failure by tree-caused outage.  PG&E shall include or cite to any other relevant information that demonstrates the predictive accuracy of the OPW model.

(c) Tree Density and Risk/Hazard Shapefiles.

PG&E must produce hazard/threat geographic information system (GIS) multipoint shapefiles showing PG&E's service territory areas where OPW modeling forecasts high probability of impact by tree overstrike.  These shapefiles must show the locations of the 70th percentile tree overstrike locations newly added by PG&E for its PSPS considerations in 2021. The shapefile attribute table must include tree heights and circuit identification numbers.  PG&E must deliver such shapefiles to the Director of SED and to the public safety partner data portal by August 31, 2021 and provide regularly updated shapefiles to those recipients when available.

(d) Post-Event Reports.

PG&E must submit PSPS post-event reports in compliance with the CPUC's PSPS Guidelines.  In addition, within its regular post-event reporting framework, PG&E must describe how its PSPS decision-making was impacted by the inclusion of tree overstrike criteria.  PG&E must specifically indicate which circuits were de-energized as a result of the inclusion of tree overstrike criteria. PG&E must separately report

---

[7] *Id*.

3

impacts on the frequency, duration, scope and scale of de-energization due to the inclusion of tree overstrike criteria, by reporting at least the additional number of customers, number of customer hours, and circuits that were de-energized.

(e) Post-Season Report.

PG&E must submit any PSPS post-season report(s) in compliance with the CPUC's PSPS Guidelines, and within its 2021 PSPS post-season reporting framework,[8] PG&E must include:

(i) Data showing how the inclusion of tree overstrike criteria on PG&E's PSPS decision-making impacted the frequency, duration, scope and scale of PSPS events in the 2021 wildfire season, compared with PG&E's modeling in absence of tree overstrike considerations, including by reporting at least the additional number of customers, number of customer hours, and circuits that were de-energized.

(ii) Information describing any material adjustments to, or canceled use of, PG&E's reliance on tree overstrike criteria in its PSPS decision-making.

(iii) PG&E's tracking and reporting of incremental costs it incurs related to:

- Incorporation of tree overstrike criteria into PG&E's PSPS decision-making (for example, gathering information, modeling using tree overstrike, and time associated therewith); and

- Implementation of tree overstrike criteria into PG&E's PSPS-related de-energization activities (for example, any incremental notices, community resource centers (CRCs), batteries and other costs associated with implementing PSPS).

(f) Other Reporting.

The CPUC reserves the right to request any additional information from PG&E associated with its PSPS decision-making relying on tree overstrike criteria, and PG&E must provide responsive information. PG&E must retain all records pertaining to tree overstrike in the event such records are responsive to future CPUC requests.

(4) Additional Deployment of Backup Batteries, Community Resource Centers, and Other Resources.

PG&E shall assess whether its plan for the distribution and deployment of backup batteries, CRCs, and other resources has been or should be modified in light of expected increases in frequency, duration, scope and scale of de-energization caused as a result of tree overstrike criteria being included in PG&E's PSPS decision-making.

---

[8] The Phase 3 Guidelines approved at the Commission's business meeting on June 24, 2021 within R.18-12-005 require a post-season report (at 138 and A14).

4

(5) Adjustments to / Cancellations of Tree Overstrike Criteria Based Decision-Making.

> If PG&E's reliance on tree overstrike criteria in its PSPS decision-making causes or might reasonably cause unintended, unsafe results in violation of PG&E's obligation to promote public safety[9] then PG&E must reasonably adjust or cancel its use of tree overstrike criteria accordingly, and must notify me and the Director of SED within five business days of the implementation of such adjustments or cancelation.

The CPUC reserves the right to impose any other additional requirements on PG&E associated with its PSPS decision-making relying on tree overstrike criteria.

The CPUC continues to make public safety its top priority and expects PG&E to execute on its safety responsibilities. When PG&E is unable to do this on its own, we have used, and will continue to use, the tools and authority at our disposal to hold PG&E accountable for these responsibilities.

Sincerely,

*Rachel Peterson*

Rachel Peterson
Executive Director

cc: Service Lists of R.18-12-005 and R.18-10-007

---

[9] PG&E's obligation to promote public safety is contained within Public Utilities Code section 451.

5