# Exhibit DDD

JENNER & BLOCK LLP
Reid J. Schar (*pro hac vice*)
RSchar@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:     (312) 222-9350
Facsimile:     (312) 527-0484

CLARENCE DYER & COHEN LLP
Kate Dyer (Bar No. 171891)
kdyer@clarencedyer.com
899 Ellis Street
San Francisco, CA 94109-7807
Telephone:     (415) 749-1800
Facsimile:     (415_ 749-1694

CRAVATH, SWAINE & MOORE LLP
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
825 Eighth Avenue
New York, NY 10019
Telephone:     (212) 474-1000
Facsimile:     (212) 474-3700

Attorneys for Defendant PACIFIC GAS AND
ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**DECLARATION OF** ████████<br>**IN SUPPORT OF RESPONSE TO FIFTH<br>FURTHER REQUEST FOR RESPONSES<br>RE DIXIE FIRE**<br><br>Judge: Hon. William Alsup |

-1-

DECLARATION OF ████████ IN SUPPORT OF RESPONSE TO FIFTH FURTHER REQUEST FOR
RESPONSES RE DIXIE FIRE
Case No. 14-CR-00175-WHA

I, ███████████, hereby declare under penalty of perjury as follows:

1. I make this declaration based upon personal knowledge and if called as a witness I could and would testify competently to the matters set forth herein.

2. I am a Troubleman with Pacific Gas and Electric Company ("PG&E").

3. Regarding Question 37, I am familiar with and have been trained on PG&E's procedures related to operating on PG&E's electric distribution system, including the PG&E procedure quoted in the court's question (the "PG&E Procedure"). I believe my prior testimony is consistent with the PG&E Procedure.

4. Based on my experience and prior training, I understand the PG&E Procedure to mean that if single phasing is present, a switchman or troubleman such as myself is authorized to open the remaining fuses without first contacting a Distribution Operator. I do not understand the PG&E Procedure as providing me with authority to open switches upstream of a blown fuse, such as Switch 941, if single phasing is present. As I testified at the hearing, PG&E procedures would not authorize me to open switches, such as Switch 941, without a Distribution Operator's approval unless life or limb is threatened during an emergency.

5. Even had I understood that the PG&E Procedure gave me authority to open Switch 941 on the grounds that single phasing was present, I did not think it was necessary to do so. As I previously testified, while I was at Cresta Dam, I inspected the Bucks Creek 1101 Line using my binoculars and saw what I thought was at least one blown fuse hanging from a pole on the circuit. At the time, I considered whether single phasing could be present, but I did not believe single phasing to be an immediate concern based on the circumstances as I understood them to be at the time. The primary concern with single phasing is damage to the end users' equipment. Only two users would have been affected by single phasing on the portion of the line between Pole 17733 and the Cresta Dam—the Cresta Dam facility operated by PG&E and the equipment in and around the tunnel at the Cresta Dam. I believed that neither customer's equipment was at risk of being damaged. I understood that Cresta Dam was running on a backup generator at that time and would not have experienced any negative effects from single phasing, had it been taking place. Based on

1    my experience responding to a prior outage in this area that involved a blown fuse at Pole 17733, I

2    believed the tunnel's equipment would not be damaged.

3          6.     Regarding Question 38, while standing at the Cresta Dam I observed what I

4    believed was at least one blown fuse at Pole 17733.  I was not able to confirm this fact or discover

5    the cause of the blown fuse until I reached the pole.  Based on my experience and training, there

6    are several reasons that fuses operate which would not be cause to cut the power, such as a

7    manufacturing error in a fuse, wind slapping the wires of a line together, lightning hitting the line

8    which could potentially weaken a fuse and eventually cause it to operate, a bird hitting one of the

9    wires on a line and pushing that wire into another wire on the line temporarily, a tree limb falling

10   into and then clearing the line, or people purposefully or accidentally shooting at company

11   equipment which can cause a fuse to operate or malfunction.  As set forth in my previous

12   declaration, at the time that I observed the line from the Cresta Dam using my binoculars, it

13   appeared to me that the poles and wires on the line were up and in their normal positions, and I did

14   not see any vegetation on the line, or any smoke or other indication of fire.

15         7.     Regarding Question 49, at the time I was at the Cresta Dam, I had an audio-visual

16   high voltage detector, called an "AV Meter,"  which I could have used to test the voltage for each

17   phase of the line incoming at the Cresta Dam.  I did not do so because, as explained above, even if

18   single phasing was taking place, I did not believe it would damage the end-customer's equipment,

19   so I saw no reason to test for it.

20

21         I declare under penalty of perjury that the foregoing is true and correct to the best of my

22   knowledge.

23         Executed this _15th_ day of November, 2021, in the City of ___Chico___, County of

24   _Butte_, State of California.

25

26

27

28

DECLARATION OF ██████████████ IN SUPPORT OF RESPONSE TO FIFTH FURTHER REQUEST FOR
RESPONSES RE DIXIE FIRE
Case No. 14-CR-00175-WHA