FILED
NOV 29 2021
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant, PG&E Victim, Wildfire Survivor and*

*Party to the United States Bankruptcy Court Proceeding Case No. 19-30088, PG&E Corporation and Pacific Gas and Electric Company*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

*Party to California Public Utilities Commission Proceeding A.20-06-011 which is the Application of Pacific Gas and Electric Company for Approval of Regionalization Proposal*

*Party to California Public Utilities Commission Proceeding R.18-10-007 which is the Order Instituting Rulemaking to Implement Electric Utility Wildfire Mitigation Plans Pursuant to Senate Bill 901*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | Case No. CR 14-0175 WHA<br><br>**WILLIAM B. ABRAMS MOTION FOR LEAVE TO FILE MOTION TO REQUEST HEARING TO STRENGTHEN THE CONDITIONS OF PROBATION FOR PACIFIC GAS AND ELECTRIC CORPORATION**<br><br>Judge: Hon. William Alsup |

## PRELIMINARY STATEMENT

William B. Abrams as a PG&E victim and wildfire survivor, respectfully moves this Court for an order permitting *amicus curiae* to intervene in this matter in *Pro Se* for the purpose of filing a Motion to Request Hearing to Strengthen the Conditions of Probation for Pacific Gas and Electric Corporation ("**Motion to Request Hearing**"). This requested hearing is to present the recommendations and remedies outlined within the earlier filed *Amicus Brief to Strengthen the Conditions of Probation for Pacific Gas and Electric Corporation* ("**Brief to Strengthen Probation Conditions**") [Dkt. 1521]. A copy of the proposed motion is attached as Exhibit A, and supporting Declaration of William B. Abrams is attached as Exhibit B.

## REQUEST OVERVIEW

In response to the Brief to Strengthen Probation Conditions, the Court noted the time constraints for consideration of the proposed remedies by stating *"PG&E's probation herein will expire as of January 26, 2022, and by law cannot be extended"* [Dkt. 1518]. Following this Court Order, there has been additional revelations regarding the falsification of inspection reports by PG&E which has prompted me to file this Motion for Leave. As a wildfire survivor, *Amicus* William B. Abrams has been engaged in related proceedings directly pertinent to the conditions of probation and respectfully moves this Court for leave to file a *Motion to Request Hearing to Strengthen the Condition of Probation for Pacific Gas and Electric Corporation*. On April 29, 2020, this Court imposed four probation conditions on PG&E. Under these conditions, PG&E is required to (1) employ a sufficient number of inspectors to manage the outsourced tree-trimming work; (2) keep records identifying the age of every item of equipment on every transmission tower and line; (3) design a new inspection system for assessing every item of equipment on all transmission towers; and (4) require all contractors performing such inspections to carry insurance sufficient to cover losses [Dkt. 1186]. On November 23, 2021, this Court filed the *"Request for Critiques"* [Dkt. 1524] which included the *"PG&E Independent Monitor Report of November 19, 2021."*

Within the same timeframe as the filing of the Independent Monitor Report, PG&E has publicly indicated that an employee falsified key inspection reports on ~3,000 assets.[1] Subsequently and on November 22, 2021, PG&E received a $2.5M citation by the California Public Utilities Commission ("**CPUC**") related to the incomplete inspection of distribution poles.[2] On this same day, the CPUC issued PG&E another citation in the amount of $5M for inadequate inspections on the Ignacio-Alto Sausalito transmission lines.[3] These continuing and substantial safety violations coinciding with the filing of the Independent Monitor Report demonstrate the need for further actions in-line with my filed "*Amicus Brief to Strengthen the Condition of Probation for Pacific Gas and Electric Corporation*" [Dkt. 1521]. Given the breadth of my engagement, I have a unique vantage point as (1) an active party within the PG&E US Bankruptcy Proceeding (Case#19-30088), (2) an active party within related proceedings at the California Public Utilities Commission (R.18-10-007, I.15-08-015, I.19-09-016) and (3) an active participant within legislative efforts surrounding the formation and passage of Assembly Bill 1054 (CA State Senate Energy, Utilities and Communications Committee and CA Committee on Utilities and Energy) which among other impacts was the basis of the regulatory response to PG&E's safety failures. Given my personal experiences with the 2017 PG&E fires and engagement to support community recovery efforts, I have engaged across these proceedings in good faith to advance public interests in safety and security.

Through my Motion to Request Hearing, I hope to provide the Court with (1) additional context regarding the pervasive structural deficiencies of PG&E (corporate culture, financial structures, regulatory disposition, etc.) and (2) proposals to strengthen the conditions of probation. As a wildfire survivor, I am fearful that if the Court does not take further action to strengthen these conditions of probation, PG&E will remain ill-equipped and misoriented to meet the challenges as laid out within the Independent Monitor Report. I respectfully present this *amicus curiae* motion

---

[1] See "PG&E Scrambles to Make Up 3,000 Potentially Falsified Electrical Inspections", NBC Bay Area, November 25, 2021, https://www.nbcbayarea.com/investigations/pge-scrambles-to-make-up-for-3000-potentially-falsified-electrical-inspections/2740817/
[2] See California Public Utilities Commission Letter to Pacific Gas and Electric Corporation, November 22, 2021, https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/safety-and-enforcement-division/documents/citations/pge/pge-go165-2021/go-165-citation-cover-letter-and-citation.pdf
[3] See California Public Utilities Commission Letter to Pacific Gas and Electric Corporation, November 22, 2021, https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/safety-and-enforcement-division/documents/citations/pge/pge-sausalito-citation-2021/sausalito-citation-cover-letter-and-citation.pdf

for leave to this Court so that I may file the *Amicus Motion to Request a Hearing to Strengthen the Conditions of Probation for Pacific Gas and Electric Corporation.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal district courts possess the inherent authority to accept *amicus* briefs and related motions. *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) The role of an amicus is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v Town of Harrison, N.J.*, 940 F. 2d 792, 808 (3d Cir. 1991). Courts permit briefing from an *amicus* when (1) a party is not represented competently; (2) the *amicus* has an interest that may be affected by the decision but does not entitle the *amicus* to intervene; or (3) the *amicus* has unique information or a new perspective that can help the court beyond what the parties can provide. *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)

Here, *amicus William B. Abrams* petitions the court to set a hearing so *amicus* may assist the Court with establishing PG&E's conditions of probation given his unique first-hand personal experiences fleeing the PG&E fires and his professional experience on matters related to ensuring public safety within PG&E's service territory. Moreover, my professional and deeply personal experiences working within legislative, regulatory and bankruptcy proceedings bear on the disposition of PG&E in this case and the degree to which the conditions of probation sought by this Court may be successfully implemented. Unlike other parties that represent specific public interests in this case, I have a breadth of personal and professional engagement that will provide the court with valuable perspective that directly bears on the critical matters related to how future victims of PG&E fires will be treated and the degree to which the public will be able to rely upon this utility to safely operate their electric infrastructure.

Through my engagement within the CPUC, I have engaged in various proceedings focused on the safety culture of PG&E (I.15.08-019) and corporate restructuring (I.19-09-016) which

included a regionalization proposal (A.20-06-011) and the ongoing development of their Wildfire Mitigation Plans (R.18-10-007).  My participation within these proceedings included collaborative work with many public advocacy organizations (The Utility Reform Network, Mussey Grade Road Alliance, Protect Our Communities, etc.) along with business advocates and those representing the interests of utilities and their investors.  Through these and other proceedings, I submitted hundreds of pages in briefs, motions and testimony along with extensive work cross-examining past and present PG&E executives.  All of this work was designed to advance collaborative solutions that both supported PG&E financials AND furthered safety operations. *Amicus* herein petitions the Court to advise, suggest and recommend a complete and plenary presentation of the issues so that the Court may reach a proper decision. Here, it is especially appropriate when there are no attorneys or parties in the probationary proceeding who represent PG&E victims and/or have formally engaged to the extent of *Amicus* across various legislative, judicial and regulatory proceedings relied upon by this Court to support the conditions of probation.

      Additionally, the Court should permit a hearing for *amicus* because the victims within PG&E's territory most affected by its past and future actions are not adequately represented. Given the stock position of the Fire Victim Trust ("**FVT**") holding ~25% of PG&E shares and the fact that *Amicus* owns a residential and business property within PG&E territory, *amicus* has both a safety and financial interest that will be affected by the decision; whether PG&E operates safely has a direct bearing on my personal safety and my financial security. Finally, *amicus* has relevant evidence to from engaging across proceedings with many PG&E stakeholders and has a unique perspective that can help the Court beyond what PG&E or other parties have provided.

      In closing, *pro se amicus* asks to be heard so that the Court can consider evidence and perspective that PG&E and other parties have not put before the Court.

Dated:  November 29, 2021

Respectfully submitted,<br>
/s/ William B. Abrams<br>
William B. Abrams<br>
Pro Se Amicus Petitioner