JENNER & BLOCK LLP
   Reid J. Schar (*pro hac vice*)
   RSchar@jenner.com
   353 N. Clark Street
   Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

CLARENCE DYER & COHEN LLP
   Kate Dyer (Bar No. 171891)
   kdyer@clarencedyer.com
   899 Ellis Street
   San Francisco, CA 94109-7807
Telephone: +1 415 749 1800
Facsimile: +1 415 749 1694

CRAVATH, SWAINE & MOORE LLP
   Kevin J. Orsini (*pro hac vice*)
   korsini@cravath.com
   825 Eighth Avenue
   New York, NY 10019
Telephone: +1 212 474 1000
Facsimile: +1 212 474 3700

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Defendant. | Case No. 14-CR-00175-WHA<br><br>**SUBMISSION IN RESPONSE TO ORDER RE PRIVILEGE LOG**<br><br>Judge:  Hon. William Alsup |

1

1    Defendant Pacific Gas and Electric Company ("PG&E") respectfully submits this
2  response to the Court's November 30, 2021 Order re Privilege Log (Dkt. 1528). The Court has
3  requested that PG&E submit for *ex parte* review five documents listed on the revised privilege log
4  PG&E submitted on November 30, 2021 (the "revised privilege log"). PG&E has included
5  unredacted versions of those five documents on a hard drive that is being delivered to the Court
6  today, along with documents from which PG&E has withdrawn some or all of its original privilege
7  assertions (*see* Dkt. 1525).

8    As described in earlier filings, PG&E produced any document, including email
9  communications, created on July 13 or 14, 2021 that hit on search terms among approximately 80
10 custodians. Given the nature of email communications, which are frequently forwarded and
11 ultimately responded to by several individuals, many of the entries on PG&E's revised privilege log
12 contain substantially similar information. In creating its privilege log, PG&E identified each
13 document by listing the sender and recipient(s) of the last email in a chain (*i.e.*, the top email on a
14 document), although the information over which PG&E is claiming privilege may be reflected earlier
15 in the chain of that email correspondence. While there are 19 documents on PG&E's revised
16 privilege log, those documents relate to only three distinct sets of redacted material.[1] PG&E is
17 supplementing its privilege log to reflect the sender and recipient(s) of the redacted email in addition
18 to the sender and recipient(s) of the last email in the correspondence. PG&E is providing the
19 supplemental log as Exhibit A.

20   The five documents that the Court requested to review *ex parte*, along with eight other
21 documents on PG&E's revised privilege log, all relate to the same email chain. PG&E redacted these
22 three emails from that chain across all 13 documents, as they reflect communications between PG&E
23 personnel and PG&E's General Counsel. Specifically, PG&E redacted a July 14, 2021 email from

---

[1] PG&E inadvertently included on its initial privilege log (Dkt. 1525, Ex. A) two documents for which it intended to withdraw its redactions: PGE-DIXIE-NDCAL-000020100 and PGE-DIXIE-NDCAL-000021501. PG&E has removed those entries from the supplemental log attached as Exhibit A.

1  Marlene Santos, Executive Vice President and Chief Customer Officer, to several PG&E executives,
2  including John Simon, PG&E's General Counsel.  Ms. Santos raises a question about outreach to an
3  external party.  Mr. Simon responds to Ms. Santos's question, and requests a current update on the
4  facts to inform the outreach.  ▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, responds
5  to Mr. Simon with a report of the latest facts known by PG&E concerning the fire.

6          To be clear, PG&E does not claim privilege over the underlying facts described to
7  Mr. Simon and indeed has produced numerous documents, affidavits and other materials to the Court
8  that describe the facts known to PG&E regarding the fire at various points in time.  Because,
9  however, ▓▓▓▓▓▓▓▓ communication was in direct response to a request by PG&E's General
10 Counsel to assist him in advancing the Company's legal strategy, PG&E is claiming privilege over
11 this communication.  *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514 (S.D. Cal. 2003); *Clark v.*
12 *Superior Court*, 196 Cal. App. 4th 37, 50-52 (2011).

13         As noted above, there are eight other documents on PG&E's revised privilege log that
14 redact these same three communications from the email chain.  Those documents are: PGE-DIXIE-
15 NDCAL-000019769, PGE-DIXIE-NDCAL-000019818, PGE-DIXIE-NDCAL-000019705, PGE-
16 DIXIE-NDCAL-000019857, PGE-DIXIE-NDCAL-000019903, PGE-DIXIE-NDCAL-000019738,
17 PGE-DIXIE-NDCAL-000019798, and PGE-DIXIE-NDCAL-000020107.  In two of these documents,
18 PGE-DIXIE-NDCAL-000019738 and PGE-DIXIE-NDCAL-000019798, PG&E also redacted
19 communications between ▓▓▓▓▓▓, internal PG&E counsel, and ▓▓▓▓▓▓▓, in which ▓▓▓▓
20 advises ▓▓▓▓▓▓▓ with respect to the appropriate recipients of future updates concerning the
21 Dixie Fire.

22         The remaining six entries on the revised privilege log reflect two sets of redacted
23 material.  Five entries correspond to a single redaction by PG&E of a two sentence email from ▓
24 ▓ to other internal PG&E counsel discussing the appropriate allocation of responsibilities for the
25 wildfire response between members of PG&E's Law Department.  PGE-DIXIE-NDCAL-000020397;
26 PGE-DIXIE-NDCAL-000020453; PGE-DIXIE-NDCAL-000020434; PGE-DIXIE-NDCAL-
27
28

000020449; PGE-DIXIE-NDCAL-000020455.  The final entry corresponds to an email chain in which ███████, ███████ and ███████, all of whom are internal PG&E counsel, are providing legal advice in connection with draft talking points concerning PG&E's response to the Dixie Fire.  PGE-DIXIE-NDCAL-000021160.

Dated:  December 3, 2021                                Respectfully Submitted,

                                                        JENNER & BLOCK LLP


                                                        By:   /s/ Reid J. Schar
                                                              Reid J. Schar (*pro hac vice*)

                                                        CRAVATH, SWAINE & MOORE LLP


                                                        By:   /s/ Kevin J. Orsini
                                                              Kevin J. Orsini (*pro hac vice*)

                                                        CLARENCE DYER & COHEN LLP


                                                        By:   /s/ Kate Dyer
                                                              Kate Dyer (Bar No. 171891)


                                                        Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY