William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant, PG&E Victim, Wildfire Survivor and*

*Party to the United States Bankruptcy Court Proceeding Case No. 19-30088, PG&E Corporation and Pacific Gas and Electric Company*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

*Party to California Public Utilities Commission Proceeding A.20-06-011 which is the Application of Pacific Gas and Electric Company for Approval of Regionalization Proposal*

*Party to California Public Utilities Commission Proceeding R.18-10-007 which is the Order Instituting Rulemaking to Implement Electric Utility Wildfire Mitigation Plans Pursuant to Senate Bill 901*

FILED
JAN 03 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                             Defendant. | Case No. CR 14-0175 WHA<br><br>**WILLIAM B. ABRAMS MOTION FOR LEAVE TO FILE MOTION FOR VICTIM RESTITUTION AS A CONDITION OF PROBATION FOR PACIFIC GAS AND ELECTRIC CORPORATION**<br><br>Judge: Hon. William Alsup |

## PRELIMINARY STATEMENT

William B. Abrams as a PG&E victim and wildfire survivor, respectfully moves this Court for an order permitting *amicus curiae* to intervene in this matter in *Pro Se* for the purpose of filing a Motion for Restitution as a Condition of Probation for Pacific Gas and Electric Corporation ("**Motion for PG&E Victim Restitution**"). This motion is being put forward to request a restitution hearing in accordance with 18 U.S. Code § 3663. It is clear that repeated probation violations of PG&E have caused significant delays in compensation to victims, additional harms over the elapsed time of the probation and the revictimization of PG&E wildfire survivors. A copy of the proposed motion is attached as Exhibit A, and supporting Declaration of William B. Abrams is attached as Exhibit B.

## REQUEST OVERVIEW

The Court has endeavored to understand the extent of the PG&E probation violations related to the 2019 Kincade Fire, 2020 Zogg Fire and the 2021 Dixie Fire among other violations. However, the degree to which these probation violations have caused additional and significant harms to victims has not been considered by the court in accordance with 18 U.S. Code § 3663A. PG&E victims directly impacted by these probation violations include those that lost lives, sustained injury, property loss and suffered other harms related to these fires and are deserving of restitution. Moreover, victims of past PG&E fires such as those associated with the 2017 PG&E North Bay Fires, PG&E Camp Fire and other fires are also due restitution for their losses. Without a doubt, these probation violations have negatively affected the timeliness and amount of compensation victims will receive under the PG&E bankruptcy settlement (Case# 19-30088). The settlement decision in that case did not contemplate "restitution" related to violations in this criminal case and must be considered by this court to ensure that PG&E victims like myself are not revictimized. Indeed, many PG&E victims have been forced to live hand-to-mouth, extend their stays in temporary trailers and are unable to rebuild their homes and their lives due to the repeated probation violations and ongoing criminal activity of PG&E. I urge the court to consider the suffering of PG&E victims and to order restitution to be paid to victims commensurate with the damages and public harm PG&E has caused through violating the terms of their probation.

As a wildfire survivor, PG&E bankruptcy claimant and party to the US Bankruptcy Case 19-30088, *Amicus* William B. Abrams has been engaged in matters directly related to these issues of restitution and has a first-hand understanding of the ongoing damages to victims caused by these probation violations. Unfortunately, the interests of PG&E victims and ratepayers have been underrepresented within this case. This fact has compelled *amicus* to engage in *pro se* to ensure that victim interests in just restitution and public safety are more thoroughly considered by this Court. Understanding these PG&E probation violations in the context of the harms they cause to victims and the public is of profound importance to ensure just outcomes. Without this victim context, it will be impossible for the court to ensure a fair consideration of restitution and to understand the extent to which these probation violations have irreparably caused public and environmental harm.

Through my Motion for PG&E Victim Restitution, I will provide the Court with (1) an understanding of how the probation violations harm victims (2) how PG&E should be held responsible for this restitution above and beyond the prior considerations of the US Bankruptcy Court and (3) how PG&E knowingly, willfully and unjustly tethered victim compensation to these probation violations to undermine this Court's consideration of restitution. As a victim of the PG&E fires, I am concerned that if PG&E is not held accountable for restitution related to these probation violations that they will further undermine victim rights and that justice will not be served. I respectfully present this *amicus curiae* motion for leave to this Court so that I may file the *Amicus Motion for Victim Restitution as a Conditions of Probation for Pacific Gas and Electric Corporation*.

## MEMORANDUM OF POINTS AND AUTHORITIES

As defined in 17 U.S. Code § 3771, the rights of Crime Victims include (1) "*the right not to be excluded from any such court proceeding*" (2) "*the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding*" and (3) "*the right to full and timely restitution as provided in law.*" Amicus contends that victims have not had adequate representation to date regarding PG&E probation violations and their direct impact on victim restitution considerations. Amicus further contends that the court will benefit from the unique perspective Amicus will bring to these interrelated matters of probation violations and restitution considerations.

Federal district courts possess the inherent authority to accept *amicus* briefs and related motions. *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) The role of an amicus is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v Town of Harrison, N.J.*, 940 F. 2d 792, 808 (3d Cir. 1991). Courts permit briefing from an *amicus* when (1) a party is not represented competently; (2) the *amicus* has an interest that may be affected by the decision but does not entitle the *amicus* to intervene; or (3) the *amicus* has unique information or a new perspective that can help the court beyond what the parties can provide. *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)

## CONCLUSION

Here, *amicus William B. Abrams* petitions the court so *amicus* may assist the Court with understanding how PG&E probation violations directly contribute to restitution considerations and extremely adverse consequences for victims. Furthermore, Amicus will demonstrate how PG&E manipulated systems and processes that this court relies upon to assess restitution by unjustly tethering victim compensation to additional and foreseeable probation violations. *Amicus* has unique first-hand personal experiences fleeing the PG&E fires and has professional experience on matters related to assessing damages caused by the PG&E fires. Unlike other parties that represent other public interests in this case, I have a breadth of personal and professional engagement that will provide the court with valuable perspective that directly bears on the interrelated impacts of PG&E probation violations and victim restitution considerations.

Through my engagement within the California Public Utilities Commission ("**CPUC**"), I have engaged in various proceedings focused on the safety culture of PG&E (I.15.08-019) and corporate restructuring (I.19-09-016) which included a regionalization proposal (A.20-06-011) and the ongoing development of the PG&E Wildfire Mitigation Plans (R.18-10-007). My participation within these proceedings included collaborative work with many public advocacy organizations (The Utility Reform Network, Mussey Grade Road Alliance, Protect Our Communities, etc.) along

with business advocates and those representing the interests of utilities and their investors. Through these and other proceedings, I submitted many briefs, motions and testimony along with extensive work cross-examining past and present PG&E executives. All of this work was designed to advance collaborative solutions that supported PG&E financials, improve public safety AND ensured just outcomes for PG&E victims. *Amicus* herein petitions the Court to advise, suggest and recommend a complete and plenary presentation of the issues so that the Court may reach proper decisions related to an assessment of probation violations and their associated implications to victim restitution considerations. Here, it is especially appropriate for the Court to accept *pro se amicus, William B. Abrams* given the lack of engagement from victim attorneys and core parties that represented victims within the PG&E Bankruptcy Case (Case# 19-30088) and within related CPUC and legislative proceedings.

Additionally, the Court should accept this motion from *amicus* given the stock position of the Fire Victim Trust ("**FVT**") holding ~25% of PG&E shares which have been adversely affected by the probation violations under consideration by the court. *Amicus* restitution considerations and those of other victims depend upon the degree to which their interests are adequately represented within this court. While *Amicus* does not represent victims beyond himself and his family, *amicus* contends that he is representative of many victims and will provide valuable perspective for the court's consideration given his significant participation within victim communities and the aforementioned proceedings. Furthermore, *Amicus* owns a residential and business property within PG&E territory and has additional safety and financial interests in this case beyond his personal and professional bankruptcy claims.

In summary, *pro se amicus* asks that the Court accept his Motion so that the Court can consider evidence and perspective related to the probation violations and associated victim restitution considerations other parties have not put before the Court.

Dated:  December 31, 2021

                                                Respectfully submitted,
                                                /s/ William B. Abrams
                                                William B. Abrams
                                                Pro Se Amicus Petitioner