Nancy B. Macy
nbbm@cruzio.com
15485 Bear Creek Rd.
Boulder Creek, CA, 95006
Tel: 831-338-6578 Home
Tel: 831-345-1555 Cell

Pro Se Claimant,

**FILED**

Jan 05 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　　　　　Defendant, | CASE NO. CR 14-0175 WHA<br><br>MOTION IN SUPPORT OF AMICUS BRIEF TO HOLD A HEARINGS OR TAKE WHATEVER ACTION IS NECESSARY TO REVISIT THE ISSUE OF EXTENDING OR REIMPOSING PROBATION UPON PG&E<br><br>Judge: Hon. William Alsup |

**PRELIMINARY STATEMENT**

I represent the Utility Wildfire Prevention Task Force. As a collection of PG&E victims, property owners and forest management professionals, we respectfully move this Court for an order permitting amicus curiae to intervene in this matter in Pro Se for the purpose of filing an Amicus Brief that requests the court hold hearings or take whatever action is necessary to revisit the issue of extending or reimposing probation upon PG&E. We believe this action is justified as a result of the additional violations described in the Amended Petition for Summons for Offender Under Supervision (Case 3:14-cr-00175-WHA Document 1513 Filed 11/10/2021). A copy of the proposed Amicus Brief is attached as Exhibit A, along with the supporting Declaration of Nancy Macy representing the Wildfire Prevention Task Force, attached as Exhibit B.

**INTRODUCTION**

In early 2019, this Court asked whether it could extend PG&E's probation beyond five years. The response was:

*"Thus, the Court may have the authority to revoke PG&E's probation and impose a new probation term of up to five years, but there appears to be no binding authority on point. In light of this uncertainty, the government believes that, as a sentence for the present violation, the Court should not impose a sentence that results in a combined term of probation of more than five years. The Court can revisit this issue if PG&E violates the conditions of its probation again."*
(Document 1053 Filed 04/16/19)

The Utility Wildfire Prevention Task Force is a group of independent citizens from across the State of California. We are respectfully asking the court to hold hearings or take whatever action is necessary to revisit the issue of extending or reimposing PG&E's probation as a result of existing and potential violations of its probation.

Our understanding of probation is that it is intended to "take advantage of an opportunity for reformation,"[1] while at the same time placing an offender "under the tutelage of a probation officer and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity."[2] In Court Proceedings, Probation Officer Jennifer Hutchings affirms that there is probable cause that PG&E has "violated the general condition of probation that they not commit another federal, state or local crime." (Case 3:14-cr-00174-WHA Document 1513 Filed 11/10/21). In the footnote on Page 4, this same document notes that, *"Pursuant to 18 U.S.C. § 3565(a), if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may 1) continue the defendant on probation, with or without extending the term or modifying or enlarging the conditions; or 2) revoke the sentence of probation and resentence the defendant."*

As PG&E victims ourselves, we support the interests of those impacted personally and financially by the wildfire related damages caused by PG&E's infrastructure and actions. We have extensively analyzed the root causes of this damage and have compared PG&E's performance against industry best practices. We have also analyzed the issues associated with the recent Dixie Fire. Our Amicus Brief documents the results of these analyses. It demonstrates that there are

---

[1] Burns v. United States, 1932, p. 220
[2] Roberts v. United States, 1943, p. 272

other, more viable paths that PG&E could take in order to reform itself under probation. It additionally suggests the potential for further violations based upon an analysis of:

- PG&E's response to the recent Dixie Fire
- Findings similar to those raised by the Independent Monitor, and
- Information which raises questions as to whether PG&E has fully complied with Exhibit 3 of the PG&E Conditions of Probation

The specific members of the Task Force involved in preparing this Amicus Brief include:

- Nancy Macy, MA Teaching (Petitioner): The Chair of the Utility Wildfire Prevention Task Force, she is a Former secondary school teacher with more than 25 years of interaction with PG&E. She is the founding President of the Valley Women's Club (VWC) of San Lorenzo Valley, Inc., and the current Chair of the VWC Environmental Committee (VWCEC). She has, as Chair of the VWCEC, provided persuasive, in-depth information helping to motivate the County of Santa Cruz in becoming a Party to the Wildfire Mitigation Plan Proceeding and filing a formal complaint with the CPUC regarding PG&E's local activities. She was a founder and the Director of the Valley Women's Club's three state-certified redemption/recycling centers for 23 years.
- Jeanne Wetzel Chinn, MS Environmental Management: Former Environmental Scientist with the Department of Fish and Wildlife in the Timber Conservation Program, she is Chair of the Sierra Club Redwood Chapter's Northern California Forest Committee, Chair of Ukiah's Western Hills Fire Safe Council, former Board Member and Chair of the Conservation Affairs Committee-Bay Area Chapter and The Wildlife Society. She is the lead author of the Sierra Club White Paper *"The Harmful Effects of PG&E's Tree Removal Practices and Recommended Alternatives to Prevent Utility Wildfires"*
- Kevin Collins: Licensed General Building Contractor (retired) with extensive working knowledge of relevant distribution system technology and CPUC regulations. He is the Author/Complainant of CPUC adjudicatory complaint 2018, C.18-09-011, and a former Sierra Club Executive Committee Chair for Santa Cruz County.
- Chuck Rosselle: An engineer qualified former Navy Nuclear Submarine Officer; he is a 20-year resident of the Oakland hills fire zone with 14 years' private experience working with executives of major North American Utilities on engineering, maintenance and operational issues. He was a Federal Energy Regulator for 6 years. He is a Party to the CPUC SB 1339 Microgrid Proceeding (R1909009) and actively supported the formation of

the Alameda County CCA, East Bay Community Energy (EBCE). He has also worked with the staff of the Senate Energy and Climate Committee and the Offices of Senators Skinner, Hueso, McGuire, Wiener, and Assemblywoman Wicks on energy related legislation.

- Robin McCollum: ISA Arborist (Municipal and Utilities Specialist) and Urban Forester, Wildland Firefighter, Chair of Chico Tree Advocates, and Butte County Public Works Tree Crew Supervisor (retired), with extensive personal experience working with PG&E, its contractors and related agencies.
- Paul Norcutt: A retired Senior Systems Programmer, he is an award-winning researcher and analyst, who is well known as a photographer with an eye for environmental protection.
- Dan Courtney: A Trustee of the Jacqueline Courtney Trust and landowner with a cabin on Sawmill Mountain in Tuolumne County. Dan was personally impacted by the Rim Fire (August 17, 2013) and deals on an on-going basis with unnecessary removal of healthy old-growth Incense Cedar and heritage Oak (as confirmed by a Registered Professional Forester), while also being threatened with fire-degraded power poles and antiquated, scorched copper conductor rife with splices.
- Jodi Frediani: A former Environmental and Sierra Club Consultant specializing in Forest and Timber issues, she is the former Executive Director of Central Coast Forest Watch and of Citizens for Responsible Forest Management. She is a renowned wildlife photographer.
- David McCoard: Instructional Support and Tutoring for Writing in English as a Second Language in Junior College (retired), Co-chair, Sierra Club West Contra Costa and Bay Chapter's Energy and Climate Committee, regular participant in CPUC voting meetings providing public comment and reporting to Sierra Club statewide Energy and Climate Committee.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Federal district courts possess the inherent authority to accept amicus briefs. See In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136 (D.D.C. 2008) The role of an amicus is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation

of difficult issues so that the court may reach a proper decision." Newark Branch, N.A.A.C.P. v Town of Harrison, N.J., 940 F. 2d 792, 808 (3d Cir. 1991). Courts permit briefing from an amicus when (1) a party is not represented competently; (2) the amicus has an interest that may be affected by the decision but does not entitle the amicus to intervene; or (3) the amicus has unique information or a new perspective that can help the court beyond what the parties can provide. Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997).

     Here, Amicus Nancy Macy, on behalf of the Utility Wildfire Prevention Task Force, petitions to assist the court in determining whether to hold hearings or take whatever action is necessary to revisit the issue of extending or reimposing probation upon PG&E. It is especially appropriate when there are few attorneys or parties in the probationary proceeding who represent PG&E victims, have the requisite forestry and utility management expertise and have formally engaged to the extent of our Task Force across the various technical, legislative, administrative, local government and regulatory proceedings relied upon by this court to support the conditions of probation.

     In closing, pro se amicus asks to be heard so that the Court can consider evidence and perspective that PG&E and other parties have not put before the Court.

Dated: January 4, 2022

Respectfully submitted,

*Nancy B. Macy*
Nancy B. Macy, Chair
Utility Wildfire Prevention Taskforce, and
Chair, Environmental Committee
Valley Women's Club of San Lorenzo Valley, Inc.
Pro Se Amicus Petitioner