STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

　　　450 Golden Gate Avenue, Box 36055
　　　San Francisco, California 94102-3495
　　　Telephone: (415) 436-7200
　　　FAX: (415) 436-7234
　　　Jeffrey.b.schenk@usdoj.gov
　　　Noah.stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-14-00175-WHA |
| Plaintiff, | UNITED STATES' STATUS REPORT |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | |

　　　The United States, through Assistant United States Attorneys Jeffrey Schenk and Noah Stern,

submits this status report regarding the pending Form 12 charging PG&E with violating the terms of its

probation.  Dkt. No. 1513.

　　　On January 26, 2017, after PG&E was convicted of six federal felony offenses, the Court

sentenced PG&E to the maximum fine and maximum five-year term of probation on each count, with

the terms of probation imposed to run concurrently.  The terms of probation expire on January 26, 2022.

An extension of probation pursuant to 18 U.S.C. § 3564(d) is only permitted "if less than the maximum

authorized term was previously imposed."  Alternatively, the Court may conduct a full resentencing

upon the revocation of probation but, pursuant to 18 U.S.C. § 3564(b), "[m]ultiple terms of probation, whether imposed at the same time or at different times, run concurrently with each other."  18 U.S.C. § 3564(b).  Since terms cannot run consecutively, PG&E would presumably receive credit for the full terms already served at this point, in the event of resentencing.  Accordingly, based on the unique history and circumstances of this case, the United States does not intend to seek an extension of PG&E's probationary term or imposition of a new one, while acknowledging that there appears to be no binding caselaw on point.

The United States does not believe that an evidentiary hearing on the pending Form 12 is necessary.  The allegations in the Form 12 are closely intertwined with two pending state criminal prosecutions of PG&E, in Sonoma and Shasta counties.  *See California v. PG&E*, No. SCR-745228-1 (Sonoma Cnty. Super. Ct.); *California v. PG&E*, No. 21-06622 (Shasta Cnty. Super. Ct.).  The subject of the Shasta County case is the 2020 Zogg Fire.  This Court has already held extensive proceedings relating to the cause of that fire and the actions PG&E could take to prevent a similar fire in the future.  *See generally* Dkt. Nos. 1246-1388.  The subject of the Sonoma County case is the 2019 Kincade Fire.  Similarly, this Court has already developed the record relating to the inspections of the jumper cable that appears to have caused that fire.  *See generally* Dkt. Nos. 1111, 1119, 1136, 1146.  In the prior proceedings, the Court modified PG&E's probation conditions as it saw fit and consistent with its authority under 18 U.S.C. § 3563(c).  *See, e.g.*, Dkt. Nos 1243, 1388.

Further evidentiary proceedings regarding PG&E's liability for starting the Zogg and Kincade fires in this Court are unlikely to further the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).  In fact, given the provisions of 18 U.S.C. § 3564, penalties against PG&E for the conduct alleged in the Form 12 appear to be unavailable in this federal forum at this time.  Conversely, the District Attorney's offices in Sonoma and Shasta counties are actively prosecuting felony criminal cases against PG&E for the same underlying conduct.  At this juncture, it appears that the state courts are the proper forum for further development of the evidence.  Furthermore, if PG&E is convicted, a broader array of sentencing options will be available in that forum.

1     For the foregoing reasons, the United States recommends that the Court vacate the evidentiary

2 hearing scheduled for January 10, 2022 and dispose of the Form 12 by taking judicial notice of the

3 allegations set forth therein.

4

5 DATED:          January 6, 2022                              Respectfully submitted,

6                                                              STEPHANIE M. HINDS
                                                               United States Attorney
7

8                                                              ___/s/_____

9                                                              JEFFREY B. SCHENK
                                                               NOAH STERN
10                                                             Assistant United States Attorneys

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28